UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILLIP NELSON BURNS, MIRJANA
PAVKOVICH, Administrator of the Estate of
Rade Pavkovich, Deceased, and WARREN
ELMER HALPAP,

        Plaintiffs,                                  Case No. 1:07-CV-3496 (WHP)

-against-

GRUPO MEXICO, S.A. de C.V., a Mexican
Corporation,

        Defendant.

## PLAINTIFFS AND ASARCO LLC'S
## JOINT DISCOVERY/CASE MANAGEMENT PLAN

        Plaintiffs Phillip Nelson Burns, Mirjana Pavkovich, and Warren Elmer Halpap and interested party ASARCO LLC ("ASARCO") file this Joint Discovery/Case Management Plan pursuant to Federal Rule of Civil Procedure 26(f) and the Order for Initial Pretrial Conference entered by the Court on May 16, 2007.

        This case is related to the bankruptcy proceeding of ASARCO pending since August 2005 before Bankruptcy Judge Richard S. Schmidt in the Southern District of Texas, and an adversary proceeding before United States District Judge Andrew S. Hanen of the Southern District of Texas, involving the same transaction and between ASARCO and Americas Mining Corporation ("AMC"), which is the wholly-owned subsidiary of Defendant Grupo Mexico, S.A. de C.V. ("Grupo Mexico").

        Counsel for ASARCO and counsel for Defendant Grupo Mexico conferred on May 23, 2007, concerning a joint plan to submit to the Court. At that time, Grupo Mexico's counsel stated that Grupo Mexico would not seek to remand this action and would not oppose

ASARCO's anticipated motion to substitute Plaintiffs. Accordingly, ASARCO's counsel believed that the issue of whether this action was properly removed and the issue of whether ASARCO should be substituted for Plaintiffs were agreed. ASARCO's counsel and Grupo Mexico's counsel also discussed other issues, including all of the subjects to be considered pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.

After the parties conferred and reached an agreement on a schedule to resolve the remaining procedural disputes concerning venue and personal jurisdiction, ASARCO sent a draft joint discovery/case management plan to Grupo Mexico on June 3, 2007. The parties exchanged revised drafts of the plan during the week of June 2, and the dates regarding the resolution of the procedural issues remained the same. On June 6, Grupo Mexico's counsel agreed not to oppose ASARCO's motion to amend its notice of removal.

At 3:12 p.m. Eastern Standard Time today—the date on which the parties' discovery/case management plan must be filed pursuant to the Court's Order for Initial Pretrial Conference—Grupo Mexico informed ASARCO for the first time that Grupo Mexico objected to the removal of this proceeding, objected to ASARCO's motion to amend its notice of removal, objected to ASARCO's motion to substitute plaintiffs, and objected to the service of the state court complaint on Grupo Mexico. Plaintiffs and ASARCO were left with no choice but to file this Joint Discovery/Case Management Plan without Grupo Mexico.

## **BACKGROUND**

This case involves the transfer of ASARCO's 54.2% ownership interest in Southern Peru Copper Corporation, now known as Southern Copper Corporation ("SPCC"), to its parent, Americas Mining Corporation ("AMC"), on or about March 31, 2003. Defendant Grupo Mexico owned and owns AMC. At the time of the transfer of ASARCO's 54.2% ownership interest in

SPCC to AMC in 2003, ASARCO held its shares in SPCC through Southern Peru Holdings Corporation, one of its wholly-owned subsidiaries and which became Southern Peru Holdings, LLC in 2005. Southern Peru Holdings had no business other than owning the SPCC shares and was the alter ego of ASARCO. The substance of the transaction was a transfer of the SPCC stock from ASARCO to AMC.

On May 2, 2007, ASARCO, as debtor in possession in the bankruptcy proceeding before Judge Schmidt, filed a notice of removal in this Court removing the fraudulent transfer claim asserted against Grupo Mexico in Plaintiffs' Seventh Claim for Relief in their First Amended Verified Complaint (the "State Court Amended Complaint") from the Supreme Court of the State of New York, County of New York, to this Court. Plaintiffs do not oppose this removal. Grupo Mexico objects to the removal and wishes to file a motion to remand.

ASARCO wishes to file in this Court a motion for leave to amend its notice of removal to also remove the remaining claims relating to the transfer of ASARCO's 54.2% ownership interest in SPCC to AMC asserted against Grupo Mexico in Plaintiffs' First, Second, Third, and Fourth Claims for Relief in the State Court Amended Complaint and to add Southern Peru Holdings as a party. Plaintiffs do not oppose this motion. Grupo Mexico objects to this motion.

