SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------- x

PHILLIP NELSON BURNS, MIRJANA PAVKOVICH, Administrator of the Estate of Rade Pavkovich, and WARREN ELMER HALFPAP,

Plaintiffs,

- against -

GRUPO MEXICO S.A. de C.V., SOUTHERN PERU HOLDING CORPORATION, SOUTHERN PERU HOLDING CORPORATION II, GRUPO MINERO MEXICO INTERNACIONAL, S.A. de C.V., COMPANIA MEXICANA COBRE, JP MORGAN CHASE & COMPANY (f/k/a/ CHASE MANHATTAN BANK & TRUST COMPANY), AMERICAS MINING CORPORATION, ERNST & YOUNG LLP, ERNST & YOUNG CORPORATE FINANCE, LLC, GERMAN LARREA MOTA-VAELASCO, OSCAR GONZALES ROCHA, DANIEL TELLECHEA SALIDO,

Defendants.

---------------------------------------- x

Index No. 04114728

**ANSWER AND AFFIRMATIVE DEFENSES**

FILED
DEC 27 2004
NEW YORK
COUNTY CLERK'S OFFICE

Defendant Americas Mining Corporation ("AMC"), by its attorneys Sidley Austin Brown & Wood LLP, states as follows for its Verified Answer and Affirmative Defenses to the Verified Complaint (the "Complaint") of Phillip Nelson Burns, Mirjana Pavkovich, Administrator of the Estate of Rade Pavkovich, and Warren Elmer Halfpap ("Plaintiffs"):

1. AMC denies the allegations contained in paragraph 1 of the Complaint.

2. AMC denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint, states that some of the allegations contained in paragraph 2 of the Complaint call for a legal conclusion to which no

response is necessary, and to the extent that a responsive pleading is required, deny the allegations contained in paragraph 2 of the Complaint.

3. AMC states that the allegations contained in paragraph 3 of the Complaint call for a legal conclusion to which no response is necessary, and to the extent that a response is required, AMC denies each and every allegation contained in paragraph 3 of the Complaint.

4. AMC states that the allegations contained in paragraph 4 of the Complaint call for a legal conclusion to which no response is necessary, and to the extent that a response is required, AMC denies each and every allegation contained in paragraph 4 of the Complaint.

5. AMC denies each and every allegation contained in paragraph 5 of the Complaint to the extent they relate to AMC, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. AMC states that the allegations contained in paragraph 6 of the Complaint call for a legal conclusion to which no response is necessary, and to the extent that a response is required, AMC denies each and every allegation contained in paragraph 6 of the Complaint.

7. AMC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and avers that they do not refer or relate to AMC.

8. AMC states that the allegations contained in paragraph 8 of the Complaint call for a legal conclusion to which no response is necessary, and to the extent that a response is required, AMC denies each and every allegation contained in paragraph 8 of the Complaint.

9. AMC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and states that they call for a legal conclusion to which no response is necessary, and to the extent that a response is required, AMC denies each and every allegations contained in paragraph 9 of the Complaint.

10. AMC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. AMC admits that Grupo Mexico S.A. de C.V. ("Grupo Mexico") is a Mexican corporation, but otherwise denies each and every allegation contained in paragraph 11 of the Complaint.

12. AMC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and avers that they do not refer or relate to AMC.

13. AMC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and avers that they do not refer or relate to AMC.

14. AMC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and avers that they do not refer or relate to AMC.

15. AMC admits the allegations contained in paragraph 15 of the Complaint.

16. AMC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and avers that they do not refer or relate to AMC.

17. AMC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and avers that they do not refer or relate to AMC.

18. AMC admits that German Larrea Mota-Vaelasco was at some time chairman and chief executive officer of ASARCO, but otherwise denies the allegations contained in paragraph 18 of the Complaint.

19. AMC admits that Oscar Gonzalez Rocha was at some time a director of ASARCO, but otherwise denies the allegations contained in paragraph 19 of the Complaint.

