110.    AMC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110 of the Complaint and avers that they do not refer or relate to AMC.

111.    AMC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 of the Complaint and avers that they do not refer or relate to AMC, but where they relate AMC denies the allegations contained in paragraph 111 of the Complaint.

112.    AMC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 of the Complaint and avers that they do not refer or relate to AMC, but to the extent they relate AMC denies the allegations contained in paragraph 112 of the Complaint.

113.    AMC states that the allegations contained in paragraph 113 of the Complaint call for a legal conclusion to which no response is necessary, and to the extent that a response is required, AMC denies each and every allegation contained in paragraph 113 of the Complaint.

114.    AMC states that the allegations contained in paragraph 114 of the Complaint call for a legal conclusion to which no response is necessary, and to the extent that a response is required, AMC denies each and every allegation contained in paragraph 114 of the Complaint.

## NINTH CLAIM

AMC repeats and re-alleges its answers to paragraphs 1-114 of the Complaint.

115.    AMC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115 of the Complaint and avers that they do not refer or relate to AMC, but to the extent they relate AMC denies the allegations contained in paragraph 115 of the Complaint.

116.    AMC states that the allegations contained in paragraph 116 of the Complaint call for a legal conclusion to which no response is necessary, and to the extent that a response is required, AMC denies each and every allegation contained in paragraph 116 of the Complaint.

117.    AMC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117 of the Complaint and avers that they do not refer or relate to AMC, but to the extent they relate AMC denies the allegations contained in paragraph 117 of the Complaint.

118.    AMC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118 of the Complaint and avers that they do not refer or relate to AMC, but to the extent they relate AMC denies the allegations contained in paragraph 118 of the Complaint.

119.    AMC states that the allegations contained in paragraph 119 of the Complaint call for a legal conclusion to which no response is necessary, and to the extent that a response is required, AMC denies each and every allegations contained in paragraph 119 of the Complaint.

120.    AMC states that the allegations contained in paragraph 120 of the Complaint call for a legal conclusion to which no response is necessary, and to the extent that a response is required, AMC denies each and every allegation contained in paragraph 120 of the Complaint.

121.    AMC states that the allegations contained in paragraph 121 of the Complaint call for a legal conclusion to which no response is necessary, and to the extent that a response is required, AMC denies each and every allegations contained in paragraph 121 of the Complaint.

## DEFENSES

By asserting the following defenses, AMC does not allege or admit they have the burden of proof and/or the burden of persuasion with respect to any of these matters:

### FIRST DEFENSE

This Court lacks personal jurisdiction over defendant AMC.

### SECOND DEFENSE

The Complaint fails to state a claim against AMC upon which relief can be granted.

### THIRD DEFENSE

The claims asserted in the Complaint against AMC are barred, in whole or in part, by the doctrines of waiver, ratification, estoppel and/or laches.

## FOURTH DEFENSE

The claims asserted in the Complaint against AMC are barred to the extent that plaintiffs' damages claims are not ripe.

## FIFTH DEFENSE

The claims asserted in the Complaint against AMC are barred, in whole or in part, because plaintiffs have not pled fraud with particularity.

## SIXTH DEFENSE

The claims asserted in the Complaint against AMC are barred by the applicable statute of limitations and/or repose.

## SEVENTH DEFENSE

Defendants acted in good faith.

WHEREFORE, Defendant AMC respectfully requests that the Complaint be dismissed with prejudice in its entirety as against AMC, that it be awarded reasonable attorneys' fees, costs and disbursements incurred in the defense of this action, to the extent permitted by law, and that it be awarded such other and further relief as this Court deems just and proper.

Dated: New York, New York
       December 23, 2004

SIDLEY AUSTIN BROWN & WOOD LLP

By: _____
    Roger J. Hawke
    James D. Zirin

787 Seventh Avenue
New York, New York 10019
(212) 839-5300

Attorneys for Defendants AMC

264798

FEB. 27 2007

12/27/04

FILED
12/27/04
COUNTY CLERK
NEW YORK COUNTY

24

NY1 5634768v1

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                       )   s.s.:
COUNTY OF NEW YORK     )

      I, Marcus A. Cordova, being over the age of eighteen (18) years, and not a party to this action, and being first duly sworn, state on oath that on December 23, 2004, I caused a copy of the foregoing Answer and Affirmative Defenses to be served on the counsel listed below by first class mail.

> Arthur Luxenberg, Esq.
> Weitz & Luxenberg, P.C.
> 180 Maiden Lane
> New York, NY 10038
>
> James Beha, Esq.
> Winston & Strawn
> 200 Park Avenue
> New York, NY 10166-4193
>
> Alan B. Rich, Esq.
> Baron & Budd
> The Centrum, Suite 1100
> 3102 OakLawn Avenue
> Dallas, Texas 75219

_____
Marcus A. Cordova

Subscribed and sworn to me this
23rd day of December, 2004

_____
Notary Public

CHARLOTTE BEERMANN
Notary Public, State of New York
No. 01BE4721885
Qualified in Queens County
Commission Expires Aug. 31, 20 06

NY1 56404884 1

Index No. 04/114728

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

PHILIP NELSON BURNS, MIRJANA
PAVKOVICH, Administrator of the Estate of Rade
Pavkovic, Deceased, and WARREN ELMER
HALFPAP,

Plaintiff(s)

-against-

GRUPO MEXICO S.A. deC.V., et al.

Defendant(s)

ANSWER AND AFFIRMATIVE DEFENSES

SIDLEY AUSTIN BROWN & WOOD LLP

ATTORNEYS FOR    Defendant
Americas Mining Corporation

787 SEVENTH AVENUE
NEW YORK, NEW YORK 10019
(212) 839-5300

FILED
DEC 27 2004
COUNTY CLERK'S OFFICE