# EXHIBIT C

APS International Plaza • 7800 Glenroy Road
Minneapolis, Minnesota 55439-3122
PHONE: (952) 831-7776
FAX: (952) 831-8150
TOLL FREE: (800) 328-7171

# APS International, Ltd.

Website: www.CivilActionGroup.com

June 7, 2005

Attn: Mr. John Broaddus
WEITZ & LUXENBERG
210 Lake Drive East, Ste. 101
Cherry Hill, NJ 08002

DMyers@CivilActionGroup.com

RE:   Burns v Grupo Mexico S.A. de C.V.
      Country: Mexico
      APS File #242766

    --Grupo Mexico, S.A. de C.V.; Mexico City, Mexico
    --Grupo Minero Mexico Internacional, S.A. de C.V.; Mexico City, Mexico
    --Mexicana de Cobre, S.A. de C.V.; Mexico City, Mexico
    --German Larrea Mota-Velasco; Mexico City, Mexico
    --Oscar Gonzalez Rocha; Mexico City, Mexico
    --Controladora Minera Mexico, S.A. de C.V.; Mexico City, Mexico

Dear Mr. Broaddus:

Service in accordance with international treaty (formal service) is the proper method of service for the country of Mexico. The United States and Mexico are both party to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters, TIAS #10072 (U.S. Treaties & other International Acts) and 20 UST 361 (U.S. Treaties & other International Agreements). Informal methods of service are not allowed.

For the country of Mexico, service and return of proof of service in accordance with the Hague Convention generally takes 4-6 months or longer from the time the request for service is submitted to the Mexican Central Authority (Ministry of Foreign Relations). Service is entirely in the hands of the Mexican government, Mexican courts and their officials. It is not possible for us to 'speed up' the process.

Your documents were submitted to the Mexican Central Authority on May 17, 2005 and delivered to the Mexican Central Authority on May 20, 2005, as confirmed by FedEx. You will require an extension for service. In our experience, U.S. courts are generally very understanding in allowing the necessary time to complete the complex and proper service as required by international treaty.

Please feel free to contact me in the International Division with any additional questions.

Sincerely,

*Diane Myers*

Diane Myers
Direct Extension: 339
APS International, Ltd.
International Division

FILED
7/12/05
COUNTY CLERK
NEW YORK COUNTY
AS AN EXHIBIT

264808

FEB. 27. 2007

7/12/05  > AS AN EXHIBIT

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

PHILLIP NELSON BURNS, MIRJANA PAVKOVICH, Administrator of the Estate of Rade Pavkovich, Deceased, and WARREN ELMER HALFPAP,

          Plaintiff(s),

-against-

GRUPO MEXICO S. A. de C.V., a Mexican Corporation, SOUTHERN PERU HOLDINGS CORPORATION, a Delaware Corporation, SPHC II, Incorporated, a Delaware Corporation, GRUPO MINERO MEXICO INTERNACIONAL, S. A. de C.V., a Mexican Corporation, MEXICANA de COBRE, S.A. de C.V. a Mexican Corporation, CONTROLADORA MINERA MEXICO, S.A. de C.V., a Mexican Corporation, JP MORGAN CHASE & COMPANY f/k/a CHASE MANHATTAN BANK & TRUST COMPANY, a Delaware Corporation, AMERICAS MINING CORPORATION, a Delaware Corporation, ERNST & YOUNG LLP, ERNST & YOUNG CORPORATE FINANCE, LLC, GERMAN LARREA MOTA-VELASCO, Officer and Director of ASARCO, Inc., OSCAR GONZALEZ ROCHA Officer and Director of ASARCO, Inc., CREDIT SUISSE FIRST BOSTON, INC., CREDIT SUISSE FIRST BOSTON, LLC and CREDIT SUISSE FIRST BOSTON (USA), INC.

