## SIDLEY AUSTIN BROWN & WOOD LLP

| | | |
|---|---|---|
| BEIJING | 787 SEVENTH AVENUE | LOS ANGELES |
| BRUSSELS | NEW YORK, NEW YORK 10019 | NEW YORK |
| CHICAGO | TELEPHONE 212 839 5300 | SAN FRANCISCO |
| DALLAS | FACSIMILE 212 839 5599 | SHANGHAI |
| GENEVA | www.sidley.com | SINGAPORE |
| HONG KONG | FOUNDED 1866 | TOKYO |
| LONDON | | WASHINGTON, D.C. |

WRITER'S DIRECT NUMBER
(212) 839-5544

WRITER'S E-MAIL ADDRESS
rhawke@sidley.com

October 4, 2005

**By Facsimile and First-Class Mail**

The Honorable Bernard J. Fried
New York Supreme Court
New York County
111 Centre Street
Room 457
New York, NY 10013

FILED
OCT 11 2005
NEW YORK
COUNTY CLERK'S OFFICE

    Re:    Philip Nelson Burns, et al. v. Grupo Mexico, S.A. de C.V., et al.
           Index No. 04/114728

Dear Justice Fried:

        We represent certain defendants in the above case. The Court has scheduled a pre-trial conference for Friday, October 7, 2005. On August 9, 2005, ASARCO Inc., the owner of the assets that are the subject of plaintiffs' claim of fraudulent transfer, filed a Petition in Bankruptcy in the U.S. Bankruptcy Court of the Southern District of Texas. On September 19, 2005 Asarco's bankruptcy counsel, Baker & Botts LLP, sent a letter to plaintiffs' counsel in this case advising them that this action was subject to the automatic stay provisions of the Bankruptcy Code. (A copy of that letter is attached hereto.)

        We respectfully suggest that in view of this development, the October 7th conference be vacated and rescheduled only if and when a determination is made by the Bankruptcy Court that this case is not subject to the automatic stay.

                                    Respectfully yours,

                                    Roger J. Hawke

Attachment

SIDLEY AUSTIN BROWN & WOOD LLP IS A LIMITED LIABILITY PARTNERSHIP
PRACTICING IN AFFILIATION WITH OTHER SIDLEY AUSTIN BROWN & WOOD PARTNERSHIPS

NY1 5771054v.1

SIDLEY AUSTIN BROWN & WOOD LLP                                    NEW YORK

The Honorable Bernard J. Fried
October 4, 2005
Page 2

cc by facsimile and first-class mail:
    John M. Broaddus, Esq.
    Alan B. Rich, Esq.
    David R. Lurie, Esq.
    James A. Beha II, Esq.
    Leo V. Gagion, Esq.

No 264815

FEB. 27 2007

10/11/05

FILED
10/11/05
COUNTY CLERK
NEW YORK COUNTY

**BAKER BOTTS** LLP

2001 Ross Avenue
Dallas, Texas
75201-2980

TEL +1.214.953.6500
FAX +1.214.953.6503
www.bakerbotts.com

AUSTIN
**DALLAS**
DUBAI
HONG KONG
HOUSTON
LONDON
MOSCOW
NEW YORK
RIYADH
WASHINGTON

September 19, 2005

Mr. Gary Klein
Weitz & Luxenberg
180 Maiden Lane
New York, New York 10038

Jack L. Kinzie
TEL +1.214.953.6727
FAX +1.214.661.4727
jack.kinzie@bakerbotts.com

Mr. Russell W. Budd
Baron & Budd, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, Texas 75219



Re: *Burns v. Grupo Mexico et al.*, Index No. 04/114728

Gentlemen:

  As you may be aware, ASARCO LLC ("Asarco") filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court of the Southern District of Texas (the "Bankruptcy Court") on August 9, 2005. We have examined the complaint you filed on this action and have concluded that most, and probably all, of the causes of action asserted in the complaint are properties of Asarco's estate and that continued prosecution of the same is therefore stayed by the automatic stay of 11 USC §362.

  We would, however, refer you to a motions recently filed by Robert C. Pate, and Sandy Esserman in Adversary Proceeding No. 05-02048 pending in Asarco's bankruptcy case. Mr. Pate is the Future Claim Representative in the bankruptcy cases of certain of Asarco's subsidiaries and Mr. Esserman is counsel to the creditors' committee in the ASARCO subsidiary asbestos cases. These motions seek, among other things, authority to prosecute essentially the same causes of action that are asserted in your complaint. We would urge you to consider whether, as we believe, the causes of action contained in your complaint and referred to in Mr. Pate's and Mr. Esserman's motions are best addressed in the bankruptcy proceeding where the Bankruptcy Court can decide who the proper parties are to prosecute such claims.

  If you have any questions or wish to discuss this matter further, please contact me.

Yours very truly,

Jack L. Kinzie

cc: Ms. Karen C. Paul
   Mr. Tony M. Davis
   Mr. Paul M. Singer
   Mr. Sander L. Esserman
   Mr. Robert C. Pate

HOU01:929444.1

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: **BERNARD J. FRIED** J.S.C.
                 Justice

PART 60

BURNS, PHillip NELSON

- v -

Grupo Mexico S.A.

INDEX NO. # 114728/04
MOTION DATE
MOTION SEQ. NO.
MOTION CAL. NO.

The following papers, numbered 1 to _____ were read on this motion to/for _____

| | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | |
| Answering Affidavits — Exhibits | |
| Replying Affidavits | |

Cross-Motion:  ☐ Yes  ☐ No

Upon the foregoing papers, it is ordered that this motion

264820

This action is stayed because of a Bankruptcy proceeding in the United States Bankruptcy Court for the Southern District of Texas.

FEB. 27 2007

SO ORDERED

FILED
10/11/05
OCT 11 2005
NEW YORK
COUNTY CLERK'S OFFICE

Dated: 10/7/05

BERNARD J. FRIED, J.S.C.
J.S.C.

Check one:  ☐ FINAL DISPOSITION  ☒ NON-FINAL DISPOSITION
Check if appropriate:  ☐ DO NOT POST  ☐ REFERENCE

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):