APS International Plaza · 7800 Glenroy
Road
Minneapolis, Minnesota 55439-3122
PHONE: (952) 831-7776
FAX: (952) 831-8150

# APS International, Ltd.

**Tuesday, August 23, 2005**

WEITZ & LUXENBERG
Mr. John M. Broaddus
210 E. Lake Dr.Ste. 101
Cherry Hill, NJ 08002

## *ENCLOSED IS THE RESPONSE TO YOUR REQUEST IN THIS MATTER.*

| | |
|---|---|
| **APS File #:** | 242766-0001 |
| **Your Ref #:** | |
| **Case Name:** | Burns v Grupo Mexico S.A. de C.V. |
| **Defendant:** | Grupo Mexico, S.A. de C.V. |
| **Country:** | Mexico |
| **Person Served:** | Daniel Estrada Martens Estrada |
| **Title of Person Served (if applicable):** | Employee |
| **Date Completed:** | July 1, 2005 |

We have enjoyed this opportunity to work with you and remain ready to further assist you with
service of process or discovery both domestically and abroad.

Thank you for using APS International!

Sincerely,

Diane Myers  -- Ext: 339
Email:   DMyers@CivilActionGroup.com



**INVOICE**

APS File No: 242766-0001

2005-08-23 15:44:11.000



**Civil Action Group**

**dba APS International, Ltd.**

APS International Plaza · 7800 Glenroy Road
Minneapolis, Minnesota 55439-3122
(952) 831-2355

**BILL TO:**

WEITZ & LUXENBERG
Attn: Mr. John M. Broaddus
210 E. Lake Dr.Ste. 101
Cherry Hill, NJ 08002

| | |
|---|---|
| Case Name: | Burns v Grupo Mexico S.A. de C.V. |
| Attorney File #: | |
| Subject: | Grupo Mexico, S.A. de C.V. |
| Location: | 06760 Mexico City, Mexico |

## CHARGES

| Date | Service Type | Quantity | Price | Extended | Amount Paid | Balance Due |
|---|---|---|---|---|---|---|
| 15-Feb-2005 | Hague Processing - Mexico | 1 | 385.00 | 385.00 | | |
| 15-Feb-2005 | Translation of Proof-Spanish | 1 | 60.00 | 60.00 | | |
| 15-Feb-2005 | Translation of Hague Forms | 3 | 60.00 | 180.00 | | |
| 15-Feb-2005 | Spanish Translations | 41 | 60.00 | 2,460.00 | | |
| 15-Feb-2005 | Copy Charges | 132 | 0.40 | 52.80 | | |
| 31-Mar-2005 | Spanish Translations | 32 | 60.00 | 1,920.00 | | |
| 31-Mar-2005 | Spanish Translations | 36 | 60.00 | 2,160.00 | | |
| 31-Mar-2005 | Copy Charges | 204 | 0.40 | 81.60 | | |
| | Total Charges: | | | 7,299.40 | | |

## PAYMENTS

| Date | Check Number | Amount Paid | |
|---|---|---|---|
| 07-Mar-2005 | 231383 | 3,137.80 | |
| 05-May-2005 | 235191 | 4,161.60 | |
| | Total Payments: | 7,299.40 | |
| | Balance Due: | | $0.00 |

We accept Visa and Mastercard.

Page 1 of 1

IMPORTANT -- FOR PROPER CREDIT, PLEASE RETURN A COPY OF THIS INVOICE WITH PAYMENT.
APS Federal Tax ID #41-1954233

Case Name:  Burns  vs.  Grupo Mexico S.A. de C.V.
Defendant:  Grupo Mexico, S.A. de C.V.
Court Case No.:  04/114728

*246*

# CERTIFICATE

The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,

1)    that the request has been executed*

-  the (date)   *First  of  July  of  two  thousand  five*

-  at (place, street, number)   *Baja California Avenue number 200, [District] Colonia Roma Sur,*
*C. P.  06760, in  Mexico  Federal District*

-  in one of the following methods authorised by article 5-

[  ]  (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention*.

[  ]  (b)  in accordance with the following particular method*: _____
_____

[  ]  (c)  by delivery to the addressee, who accepted it voluntarily.*

The documents referred to in the request have been delivered to:
*[Illegible Court Seal]*

-  (identity and description of person)   *Daniel Estrada Martens Estrada, ID Credentials from the*
*Federal Electoral Institute number  0000009045001.*
-  relationship to the addressee (family, business or other):
*Said he was an employee of the company sought.*

2)    that the document has not been served, by reason of the following facts*:
_____
_____
_____

In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement*.

LIST OF DOCUMENTS:  Proposed Order, Supplemental Summons and Second Amended Verified Complaint, Supplemental Summons and First Amended Verified Complaint, Summons and Verified Complaint with Certification, Summary of the Document to be Served, Translation

Annexes

Documents returned:

_____

_____

_____

In appropriate cases, documents establishing the service:

_____

_____

Done at  *Mexico, Federal District*  the  *first*
of  *July*  of  *two thousand five*

Signature and/or stamp.  *[Court Seal]*
*Thirty-fifth Civil Court*
*Mexico, D.F., United Mexican States*
*[Illegible signature]*
*Licentiate Neftali Segovia Zarate*

* Delete if inappropriate.          2

Nombre del Caso: Buras contra Grupo México S.A. de C.V.
Demandado: Grupo México, S.A. de C.V.
No. de Expediente del Tribunal: 04/114728

## CERTIFICACIÓN/

246

La autoridad infrascrita tiene el honor de certificar, conforme al artículo 6 de dicho Convenio,

Que la petición ha sido ejecutada*

- El (fecha) *Primero de Julio del Dos mil cinco*
- En (localidad, calle, número) *Avenida Baja California número 200, Colonia Roma Sur*
  *C.P. 06760, en México Distrito Federal*

- En una de las formas siguientes previstas en el artículo quinto:

  [ ] (a)  Según las formas legales (artículo 5, párrafo primero, letra a)*.

