119

104. En el momento del perdón de la deuda, ASARCO o fue insolvente o vuelto [insolvente] como el resultado de la redención de sus acciones y la cesión de sus activos [principales] y/o el cumplimiento del plan integrado de liquidación.

105. La cesión por un insolvente a un afiliado o entidad clave con acceso a [información] que no es de conocimiento público en satisfacción de una deuda antecedente [en buena] fe y es implícitamente fraudulenta.

106. Los demandantes tienen derecho a una sentencia a su favor contra [ASARCO,] GRUPO MÉXICO y COMPAÑÍA MÉXICO DE COBRE declarando la cesión [de acciones] de SPCC a cambio de perdón de deuda ser fraudulenta en cuanto a las [sumas debidas] a los demandantes conforme a *N.Y. DEBT. & CRED. § 273*. Los [demandantes] tienen derecho a remedios legales y equitativos en eso.

## OCTAVO DERECHO DE ACCIÓN DE LOS DEMANDANTES
*(Tergiversación y Negligencia Profesional: En Cuanto al Demandado Ernst & Young)*

Los demandantes adoptan de nuevo y alegan de nuevo los alegatos contenidos en [párrafos] 1-106 y para su Octavo Derecho de Acción declaran como sigue:

107. Los demandados ERNST & YOUNG LLP y ERNST & YOUNG [CORPORATE] FINANCE LLC (colectivamente "Ernst & Young") se emplearon dar una [opinión] en cuanto al valor de 43,348,949 acciones de Acciones Comunes, Clase A, de [Southern] Peru Copper Company representando un 54.18% de las acciones con derecho de [voto de esa] corporación con acciones cambiadas públicamente, mantenidas por SPHC, una [sociedad] subsidiaria totalmente la propiedad de ASARCO ("interés de acciones").

108. Ernst & Young expresó una valuación profesional con pleno conocimiento de [que] una clase limitada de terceros confiaría en su opinión y Ernst & Young debió un deber de

25

120

[...] estos terceros, incluyendo al Departamento de Justicia de los Estados Unidos, los [tribunales] Federales de los Estados Unidos y los demandantes.

109. La opinión de valuación de Ernst & Young dio la base principal al Tribunal [de Distrito] de los Estados Unidos para el Distrito de Arizona aprobar la venta del interés de [acciones a] Grupo y/o su sociedad subsidiaria que era totalmente su propiedad, AMC, al [perjuicio] de los demandantes.

110. Ernst & Young imprudentemente y a sabiendas y sin la competencia [profesional] requerida de una empresa de Contabilidad Pública Autorizada, vendió una carta [de opinión] que falsamente representó que el valor justo del interés controlador de [ASARCO en] SPCC valía menos del valor contable de la porción de activos fundamentales [de ASARCO] en la compañía.

111. Ernst & Young tenía un deber a los demandantes dar una opinión basándose [en conocimiento] imparcial e independiente de la industria de cobre. A pesar de saber que [el comprador] del interés de acciones era una persona o entidad clave con acceso a plena [información] que no es de conocimiento público respecto a la compañía, las perspectivas de [la compañía] y el mercado de cobre, Ernst & Young incumplió su deber a los demandantes [al subvalorar el interés de acciones basándose] en información proporcionada por el [comprador], Grupo y/o entidades controladas por Grupo.

112. Ernst & Young tenía un deber a los demandantes ser competente y dar una [opinión en] cuanto al valor de SPCC como empresa en marcha. Sin tomar en consideración [la expansión] en curso de las operaciones mineras de SPCC y el valor creciente de sus [reservas] de cobre en un mercado creciente de cobre, la valuación de Ernst & Young [negligentemente] refleja solamente información financiera pública e histórica.

26

113. Ernst & Young incumplía su deber a los demandantes por faltar usar cuidado debido y la competencia profesional requerida de una empresa de Contabilidad pública Autorizada y por dar una opinión que sabía, o debiera haber sabido, minimizaba gravemente el valor del interés de acciones, de ese modo permitiendo el interés de acciones venderse a Grupo por menos de recompensa justa y adecuada, poniendo el activo de más valor de ASARCO fuera del alcance directo de los acreedores.

114. Los demandantes tienen derecho a una sentencia a su favor contra Ernst & Young por daños y perjuicios resultando de su tergiversación y negligencia profesional en cuanto al valor del interés de acciones.

**NOVENO DERECHO DE ACCIÓN DE LOS DEMANDANTES**
*(Incumplimiento del Deber Fiduciario: Oficiales y Directores de ASARCO)*

Los demandantes adoptan de nuevo y alegan de nuevo los alegatos contenidos en los párrafos 1-114 y para su Noveno Derecho de Acción declaran como sigue:

115. Los demandados GERMAN LARREA MOTA-VAELASCO, OSCAR GONZALES ROCHA y DANIEL TELLCHA-SALIDO eran Oficiales y Directores de ASARCO (colectivamente "Demandados Directores") cuando se estaban liquidando los activos principales de ASARCO.

116. La venta de los activos principales de ASARCO por menos de recompensa justa y adecuada y la apropiación indebida de los beneficios de la venta para el beneficio de los Demandados y al perjuicio de los acreedores de ASARCO se emprendieron en un momento cuando ASARCO no pudo pagar sus deudas al vencerse y fue insolvente o se volvería insolvente como el resultado directo de las transferencias. Por tanto, los demandados directores y oficiales individuales debieron un deber fiduciario a los

122

acreedores de ASARCO, y un deber que incumplieron por seguir adelante con la transacción SPCC.

