

126

GERMAN LARREA MOTA-VAELASCO
Avenida Baja California 200
Colonia Roma Sur
Ciudad de México, México 06760

OSCAR GONZÁLES ROCHA
2575 East Camelback Road
Phoenix, Arizona

DANIEL TELLECHEA SALIDO
2575 East Camelback Road
Phoenix, Arizona

**127**

## VERIFICACIÓN

El infrascrito, un abogado autorizado a ejercer en los Tribunales del Estado de

Nueva York, es el abogado que representa formalmente a Phillip Nelson Burns, Mirjana

Pavkovich, la Administradora del Caudal Hereditario de Rade Pavkovich, Difunto, y

Karen Elmer Halfpap, en la acción judicial adjunta; el declarante ha leído la Demanda

precedente y conoce el contenido de esa [demanda]; la misma es la verdad según el

propio saber del declarante, menos los asuntos en esa [demanda] declarados ser

basados en información y entendimiento, y en cuanto a esos asuntos, el

declarante los cree ser la verdad. Esta verificación se hace por el declarante y no por el

demandante porque los demandantes viven fuera del Condado donde el abogado

mantiene su oficina para el ejercicio de la abogacía.

_[Firma ilegible]_
Arthur Luxenberg

128

...SUPREMO DEL ESTADO DE NUEVA YORK
...DADO DE NUEVA YORK

_____

...P NELSON BURNS, MIRJANA
...KOVICH, Administradora del Caudal
...rio de Rade Pavkovich, Difunto, y
...REN ELMER HALFPAP,

                    Demandante(s),

          ...contra-

...PO MEXICO S. A. de C.V., una
...mexicana, SOUTHERN PERU
...ING CORPORATION, una corporación
...SOUTHERN PERU HOLDING
...RATION II, una corporación de
...GRUPO MINERO MÉXICO
...ERNACIONAL, S. A. DE C.V., una
...mexicana, COMPAÑÍA
...ICANA de COBRE, una corporación
...na JP MORGAN CHASE &
...PANY antes conocido como CASE
...HATTAN BANK & TRUST COMPANY,
...oración de Delaware, AMERICAS
...ING CORPORATION, una corporación de
...ERNST & YOUNG LLP, ERNST &
...NG CORPORATE FINANCE, LLC,
...MAN LARREA MOTA-VAELASCO,
...al y Director de ASARCO, Inc., OSCAR
...ALES ROCHA Oficial y Director de
...RCO, Inc., DANIEL TELLECHEA
...DO Oficial y Director de ASARCO, Inc.

                    Demandado(s)

_____

Índice #:

Hon.

**CERTIFICACIÓN**

Conforme a *NYCRR*
        Sección 130-1.1a(b)

129

presente certifico conforme a 22 *NYCRR* Sec. 130-1.1a(b) que, según mi leal

información, formado después de investigación razonable dadas las

la presentación de los documentos enumerados abajo o las contenciones en eso no

mento según se define en a 22 *NYCRR* Sec. 130-1.1(c).

Nueva York, Nueva York
15 de octubre de 2004

**WEITZ & LUXENBERG, P.C.**
*Una Corporación Profesional de Nueva York*
180 Maiden Lane
Nueva York, NY 10038
(212)558-5500
Telefacsímil (212)344-5461

Por: *[Firma ilegible]*                                   
         Arthur Luxenberg

130

04114728

[TRIBU]NAL SUPREMO DEL ESTADO DE NUEVA YORK
[CON]DADO DE NUEVA YORK

_____

[PHILI]P NELSON BURNS, MIRJANA PAVKOVICH,
[Adminis]tradora del Caudal Hereditario de Rade Pavkovich, Difunto,
[y WA]RREN ELMER HALFPAP,

                      Demandante(s),

        -contra-

[AER]OMÉXICO S.A. de C.V., una corporación mexicana, y otros,

                      Demandados.

_____

## CITACIÓN Y DEMANDA

_____

WEITZ & LUXENBERG, P.C.
Abogados de DEMANDANTES
180 Maiden Lane
Nueva York, NY 10038
(212) 558-5500

BARON & BUDD
Una Corporación Profesional
The Centrum, Suite 1100
3102 Oak Lawn Avenue
Dallas, Tejas 75219
(214) 521-3605

_____

[Abog]ado(s) de

[La recep]ción de una copia de lo adjunto
[por este medio] se admite con la presente.
[Fe]cha 15 de octubre de 2004

131

# APS International, Ltd.

## CERTIFICATE OF TRANSLATION-AFFIDAVIT OF ACCURACY

State of Minnesota )
                    ) s.s.
County of Hennepin )

I, the undersigned, being duly sworn, depose and state:

That I am qualified to translate from the _____English_____ language into
_____Spanish_____ language by virtue of being thoroughly conversant and
schooled in these languages.

