UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILLIP NELSON BURNS, MIRJANA
PAVKOVICH, Administrator of the Estate of
Rade Pavkovich, Deceased, and WARREN
ELMER HALPAP,

        Plaintiffs,　　　　　　　　　　　　Case No. 1:07-CV-3496 (WHP)

-against-

GRUPO MEXICO, S.A. de C.V., a Mexican
Corporation,

        Defendant.

## AFFIDAVIT IN SUPPORT OF ASARCO LLC AND SOUTHERN PERU HOLDINGS, LLC'S MOTION TO TRANSFER VENUE

STATE OF TEXAS　　　§

COUNTY OF DALLAS　　§

    Before me, the undersigned authority, appeared Thomas E. O'Brien, who is personally known to me, and being duly sworn, deposed and stated:

    1.    My name is Thomas E. O'Brien. I am over the age of twenty one. I am of sound mind, have never been convicted of a felony, and am otherwise competent to make this Affidavit and testify to the matters stated herein. I am an associate of the law firm of Baker Botts L.L.P., counsel to movants ASARCO LLC ("ASARCO") and Southern Peru Holdings, LLC ("Southern Peru Holdings"). I have personal knowledge of the facts stated herein, and such statements are true and correct. I make this Affidavit in support of the motion filed by ASARCO and Southern Peru Holdings to transfer this action to the United States District Court for the Southern District of Texas.

## SUMMARY OF THE PRESENT ACTION

2.  Debtors-in-possession ASARCO and Southern Peru Holdings removed this action against Defendant Grupo Mexico, S.A. de C.V. ("Grupo Mexico") from a New York state court to this Court. This action was filed by Plaintiffs Phillip Nelson Burns, Mirjana Pavkovich, and Warren Elmer Halpap prior to when ASARCO and Southern Peru Holdings filed for bankruptcy. The action alleges that Grupo Mexico is liable for the fraudulent transfer of ASARCO's 54.2% ownership interest in Southern Peru Copper Corporation ("SPCC") to ASARCO's parent, Americas Mining Corporation ("AMC"), the wholly owned subsidiary of Grupo Mexico. ASARCO and Southern Peru Holdings wish to transfer this action to the United States District Court for the Southern District of Texas so it can be consolidated with a related adversary proceeding pending there brought by ASARCO and Southern Peru Holdings against AMC. That adversary proceeding and this action challenge the same transaction as a fraudulent transfer and involve the same lawyers on both sides.

3.  Exhibit 1 is a true and correct copy of ASARCO and Southern Peru Holdings' First Amended Complaint against AMC filed in the Southern District of Texas. The complaint alleges that the sale of ASARCO's interest in SPCC to AMC was a fraudulent transfer. Exhibit 1 at ¶ 1.

4.  Exhibit 2 is a certified copy of the First Amended Complaint filed by Plaintiffs in the New York state court. Like ASARCO and Southern Peru Holdings' First Amended Complaint, Plaintiffs' First Amended Complaint alleges, among other things, that the sale of ASARCO's interest in SPCC to AMC was a fraudulent transfer. Exhibit 2 ¶¶ 59, 64, 66-67, 70-81, 104-09.

5.  Exhibit 3 is a true and correct copy of a Certificate of Service from the General Direction of Legal Affairs of the Ministry of Foreign Affairs of Mexico (la Direccion General de Asuntos Juridicos de la Secretaria de Relaciones Exteriores). The Certificate of Service states that Grupo Mexico was served on July 1, 2005 with Plaintiffs' First Amended Complaint. I received a CD-ROM containing an electronic version of the Certificate of Service from Alan B. Rich of Baron & Budd, P.C., counsel to Plaintiffs.

6.  On August 9, 2005, ASARCO filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). Exhibit 4 is a true and correct copy of ASARCO's voluntary petition.

7.  On October 27, 2005, ASARCO filed a notice of bankruptcy in the New York state court. Exhibit 5 is a certified copy of ASARCO's notice of bankruptcy. The notice of bankruptcy states that Plaintiffs' state court action was automatically stayed when ASARCO filed for bankruptcy. Exhibit 5 ¶¶ 2-4.

8.  On December 12, 2006, Southern Peru Holdings filed a voluntary petition for relief under the Bankruptcy Code in the Bankruptcy Court. Exhibit 6 is a true and correct copy of Southern Peru Holdings' voluntary petition. Southern Peru Holdings' bankruptcy case is being jointly administered with ASARCO's bankruptcy case in the Bankruptcy Court.

9.  On February 2, 2007, ASARCO initiated in the Bankruptcy Court an adversary proceeding against AMC seeking to avoid and recover the transfer of its 54.2% ownership interest in SPCC to AMC (the "AMC Adversary Proceeding").