ASARCO also wishes to file in this Court a motion to substitute Plaintiffs pursuant to Federal Rule of Civil Procedure 25(c), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7025, respectfully requesting that the Court enter an order substituting ASARCO for Plaintiffs. Plaintiffs do not oppose this motion. Grupo Mexico objects to this motion.

ASARCO wishes to file in this Court a motion to transfer venue pursuant to 28 U.S.C. § 1412 and Federal Rule of Bankruptcy Procedure 7087, respectfully requesting that the

3

Court transfer this case to the Southern District of Texas so that Grupo Mexico's challenge to personal jurisdiction and objection to service can be decided and the case can be tried by Judge Hanen along with the pending adversary proceeding concerning the transfer of ASARCO's 54.2% ownership interest in SPCC to AMC. Trial is scheduled for May 2008 and discovery is well under way. Grupo Mexico opposes transfer of venue.

Grupo Mexico wishes to file a motion to dismiss challenging personal jurisdiction and service of process, and will ask that this Court decide those matters. ASARCO opposes Grupo Mexico's jurisdictional and service challenges, and believes the challenges should be heard by Judge Hanen after this case is transferred to that court.

### **PROPOSED DISCOVERY/CASE MANAGEMENT PLAN**

Plaintiffs and ASARCO believe that all parties continue to substantially agree on the schedule for the discovery/case management plan. We ask that the Court postpone all discovery, other than that which relates to jurisdiction, and that the Court order the agreed schedule for motions, briefing, and discovery stated below. In that way, the procedural motions and discovery can be handled expeditiously with rulings by this Court or by this Court and Judge Hanen. We also believe that an order covering case management is premature and unnecessary, except as described below.

**Rule 26(f)(1): What Changes Should Be Made in the Timing, Form, or Requirement for Disclosures Under Rule 26(a)?**

The parties propose that the Court enter an order postponing indefinitely the date by which the parties must make initial disclosures pursuant to Rule 26(a)(1).

**Rule 26(f)(2): On What Subjects Will Discovery Be Needed, When Should Discovery Be Completed, and Should Discovery Be Conducted in Phases or Be Limited to Particular Issues?**

The parties propose that the Court enter an order establishing a motions, briefing, and jurisdictional discovery schedule that will permit this case to be handled expeditiously as follows:

- Tuesday, June 26, 2007: Deadline for Grupo Mexico to file a motion to remand and a motion to dismiss for lack of personal jurisdiction and for improper service, and for ASARCO to file a motion for leave to amend its notice of removal, a motion to substitute plaintiffs, and a motion to transfer venue.

- Wednesday, June 27, 2007: Deadline for the parties to serve requests to produce documents, requests for admissions, depositions on written questions, and interrogatories.

- Friday, July 8, 2007: Deadline for the parties to produce documents and privilege logs, and to answer requests for admissions, depositions on written questions, and interrogatories.

- Friday, July 13, 2007: Deadline for the parties to take oral depositions. Oral depositions may be noticed on 3 days' notice.

- Monday, July 16, 2007: Deadline for filing responses to outstanding motions.

- Thursday, July 19, 2007: Deadline for filing replies to outstanding motions.

- Monday, July 23, or Tuesday, July 24, 2007: Hearing on outstanding motions.

If the Court is unavailable to hold a hearing on all outstanding motions on July 23 or 24, the parties respectfully request that the Court schedule such a hearing at an earlier date and the parties will conform their proposed motions, briefing, and jurisdictional discovery schedule to that date.

**Rule 26(f)(3): Are There Any Issues Relating to Disclosure or Discovery of Electronically Stored Information, Including the Form or Forms in Which It Should Be Produced?**

The parties agree to produce electronically stored information in accordance with the instructions set forth in Exhibit 1.

**Rule 26(f)(4): Are There Any Issues Relating to Claims of Privilege or of Protection as Trial-Preparation Material?**

The parties propose that the Court forego entering any order relating to claims of privilege or of protection as trial-preparation material, except as may become necessary with respect to the jurisdictional challenge.

**Rule 26(f)(5): What Changes Should Be Made in the Limitations on Discovery Imposed Under the Federal Rules or By Local Rule, and What Other Limitations Should Be Imposed?**

The parties propose that the Court enter an order allowing ASARCO and Grupo Mexico to each take two one-day depositions and one two-day deposition regarding jurisdiction or service and to further order that the parties may depose any affiant in the case. The parties propose that the Court forego entering any other order at this time regarding the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule.