20. AMC admits that Daniel Tellechea Salido was a director, executive vice president and chief financial officer of ASARCO, but AMC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and avers that they do not refer or relate to AMC, and to the extent that they relate, AMC denies the allegations contained in paragraph 20 of the Complaint.

**BACKGROUND ALLEGATIONS**

21. AMC denies the allegations contained in paragraph 21 of the Complaint, and to the extent that the allegations contained in paragraph 21 of the Complaint purport to characterize the agreement, respectfully refers the Court to the "publicly filed financial statements" referenced in paragraph 21 of the Complaint.

22. AMC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and avers that they do not refer or relate to AMC, but to the extent that they relate, AMC denies the allegations contained in paragraph 22 of the Complaint.

23. AMC states that the allegations contained in paragraph 23 of the Complaint call for a legal conclusion to which no response is necessary, and to the extent that a response is required, AMC denies each and every allegation contained in paragraph 23 of the Complaint.

24. AMC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and avers that they do not refer or relate to AMC.

25. AMC states that the allegations contained in paragraph 25 of the Complaint call for a legal conclusion to which no response is necessary, and to the extent that a response is required, AMC denies each and every allegations contained in paragraph 25 of the Complaint.

26. AMC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and avers that they do not refer or relate to AMC.

27. AMC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint and avers that they do not refer or relate to AMC.

28. AMC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and avers that they do not refer or relate to AMC.

29. AMC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint and avers that they do not refer or relate to AMC.

30. AMC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and avers that they do not refer or relate to AMC.

31. AMC admits that it was a transferee of ASARCO stock, for good and valuable consideration, but otherwise denies each and every allegation contained in paragraph 31 of the Complaint.

32. AMC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and avers that they do not refer or relate to AMC.

33. AMC states that the allegations contained in paragraph 33 of the Complaint call for a legal conclusion to which no response is necessary, and to the extent that a response is required, AMC denies each and every allegations contained in paragraph 33 of the Complaint.

34. AMC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and avers that they do not refer or relate to AMC.

35. AMC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint and avers that they do not refer or relate to AMC.

36. AMC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint and avers that they do not refer or relate to AMC.

37. AMC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint and avers that they do not refer or relate to AMC.

38. AMC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and avers that they do not refer or relate to AMC.

39. AMC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint and avers that they do not refer or relate to AMC.

40. AMC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint and avers that they do not refer or relate to AMC.

41. AMC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint insofar as they do not refer or relate to AMC, and to the extent they relate denies each and every allegation contained in paragraph 41 of the Complaint.

42. AMC admits that at some point after March 2003, ASARCO became a wholly owned subsidiary of AMC, but otherwise denies each and every allegation contained in paragraph 42 of the Complaint.

43. AMC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint and avers that they do not refer or relate to AMC.

44. AMC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint and avers that they do not refer or relate to AMC.

45. AMC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint and avers that they do not refer or relate to AMC.

46. AMC states that the allegations contained in paragraph 46 of the Complaint call for a legal conclusion to which no response is necessary, and to the extent that a response is required, AMC denies each and every allegations contained in paragraph 46 of the Complaint.

47. AMC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint and avers that they do not refer or relate to AMC.

48. AMC admits that in or around March 2003 Southern Peru Holding Corporation ("SPHC") transferred 43,348,949 shares of Southern Peru Copper Corporation ("SPCC") Class A Common Stock to AMC, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 47 of the Complaint and avers that they do not refer or relate to AMC, and to the extent they do relate AMC denies the remaining allegations in paragraph 48 of the Complaint.

49. AMC admits that the United States commenced an action entitled United States of America v. Asarco Incorporated and Southern Peru Holding Corporation, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint and avers that they do not refer or relate to AMC, but to the extent they do relate AMC denies the remaining allegations in paragraph 49 of the Complaint.