          Defendant(s)

Index No.: 114728/04

---

**PLAINTIFFS' UNOPPOSED MOTION FOR ADDITIONAL EXTENSION OF TIME FOR SERVICE OF PROCESS ON UNAUTHORIZED FOREIGN CORPORATIONS <u>PURSUANT TO THE HAGUE CONVENTION</u>**

Plaintiffs, pursuant to CPLR §§ 306-b and 2004, and with the consent of counsel for defendants served with process in the United States, hereby request an extension of time of an

additional 180 days from the date of the Order herein, without prejudice to seeking further extension should service be impracticable, or to whichever date the Court may direct, to effect service pursuant to the Hague Convention on certain unauthorized foreign defendants, and certain of their officers and directors, located in Mexico.[1]

## BACKGROUND

1. This action was commenced by filing a Verified Complaint and Summons in this Court on October 15, 2004.

2. Service of process has been effected on defendants whose principal places of business are in the United States.[2]

3. On December 20, 2004, this Court granted Plaintiffs' Unopposed Motion To Appoint Special Process Server to Effect Service of Process on an Unauthorized Foreign Corporation Pursuant to the Hague Convention. Plaintiffs thereafter retained an international process server, APS International, to effect service of process pursuant to the Hague Convention

---

[1] Consent to this motion was obtained from: 1) David Lurie, Esq., Vinson & Elkins, counsel for Ernst & Young LLP and Ernst & Young Corporate Finance, LLC, 2) James Beha, Esq., Winston & Strawn, counsel for JP Morgan Chase & Company, f/k/a Chase Manhattan Bank & Trust Company, 3) Roger Hawke, Esq., Sidley Austin Brown & Wood, counsel for Americas Mining Corporation, and 4) Leo Gagion, Esq., Dewey Ballantine, counsel for Credit Suisse First Boston, Inc., Credit Suisse First Boston, LLC, Credit Suisse First Boston (USA).

[2] Service of process has been effected upon the following defendants in the United States: JP Morgan Chase & Company f/k/a Chase Manhattan Bank & Trust Company, Americas Mining Corporation, Ernst & Young LLP, and Ernst & Young Corporate Finance, LLC, Credit Suisse First Boston, Inc., Credit Suisse First Boston, LLC, and Credit Suisse First Boston (USA), Inc. Southern Peru Holdings Corporation and SPHC II have been served but there is no record of counsel entering an appearance as of yet. A "Stipulation of Discontinuance Regarding Daniel Tellechia Salido Only" was filed on December 14, 2004. By Stipulation, the plaintiffs have agreed with the defendants who have been served that they shall not be required to answer the complaint or otherwise plead until service upon the defendants located in Mexico has been effected pursuant to the Hague Convention.

on the unauthorized, foreign defendants located in Mexico.[3]

4. On February 5, 2005, plaintiffs filed their Ex Parte Application for Extension of Time to Effect Service on An Unauthorized Foreign Corporation pursuant to CPLR § 311(b).[4] At that time, plaintiffs requested an additional 180 days to complete the service in Mexico.

5. On February 7, 2005 plaintiffs filed a First Amended Complaint adding three new defendants -- Credit Suisse First Boston, Inc., Credit Suisse First Boston, LLC, and Credit Suisse First Boston (USA), Inc. Service on these defendants was effected on February 10, 2005.

6. On February 14, 2005, plaintiffs provided APS International with 15 copies of the certified Original and First Amended complaint and summonses for service upon the defendants. Plaintiffs also provided APS with a certified copy of the Order appointing APS as the international process server.

7. On February 16, 2005 the Court signed its Order (see Affirmation, Exhibit A, submitted herewith) granting plaintiff an additional 120 days from the date of the entry of the Order to effect service of process on the defendants located in Mexico. The Order was filed in the Clerk's office on February 22, 2005. Service of process on the Mexican defendants is

---

[3] The unauthorized foreign corporations and corporate officials being served in Mexico pursuant to the Hague Convention are: Grupo Mexico S. A. de C.V., Grupo Minero Mexico Internacional, S.A. de C.V., Mexicana de Cobre, S.A. de C.V., Controladora Minera Mexico, S.A. de C.V. , German Larrea Mota-Velasco, and Oscar Gonzalez Rocha.