  [ ] (b)  Según la forma particular siguiente*: _____

  [ ] (c)  Por simple entrega al destinatario que lo aceptó voluntariamente*.

Los documentos mencionados en la petición han sido entregados a:

(identidad y calidad de la persona) *Daniel Estrada Martens Estrada. Credencial del*
*Instituto Federal Electoral número 000009045001.*

vínculos de parentesco, subordinación y otros, con el destinatario del documento:
*Dijo ser Empleado de la sociedad demanda.*

Que la petición no ha sido ejecutada en razón a los hechos siguientes*:
_____
_____
_____

Conforme al artículo 12, párrafo segundo, de dicho Convenio, se ruega al requirente el pago o reembolso de los gastos cuyo detalle figura en la declaración adjunta*.

ENUMERACIÓN DE LOS DOCUMENTOS:  Orden Propuesta, Citación Suplementaria y Segunda Demanda Modificada Verificada, Citación Suplementaria y Primera Demanda Modificada Verificada, Citación y Demanda Verificada con Certificación, Elementos Esenciales del Documento, Traducción

anexos:

documentos reenviados:
_____
_____

Hecho en *México, Distrito Federal* el *primero*
de *julio* (      ) de *dos mil cinco*

En su caso, los documentos justificativos de la ejecución:
_____
_____
_____

Firma y/o sello

*Lic. Neftalí Segovia Zárate*

Borrar las menciones inútiles.

2



SECRETARIA DE RELACIONES EXTERIORES

| | |
|---|---|
| **Dependencia:** | Dirección General de Asuntos Jurídicos. Dirección de Asistencia Jurídica Internacional. |
| **Número:** **Expediente:** | ASJ – **31303** 541-1-1404/05 |

**R E S E R V A D A**

**Asunto:** **SE REMITE CARTA ROGATORIA Y CONSTANCIAS DE LO ACTUADO.**

Tlatelolco, D.F., **1 9 AGO. 2005**

DIANE K. MYERS.
APS INTERNATIONAL, LTD.
7800 Glenroy Road, Minneapolis,
Minnesota 55439-3122, E.U.A.
P R E S E N T E.

Me refiero a la carta rogatoria librada por el Tribunal Supremo del Estado de Nueva York, Condado de Nueva York, E.U.A., deducida de la Causa No. 04/114728, promovida por **PHILLIP NELSON BURNS Y OTROS**, en contra de **GRUPO MÉXICO, S.A. DE C.V. Y OTROS**.

Sobre el particular, me permito comunicarle que el Juzgado Trigésimo Quinto de lo Civil del Distrito Federal, remitió a esta Área Jurídica la rogatoria de mérito, junto con las constancias de lo actuado, de las que se desprende que se dio cumplimiento con el auxilio jurídico solicitado.

Lo anterior se comunica y remite a usted, para los efectos legales a que haya lugar, esperando con ello tener por atendida su petición. Se solicita enviar a esta Secretaría el acuse de recibo correspondiente.

A T E N T A M E N T E,
LA ENCARGADA DEL DEPARTAMENTO
DE EXHORTOS Y CARTAS ROGATORIAS.

LIC. ILLIANA OLIVARES QUIÑONES.

Anexo: Documentación señalada.

VGG
(DG12751)

Al contestar este oficio, cítense los datos contenidos en el ángulo superior derecho.

REGISTRO NÚM. 502/2005

"B"  SECRETARÍA          ÍNDICE NÚM. _____



PODER JUDICIAL DEL FUERO COMUN

CIUDAD DE MÉXICO, D.F.

JUZGADO TRIGESIMO QUINTO DE LO CIVIL

ACTOR NELSON BURNS PHILLIP Y OTROS

DEMANDADO GRUPO MEXICO, S.A. DE C.V. Y OTRO

JUICIO OTROS

CUADERNO _____

DOMICILIO DEL ACTOR _____

DOMICILIO DEL DEMANDADO _____

JUEZ                              SECRETARIO

C. LIC. SANDRA LUZ DIAZ ORTIZ          C. LIC. MANUEL ALFONSO CORTES BUSTOS

AGENTE DEL MINISTERIO PÚBLICO

C. LIC. _____

COMENZÓ EL ____ DE _____ DE 20____

CONCLUYÓ EL ____ DE _____ DE 20____

SE REMITIÓ AL ARCHIVO EL ____ DE _____ DE 20____



" 150 AÑOS IMPARTIENDO JUSTICIA "

D.F. (T. S. de J.) Presid.-5.

**001**

TRIBUNAL SUPERIOR
DE JUSTICIA DEL
DISTRITO FEDERAL

2005 JUN 20  A II: 24

JUZGADO TRIGESIMO
QUINTO CIVIL DEL

P R E S I D E N C I A

4299

C. JUEZ TRIGESIMO QUINTO CIVIL DEL D.F.
P R E S E N T E.

Con el oficio número ASJ.-22021 de fecha catorce
de junio de 2005, suscrito por la C. LIC. MARIA CRISTINA AYALA
PALACIOS SUBDIRECTORA DE AUXILIO JUDICIAL INTERNACIONAL, remite
la Secretaría de Relaciones Exteriores carta rogatoria en
DOSCIENTOS TREINTA Y NUEVE FOJAS Y UN JUEGO DE COPIAS DE
TRASLADO, librada por el Tribunal Supremo del Estado de Nueva
York, Condado de Nueva York, E.U.A. deducida de la Causa No.
04/114728 promovida por PHILLIP NELSON BURNS Y OTROS en contra
de GRUPO MEXICO, S.A. DE C.V., Y OTROS. Con fundamento en el
el artículo 36 fracción I de la Ley Orgánica del Tribunal
Superior de Justicia del Distrito Federal, y 50 fracción
V de la propia Ley, la remito a Usted para que se sirva diligen-
ciarla en sus términos en caso de encontrarla ajustada a derecho.