117. La insolvencia de ASARCO fue el resultado directo de la liquidación de los activos principales de ASARCO a la iniciación, aprobación e indicación de los Demandados Directores.

118. Los Directores de una corporación insolventa, tal como ASARCO, tienen un deber fiduciario actuar por el beneficio de los acreedores de la compañía.

119. Los Demandados Directores incumplieron su deber fiduciario a los acreedores de ASARCO, incluyendo a los demandantes, por liquidar activos por menos de compensa total y adecuada y sin obediencia total a los procedimientos estatutarios diseñados proteger los derechos de acreedores.

120. Conforme a *N.Y. Bus. Corp. Law § 720 (McKinney 2004)*, los Demandados Directores tienen que justificar y responder en daños por la cantidad por la cual menos del valor total se realizó por ASARCO al liquidar sus activos principales.

121. Los demandantes tienen derecho a una sentencia a su favor contra los Demandados Directores por las pérdidas sufridas por los acreedores mediante la desvalorización de los activos principales de ASARCO.

## DEMANDA POR REMEDIO

**POR LO CUAL**, los demandantes respetuosamente solicitan a este Tribunal:

(1) Adjudique daños y perjuicios monetarios efectivos, honorarios de abogado y costas contra los demandados.

123

(2) Adjudique daños punitivos contra estos demandados quienes han participado en fraude real en cuanto a las Deudas debidas a los demandantes en una cantidad no menos de tres veces los daños y perjuicios efectivos.

(3) Revoque o anule las cesiones descritas aquí en esto como fraudulentas en la medida necesaria satisface los reclamos de los demandantes, autorice embargo ejecutivo o gravamen de la propiedad ilegalmente cedida, coloque los activos ilegalmente cedidos de ASARCO en fideicomiso y/o designar un administrador judicial mantener y administrar esos activos de ASARCO para el pago de reclamos de acreedores.

(4) Y/o haga cualquier orden requerida por las circunstancias del caso.

Respetuosamente presentado,

**WEITZ & LUXENBERG, P.C.**
*Una Corporación Profesional de Nueva York*
180 Maiden Lane
Nueva York, NY 10038
(212) 558-5500
Telefacsímil (212) 344-5461

Por: *[Firma ilegible]*
     Arthur Luxenberg


**BARON & BUDD**
**UNA CORPORACIÓN PROFESIONAL**
The Centrum, Suite 1100
3102 Oak Lawn Avenue
Dallas, Tejas 75219
(214) 521-3605
Telefacsímil: (214) 520-1181

Por:

Alan B. Rich
Colegio Estatal de Abogados de Tejas
No. 16852350

124

No. 179355
ESTADO DE NUEVA YORK,
CONDADO DE NUEVA YORK, SS:
YO, NORMAN GOODMAN,
SECRETARIO DEL CONDADO Y
SECRETARIO DEL TRIBUNAL SUPREMO,
CONDADO DE NUEVA YORK,
CON LA PRESENTE CERTIFICO EL
18 OCTUBRE 2004.
QUE HE COMPARADO ESTA
COPIA CON EL ORIGINAL
ARCHIVADO EN MI OFICINA EL
15/OCT/04
Y QUE LA MISMA ES UNA
TRANSCRIPCIÓN CORRECTA
DE ESO Y DE LA
TOTALIDAD DE TAL ORIGINAL.
EN TESTIMONIO DE LO CUAL,
A LA PRESENTE HE PUESTO
MI FIRMA Y SELLO OFICIAL.
*Norman Goodman*
SECRETARIO DEL CONDADO Y SECRETARIO DEL
TRIBUNAL SUPREMO, CONDADO DE NUEVA YORK
FIRMA FACSIMILAR EMPLEADA
CONFORME A LA SECCIÓN 903,
LEY DEL CONDADO.

HONORARIO PAGADO

PRESENTADO
15 / OCT / 04
SECRETARIO DEL CONDADO
CONDADO DE NUEVA YORK

30

# ANEXO

Direcciones de los Demandados:

GRUPO MEXICO S.A. de C.V.
Avenida Baja California 200
Colonia Roma Sur
Ciudad de México, México 06760

SOUTHERN PERU HOLDING CORPORATION
2575 East Camelback Road
Phoenix, Arizona

SOUTHERN PERU HOLDING CORPORATION II
2575 East Camelback Road
Phoenix, Arizona

GRUPO MEXICO MINERO
MEXICO INTERNACIONAL, S.A. de C.V.
Avenida Baja California 200
Colonia Roma Sur
Ciudad de México, México 06760

COMPAÑIA MEXICANA de COBRE
Avenida Baja California 200
Colonia Roma Sur
Ciudad de México, México 06760

AMERICAS MINING CORPORATION
2575 East Camelback Road
Phoenix, Arizona

JP MORGAN CHASE antes conocido como
CHASE MANHATTAN BANK
A la atención de CT Corporation System
111 Eighth Avenue
Nueva York, Nueva York 10011

ERNST & YOUNG, LLP
787 Seventh Avenue
Nueva York, NY 10019

ERNST & YOUNG CORPORATE
FINANCE, LLC
787 Seventh Avenue
Nueva York, Nueva York 10019

31