That I have carefully made the translation appearing on the attached
page(s) and have read it after it was completed; and the said translation is
an accurate, true and complete rendition into the _____Spanish_____ language
from its original _____English_____ text, and nothing has been added thereto
or omitted therefrom, to the best of my knowledge and belief.

_Diane Myers_
Translator

Subscribed and sworn before me this
___ day of _____May_____ 20_05_.

Case Caption: _____Burns_____
                          vs.
_____Grupo Mexico_____

GREGORY K. JOHNSON
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 1-31-2011



132

# APS International, Ltd.

CERTIFICADO DE TRADUCCION-DECLARACION JURADA DE EXACTITUD

Estado de Minnesota    )
                       ) s.s.
Condado de Hennepin    )

Yo, el(la) abajo firmante, siendo debidamente jurado(a), depongo y

declaro:

Soy capacitado(a) para traducir del idioma inglés al idioma español

en virtud de ser completamente versado(a) y cursado(a) en estos

idiomas.

Yo he hecho una traducción cuidadosamente de la(s) hoja(s)

originale(s) y la he leído después de que fue terminada; y dicha traducción es

una interpretación exacta, verdadera y completa al español de su texto

original del idioma inglés, y no ha sido añadido ni omitido nada, según mi

saber y entender.

_____
Traductor(a)

Firmo y jurado ante mí este

_____ de _____ 20_____

Nombre de la Acción:    Burns

                  vs.   Grupo Mexico

...ORIZED TO SERVE JUDICIAL PROCESS UNDER THE UNITED STATES FEDERAL RULES OF CIVIL PROCEDURE AND
...E CIVIL PROCEDURE OF THE STATE OF: New York

## REQUEST

133

## FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

*DEMANDE*
*AUX FINS DE SIGNIFICATION OU DE NOTIFICATION A L'ÉTRANGER*
*D'UN ACTE JUDICIAIRE OU EXTRAJUDICIAIRE*

Convention on the Service abroad of judicial and extrajudicial documents in civil or
commercial matters, signed at The Hague, November 15, 1965.

*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile*
*ou commerciale, signée à La Haye le 15 Novembre 1965.*

| Address of the applicant<br>*Adresse du requérant* | Address of receiving authority<br>*Adresse de l'autorité destinataire* |
|---|---|
| ...<br>INTERNATIONAL, LTD<br>...ial Plaza<br>...ro Road<br>... Minnesota 55439-3122<br>...1716     Fax: 952.831.8150<br>...@CivilActionGroup.com | Ministry of Foreign Relations<br>Office of the General Directorate of Legal Matters<br>Litigations Department Division of Rogatories<br>and Embassy Relations<br>Flores Magon No. 1, Col. Tlatelolco<br>Mexico D.F.<br>06995<br>Mexico |

...cant has the honour to transmit – in duplicate – the documents listed below and, in conformity with article 5 of the above-
...requests prompt service of one copy thereof on the addressee, i.e.,

*...nt a l'honneur de faire parvenir – en double exemplaire – a l'autorité destinataire les documents ci-dessous énumérés, en la priant*
*...l'article 5 de la Convention précitée, d'en faire remettre sans retard un exemplaire au destinataire, savoir:*

... Grupo Mexico, S.A. de C.V.
...Baia California 200, Colonia Roma Sur,  06760 Mexico City, Mexico

...cordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention.*
*...les formes légales (article 5, alinéa premier, lettre a).*
...ccordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5)*:
*...la forme particulière suivante (article 5, alinéa premier, lettre b):*

...livery to the addressee, if he accepts it voluntarily (second paragraph of article 5)*.
*...par remise simple (article 5, alinéa 2).*

...requested to return or to have returned to the applicant a copy of the documents – and of the annexes* – with a certificate as provided
...rité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte – et de ses annexes – avec l'attestation figurant au verso.

Summons and Second Amended
Summons and First Amended Verified
Verified Complaint with Certification
Document to be Served

Done at
*Fait à* Minneapolis, Minnesota, U.S.A.                    , the
                                                              *le* 5-17-05

Signature and/or stamp.
*Signature et/ou cachet.*

Diane K Myers

(Formerly OBD-116 which was formerly LAA-116,          USM-94
both of which may still be used)                       (Est. 11/22/77)

SUM

Case Name: Burns  v.  Grupo Mexico S.A. de C.V.
Defendant:  Grupo Mexico, S.A. de C.V.
Court Case No.: 04/114728

### CERTIFICATE
### *ATTESTATION*

Convention on the s

The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,
*L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,*