10.  On March 2, 2007, the reference to the Bankruptcy Court of the AMC Adversary Proceeding was withdrawn and the proceeding was transferred to the Honorable

Andrew S. Hanen, United States District Judge for the Southern District of Texas. <u>Exhibit 7</u> is a true and correct copy of the order transferring the AMC Adversary Proceeding.

11. Judge Hanen has set the AMC Adversary Proceeding for trial in May 2008. He has also:

    a. denied a motion by AMC to stay all proceedings;

    b. enjoined AMC and those in active concert or participation with it from transferring the SPCC stock;

    c. established a discovery schedule to govern discovery in the AMC Adversary Proceeding;

    d. granted in part a motion to compel discovery filed by ASARCO; and

    e. allowed limited intervention by two creditors committees and a future claims representative.

12. <u>Exhibit 8</u> is a true and correct copy of Judge Hanen's order denying AMC's motion to stay all proceedings and adopting the order of the Bankruptcy Court enjoining AMC and those in active concert or participation with it from transferring the SPCC stock.

13. <u>Exhibit 9</u> is a true and correct copy of the order of the Bankruptcy Court enjoining AMC and those in active concert or participation with it from transferring the SPCC stock.

14. <u>Exhibit 10</u> is a true and correct copy of Judge Hanen's scheduling order establishing a discovery schedule to govern the AMC Adversary Proceeding and setting the AMC Adversary Proceeding for trial in May 2008.

15. <u>Exhibit 11</u> is a true and correct copy of Judge Hanen's order granting in part ASARCO's motion to compel discovery.

16. <u>Exhibit 12</u> is a true and correct copy of Judge Hanen's order allowing limited intervention by two creditors committees and a future claims representative.

## REASONS FOR TRANSFER TO THE SOUTHERN DISTRICT OF TEXAS

17. ASARCO and Southern Peru Holdings' bankruptcy cases are being jointly administered in the Southern District of Texas. It is my professional opinion that enabling ASARCO and Southern Peru Holdings to litigate all disputes, including this one, in the Southern District of Texas would expedite their bankruptcy proceedings for all parties in interest.

18. ASARCO and Southern Peru Holdings have chosen the Southern District of Texas as the proper forum for adjudication of this case.

19. The AMC Adversary Proceeding, which alleges the same fraudulent transfer and involves the same lawyers on both sides and related parties, is pending and set for trial in the Southern District of Texas. In my professional opinion, transfer would decrease the substantial costs that ASARCO and Southern Peru Holdings are incurring to litigate the same fraudulent transfer claims against related parties in two different forums. In my professional opinion, transfer would also prevent duplicative discovery, eliminate the possibility of conflicting pretrial rulings, and conserve the time of the parties and the judiciary. This action cannot be consolidated with the AMC Adversary Proceeding unless this action is transferred to the Southern District of Texas.

20. Texas is closer than New York to both Arizona, where ASARCO and Southern Peru Holdings' principal place of business is located, and Mexico, where Grupo Mexico's principal place of business is purportedly located. <u>Exhibit 13</u> is a true and correct copy

of a page on Grupo Mexico's Web site listing the address of Grupo Mexico's office as "Av. Baja California No. 200, Colonia Roma Sur, 06760 Mexico, D.F., Tel. Conm. 52 (55) 5080-0050." I found the page on Grupo Mexico's Web site, on June 25, 2007, at http://www.gmexico.com/templates/aboutus/en-au05.asp, and printed it directly without making any modifications to the document. Grupo Mexico's Web site can be found at http://www.gmexico.com.

21. Critical documents in this action and drafts of them are within the possession, custody, or control of ASARCO and Southern Peru Holdings, and may be within the possession, custody, or control of Grupo Mexico. This documentary evidence should be located in Arizona and Mexico, both of which are closer to Texas than New York.

22. The witnesses who are likely to be called to testify in this case are the same witnesses who are likely to be called to testify in the AMC Adversary Proceeding. Exhibit 14 is a true and correct copy of ASARCO's Initial Disclosures in the AMC Adversary Proceeding. It lists the name and, if known, the address and telephone number of each individual likely to have discoverable information that ASARCO may use to support its claims and defenses in the AMC Adversary Proceeding, and identifies the subjects of the information. Exhibit 15 is a true and correct copy of AMC's Initial Disclosures in the AMC Adversary Proceeding, served by AMC on ASARCO. It lists the name and, if known, the address and telephone number of each individual likely to have discoverable information that AMC may use to supports its claims and defenses in the AMC Adversary Proceeding, and identifies the subjects of the information. Exhibit 14 and Exhibit 15 indicate that 36 of the 49 likely witnesses in this case with known addresses either reside or work closer to the Court in Texas than to this Court in New York, and that a majority of those witnesses either reside or work in Arizona or Mexico. In

addition, it may be expensive and inconvenient for each witness to travel to Texas and New York to testify in two different courts regarding the same events.