**Rule 26(f)(6): Should Any Other Orders Be Entered by the Court Under Rule 26(c) or Under Rule 16(b) and (c)?**

The parties propose that the Court forego entering any other order at this time under Rule 26(c) or Rule 16(b) and (c).

Dated:  June 8, 2007                                                  Respectfully submitted,

| **BAKER BOTTS L.L.P.**<br><br>*/s/ G. Irvin Terrell, Jr.*<br>G. Irvin Terrell, Jr. (GT-3459)<br>Attorney-in-Charge<br>Texas State Bar No. 19794500<br>Samuel Cooper<br>Texas State Bar No. 00792427<br>Michael Massengale<br>Texas State Bar No. 24003704<br>Rebeca Huddle<br>Texas State Bar No. 24012197<br>910 Louisiana Street<br>One Shell Plaza<br>Houston, Texas  77002-4995<br>Telephone:   713.229.1231<br>Facsimile:    713.229.2831<br>Email:  *irv.terrell@bakerbotts.com*<br>         *samuel.cooper@bakerbotts.com*<br>         *michael.massengale@bakerbotts.com*<br>         *rebeca.huddle@bakerbotts.com*<br><br>and<br><br>**BAKER BOTTS L.L.P.**<br>Jack L. Kinzie<br>Texas State Bar No. 11492130<br>Fernando Rodriguez<br>Texas State Bar No. 24005048<br>Eric A. Söderlund<br>Texas State Bar No. 24037525<br>Thomas E. O'Brien<br>Texas State Bar No. 24046543<br>2001 Ross Avenue<br>Dallas, Texas 75201-2980<br>Telephone:   214.953.6500<br>Facsimile:       214.661.6503<br>Email: *jack.kinzie@bakerbotts.com*<br>         *fernando.rodriguez@bakerbotts.com*<br>         *eric.soderlund@bakerbotts.com*<br>         *tom.obrien@bakerbotts.com* | **JORDAN, HYDEN, WOMBLE CULBRETH & HOLZER,  P.C.**<br><br>Shelby A. Jordan<br>Texas State Bar No. 11016700<br>Suite 900, Bank of America<br>500 North Shoreline<br>Corpus Christi, Texas 78471<br>Telephone:  361.884.5678<br>Facsimile:   361.888.5555<br>Email:  *sjordan@jhwclaw.com*<br><br>and<br><br>**JORDAN, HYDEN, WOMBLE CULBRETH & HOLZER,  P.C.**<br><br>Michael J. Urbis<br>Texas State Bar No. 20414130<br>1534 E. 6th Street, Suite 104<br>Brownsville, Texas 78520<br>Telephone:  956.542.1161<br>Facsimile:   956.542.0051<br>Email:  *murbis@jhwclaw.com*<br><br>**COUNSEL TO ASARCO LLC** |
|---|---|

## CERTIFICATE OF SERVICE

      I certify that on June 8, 2007, the foregoing document was served via email and overnight delivery service on the following counsel:

BARON & BUDD
Alan B. Rich, Esq.
The Centrum, Suite 1100
3102 Oak Lawn Avenue
Dallas, Texas 75219
(214) 521-3605
(214) 520-1181 (facsimile)
*arich@baronbudd.com*

**ATTORNEYS FOR PLAINTIFFS
PHILLIP NELSON BURNS,
MIRJANA PAVKOVICH,
and WARREN ELMER HALPAP**

MILBANK, TWEED, HADLEY & McCLOY LLP
David R. Gelfand, Esq.
Stacey J. Rappaport
1 Chase Manhattan Plaza
New York, New York 10005
(212) 530-5000
(212) 530-5219 (facsimile)
*dgelfand@milbank.com*
*srappaport@milbank.com*

-and-

MILBANK, TWEED, HADLEY & McCLOY LLP
David S. Cohen
1850 K Street, NW
Suite 1100
Washington, D.C. 20006
(202) 835-7500
(202) 835-7586 (facsimile)
*dcohen2@milbank.com*

**ATTORNEYS FOR DEFENDANT
GRUPO MEXICO, S.A. de C.V.**

                                            */s/ G. Irvin Terrell, Jr.*
                                            G. Irvin Terrell, Jr.