50. AMC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint and avers that they do not refer or relate to AMC.

51. AMC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint and avers that they do not refer or relate to AMC.

52. AMC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint and avers that they do not refer or relate to AMC.

53. AMC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint and avers that they do not refer or relate to AMC.

54. AMC states that the allegations contained in paragraph 54 of the Complaint call for a legal conclusion to which no response is necessary, and to the extent that a response is required, AMC denies each and every allegations contained in paragraph 54 of the Complaint.

55. AMC states that the allegations contained in paragraph 55 of the Complaint call for a legal conclusion to which no response is necessary, and to the extent that a response is required, AMC denies each and every allegations contained in paragraph 55 of the Complaint.

**FIRST CLAIM**

56. AMC repeats and re-alleges its answers to paragraphs 1-55 of the Complaint.

57. AMC states that the allegations contained in paragraph 57 of the Complaint call for a legal conclusion to which no response is necessary, and to the extent that a response is required, AMC denies each and every allegations contained in paragraph 57 of the Complaint.

58. AMC states that the allegations contained in paragraph 58 of the Complaint call for a legal conclusion to which no response is necessary, and to the extent that a response is required, AMC denies each and every allegation contained in paragraph 58 of the Complaint.

59. AMC states that the allegations contained in paragraph 59 of the Complaint call for a legal conclusion to which no response is necessary, and to the extent that a response is required, AMC denies each and every allegations contained in paragraph 59 of the Complaint.

60. AMC states that the allegations contained in paragraph 60 of the Complaint call for a legal conclusion to which no response is necessary, and to the extent that a response is required, AMC denies each and every allegations contained in paragraph 60 of the Complaint.

61. AMC states that the allegations contained in paragraph 61 of the Complaint call for a legal conclusion to which no response is necessary, and to the extent that a response is required, AMC denies each and every allegations contained in paragraph 61 of the Complaint.

62. AMC states that the allegations contained in paragraph 62 of the Complaint call for a legal conclusion to which no response is necessary, and to the extent that a response is required, AMC denies each and every allegations contained in paragraph 62 of the Complaint.

63. AMC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint and avers that they do not refer or relate to AMC.

64. AMC states that the allegations contained in paragraph 64 of the Complaint call for a legal conclusion to which no response is necessary, and to the extent that a response is required, AMC denies each and every allegations contained in paragraph 64 of the Complaint.

65. AMC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint and avers that they do not refer or relate to AMC.

66. AMC states that the allegations contained in paragraph 66 of the Complaint call for a legal conclusion to which no response is necessary, and to the extent that a response is required, AMC denies each and every allegation contained in paragraph 66 of the Complaint.

67. AMC states that the allegations contained in paragraph 67 of the Complaint call for a legal conclusion to which no response is necessary, and to the extent that a response is required, AMC denies each and every allegations contained in paragraph 67 of the Complaint.

68. AMC states that the allegations contained in paragraph 68 of the Complaint call for a legal conclusion to which no response is necessary, and to the extent that a

response is required, AMC denies each and every allegations contained in paragraph 68 of the Complaint.

69. AMC states that the allegations contained in paragraph 69 of the Complaint call for a legal conclusion to which no response is necessary, and to the extent that a response is required, AMC denies each and every allegation contained in paragraph 69 of the Complaint.

**SECOND CLAIM**

AMC repeats and re-alleges its answers to paragraphs 1-69 of the Complaint.

70. AMC states that the allegations contained in paragraph 70 of the Complaint call for a legal conclusion to which no response is necessary, and to the extent that a response is required, AMC denies each and every allegation contained in paragraph 70 of the Complaint.

71. AMC states that the allegations contained in paragraph 71 of the Complaint call for a legal conclusion to which no response is necessary, and to the extent that a response is required, AMC denies each and every allegation contained in paragraph 71 of the Complaint.

**THIRD CLAIM**

AMC repeats and re-alleges its answers to paragraphs 1-71 of the Complaint.

72. AMC states that the allegations contained in paragraph 72 of the Complaint call for a legal conclusion to which no response is necessary, and to the extent that a