[4] On June 15, 2005, plaintiffs filed their "Ex Parte Application for Additional Extension of Time for Service of Process on Unauthorized Foreign Corporations Pursuant to the Hague Convention." Movants thereafter received a memorandum from the Clerk of the Ex Parte Motion Part dated June 15, 2005 requiring movant to redraft and resubmit the motion pursuant to CPLR §§ 306-b and 2004. This motion is therefore redrafted and resubmitted pursuant to the Clerk's memorandum. The memorandum further states: "KINDLY RETURN THIS MEMORANDUM WHEN PAPERS ARE RESUBMITTED." The memorandum is attached as Exhibit B to the accompanying Affirmation.

3

therefore presently required to be completed by June 16, 2005.

8.  On February 17, 2005, the plaintiffs filed their Second Amended Complaint correcting a number of the corporate names of the Mexican defendants and amending the complaint to assert a class action.

9.  Thereafter, based on discussions with APS International, further research was required to confirm the correct spellings of the names of the corporate entities as well as of the individual corporate officers of the Mexican defendants. Review of the U.S. Securities and Exchange Commission (SEC) filings by the companies who are related to, or subsidiaries of, the Mexican companies, which refer to the Mexican entities and corporate officers in their filings, indicated that the translations from Spanish into English for purpose of the SEC filings and English language web sites resulted in minor but significant variations in spellings. Comparison of the spellings on the web sites of the Mexican corporate entities with the spellings in the SEC filings also revealed similar variations.

10. On March 31, plaintiffs overnighted to APS a letter with corrected spellings along with certified copies of the First Amended Complaint and the Second Amended Complaint.

11. On April 1, plaintiffs forwarded, at APS's request, an additional court certified copy of the order appointing APS as special process server.

12. On May 17, APS finished the translation of the original, First Amended, and Second Amended Complaints, as well as the appropriate forms for service of process under the Hague Convention in Mexico, and overnighted the appropriate documentation to the Central Authority in Mexico City, Mexico.

13. In correspondence dated June 7, 2005 (see Affirmation, Exhibit C, submitted

4

herewith), APS advises that additional time is required to complete service in Mexico under the Hague Convention. APS states:

> For the country of Mexico, service and return of proof of service in accordance with the Hague Convention generally takes *4-6 months or longer* from the time the request for service is submitted to the Mexican Central Authority (Ministry of Foreign Relations). Service is entirely in the hands of the Mexican government, Mexican courts and their officials. It is not possible for us to 'speed up' the process.
>
> Your documents were submitted to the Mexican Central authority on May 17, 2005 and delivered to the Mexican Central authority on May 20, 2005, as confirmed by FedEx. *You will require an extension of service.* (emphasis added)

(See Affirmation, Exhibit C, submitted herewith.)

## ARGUMENT

14. CPLR § 306-b provides:

   > Service of the summons and complaint . . . shall be made within one hundred twenty days after filing of the summons and complaint . . .
   >
   > If service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service.

15. CPLR § 2004 provides:

   > Except where otherwise expressly prescribed by law, the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed.

16. As stated, APS now advises that additional time for service is needed because it will take 4 to 6 months or longer from May 20, 2005 to complete service of process on the Mexican corporations and corporate officers under the Hague Convention. APS further indicates that once delivery of the required documents to the Mexican Central Authority was effected on

5

May 20, 2005, it is not possible for APS to "'speed up'" the process" because "service is entirely in the hands of the Mexican government, Mexican courts, and their officials." Therefore, plaintiffs submit that good cause is shown, and the interests of justice would be served, by permitting an additional 180 days for service on these unauthorized foreign corporations located in Mexico.