Reitero a Usted, mi más atenta y distinguida
consideración.

PRESIDENCIA

SUFRAGIO EFECTIVO. NO REELECCION.
México, D.F. a 17 de junio de 2005
JEFE DE LA OFICIALIA DE PARTES DE
LA PRESIDENCIA.

LIC. PILAR ISABEL SANCHEZ.

OFICIALIA DE PARTES

c.c.p. C. Direc. Gral. de Asuntos Jurídicos Dirección de Asisten
cia Jurídica Internacional como acuse al Of. No.ASJ.-22021
de fecha 14 de junio de 2005.

/ehs.



Dependencia: DIRECCIÓN GENERAL DE ASUNTOS JURÍDICOS. DIRECCIÓN DE ASISTENCIA JURÍDICA INTERNACIONAL **002

Número: ASJ-

Expediente: 541-1-1404/05     22021

**RESERVADA**

Asunto: SE REMITE EXHORTO PARA SU DILIGENCIACIÓN.

Tlatelolco, D.F., a    14 JUN. 2005

239 Fojas
1 9 od fas

016299

**MAGDO. DR. JOSÉ GUADALUPE CARRERA DOMÍNGUEZ.
PRESIDENTE DEL TRIBUNAL SUPERIOR DE
JUSTICIA DEL DISTRITO FEDERAL.
PRESENTE.**

Se acompaña al presente carta rogatoria librada por el Tribunal Supremo del Estado de Nueva York, Condado de Nueva York, E.U.A., deducida de la Causa No. 04/114728 promovida por **PHILLIP NELSON BURNS Y OTROS** en contra de **GRUPO MÉXICO, S.A. DE C.V. Y OTROS.**

Sobre el particular, se considera que la rogatoria de mérito cumple con los requisitos legales establecidos en los artículos 1, 2, 3 y 5 del Convenio Sobre la Notificación o el Traslado en el Extranjero de Documentos Judiciales o Extrajudiciales en Materia Civil o Comercial, (publicado en el Diario Oficial de la Federación el 16 de febrero del 2001) en virtud de lo siguiente:

- Que se trata de un asunto en materia civil, en virtud de que se solicita el emplazamiento a la parte demandada en conexión con una acción entablada en el Tribunal Supremo del Estado de Nueva York, Condado de Nueva York, Estados Unidos de América;

- Que dicha carta rogatoria fue presentada ante la Dirección General de Asuntos Jurídicos de la Secretaría de Relaciones Exteriores, quien es la Autoridad Central designada por el gobierno de México para la recepción de las peticiones de notificación o traslado de documentos judiciales o extrajudiciales provenientes de otros Estados Parte;

- Que la petición se presenta conforme a la fórmula modelo que establece el Convenio Sobre la Notificación o el Traslado en el Extranjero de Documentos Judiciales o Extrajudiciales en Materia Civil o Comercial, sin que sea necesaria la legalización de los documentos ni otra formalidad análoga;

- Que los documentos enviados se encuentran acompañados con su debida traducción al idioma español;

- Que a la petición se acompaña copia del documento judicial en doble ejemplar;

016299



SECRETARÍA DE RELACIONES EXTERIORES

Dependencia: DIRECCIÓN GENERAL DE ASUNTOS JURÍDICOS. DIRECCIÓN DE ASISTENCIA JURÍDICA INTERNACIONAL

Número: ASJ . . . . . 003

Expediente:

Asunto: 22021

-2-

Dado lo anterior, con fundamento en lo establecido en los artículos 5 del Convenio Sobre la Notificación o el Traslado en el Extranjero de Documentos Judiciales o Extrajudiciales en Materia Civil o Comercial, 28 fracción XI de la Ley Orgánica de la Administración Pública Federal y 34 fracción IX del Reglamento Interior de la Secretaría de Relaciones Exteriores, solicito a usted que de encontrarla ajustada a derecho, la remita al Juez que corresponda, a fin de que se acuerde su despacho y se practique la diligencia solicitada consistente en notificar a la empresa GRUPO MÉXICO, S.A. DE C.V., con domicilio en Avenida Baja California No. 200, Colonia Roma Sur, 06760, México, D.F., el contenido de los documentos que se acompañan al presente, haciendo de su conocimiento que tiene un término de 30 días después de la notificación, para entregar una copia de contestación a los abogados demandantes, con el apercibimiento decretado en la rogatoria que nos ocupa.

Cabe señalar que de conformidad con lo establecido en la declaración formulada por México al artículo 6 del instrumento internacional en cita, el Juzgado que tenga conocimiento de la rogatoria que se envía será el encargado de expedir una certificación conforme a la fórmula modelo que se anexa, en la que se debe hacer constar: la forma, lugar y fecha del cumplimiento, así como la persona a la que el documento haya sido remitido, o en su caso los motivos por los cuales no se pudo llevar a cabo la notificación solicitada.

Una vez efectuada la diligencia, le agradeceré remitir a la brevedad a esta Area Jurídica las constancias de lo actuado y el original del documento exhortatorio para proceder a su devolución a la autoridad requirente.

ATENTAMENTE,
LA SUBDIRECTORA DE AUXILIO
JUDICIAL INTERNACIONAL,

LIC. MARÍA CRISTINA AYALA PALACIOS.

ANEXO: DOCUMENTACIÓN SEÑALADA.