*Convention relative à la
en mati*

1)    that the document has been served*
*1.    que la demande a été exécutée*
- the (date)
- *le (date)*
- at (place, street, number)
- *à (localité, rue numéro)*

e requesting authority:
*rit requérante:*

APS Internation

- in one of the following methods authorised by article 5-
- *dans une des formes suivantes prévues à l'article 5:*

Burns  v.  Grupo Me

[  ]  (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention
*a)    selon les formes légales (article 5, alinéa premier, lettre a).*

oposed Order, Supplement
aint with Certification, Su

[  ]  (b) in accordance with the following particular method*:
*b)    selon la forme particulière suivante:* _____

[  ]  (c) by delivery to the addressee, who accepted it voluntarily.*
*c)    par remise simple*

he document:
The purpose of t
it has been started a

The documents referred to in the request have been delivered to:
*Les documents mentionnés dans la demande ont été remis à:*
- (identity and description of person)
- *(identité et qualité de la personne)*

e proceedings and, wh
ince, le cas échéant, le
ed as a result of th

- relationship to the addressee (family, business or other):
- *liens de parenté, de subordination o autres, avec le destinataire de l'acte:* _____

ng appearance**:
ation:    Defendant
BERG, P.C., 180 M
llas, Texas 75219

2)    that the document has not been served, by reason of the following facts*:
*2.    que la demande n'a pas été exécutée, en raison des faits suivants:*

_____
_____
_____

judgment**:
decision:    N/A

In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expens
statement*.

N/A

*Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure*

ront dans l'acte:
he answer upon pl
result in the plaint

LIST OF DOCUMENTS: Proposed Order, Supplemental Summons and Second Amended Verified Complaint, Supplemental Summons and First Amer
Summons and Verified Complaint with Certification, Summary of the Document to be Served, Translation

he document:
N/A

**Annexes**
*Annexes*
Documents returned:
*Pièces renvoyées:*

he document**:
ront dans l'acte

_____
_____
_____

Done at
*Fait à* _____

and address of the person inte
la personne intéressée

In appropriate cases, documents establishing the service:
*Le cas échéant, les documents justificatifs de l'exécution:*

Signature and/or stamp.
*Signature et/ou cachet.*

_____
_____
_____
_____

*    Delete if inappropriate.
     *Rayer les mentions inutiles.*

2

# SUMMARY OF THE DOCUMENT TO BE SERVED
## *ELEMENTS ESSENTIELS DE L'ACTE*

134

Convention on the service abroad of judicial and extrajudicial documents in civil or commercial
matters, signed at The Hague, November 15, 1965.

*Convention relative à la signification et à la notification à l'étranger des actes judiciaires et extrajudiciares*
*en matière civile ou commerciale, signée à La Haye, le 15 Novembre 1965.*

(article 5, fourth paragraph)
*(article 5, alinéa 4)*

Name and address of the requesting authority:
Diane K. Myers
APS INTERNATIONAL, LTD
APS International Plaza, 7800 Glenroy Road, Minneapolis, Minnesota  55439-3122, U.S.A.

Parry v. Grupo Mexico S.A. de C.V.

Order, Supplemental Summons and Second Amended Verified Complaint, Supplemental Summons and First Amended Verified Complaint,
with Certification, Summary of the Document to be Served, Translation

## JUDICIAL DOCUMENT**
## *ACTE JUDICIARE*

Nature of the document:
The purpose of this document is to inform   Grupo Mexico, S.A. de C.V.
that suit has been started against them and that they have been joined as a defendant.

Nature and purpose of the proceedings and, where appropriate, the amount in dispute:
*le cas échéant, le montant du litige:*  Plaintiffs' claim against the defendant is for damages and other relief in an
amount as a result of the defendant's constructive fraud, actual fraud, and fraudulent conveyance.

Date and place for entering appearance**:  Defendant is required to answer the complaint and serve a copy of the answer on plaintiffs' attorneys,
WEITZ & LUXENBERG, P.C., 180 Maiden Lane, New York, NY 10038 USA / BARON & BUDD, The Centrum, Suite 1100, 3102
Oak Lawn Avenue, Dallas, Texas 75219 USA within 30 days after service of the attached documents.

Court which has given judgment**:    N/A

Date of judgment**:    N/A

Time limits stated in the document**:    Defendant has 30 days after service of the attached documents in which to answer the complaint
by serving a copy of the answer upon plaintiffs' attorneys.
Failure to do so may result in the plaintiff(s) taking a default judgment against the defendant for the relief demanded in the

## EXTRAJUDICIAL DOCUMENT**
## *ACTE EXTRAJUDICIAIRE*

Nature and purpose of the document:    N/A

Time limits stated in the document**:    N/A

Name and address of the person interested in the transmission of the document.
*Nom et adresse de la personne intéressée à la transmission de l'acte.*

3



At an IAS Part 60 of the Supreme
Court of the State of New York,
County of New York, at the
Courthouse located at, 60 Centre
Street, New York, New York on the
16 day of December, 2004.