## CONCLUSION

23.     For the reasons stated above, I believe both the interest of justice and the convenience of the parties and witnesses would be best served by transferring this action to the United States District Court for the Southern District of Texas.

I signed this Affidavit on June 26, 2007, in Dallas, Texas.

_____
Thomas E. O'Brien, Affiant

SUBSCRIBED AND SWORN TO BEFORE ME on June 26, 2007, in Dallas, Texas.

_____
Notary Public in and for the State of Texas

My commission expires
Dec. 19, 2010



LINDA M. HOWARD
Notary Public, State of Texas
My Commission Expires
12/19/2010

7

Dated: June 26, 2007                                                  Respectfully submitted,

| | |
|---|---|
| **BAKER BOTTS L.L.P.**<br><br>*/s/ G. Irvin Terrell, Jr.*<br>G. Irvin Terrell, Jr. (GT-3459)<br>Attorney-in-Charge<br>Texas State Bar No. 19794500<br>Samuel Cooper<br>Texas State Bar No. 00792427<br>Michael Massengale<br>Texas State Bar No. 24003704<br>Rebeca Huddle<br>Texas State Bar No. 24012197<br>910 Louisiana Street<br>One Shell Plaza<br>Houston, Texas 77002-4995<br>Telephone: 713.229.1231<br>Facsimile: 713.229.2831<br>Email: *irv.terrell@bakerbotts.com*<br>       *samuel.cooper@bakerbotts.com*<br>       *michael.massengale@bakerbotts.com*<br>       *rebeca.huddle@bakerbotts.com*<br><br>-and-<br><br>**BAKER BOTTS L.L.P.**<br>Jack L. Kinzie<br>Texas State Bar No. 11492130<br>Fernando Rodriguez<br>Texas State Bar No. 24005048<br>Eric A. Söderlund<br>Texas State Bar No. 24037525<br>Thomas E. O'Brien<br>Texas State Bar No. 24046543<br>2001 Ross Avenue<br>Dallas, Texas 75201-2980<br>Telephone: 214.953.6500<br>Facsimile: 214.661.6503<br>Email: *jack.kinzie@bakerbotts.com*<br>       *fernando.rodriguez@bakerbotts.com*<br>       *eric.soderlund@bakerbotts.com*<br>       *tom.obrien@bakerbotts.com* | **JORDAN, HYDEN, WOMBLE CULBRETH & HOLZER, P.C.**<br><br>Shelby A. Jordan<br>Texas State Bar No. 11016700<br>Suite 900, Bank of America<br>500 North Shoreline<br>Corpus Christi, Texas 78471<br>Telephone: 361.884.5678<br>Facsimile: 361.888.5555<br>Email: *sjordan@jhwclaw.com*<br><br>-and-<br><br>**JORDAN, HYDEN, WOMBLE CULBRETH & HOLZER, P.C.**<br><br>Michael J. Urbis<br>Texas State Bar No. 20414130<br>1534 E. 6th Street, Suite 104<br>Brownsville, Texas 78520<br>Telephone: 956.542.1161<br>Facsimile: 956.542.0051<br>Email: *murbis@jhwclaw.com*<br><br>COUNSEL TO ASARCO LLC AND SOUTHERN PERU HOLDINGS, LLC |

## CERTIFICATE OF SERVICE

I certify that on June 26, 2007, the foregoing document was served via overnight delivery service and email on the following counsel:

BARON & BUDD
Alan B. Rich, Esq.
The Centrum, Suite 1100
3102 Oak Lawn Avenue
Dallas, Texas 75219
(214) 521-3605
(214) 520-1181 (facsimile)
*arich@baronbudd.com*

**ATTORNEYS FOR PLAINTIFFS
PHILLIP NELSON BURNS,
MIRJANA PAVKOVICH,
and WARREN ELMER HALPAP**

MILBANK, TWEED, HADLEY & McCLOY LLP
David R. Gelfand, Esq.
1 Chase Manhattan Plaza
New York, New York 10005
(212) 530-5000
(212) 530-5219 (facsimile)
*dgelfand@milbank.com*

MILBANK, TWEED, HADLEY & McCLOY LLP
David S. Cohen
1850 K Street, NW
Suite 1100
Washington, D.C. 20006
(202) 835-7500
(202) 835-7586 (facsimile)
*dcohen2@milbank.com*

**ATTORNEYS FOR DEFENDANT
GRUPO MEXICO, S.A. de C.V.**

　　　　　　　　　　　　　　　　　　　　*/s/ G. Irvin Terrell, Jr.*
　　　　　　　　　　　　　　　　　　　　G. Irvin Terrell, Jr. (GT-3459)