17.  Plaintiffs submit they have exercised all due diligence in preparing all required documentation for APS, in the filing of necessary First and Second Amended Complaints, in serving the defendants located in the United States, and in conducting the additional research necessary to confirm the correct spellings of the Mexican defendants. Plaintiffs have also shown due diligence in forwarding the certified copies of the First Amended and Second Amended Complaints to APS for translation into Spanish and for service on the Mexican defendants in order to avoid further delay. Such delay would have been occasioned by awaiting completion of service of the original complaint prior to instituting service of the First Amended and Second Amended Complaints.

18.  Plaintiffs submit that due to the exigencies of service in Mexico on unauthorized foreign corporations, as confirmed by the APS correspondence, that good cause is shown and the interests of justice would be served to permit an extension of time of an additional 180 days to serve the defendants located in Mexico.

19.  Attached hereto is plaintiffs' Affirmation in support of this application with attached Order of this Court dated February 16, 2005 (Exhibit A), June 15, 2005 Memorandum of the Clerk with accompanying draft order (Exhibit B), and correspondence dated June 7, 2005, from APS International (Exhibit C).

WHEREFORE, plaintiffs herein respectfully request an extension of time of an additional 180 days from the date of the Order herein, without prejudice to seeking further extensions should service be impracticable, or to whichever date the Court may direct, to effect service pursuant to the Hague Convention on the unauthorized foreign defendants listed herein.

Dated: New York, New York
       June 17, 2005

Respectfully submitted,

**WEITZ & LUXENBERG, P.C.**
*A New York Professional Corporation*
120 Wall Street-15th Floor
New York, NY 10038
(212) 558-5900
FAX (212) 363-6848

By: _____
    Gary Klein, Esq.
    John M. Broaddus, Esq.

**BARON & BUDD**
**A PROFESSIONAL CORPORATION**
Alan B. Rich, Esq.
The Centrum, Suite 1100
3102 Oak Lawn Avenue
Dallas, Texas 75219
(214) 521-3605
FAX: (214) 520-1181

FILED
7|12|05
COUNTY CLERK
NEW YORK COUNTY

7

STATE OF NEW YORK    )
                     )ss:
COUNTY OF NEW YORK   )

Maria Reyes, being duly sworn, deposes and says:
I am not a party to this action, I am over 18 years of age and reside in Harriman, New York.

On, June 21, 2005 I served the within **NOTICE OF UNOPPOSED MOTION FOR ADDITIONAL EXTENSION OF TIME FOR SERVICE OF PROCESS ON UNAUTHORIZED FOREIGN CORPORATIONS PURSUANT TO THE HAGUE CONVENTION, AFFIRMATION IN SUPPORT and PLAINTIFFS' UNOPPOSED MOTION FOR ADDITIONAL EXTENSION OF TIME FOR SERVICE OF PROCESS ON UNAUTHORIZED CORPORATIONS PURSUANT TO THE HAGUE CONVENTION** on the attorneys listed below at the address designated by said attorneys for that purpose by depositing a true copy of same enclosed in a post paid properly addressed wrapper, and delivering same to our mail clerk, who in turn in the ordinary course of a business day, brought it to the mail room and then mailed same by delivering it in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

TO:  Clifford Thau, Esq.
     David Lurie, Esq.
     VINSON & ELKINS, LLP
     Attorneys for Deft.
     ERNST & YOUNG, LLP
     666 Fifth Avenue - 26th Floor
     New York, New York 10103

     James A. Beha, II, Esq.
     WINSTON & STRAWN, LLP
     Attorneys for Deft.
     JP MORGAN CHASE BANK, N.A.
     200 Park Avenue
     New York, New York 10166-4193

     Roger J. Hawke, Esq.
     SIDLEY AUSTIN BROWN & WOOD, LLP
     Attorneys for Deft.
     AMERICAN MINING CORPORATION
     787 Seventh Avenue
     New York, New York 10019