C.c.p. Diene Myers, Sección Internacional, APS International Plaza, 7800 Glenroy Road, Minneapolis, Minnesota, E.U.A.- Para su Conocimiento.
ACC/JMMG
(DG09182)

TSJDF/C35/0502/2005          OFIC: 016299
OED 7779          17/06/2005    12:20:20      82
OED 7779      JUZGADO:      35 - TRIGESIMO QUINTO TSJDF
OED 7779        199        CIVIL        0502/2005

A LO

Convenio r

entidad y dire

e K. Myers
INTERNATI
International
Glenroy Roa
neapolis, Min
(EUA)
952.831.7776
il: DMyers@(

uirente infrasc
enumerados, r
inatario, a sab

identidad y dir
Avenida Baj

) Según las fo

) Según la for

) En su caso,

ga a esa autor
cación que figr

eración de los do

Propuesta
on Suplementaria
cada Verificada
on Suplementaria
cada Verificada
n y Demanda V
ntos Esenciales d
ción

har las mencione

UIRENTE ESTA AUTORIZADO HACER NOTIFICACIONES JUDICIALES BAJO EL CODIGO FEDERAL DE PROCEDIMIENTO CIVIL DE LOS
OS UNIDOS Y BAJO EL CODIGO DE PROCEDIMIENTO CIVIL DEL ESTADO DE: Nueva York

## PETICIÓN

.004

# A LOS FINES DE NOTIFICACIÓN O TRASLADO EN EL EXTRANJERO
# DE DOCUMENTO JUDICIAL O EXTRAJUDICIAL

**Convenio relativo a la notificación o traslado en el extranjero de documentos judiciales o extrajudiciales
en materia civil o comercial, firmado en La Haya el 15 de noviembre de 1965.**

| Identidad y dirección del requirente: | Dirección de la autoridad destinataria: |
|---|---|
| ne K. Myers<br>; INTERNATIONAL, LTD<br>s International Plaza<br>0 Glenroy Road<br>neapolis, Minnesota 55439-3122<br>i (EUA)<br>952.831.7776    Fax: 952.831.8150<br>il: DMyers@CivilActionGroup.com | Secretaría de Relaciones Exteriores<br>Dirección General de Asuntos Jurídicos<br>Departamento de Exhortos y Relaciones<br>con Embajadas<br>Flores Magón No. 1, Col. Tlatelolco<br>México D.F.<br>06995<br>México |

quirente infrascrito tiene el honor de remitir – en doble ejemplar – a la autoridad destinataria los documentos
enumerados, rogándole, conforme al artículo 5 del Convenio precitado, haga remitir sin demora un ejemplar
tinatario, a saber:

(Identidad y dirección)    Grupo México, S.A. de C.V.
Avenida Baja California 200, Colonia Roma Sur,  06760 Ciudad de México,  México
Teléfono:

a)  Según las formas legales (artículo 5, párrafo primero, letra a)*.

b)  Según la forma particular siguiente  (artículo 5, párrafo primero, letra b)*: _____
_____
_____

c)  En su caso, por simple entrega al interesado, si acepta voluntariamente (artículo 5, párrafo segundo)*.

ega a esa autoridad envíe o haga enviar al requirente un ejemplar del documento - y de sus anexos - con la
icación que figura al dorso.

eración de los documentos:

Propuesta
ón  Suplementaria  y  Segunda Demanda
icada Verificada
ón  Suplementaria  y  Primera Demanda
icada Verificada
ón  y  Demanda Verificada con Certificación
ntos Esenciales del Documento
ección

Hecho en  Miniápolis, Minnesota EUA    el **17** de **mayo**
de **2005**

Firma y/o sello.

*Diane K Myers*

har las menciones inútiles.

(Anteriormente OBD-116 que anteriormente fue LAA-116,     USM-94
los dos pueden ser utilizados)                             (Est. 11/22/77)

005

so: Burns  contra  Grupo México S.A. de C.V.
rupo México, S.A. de C.V.
ente del Tribunal: 04/114728

## CERTIFICACIÓN

ad infrascrita tiene el honor de certificar, conforme al artículo 6 de dicho Convenio,

. petición ha sido ejecutada*

l (fecha) _____

n (localidad, calle, número) _____

_____

n una de las formas siguientes previstas en el artículo quinto:

[  ] (a)  Según las formas legales (artículo 5, párrafo primero, letra a)*.

[  ] (b)  Según la forma particular siguiente*: _____

_____

[  ] (c)  Por simple entrega al destinatario que lo aceptó voluntariamente*.

entos mencionados en la petición han sido entregados a:

- (Identidad y calidad de la persona) _____

- Vínculos de parentesco, subordinación y otros, con el destinatario del documento:

_____

petición no ha sido ejecutada en razón a los hechos siguientes*:
_____
_____
_____

al artículo 12, párrafo segundo, de dicho Convenio, se ruega al requirente el pago o reembolso de los gastos cuyo
ura en la declaración adjunta*.

ACIÓN DE LOS DOCUMENTOS: Orden Propuesta, Citación  Suplementaria y  Segunda Demanda Modificada Verificada, Citación
ria y  Primera Demanda Modificada Verificada,  Citación y  Demanda Verificada con Certificación, Elementos Esenciales del
, Traducción

os reenviados:

_____    Hecho en _____ el _____
_____             de _____ de _____
_____

, los documentos justificativos de la ejecución:

_____    Firma y/o sello.
_____
_____
_____

s menciones inútiles.                       2

~ ..ʸ⁕ᶜ ᶜ ᶜ ᶜ · 006

## ELEMENTOS ESENCIALES DEL DOCUMENTO

Convenio relativo a la notificación o traslado en el extranjero de documentos judiciales o extrajudiciales
en materia civil o comercial, firmado en La Haya el 15 de noviembre de 1965.