PRESENT: B Fried

_____ Justice

PHILIP NELSON BURNS, MIRJANA
PAVKOVICH, Administrator of the Estate of
Rade Pavkovich, Deceased, and WARREN
ELMER HALFPAP,

                    Plaintiff(s),

        -against-

GRUPO MEXICO S. A. de C.V., a Mexican
Corporation, SOUTHERN PERU HOLDING
CORPORATION, a Delaware Corporation,
SOUTHERN PERU HOLDING CORPORATION
II, a Delaware Corporation, GRUPO MINERO
MEXICO INTERNACIONAL, S. A. DE C.V., a
Mexican Corporation, COMPANIA MEXICANA
de COBRE, a Mexican Corporation, JP
MORGAN CHASE & COMPANY f/k/a CHASE
MANHATTAN BANK & TRUST COMPANY,
a Delaware Corporation AMERICAS MINING
CORPORATION, a Delaware Corporation,
ERNST & YOUNG LLP, ERNST & YOUNG
CORPORATE FINANCE, LLC, GERMAN
LARREA MOTA-VAELASCO, Officer and
Director of ASARCO, Inc., OSCAR GONZALES
ROCHA Officer and Director of ASARCO, Inc.,
DANIEL TELLECHEA SALIDO Officer and
Director of ASARCO, Inc.

                    Defendant(s)

Index No.: 114728/04

**PROPOSED ORDER**

FILED

DEC 2 0 2004

NEW YORK
COUNTY CLERKS OFFICE

Upon reading the Notice of Motion dated November 30, 2004, the affirmation of

Gary Klein, Esq., affirmed the 1st day of December, 2004 in support of said motion, and    136

there being no opposition thereto it is hereby

ORDERED, that Plaintiffs Motion to Appoint Special Process Server to Effect

Service of Process on an Unauthorized Foreign Corporation Pursuant to the Hague

Convention is GRANTED; and it is further

ORDERED, that APS International, Ltd. is authorized to effect service of

process on the defendants, Grupo Mexico S. A. de C.V., Grupo Minero Mexico

Internacional, Compania Mexicana de Cobre, German Larrea Mota-Vaelasco, Oscar

Gonzales Rocha and Daniel Tellechea Salido in Mexico in accordance with the Hague

Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or

Commercial Matters, TIAS #10072 (U.S. Treaties & Other International Acts) and 20

UST 361 (U.S. Treaties & Other International agreements) and International Law.

ENTER

_____
J.S.C.

**BERNARD J. FRIED**
**J.S.C.**

FILED
DEC 2 0 2004
NEW YORK
COUNTY CLERK'S OFFICE

2

COURT OF THE STATE OF NEW YORK
OF NEW YORK

HELEN BURNS, MIRJANA PAVKOVICH,
as of the Estate of Rade Pavkovich, Deceased,
KAREN ELMER HALFPAP,

                              Plaintiffs,

                -against-

MEXICO S. A. de C.V., A Mexican Corporation, et al.

                              Defendants.

                PROPOSED    ORDER

                WEITZ & LUXENBERG, P.C.

Attorneys for

                180 Maiden Lane
                New York, NY 10038
                (212) 558-5500

*Pursuant to* 22 *NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York*
*certifies that, upon information and belief and reasonable inquiry, the contentions contained in the*
*document are not frivolous.*

                Signature..............................................................
                Print Signer's Name...............................................

                                                              *is hereby admitted*

*Service a copy of the within*

                              *Attorney(s) for*

PLEASE TAKE NOTICE

□   *that the within is a (certified) true copy of a*
     *entered in the office of the clerk of the within named Court on*

□   *that an Order of which the within is a true copy will be presented for settlement to the*
     *Hon.                                       one of the judges of the within named Court,*
     *at*
                              20          ,  at            M

                                                WEITZ & LUXENBERG, P.C.

                Attorneys for

                                                180 Maiden Lane
                                                New York, NY 10038

Attorney(s) for

-138

COURT OF THE STATE OF NEW YORK
TY OF NEW YORK

NELSON BURNS, MIRJANA
OVICH, Administrator of the Estate of
rovich Deceased, and WARREN
HALTPAP,

        Plaintiff(s),

Index No.: 04/114728

**SUPPLEMENTAL SUMMONS**

-against-

MEXICO S. A. de C.V., a Mexican
SOUTHERN PERU HOLDING
ATION, a Delaware Corporation,
ERN PERU HOLDING CORPORATION
are Corporation, GRUPO MINERO
INTERNACIONAL, S. A. DE C.V., a
rporation, COMPANIA MEXICANA
ERE a Mexican Corporation, JP
N CHASE & COMPANY f/k/a CHASE
HATAN BANK & TRUST COMPANY,
Corporation AMERICAS MINING
RATION, a Delaware Corporation,
YOUNG LLP, ERNST & YOUNG
RATE FINANCE, LLC, GERMAN
EA MOTA-VAELASCO, Officer and
of ASARCO, Inc., OSCAR GONZALES
Officer and Director of ASARCO, Inc.,
L TELLECHEA SALIDO Officer and
ASARCO, Inc., CREDIT SUISSE
BOSTON, INC., CREDIT SUISSE FIRST
N LLC and CREDIT SUISSE FIRST
N (USA), INC.