     Leo V. Gagion, Esq.
     DEWEY BALLANTINE LLP
     Attorneys for Deft.
     CREDIT SUISSE FIRST BOSTON
     1301 Avenue of the Americas
     New York, New York 10019-6092

_____
Maria Reyes

Sworn to before me this
21st day of June, 2005

_____
Notary Public

NINA AIZMAN
Notary Public, State of New York
No. 01A15037161
Qualified in Kings County
Commission Expires Dec... 31, 20 06

Index No.                                                Year 20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
_____
PHILLIP NELSON BURNS, MIRJANA PAVKOVICH,
Administrator of the Estate of Rade
Pavkovich, Deceased, and WARREN
ELMER HALFPAP,
                              Plaintiffs,
     -against-

GRUPO MEXICO S. A. de C.V., a Mexican
Corporation, ET AL.,

                              Defendants.
_____

NOTICE OF UNOPPOSED MOTION FOR ADDITIONAL EXTENSION OF TIME FOR SERVICE OF
PROCESS ON UNAUTHORIZED FOREIGN CORPORTIONS PURSUANT TO THE HAGUE CONVENTION

_____

                         WEITZ & LUXENBERG, P.C.
     *Attorneys for*     Plaintiffs

                         180 Maiden Lane
                         New York, NY 10038
                         (212) 558-5500

_____

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

Dated:..................................   Signature..................................................................

                                            Print Signer's Name..................................

_____

*Service of a copy of the within*                                      *is hereby admitted.*
Dated:
                                            ..................................................................
                                                              *Attorney(s) for*

_____

PLEASE TAKE NOTICE

☐ NOTICE OF ENTRY
  *that the within is a (certified) true copy of a*
  *entered in the office of the clerk of the within named Court on*                          20

☐ NOTICE OF SETTLEMENT
  *that an Order of which the within is a true copy will be presented for settlement to the*
  *Hon.*                                      *one of the judges of the within named Court,*
  *at*
  *on*                         20       *, at*              *M.*

Dated:

                                                              WEITZ & LUXENBERG, P.C.
                              *Attorneys for*

                                                              180 Maiden Lane
To:                                                           New York, NY 10038

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: Fried
_____
Justice

PART 60m

Philipp Nelson Burns

- v -

Grupo Mexico

INDEX NO. 114728/04

MOTION DATE _____

MOTION SEQ. NO. 004

MOTION CAL. NO. _____

The following papers, numbered 1 to ____ were read on this motion to/for _____

PAPERS NUMBERED

Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ...

Answering Affidavits — Exhibits

Replying Affidavits

Cross-Motion:   ☐ Yes   ☐ No

Upon the foregoing papers, it is ordered that this motion

Is Granted
So ordered

Dated: 7/12/05

HON. BERNARD J. FRIED

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE _____

Check one:   ☐ FINAL DISPOSITION   ☐ NON-FINAL DISPOSITION

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

PHILLIP NELSON BURNS, MIRJANA PAVKOVICH, Administrator of the Estate of Rade Pavkovich, Deceased, and WARREN ELMER HALFPAP,

        Plaintiff(s),

-against-

GRUPO MEXICO S. A. de C.V., a Mexican Corporation, SOUTHERN PERU HOLDINGS CORPORATION, a Delaware Corporation, SPHC II, Incorporated, a Delaware Corporation, GRUPO MINERO MEXICO INTERNACIONAL, S. A. de C.V., a Mexican Corporation, MEXICANA de COBRE, S.A. de C.V. a Mexican Corporation, CONTROLADORA MINERA MEXICO, S.A. de C.V., a Mexican Corporation, JP MORGAN CHASE & COMPANY f/k/a CHASE MANHATTAN BANK & TRUST COMPANY, a Delaware Corporation, AMERICAS MINING CORPORATION, a Delaware Corporation, ERNST & YOUNG LLP, ERNST & YOUNG CORPORATE FINANCE, LLC, GERMAN LARREA MOTA-VELASCO, Officer and Director of ASARCO, Inc., OSCAR GONZALEZ ROCHA Officer and Director of ASARCO, Inc., CREDIT SUISSE FIRST BOSTON, INC., CREDIT SUISSE FIRST BOSTON, LLC and CREDIT SUISSE FIRST BOSTON (USA), INC.