(artículo 5, párrafo cuarto)

dirección de la autoridad requirente:    Diane K. Myers
                                          APS INTERNATIONAL, LTD
                APS International Plaza, 7800 Glenroy Road, Minneapolis, Minnesota  55439-3122, USA (EUA)

de las partes*:    Burns  contra  Grupo México S.A. de C.V.

CIÓN DE LOS DOCUMENTOS: Orden Propuesta, Citación  Suplementaria  y  Segunda Demanda Modificada Verificada, Citación
ja  y  Primera Demanda Modificada Verificada,  Citación  y  Demanda Verificada con Certificación, Elementos Esenciales del
Traducción

### DOCUMENTO JUDICIAL**

y objeto del documento:  El objeto de este documento es para informar a  Grupo México, S.A. de C.V.
uiciado en su contra un litigio civil  y que ha sido unido como demandado.
y objeto del procedimiento y, en su caso, cuantía del litigio:
de los demandantes contra el demandado es para daños y perjuicios y otro resarcimiento en una cantidad a ser determinada
sultado del fraude implícito, fraude efectivo y transferencia fraudulenta del demandado.

gar para verificar la comparecencia**:
ado tiene que contestar la demanda y entregar una copia de la contestación a los abogados de los demandantes, WEITZ &
RG, P.C., 180 Maiden Lane, Nueva York, NY 10038 EUA / BARON & BUDD, The Centrum, Suite 1100, 3102 Oak
ue, Dallas, Tejas 75219 EUA  dentro de 30 días después de la notificación de los documentos adjuntos.
judicial que ha dictado la resolución**:
                          no aplica

resolución**:                    no aplica
de los plazos que figuran en el documento**:
ado tiene 30 días después de la notificación de los documentos adjuntos para contestar la demanda y entregar una copia de
ción a los abogados de los demandantes
hacerlo puede resultar en que los demandante(s) reciban una sentencia en rebeldía contra el demandado para el desagravio
la demanda.

### DOCUMENTO EXTRAJUDICIAL**

y objeto del documento:        no aplica


de los plazos que figuran en el documento **:    no aplica


gar,  identidad y dirección de la persona interesada en  la remisión del documento.

as menciones inútiles.                           3

007

En un *IAS* Parte _60_ del Tribunal Supremo del
Estado de Nueva York, Condado de Nueva York, en
el Edificio del Tribunal ubicado en 60 Centre Street,
Nueva York, Nueva York el día _16_ de _diciembre_
de 2004.

ESENTE: ___B. Fried___

Juez

ILLIP NELSON BURNS, MIRJANA
VKOVICH, Administradora del Caudal
reditario de Rade Pavkovich, Difunto, y
ARREN ELMER HALFPAP,

Demandante(s),

-contra-

No. de Índice:  114728/04

**ORDEN PROPUESTA**

RUPO MÉXICO S. A. de C.V., una
poración mexicana, SOUTHERN PERU
OLDING CORPORATION, una corporación
Delaware, SOUTHERN PERU HOLDING
ORPORATION II, una corporación de
laware, GRUPO MINERO MÉXICO
TERNACIONAL, S. A. DE C.V., una
poración mexicana, COMPAÑÍA
EXICANA de COBRE, una corporación
xicana, JP MORGAN CHASE &
OMPANY antes conocido como CHASE
ANHATTAN BANK & TRUST COMPANY,
a corporación de Delaware, AMERICAS
NING CORPORATION, una corporación de
laware, ERNST & YOUNG LLP, ERNST &
OUNG CORPORATE FINANCE, LLC,
RMAN LARREA MOTA-VAELASCO,
icial y Director de ASARCO, Inc., OSCAR
ONZALES ROCHA Oficial y Director de
ARCO, Inc., DANIEL TELLECHEA
LIDO Oficial y Director de ASARCO, Inc.

Demandado(s)

**PRESENTADO**
20 DIC 2004
NUEVA YORK
OFICINA DEL SECRETARIO
DE CONDADO

008

Al leer el Aviso de Petición con fecha 30 de noviembre de 2004, la afirmación de Gary ein, Abogado, afirmada el día 1 de diciembre de 2004 en apoyo de dicha Petición, y no biendo tenido oposición a la misma, con la presente

SE ORDENA, que la Petición de los Demandantes para Designar a Notificador Especial a Efectuar Notificación de Actos Procésales a una Corporación Extranjera no Autorizada nforme al Convenio de La Haya sea CONCEDIDA; y además

SE ORDENA, que APS International, Ltd. se autorice efectuar la notificación de los mandados, Grupo México S.A. de C.V., Grupo Minero México Internacional, Compañía exicana de Cobre, German Larrea Mota-Vaelasco, Oscar Gonzáles Rocha y Daniel Tellechea lido en México conforme al Convenio de La Haya Relativo a la Notificación o Traslado en el tranjero de Documentos Judiciales y Extrajudiciales en Materia Civil o Comercial, *TIAS* 007?(Tratados y Otros Actos Internacionales de los EE.UU.) y 20 *UST* 361 (Tratados y ros Acuerdos Internacionales de los EE.UU.) y la Ley Internacional.