        Defendant(s)

FILED
FEB 17 2005
NEW YORK
COUNTY CLERK'S OFFICE

ove named Defendants

You are hereby summoned to answer the **Complaint in this action and to serve a copy of**

swer, or, if the Complaint is not served with **this Summons, to serve a Notice of Appearance,**

139

Attorney(s) within 20 days after the service of this summons, exclusive of the day

within 30 days after the service is complete if this summons is not personally delivered

within the State of New York); and in case of your failure to appear or answer, judgment will

against you by default for the relief demanded in the Complaint.


**WEITZ & LUXENBERG, P.C.**
*A New York Professional Corporation*
180 Maiden Lane
New York, NY 10038
(212)558-5500
FAX (212)344-5461

By: _____
Gary Klein, Esq.


**BARON & BUDD**
**A PROFESSIONAL CORPORATION**
Alan B. Rich, Esq.
The Centrum, Suite 1100
3102 Oak Lawn Avenue
Dallas, Texas 75219
(214) 521-3605
FAX: (214) 520-1181

No 193046

STATE OF NEW YORK,
COUNTY OF NEW YORK, SS:
I, NORMAN GOODMAN,
COUNTY CLERK AND CLERK
OF THE SUPREME COURT,
NEW YORK COUNTY,
DO HEREBY CERTIFY ON

MAR 28 2005

THAT I HAVE COMPARED THIS
COPY WITH THE ORIGINAL
FILED IN MY OFFICE ON
2/17/05
AND THAT THE SAME IS A
CORRECT TRANSCRIPT
THEREFROM AND OF THE
WHOLE OF SUCH ORIGINAL.
IN WITNESS WHEREOF,
I HAVE HEREUNTO SET MY
HAND AND AFFIXED MY
OFFICIAL SEAL.

COUNTY CLERK AND CLERK OF THE
SUPREME COURT, NEW YORK COUNTY
FACSIMILE SIGNATURE USED
PURSUANT TO SEC. 903.
COUNTY LAW.

FEE PAID

FILED
2/17/05
COUNTY CLERK
NEW YORK COUNTY

...ME COURT OF THE STATE OF NEW YORK
...OF NEW YORK

140

...NELSON BURNS, MIRJANA
...OVICH, Administrator of the Estate of
...ovich, Deceased, and WARREN
...TAFFAP,

        Plaintiff(s),

Index No.: 04114728

    -against-

SECOND AMENDED
VERIFIED COMPLAINT

...O MEXICO S. A. de C.V., a Mexican
...ion, SOUTHERN PERU HOLDINGS
...RATION, a Delaware Corporation, SPHC
...rated, a Delaware Corporation, GRUPO
...O MEXICO INTERNACIONAL, S. A.
...a Mexican Corporation, MEXICANA
...RESA de C.V. a Mexican Corporation,
...GADORA MINERA MEXICO, S.A. de
...Mexican Corporation, JP MORGAN
...& COMPANY f/k/a CHASE
...TTAN BANK & TRUST COMPANY,
...Corporation, AMERICAS MINING
...RATION, a Delaware Corporation,
...& YOUNG LLP, ERNST & YOUNG
...RATE FINANCE, LLC, GERMAN
...A MOTA-VELASCO, Officer and
...of ASARCO, Inc., OSCAR GONZALEZ
...Officer and Director of ASARCO, Inc.,
...T SUISSE FIRST BOSTON, INC.,
...T SUISSE FIRST BOSTON, LLC and
...T SUISSE FIRST BOSTON (USA), INC.

        Defendant(s)

...by their attorneys, WEITZ & LUXENBERG, P.C. and BARON & BUDD, P.C. for
...against Defendants respectfully allege as follows:

## PRELIMINARY STATEMENT

    This case concerns the acquisition and **systematic liquidation of a multi-billion**

1

...hundred year old, U.S. Corporation for the benefit of foreign investors and to the ...of resident creditors. The companies and assets which made up Asarco Incorporated ... **141** ...RCO") were raided, sold for profit and transferred beyond the direct reach of individuals ...50 injured and owes compensation.