        Defendant(s)

Index No.: 114728/04

**EX PARTE ORDER**

---

### ORDER

IT IS HEREBY ORDERED, that plaintiffs' *Ex Parte* Application, pursuant to CPLR § 311(b), for Additional Extension of Time for Service of Process on Unauthorized Foreign Corporations Pursuant to the Hague Convention, is hereby GRANTED.

IT IS FURTHER ORDERED that plaintiffs shall have for an extension of time of _/_ days from the date of entry of this Order in order to effect service of process pursuant to the Hague Convention on the following unauthorized foreign defendants:

> Grupo Mexico S. A. de C.V.,
> Grupo Minero Mexico Internacional, S.A. de C.V.,
> Mexicana de Cobre, S.A. de C.V.,
> Controladora Minera Mexico, S.A. de C.V.,
> German Larrea Mota-Velasco, and
> Oscar Gonzalez Rocha.

Dated: 7/12/05

_____
JUDGE

**HON. BERNARD J. FRIED**

2



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

PHILLIP NELSON BURNS, MIRJANA PAVKOVICH, Administrator of the Estate of Rade Pavkovich, Deceased, and WARREN ELMER HALFPAP,

                Plaintiff(s),

-against-

GRUPO MEXICO S. A. de C.V., a Mexican Corporation, SOUTHERN PERU HOLDINGS CORPORATION, a Delaware Corporation, SPHC II, Incorporated, a Delaware Corporation, GRUPO MINERO MEXICO INTERNACIONAL, S. A. de C.V., a Mexican Corporation, MEXICANA de COBRE, S.A. de C.V. a Mexican Corporation, CONTROLADORA MINERA MEXICO, S.A. de C.V., a Mexican Corporation, JP MORGAN CHASE & COMPANY f/k/a CHASE MANHATTAN BANK & TRUST COMPANY, a Delaware Corporation, AMERICAS MINING CORPORATION, a Delaware Corporation, ERNST & YOUNG LLP, ERNST & YOUNG CORPORATE FINANCE, LLC, GERMAN LARREA MOTA-VELASCO, Officer and Director of ASARCO, Inc., OSCAR GONZALEZ ROCHA Officer and Director of ASARCO, Inc., CREDIT SUISSE FIRST BOSTON, INC., CREDIT SUISSE FIRST BOSTON, LLC and CREDIT SUISSE FIRST BOSTON (USA), INC.

                Defendant(s)

Index No.: 114728/04

**ORDER** 306-b CPLR

---

## **ORDER**

The Plaintiffs having duly made application to this Court for an Order pursuant to CPLR §306-b and §2004 for an additional extension of time to serve the unauthorized foreign defendants and certain of their officers, directors, and/or employees thereof located in Mexico pursuant to the

Hague Convention, and said application being unopposed by the defendants served to date in the United States, and plaintiffs' said application having been duly submitted, and

Upon reading and filing the affirmation (affidavit) of Gary Klein, Esq. dated June 17, 2005, and all exhibits annexed thereto in support of plaintiffs' application for an extension of time to serve the unauthorized foreign corporations and certain officers, directors and/or employees thereof located in Mexico pursuant to the Hague Convention, and the matter having been duly submitted to the Court for a decision, and after due deliberation having been had thereon,

Now, on the unopposed application of the plaintiffs for an extension of time to serve the unauthorized foreign corporations and certain of their officers, directors, and/or employees in Mexico pursuant to the Hague Convention, it is hereby

ORDERED, that plaintiffs' time within which to serve the following defendants in Mexico pursuant to the Hague Convention is hereby extended 120 days from the date of June 22, 2005

Grupo Mexico S. A. de C.V.,
Grupo Minero Mexico Internacional, S.A. de C.V.,
Mexicana de Cobre, S.A. de C.V.,
Controladora Minera Mexico, S.A. de C.V.,
German Larrea Mota-Velasco, and
Oscar Gonzalez Rocha.

said time to expire on the 20th day of October, 2005.