REGISTRE

_[Firma ilegible]_
Juez Tribunal Supremo

BERNARD J. FRIED
Juez Tribunal Supremo

ρ. 184860

TADO DE NUEVA YORK,
NDADO DE NUEVA YORK, SS:
), NORMAN GOODMAN,
CRETARIO DEL CONDADO Y
CRETARIO DEL TRIBUNAL SUPREMO,
NDADO DE NUEVA YORK
N LA PRESENTE CERTIFICO EL
ENERO 2005
JE HE COMPARADO ESTA
PIA CON EL ORIGINAL
CHIVADO EN MI OFICINA EL
/DIC/04

PRESENTADO
20 DIC 2004
NUEVA YORK
OFICINA DEL SECRETARIO
DE CONDADO

QUE LA MISMA ES UNA
TRANSCRIPCION CORRECTA
Y FIEL DE LA
TOTALIDAD DE TAL ORIGINAL.
EN TESTIMONIO DE LO CUAL,
LA PRESENTE HE PUESTO
FIRMA Y SELLO OFICIAL.
*Juan Goodman*
SECRETARIO DEL CONDADO Y SECRETARIO DEL
TRIBUNAL SUPREMO, CONDADO DE NUEVA YORK
FIRMA FACSIMILAR EMPLEADA
INFORME A LA SECCION 903
LEY DEL CONDADO
HONORARIO PAGADO

QUINTO

010

Año 20

TRIBUNAL SUPREMO DEL ESTADO DE NUEVA YORK
CONDADO DE NUEVA YORK

HELEN NELON BURNS, MIRJANA PAVKOVICH,
administradora del Caudal Hereditario de Rade Pavkovich, Difunto,
y WARREN ELMER HALFPAP,

        Demandantes,

    -contra-

GRUPO MÉXICO S.A. de C.V., una corporación mexicana, y otros

    Demandados.

    **ORDEN PROPUESTA**

        WEITZ & LUXENBERG, P.C.

*Abogados para*

        180 Maiden Lane
        Nueva York, NY 10038
        (212) 558-5500

*Conforme a 22 NYCRR 130-1.1, el infrascrito un abogado autorizado a ejercer en los tribunales del Estado de Nueva York, certifica que, basado en información y entendimiento e investigación razonable, las contenciones contenidas en los documentos adjuntos no son sin fundamento.*

*En fecha:* _____    *Firma* _____

    Escriba en letra de molde el nombre del firmante _____

*Notificación de una copia de _____    se admite con la presente.*
*En fecha:* _____

        *Abogado(s) de*

**FAVOR DE NOTAR** *(Marque la casilla aplicable)*

☐
*Aviso de*     *que lo adjunto es una copia fiel (certificada) de un*
*registro*   *registrado en la oficina del secretario del mencionado Tribunal el*    20

☐
*Aviso de*    *que una Orden, copia fiel de la cual se adjunta, se presentará para transacción al*
*Acuerdo*    *Honorable*              *uno de los jueces del mencionado Tribunal,*
      *en*
      *el*           *de 20 , a las*        *M.*

*En fecha:*                    WEITZ & LUXENBERG, P.C.
        *Abogados para*          180 Maiden Lane
                        Nueva York, NY 10038

*Abogado(s) de*

011

TRIBUNAL SUPREMO DEL ESTADO DE NUEVA YORK
CONDADO DE NUEVA YORK

PHILIP NELSON BURNS, MIRJANA
PAVKOVICH, Administradora del Caudal
hereditario de Rade Pavkovich, Difunto, y
WARREN ELMER HALFPAP,

        Demandante(s),

       -contra-

GRUPO MÉXICO S. A. de C.V., una
corporación mexicana, SOUTHERN PERU
HOLDING CORPORATION, una corporación
de Delaware, SOUTHERN PERU HOLDING
CORPORATION II, una corporación de
Delaware, GRUPO MINERO MÉXICO
INTERNACIONAL, S. A. DE C.V., una
corporación mexicana, COMPAÑÍA
MEXICANA de COBRE, una corporación
mexicana, JP MORGAN CHASE &
COMPANY antes conocido como CHASE
MANHATTAN BANK & TRUST COMPANY,
una corporación de Delaware, AMÉRICAS
MINING CORPORATION, una corporación de
Delaware, ERNST & YOUNG LLP, ERNST &
YOUNG CORPORATE FINANCE, LLC,
GERMAN LARREA MOTA-VAELASCO,
oficial y Director de ASARCO, Inc., OSCAR
GONZALES ROCHA Oficial y Director de
ASARCO, Inc., DANIEL TELLECHEA
SALIDO Oficial y Director de ASARCO, Inc.,
CREDIT SUISSE FIRST BOSTON, INC.,
CREDIT SUISSE FIRST BOSTON, LLC y
CREDIT SUISSE FIRST BOSTON (USA),
INC.

        Demandado(s)

No. de Índice:    04/114728

**CITACIÓN SUPLEMENTARIA**

**PRESENTADO**
17 FEB 2005
NUEVA YORK
OFICINA DEL SECRETARIO
DE CONDADO

los antedichos Demandados

_▪▪▪▪▪▪▪ 012

Con la presente está citado contestar la Demanda en está acción judicial y entregar una

pie de su Respuesta, o, si la Demanda no se entrega con esta Citación, entregar un Aviso de

comparecencia, al Abogado(s) de los Demandantes, dentro de 20 días a partir de la fecha de la

rega de esta citación, sin contar el día de la notificación (o dentro de 30 días después de

pletar la notificación si esta citación no se entrega personalmente a usted dentro del Estado

Nueva York); y en el caso de su falta de comparecer o contestar, se rendirá una sentencia en

eldía contra usted para el desagravio exigido en la Demanda.

n fecha:

**WEITZ & LUXENBERG, P.C.**
*Una Corporación Profesional de Nueva York*
180 Maiden Lane
Nueva York, NY  10038
(212)558-5500
Telefacsímil (212)344-5461