... This action arises under the New York Fraudulent Conveyance Act, DEBT. & ...§ 770 *et seq.* and the common law of New York concerning fraud. Plaintiffs all have ...against ASARCO for personal injuries related to asbestos exposure, and are all creditors ...RCO. Plaintiffs bring this action on behalf of themselves and as a plaintiff class, as ...below (referred to hereinafter as the "Plaintiff Class").

### JURISDICTION, VENUE & CHOICE OF LAW

... Jurisdiction and venue are proper in the State of New York and New York County ...N.Y.C.P.L.R. art. 5 § 503. New York State Law governs plaintiffs' claims for ...FIO CIVIL.

... The parties and the principal transfers complained of herein all have a significant ...ction with this jurisdiction. At the time of the Leveraged Buyout ("LBO"), ASARCO's ...te headquarters was located in New York City. The corporate headquarters of defendant ...gan Chase & Company f/k/a Chase Manhattan Bank & Trust Co. ("Chase") is located in ...York City.

... All defendants are authorized to transact business in the state and/or have ...ted to supply goods and services within the state. All defendant corporations and business ...have committed tortious acts within the state of New York.

... ASARCO, defendant Grupo Mexico S.A. de C.V. ("GRUPO MEXICO"),

142

Americas Mining Corporation ("AMC") and defendant CHASE have all contractually [waived] any right they might have had to contest the jurisdiction of this Court relating to the [transactions] contested herein. Further, these defendants have designated within those same [agreements] that New York State Law governs principal transactions involved in the LBO.

7. Defendant Ernst & Young, LLP and Ernst & Young Corporate Finance LLC [regularly] conduct business in this state and county.

8. Defendants Credit Suisse First Boston, Inc., Credit Suisse First Boston, LLC and [Credit] Suisse First Boston (USA) Inc.'s (collectively "CSFB") principal offices are located in [New York] City, New York.

9. The State of New York has the most significant interest in the outcome of this [action].

## Plaintiffs

10. Plaintiffs are present unsecured creditors of ASARCO whose claims have not [been satisfied]. Plaintiffs are persons who were injured by ASARCO and whose tort claims were [both] filed and unfiled against ASARCO at the time of the fraudulent conveyance(s) at issue. [Plaintiffs] all have "claims" against ASARCO and are therefore "creditors" as that term is defined [in] the New York Fraudulent Conveyance Act ("the Act"), N.Y. DEBT & CRED. § 270.

11. The Plaintiffs are by name and citizenship: PHILLIP NELSON BURNS, a citizen [of the] State of Arizona; MIRJANA PAVKOVICH, Administrator of the Estate of Rade [Pavkovich], Deceased, a citizen of the State of Arizona; and WARREN ELMER HALFPAP, a [citizen] of the State of New York.

## Defendants

12. Defendant GRUPO MEXICO S. A. de C.V. ("GRUPO MEXICO") is a Mexican

3

143

GRUPO MEXICO may be served with process pursuant to the Convention on the [...] of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the [Conv]ention) by providing the Summons and Complaint in proper form to the Mexican [Auth]ority, which will provide formal service upon GRUPO MEXICO S.A. DE C.V., at [head]quarters at Avenue Baja California 200, Colonia Roma Sur, 06760, Mexico City, Mexico. [referen]ces herein to "GRUPO MEXICO" include GRUPO MEXICO S.A. de C.V. and its [affiliat]es and affiliates, defendants Americas Mining Corporation ("AMC"), Controladora [de] Mexico, S.A. de C.V. ("CMM"), Grupo Mexico Minera Mexico Internacional, S.A. de [(G]MMI") and Mexicana de Cobre S.A. de C.V.

[1]3. Defendants SOUTHERN PERU HOLDINGS CORPORATION ("SPHC") and [SPHC] II incorporated are incorporated in the State of Delaware and maintain their corporate [headquar]ters at 2575 East Camelback Road, Phoenix Arizona, 85016. The registered service [for both] SPHC and SPHC II is the Corporation Trust Center, 1209 Orange Street, [Wilmin]gton, Delaware, 19801. SPHC is a holding company and was formed as a wholly owned [subsidia]ry of ASARCO to facilitate the transfer of ASARCO's interest in Southern Peru Copper [Corpor]ation ("SPCC") to defendant GRUPO MEXICO and/or its affiliates.

1[4]. Defendant GRUPO MEXICO MINERO MEXICO INTERNACIONAL, S.A. DE [C.V. ("]GMMI") is a Mexican corporation. GMMI may be served with process pursuant to the [Conven]tion on the Service Abroad of Judicial and Extrajudicial Documents in Civil or [Commer]cial Matters (the Hague Convention) by providing the Summons and Complaint in [proper] form to the Mexican Central Authority, which will provide formal service upon GRUPO [MEXI]CO MINERO MEXICO INTERNACIONAL, S.A. DE C.V., at its headquarters at Avenue [Baja] California 200, Colonia Roma Sur 06760 Mexico City, Mexico.