_____
JUDGE

☐ DO NOT POST          HON. BERNARD J. FRIED
                       7/12/05

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

PHILLIP NELSON BURNS, MIRJANA PAVKOVICH, Administrator of the Estate of Rade Pavkovich, Deceased, and WARREN ELMER HALFPAP,

                Plaintiff(s),

-against-

GRUPO MEXICO S. A. de C.V., a Mexican Corporation, SOUTHERN PERU HOLDINGS CORPORATION, a Delaware Corporation, SPHC II, Incorporated, a Delaware Corporation, GRUPO MINERO MEXICO INTERNACIONAL, S. A. de C.V., a Mexican Corporation, MEXICANA de COBRE, S.A. de C.V. a Mexican Corporation, CONTROLADORA MINERA MEXICO, S.A. de C.V., a Mexican Corporation, JP MORGAN CHASE & COMPANY f/k/a CHASE MANHATTAN BANK & TRUST COMPANY, a Delaware Corporation, AMERICAS MINING CORPORATION, a Delaware Corporation, ERNST & YOUNG LLP, ERNST & YOUNG CORPORATE FINANCE, LLC, GERMAN LARREA MOTA-VELASCO, Officer and Director of ASARCO, Inc., OSCAR GONZALEZ ROCHA Officer and Director of ASARCO, Inc., CREDIT SUISSE FIRST BOSTON, INC., CREDIT SUISSE FIRST BOSTON, LLC and CREDIT SUISSE FIRST BOSTON (USA), INC.

                Defendant(s)

---

Index No.: 114728/04

**EX PARTE ORDER**

015768

APPROVED FOR THE PAYMENT OF MOTION FEE ONLY

FILED
JUL 1 2 2005
NEW YORK COUNTY CLERK'S OFFICE

## ORDER

IT IS HEREBY ORDERED, that plaintiffs' *Ex Parte* Application, pursuant to CPLR § 311(b), for Additional Extension of Time for Service of Process on Unauthorized Foreign Corporations Pursuant to the Hague Convention, is hereby GRANTED.

IT IS FURTHER ORDERED that plaintiffs shall have for an extension of time of /____ days from the date of entry of this Order in order to effect service of process pursuant to the Hague Convention on the following unauthorized foreign defendants:

>Grupo Mexico S. A. de C.V.,
>Grupo Minero Mexico Internacional, S.A. de C.V.,
>Mexicana de Cobre, S.A. de C.V.,
>Controladora Minera Mexico, S.A. de C.V.,
>German Larrea Mota-Velasco, and
>Oscar Gonzalez Rocha.

Dated: 7/12/05

_____
JUDGE

HON. BERNARD J. FRIED

FILED

JUL 1 2 2005

NEW YORK
COUNTY CLERK'S OFFICE

2

COMMERCIAL DIVISION SUPPORT OFFICE
SUPREME COURT OF THE STATE OF NEW YORK
60 CENTRE STREET ROOM 148
NEW YORK, NEW YORK 10007-1474

Motion Sequence Number **004**

TO JUSTICE: **Fried**

ROOM **380**   I.A.S. PART **60**

FILED
JUL 12 2005
NEW YORK
COUNTY CLERK'S OFFICE

IF YOUR HONOR WISHES TO GRANT THIS EX-PARTE ORDER FOR: **an extension of time to serve the foreign defendants**

PLEASE SIGN THE ORDER.

Please return the order to **room 148** for processing.

**264847**

*Order is approved as to form.*

FEB. 27, 2007

7/12/05