Por:  ___[Firma ilegible]_____
       Gary Klein, Abogado

**BARON & BUDD**
**UNA CORPORACIÓN PROFESIONAL**
Alan B. Rich, Abogado
The Centrum, Suite 1100
3102 Oak Lawn Avenue
Dallas, Tejas 75219
(214) 521-3605
Telefacsímil: (214) 520-1181

PRESENTADO
*17 / FEB / 05*
CRETARIO DEL CONDADO
NDADO DE NUEVA YORK

No. 193016
ESTADO DE NUEVA YORK,
CONDADO DE NUEVA YORK, SS:
YO, NORMAN GOODMAN,
SECRETARIO DEL CONDADO Y
SECRETARIO DEL TRIBUNAL SUPREMO,
CONDADO DE NUEVA YORK
CON LA PRESENTE CERTIFICO EL

28 MARZO 2005

QUE HE COMPARADO ESTA
COPIA CON EL ORIGINAL
ARCHIVADO EN MI OFICINA EL

*17/FEB/05*
Y QUE LA MISMA ES UNA
TRANSCRIPCION CORRECTA
DE ESO Y DE LA
TOTALIDAD DE TAL ORIGINAL.
EN TESTIMONIO DE LO CUAL,
A LA PRESENTE HE PUESTO
MI FIRMA Y SELLO OFICIAL.
*Norman Goodman*
SECRETARIO DEL CONDADO Y SECRETARIO DEL
TRIBUNAL SUPREMO, CONDADO DE NUEVA YORK
FIRMA FACSIMILAR EMPLEADA
CONFORME A LA SECCION 903,
LEY DEL CONDADO
HONORARIO PAGADO

014

RIBUNAL SUPREMO DEL ESTADO DE NUEVA YORK
CONDADO DE NUEVA YORK

PHILLIP NELSON BURNS, MIRJANA
PAVKOVICH, Administradora del Caudal
Hereditario de Rade Pavkovich, Difunto, y
WARREN ELMER HALFPAP,

Demandante(s),

-contra-

GRUPO MÉXICO S. A. de C.V., una
corporación mexicana, SOUTHERN PERU
HOLDINGS CORPORATION, una corporación
de Delaware, SPHC II, Incorporated, una
corporación de Delaware, GRUPO MINERO
MÉXICO INTERNACIONAL, S. A. DE C.V.,
una corporación mexicana, MEXICANA de
COBRE, S.A. de C.V., una corporación
mexicana, CONTROLADORA MINERA
MÉXICO, S.A. de C.V., una corporación
mexicana, JP MORGAN CHASE &
COMPANY antes conocido como CHASE
MANHATTAN BANK & TRUST COMPANY,
una corporación de Delaware, AMERICAS
MINING CORPORATION, una corporación de
Delaware, ERNST & YOUNG LLP, ERNST &
YOUNG CORPORATE FINANCE, LLC,
GERMAN LARREA MOTA-VELASCO,
Oficial y Director de ASARCO, Inc., OSCAR
GONZALES ROCHA Oficial y Director de
ASARCO, Inc., CREDIT SUISSE FIRST
BOSTON, INC., CREDIT SUISSE FIRST
BOSTON, LLC y CREDIT SUISSE FIRST
BOSTON (USA), INC.

Demandado(s)

No. de Índice: 04114728

**SEGUNDA DEMANDA
MODIFICADA VERIFICADA**

Los Demandantes, por medio de sus abogados, WEITZ & LUXENBERG, P.C. y BARON &

BUDD, P.C. para su acción contra los Demandados respetuosamente alegan como sigue:

1

## DECLARACIÓN PRELIMINAR

1.    Este caso tiene que ver con la adquisición y liquidación sistemática de una

poración estadounidense con valor de múltiple millares de millones de dólares y cien años de

d, para el beneficio de inversionistas extranjeros y al perjuicio de acreedores residentes.  Se

nó control de las compañías y activos que formaron Asarco Incorporated ("ASARCO")

diante la adquisición de una mayoría de sus acciones, se vendieron por ganancia y se

nsfirieron fuera del alcance directo de los individuos perjudicados por ASARCO y a quienes

debe indemnización.

2.    Esta acción surge bajo el Acto de Cesión Fraudulenta de Nueva York,  *DEBT. &*

*ED. § 270 et. seq.* y el derecho común de Nueva York en relación con el fraude.  Todos los

mandantes tienen reclamos en contra de ASARCO por lesiones personales relacionadas con

osición a asbesto, y todos son acreedores de  ASARCO.  Los Demandantes promueven esta

ión judicial a favor de ellos mismos y como en representación de un grupo de demandantes,

ún definido más abajo (mencionado a continuación como el "Grupo de Demandantes").

## JURISDICCIÓN, COMPETENCIA Y SELECCIÓN DE LA LEY APLICABLE

3.    La jurisdicción y competencia son correctas en el Estado de Nueva York y el

ndado de Nueva York conforme a *N.Y. C.P. L. R. art. 5 § 503.*   La Ley Estatal de Nueva

rk gobierna los reclamos por remedio de los demandantes.

4.    Las partes y las transferencias principales demandadas aquí en esto tienen

exiones significantes con esta jurisdicción.  En el momento de la Compra Apalancada

BO"), la sede corporativa de ASARCO se ubicó en la Ciudad de Nueva York.  La sede

porativa del demandado JP Morgan Chase & Company antes conocido como Chase

2

016

...hattan Bank & Trust Co. ("Chase") se ubica en la Ciudad de Nueva York.

Todos los demandados están autorizados llevar a cabo negocios en el estado y/o han contratado proveer bienes y servicios dentro del estado. Todas las corporaciones y ...dades comerciales demandadas han cometido actos dañosos dentro del estado de Nueva York.