4

Defendant MEXICANA de COBRE S.A. de C.V. is a Mexican corporation. 144
MEXICANA de COBRE S.A. de C.V. may be served with process pursuant to the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the Convention) by providing the Summons and Complaint in proper form to the Central Authority, which will provide formal service upon MEXICANA de COBRE S.A. de C.V. at Kilometro 21 Carretera Nacozari Agua Prieta, 84346, Nacozari de Garcia, Mexico.

Defendant CONTROLADORA MINERA MEXICO, S.A. de C.V. is a Mexican Corporation may be served with process pursuant to the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the Convention) by providing the Summons and Complaint in proper form to the Mexican Authority, which will provide formal service upon CONTROLADORA MINERA MEXICO, S.A. de C.V., at its headquarters at Avenue Baja California 200, Colonia Roma 06760 Mexico City, Mexico.

17. Defendant AMERICAS MINING CORPORATION ("AMC") is incorporated in the state of Delaware and maintains its principal place of business at 2575 East Camelback Phoenix, Arizona, 85016.   AMC is a wholly owned subsidiary of defendant GRUPO MEXICO.

18. Defendant JP MORGAN CHASE & COMPANY f/k/a CHASE MANHATTAN ("Chase") is a Delaware Corporations whose corporate headquarters are located in New York City, New York.   Chase Manhattan Bank is a "legacy" company of JP Morgan Chase & Co.

19. Defendant ERNST & YOUNG, LLP and Defendant ERNST & YOUNG

5

145

FINANCE, LLC (collectively "Ernst & Young") are limited liability companies

firms with worldwide offices including offices in New York City, New York.

Defendants CREDIT SUISSE FIRST BOSTON, INC., a Delaware Corporation,

SUISSE FIRST BOSTON, LLC a Delaware Limited Liability Company and CREDIT

FIRST BOSTON (USA), INC. a Delaware Corporation (collectively "CSFB") served as

advisor to ASARCO's Board of Directors at the time of the LBO and a commercial

financially backed the LBO and profited from the transaction. CSFB does business

but regularly conducts business in New York City and the State of New York. The

corporate office of each CSFB entity is Eleven Madison Avenue, New York N.Y.

Defendant GERMAN LARREA MOTA-VELASCO was the Chairman and Chief

Officer of ASARCO from November 1999 and at the date of the transfer of SPCC to

was also Chairman of the Board of SPCC and Chief Executive Officer and Chairman

Board of GRUPO MEXICO, and he owes a fiduciary duty to ASARCO's creditors,

plaintiffs. Mr. Mota-Velasco may be served with process pursuant to the Convention

Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters

Convention) by providing the Summons and Complaint in proper form to the

Central Authority, which will provide formal service upon Mr. Mota-Velasco at his

business at Avenue Baja California 200, Colonia Roma Sur 06760 Mexico City,

Defendant OSCAR GONZALEZ ROCHA was a Director of ASARCO at the

the transfer of SPCC to AMC. At that time he was also President, General Director and

Operating Officer of SPCC, and he owes a fiduciary duty to ASARCO's creditors,

6

Plaintiffs. Mr. Rocha may be served with process at his place of business at its

place of business at 2575 East Camelback Road, Phoenix, Arizona.

## PLAINTIFF CLASS

23. The Plaintiff Class is defined as: All persons who were exposed to, inhaled,

or otherwise absorbed asbestos or asbestos containing products in the course of their

during non-occupational work projects (including but not limited to, home and

repairs, maintenance and remodeling) and/or in other ways, which were

sold, distributed or installed directly or indirectly by ASARCO, Inc. and have or

asbestos related diseases. All members of the Plaintiff Class are unsecured

of ASARCO, entitled to judgment against the Defendants and Defendant Class who

negligent and intentional acts, fraudulently conveyed and/or facilitated the conveyance of

principal assets which should rightfully be available to compensate the Plaintiff

injuries arising from ASARCO's tortious conduct.

## DEFENDANT CLASS

24. The Defendant Class is defined as all named defendants who participated in and

from the liquidation of ASARCO's principal assets.

## BACKGROUND ALLEGATIONS

## ASARCO BEFORE THE LEVERAGED BUYOUT

25. Prior to the leveraged buyout of ASARCO by GRUPO MEXICO, ASARCO's

filed financial statements portrayed ASARCO as a solvent, international, publicly

corporation, listed on the New York Stock Exchange with more than four billion dollars in

and a low debt to asset ratio.