6.    ASARCO, el demandado Grupo México S.A. de C.V. ("GRUPO MÉXICO"), el ...mandado Americas Mining Corporation ("AMC") y el demandado CHASE han renunciado ...ntractualmente cualquier derecho que ellos pudieran haber tenido impugnar la jurisdicción de ...e Tribunal concerniente a las cesiones disputadas aquí mencionadas. Además, estos ...mandados han designado en esos mismos contratos que la Ley Estatal de Nueva York gobierna ...nsacciones principales abarcadas en la compra apalancada.

7.    El demandado Ernst & Young, LLP  y  Ernst & Young Corporate Finance LLC ...van a cabo negocios con regularidad en este estado y condado.

8.    La sede de los demandados Credit Suisse First Boston, Inc., Credit Suisse First ...ston, LLC y Credit Suisse First Boston (USA) Inc. (colectivamente "CSFB") se ubica en la ...idad de Nueva York, Nueva York.

9.    El Estado de Nueva York tiene el interés más significativo en el resultado de este ...cio.

**Demandantes**

10.    Los demandantes actualmente son acreedores no garantizados de ASARCO cuyos ...lamos no se han satisfecho. Los demandantes son personas dañadas por ASARCO y cuyos ...amos de daño legal fueron presentados o no fueron presentados contra ASARCO en el ...mento de la cesión(es) fraudulenta(s) en cuestión. Todos los demandantes tienen "reclamos"

3

017

ASARCO y por tanto son "acreedores" según se define ese término bajo el Acto de ~ · ·
Fraudulenta de Nueva York, ("el Acto"), *N.Y. DEBT. & CRED. § 270.*

Los demandantes son por nombre y ciudadanía: PHILLIP NELSON BURNS, un
ciudadano del Estado de Arizona; MIRJANA PAVKOVICH, Administradora del Caudal
hereditario de Rade Pavkovich, Difunto, una ciudadana del Estado de Arizona; y WARREN
MERHALFPAP, un ciudadano del Estado de Nueva York.

## Demandados

12.    El demandado GRUPO MÉXICO S. A. de C.V. ("GRUPO MÉXICO") es una
corporación mexicana.  Se puede notificar a GRUPO MÉXICO de actos procésales conforme al
Convenio Relativo a la Notificación o Traslado en el Extranjero de Documentos Judiciales y
Extrajudiciales en Materia Civil o Comercial (el Convenio de La Haya) proporcionando la
Citación y Demanda en forma debida a la Autoridad Central Mexicana, que efectuará la
notificación formal de GRUPO MÉXICO S.A. DE C.V., en su sede en Avenida Baja California
JUNTO, Colonia Roma Sur, 06760, Ciudad de México, México.  Las menciones aquí en esto a
"GRUPO MÉXICO" incluyen GRUPO MÉXICO S.A. de C.V. y sus sociedades subsidiarias y
afiliadas, los demandados Americas Mining Corporation ("AMC"), Controladora Minera
México, S.A. de C.V. ("CMM"), Grupo México Minera México Internacional, S.A. de C.V.
("MMI") y Mexicana de Cobre S.A. de C.V.

13.    Los demandados SOUTHERN PERU HOLDINGS CORPORATION ("SPHC") y
SPHC II Incorporated están incorporados en el Estado de Delaware y mantienen su sede
corporativa en 2575 East Camelback Road, Phoenix Arizona, 85016.  El agente registrado para
recibir notificaciones para SPHC y SPHC II es el Corporation Trust Center, 1209 Orange Street,
Wilmington, Delaware, 19801.  SPHC es una compañía tenedora de valores de otras empresas y

4

018

forma como una sociedad subsidiaria y totalmente la propiedad de ASARCO para facilitar la transferencia del interés de ASARCO en la empresa Southern Peru Copper Corporation (SPCC) al demandado GRUPO MÉXICO y/o sus afiliados.

14.    El demandado GRUPO MÉXICO MINERO MÉXICO INTERNACIONAL, S.A. de C.V. ("GMMI") es una corporación mexicana. Se puede notificar a GMMI de actos procésales conforme al Convenio Relativo a la Notificación o Traslado en el Extranjero de Documentos Judiciales y Extrajudiciales en Materia Civil o Comercial (el Convenio de La Haya) proporcionando la Citación y Demanda en forma debida a la Autoridad Central Mexicana, que efectuará la notificación formal de GRUPO MÉXICO MINERO MÉXICO INTERNACIONAL, S.A. DE C.V., en su sede en Avenida Baja California 200, Colonia Roma Sur 06760 Ciudad de México, México.

15.    El demandado MEXICANA de COBRE S.A. de C.V. es una corporación mexicana. Se puede notificar a MEXICANA de COBRE S.A. de C.V. de actos procésales conforme al Convenio Relativo a la Notificación o Traslado en el Extranjero de Documentos Judiciales y Extrajudiciales en Materia Civil o Comercial (el Convenio de La Haya) proporcionando la Citación y Demanda en forma debida a la Autoridad Central Mexicana, que efectuará la notificación formal de MEXICANA de COBRE S.A. de C.V., en Kilómetro 21 Carretera Nacozari Agua Prieta, 84346, Nacozari de García, Sonora, México.

16.    El demandado CONTROLADORA MINERA MÉXICO, S.A. de C.V. ("CMM"), corporación mexicana, se puede notificar de actos procésales conforme al Convenio Relativo a la Notificación o Traslado en el Extranjero de Documentos Judiciales y Extrajudiciales en Materia Civil o Comercial (el Convenio de La Haya) proporcionando la Citación y Demanda en forma debida a la Autoridad Central Mexicana, que efectuará la notificación formal de

5