26. However, the Defendants, including the Officers and Directors of ASARCO, were

7

multiple claims against the company for environmental cleanup relating to ASARCO's

smelting operations in the United States and thousands of asbestos related personal  *147*

claims stemming from the operation of ASARCO's own facilities and those of two of

its subsidiaries Capco Pipe Company (asbestos product manufacturer and distributor)

and Amiante du Quebec (LAQ) (asbestos mining operation).

Taking these present and anticipated creditor claims into account, ASARCO was

facing insolvency prior to the LBO.

ASARCO's Directors decided to sell the company. The Directors, all insiders and

of ASARCO, entertained and accepted tender offers from Phelps Dodge

and defendant GRUPO MEXICO.

The sale of ASARCO and the liquidation of the company's principal assets prior

of its environmental claims, including asbestos claims, and its other anticipated

creditor claims, unlawfully favored shareholders at the expense of creditors including

## OVERVIEW OF GRUPO MEXICO'S TENDER
## OFFER AND INTEGRATED PLAN OF LIQUIDATION

GRUPO MEXICO offered to purchase ASARCO's stock for cash through a

buyout. GRUPO MEXICO's tender offer consisted of $29.75 per share, a guarantee of

from Chase and other lenders including CSFB to ASARCO to repurchase its own stock

of $1.2 billion dollars in "pre-existing corporate debt." GRUPO MEXICO's

did not, however, involve actually paying-off all of ASARCO's "pre-existing corporate

GRUPO MEXICO would then force ASARCO to become responsible for the loan

8

148

...nd the other lenders, requiring ASARCO (rather than GRUPO MEXICO) to pay for its

... by GRUPO MEXICO.  ASARCO was thus forced to repay the loans made to

...MEXICO by cannibalizing itself through the sale of its own assets.

...  As for the "pre-existing corporate debt" most of the debt was not owed or

... ASARCO.  This debt was SPCC's, and it arose out of an expansion project of

... copper mining operations.  Nevertheless, upon information and belief, GRUPO

... also required that assets of ASARCO be liquidated to pay down SPCC's debt.

... having used its own assets to pay down SPCC's debt, ASARCO transferred its SPCC

... GRUPO MEXICO for unreasonably small consideration.

**... GRUPO MEXICO's PURCHASE AND PRIVATIZATION OF ASARCO**

...  In November 1999, GRUPO MEXICO purchased ASARCO in a "bust up"

... wherein the non-mining assets of ASARCO were sold to finance the purchase.

...  The acquisition of ASARCO by GRUPO MEXICO was accomplished through the

...on/share repurchase of ASARCO's stock.  Prior to its tender offer, GRUPO MEXICO,

... subsidiary, acquired slightly more than 9% of the outstanding ASARCO common

... was the company's largest, single shareholder.  As ASARCO repurchased its own

... GRUPO MEXICO's ownership interest in ASARCO increased.

...  In connection with the acquisition, GRUPO MEXICO caused ASARCO to merge

... GRUPO MEXICO merger subsidiary with "ASARCO" being the survivor.  GRUPO

...'s ASARCO stock was then transferred to another holding company, defendant

... Mining Corporation (AMC).

...  After redemption/share repurchase of the other ASARCO shareholders, GRUPO

... privatized ASARCO in anticipation of liquidating its non-mining assets.  ASARCO

9

[...] from the New York Stock Exchange, and ASARCO was no longer required to [...] financial reports.

[...] In a series of related, integrated and designed transactions, GRUPO MEXICO [...] ASARCO by means of a leveraged buyout for less than fair consideration, without good [...] in derogation of creditors' rights, including plaintiffs'.

[...] GRUPO MEXICO's acquisition costs for the purchase of ASARCO were paid [...] by borrowed by ASARCO.   In November 1999, GRUPO MEXICO negotiated with [...] financing to redeem ASARCO's stock.

[...] To pay initial acquisition costs, GRUPO MEXICO caused ASARCO (through the [...] MEXICO merger subsidiary) to borrow eight hundred seventeen million dollars [...] 000) ("acquisition loan") from defendant Chase.

[...] Chase also set up and syndicated a four hundred fifty million dollar [...] 000) revolving line of credit for ASARCO which added to the company's debt load [...] service.

[...] As collateral, ASARCO pledged its ownership interest in SPCC, Enthone-OMI, [...] ed companies (collectively "Enthone") and American Limestone Company and [...] panies (collectively "American Limestone").  (SPCC, Enthone and American [...] are collectively referred to herein as "ASARCO's principal assets").  As a part of [...] MEXICO's acquisition and in anticipation of transfer to GRUPO MEXICO,  ASARCO [...] SPCC stock in a wholly owned subsidiary and holding company,  Southern Peru [...] poration  ("SPHC").  At the time of acquisition, ASARCO owned approximately [...] the voting stock of SPCC.

[...] Chase and the other participating banks expected to be paid, and were paid, as

10