IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ASARCO LLC, § | | |
| Plaintiff, § | | |
| § | | |
| VS. § | | CIVIL ACTION NO. B-07-018 |
| § | | |
| AMERICAS MINING CORPORATION, § | | |
| Defendant. § | | |

# ORDER

Pending before the Court is Asarco's Motion to Compel Discovery Responses from Americas Mining Corporation [Docket No. 88] ("Motion to Compel") by Plaintiff, Asarco LLC ("Asarco"), seeking documents in the possession of Defendant, Americas Mining Corporation ("AMC") that the Defendant claims are not subject to discovery under Federal Rule of Civil Procedure 34(a) due to work product and attorney-client privileges. Fed.R.Civ.P. 34(a) (2007). After reviewing the pertinent pleadings before the Court and considering the parties' oral argument, the Court **Grants In Part**, and **Denies In Part** the Motion to Compel.

**I. Description of the Documents**

While there were initially many documents in dispute at the time the Motion to Compel was filed, the parties agreed on the production of most documents, and there remain twenty-two documents in contention. Some of documents in dispute were in the possession of the law firm of Sidley, Austin, Brown & Wood, L.L.P., ("Sidley") and some were in the possession of the law firm of Milbank, Tweed, Hadley & McCloy, L.L.P. ("Milbank"). The documents presented to the Court for in camera review were numbered as follows: 72, 93, 94, 182, 183, 186, 197, 216, 220, 253, 262, 478, 479, 480, 482, 483, 484, 485, 522, 525, 530, and 532.

**II. Plaintiff's Argument For Discovery**

Plaintiff's position that the documents are discoverable is two-fold: (1) any privilege the documents are subject to is a joint privilege shared by Plaintiff, since the two law firms possessing the documents represented both Plaintiff and Defendant; and (2) the Defendant has not presented any testimony or affidavit from either the purported client or either of the law firms to refute Plaintiff's evidence of joint representation. Regarding the first argument, Defendant has not admitted, but also not expressly denied Plaintiff's assertion of joint representation. Regarding the latter argument, the absence of supporting evidence, Plaintiff's charge is established by the pleadings before the Court. Defendant has given this Court little support to decipher the basis of the privilege other than the privilege log's brief description of the documents and its unsworn description in its pleadings opposing Plaintiff's Motion to Compel. (*See* Mot. to Compel, Ex. O; Americas Mining Corporation's Opposition to Asarco's Mot. to Compel Disc. Resps. From Americas Mining Corporation, Ex. B.) ("AMC's Opposition") [Doc. Nos. 90, 91, 92].

**III. Defendant's Claim of Privilege**

Defendant objects to producing the twenty-two documents based upon the attorney-client and work product privileges asserting that some of the documents (Document Nos. 72, 93, 94, 182, 183, 186, 197, 220, 253 and 262) relate to the *Burns* litigation—a New York lawsuit in which Asarco was not named as a defendant, but in which Asarco has admittedly sought to substitute itself as a plaintiff. *Philip Nelson Burns, et al. vs. Grupo Mexico S.A. de C.V.*, No. 0114723/2004 (N.Y. Sup. Ct. filed Oct. 15, 2004)., removed as *Burns v. Grupo Mexico S.A. de C.V.*, 07-3496-WHP (S.D.N.Y. filed May 2, 2007) (*See* Mot. to Compel, Ex. Z). This Court gleans some preliminary facts to support privilege from the combination of pleadings, privilege log, and oral argument. The

strongest piece of proof that suggests a limited representation was, in fact, not provided by Defendant, but instead was produced by Plaintiff in the form of the engagement letters provided in sealed exhibits. *(See* Asarco's Supplemental Evidence in Supp. of Its Mot. to Compel Disc. Resp. from Americas Mining Corporation, Exs. SS, TT.) [Doc. No 101].

Secondly, Defendant argues that the remaining documents (478-80, 484-85, 522, 525, 530 and 532) are Milbank's documents providing advice to Americas Mining Corporation and Grupo Mexico. As stated above, no evidence other than the documents themselves has been provided to this Court. Further, even the privilege log which identifies author(s), recipient(s), and those individuals who received copies of the documents, in many instances leaves it to this Court to identify these individuals and for whom they work.

**IV. Law On Privilege**

"A party asserting a privilege exemption from discovery bears the burden of demonstrating its applicability. Federal Rule of Civil Procedure 26(b)(5) provides that a party claiming a privilege shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, . . . will enable other parties to assess the applicability of the privilege or protection." *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001). The burden "extends to proof of preliminary facts showing that the matter is eligible for protection." *Id.* at 710 FN7.

"The privilege must be specifically asserted with respect to particular documents." *United States v. El Paso Co.*, 682 F.2d 530, 539 (5th Cir. 1982); *see also Bramante v. McClain*, SA-06-CA-0010, 2007 WL 102314, *1 (W.D. Tex. Jan. 8, 2007). The Fifth Circuit has refused to extend the "shield of the attorney-client privilege" where the party "failed to particularize its assertion of the

privilege and prove its case with respect to any specific document." *El Paso*, 682 F.2d at 541. A "blanket assertion of privilege . . . is simply inadequate." *Id.* In identifying the documents where the privilege is in contention in this case, Defendant should have established the facts to support a particular attorney-client relationship that does not extend to the Plaintiff, Asarco. "The prima facie standard requires only the minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true. " *Druker v. Fortis Health*, 06-cv-00052, 2007 WL 1173625, *2 (S.D.Tex. Apr. 18, 2007)(requiring an affidavit).

## V. The Court's Determination of Privilege

Given that Defendant does not expressly deny the joint representation, it remains Defendant's burden to show with particularity and specificity, that the subject matter of the documents is legal advice or work product in the scope of representation, where Asarco was *not* the client. *See Bramante*, 2007 WL 102314, *1. Defendant has fallen short of compliance with Rule 26(b)(5) and the Fifth Circuit authority establishing the standard for asserting the privilege. *See* Fed.R.Civ.P. 26(b)(5)(a); *El Paso*, 682 F.2d at 539-541.

Despite the lack of evidentiary support, the Court nevertheless endeavored to thoroughly review and analyze the privilege asserted on a document by document basis. In doing so, the Court hereby emphasizes that the law concerning privilege would justify the production of documents based upon Defendant's failure to comply with Rule 26(b)(5), which requires the party asserting privilege to expressly "describe the nature of the documents. . . in a manner that . . . enable[s] other parties to assess the applicability of the privilege or protection." *See* Fed.R.Civ.P. 26(b)(5)(a).

### A. The Milbank Documents

AMC's privilege log does identify the author and recipients of the documents. However, with respect to some of the "Milbank documents," the scope of representation to which the documents pertain is unclear. Neither an *in camera* review of the substance of the documents nor the general description in the privilege log helps identify the context of representation in which Milbank attorneys authored the documents. It is not clear that the documents were made with respect to legal advice to only AMC or Grupo Mexico, and not also as part of Milbank's representation of Asarco and its subsidiaries. Defendant has not offered any supporting affidavits or evidence to identify the scope of representation to which these documents pertain. Asarco has presented the Court with the Declaration of Douglas McAllister describing Milbank's representation of Asarco with respect to restructuring and taxation during relevant time periods which correspond to these seven documents. *(See* Mot. to Compel, Ex. A.) With respect to seven Milbank documents, the Court finds Defendant has not met its burden to identify the basis of the privilege with a minimum quantum of evidence. *See Druker*, 2007 WL 1173625, *2.

Therefore, the Court hereby orders the following documents to be produced in the same manner and fashion as the other documents of the same character which have previously been produced:

1. Document No. 478
2. Document No. 479
3. Document No. 480
4. Document No. 484
5. Document No. 485
6. Document No. 522
7. Document No. 525

Notwithstanding the foregoing, the privilege log and substance of the documents alone do allow the Court to evaluate Documents numbered 530 and 532 which fall under the same umbrella of Milbank Tweed Documents. These two documents do appear to be privileged and are exempted

from discovery.

**B. The Burns Documents**

This Court also has before it documents (Nos. 72, 93, 94, 182, 183, 186, 197, 220, 221, 253, and 262) which Defendant has indicated pertain to the defense of the *Burns* case. The Court has taken into consideration the Plaintiff's various arguments including that Sidley has actually represented Southern Peru Holding Corporation and SPHC II in the *Burns* case. A review of the actual documents in question does not disclose any determinative evidence demonstrating the representation of Southern Peru Holding Corporation or SPHC II. Further, the Court felt compelled to consider the fact that the Plaintiff in this case is in the midst of trying act on behalf of the plaintiffs in the *Burns* case. *Burns v. Grupo Mexico*, No.07cv03496 (S.D. N.Y. filed on May 2, 2007). Federal Rule of Evidence 501 instructs federal courts to be governed in the light of reason and experience. Fed.R.Evid. 501 (2007). While it is not out of the ordinary for a debtor to stand in the shoes of potential creditors in an attempt to recovering property allegedly fraudulently transferred, it is somewhat a unique circumstance for one to change from a defendant in a lawsuit to the plaintiff asserting the same claim in the same case.[1] That being said, after careful review of each document, considering the particular facts currently before the court, this Court sustains Defendant's objections to the production of these documents.

The Defendant's objections to the production of the following documents are sustained:

1. Document No. 72
2. Document No. 93
3. Document No. 94

---

[1] There are situations, frequently as a result of a settlement and assignment, or due to a negotiated agreement with the plaintiff such as a "Mary Carter agreement," whereby a defendant can either become the plaintiff or become aligned with the plaintiff to the detriment of its co-defendants. The Court recognizes that in some of these possible scenarios a defendant may have had access to privileged material.

    4.    Document No. 182
    5.    Document No. 183
    6.    Document No. 186
    7.    Document No. 197
    8.    Document No. 220
    9.    Document No. 253
   10.   Document No. 262

**C. Redacted Documents**

The Court has also been provided with three partially redacted documents (Document Nos. 482, 483, and 216) presumably to consider the propriety of the redacted portions. The Court hereby approves the production of these three documents as redacted. Counsel are advised, however, with regard to these and many of the other documents in question, that the Court will not permit the privilege to be used as a sword as well as a shield. *See Willy v. Admin. Review* Bd., 423 F.3d 483, 497 (5th Cir. 2005); *Conkling v. Turner*, 883 F.2d 431, 434 (5th Cir. 1989).

Finally, this Court emphasizes that all these rulings are based on the information presented to this court and should not be broadly applied to any documents or category of documents not yet reviewed by the Court.

Signed this 13th day of June, 2007.

                                                                  Andrew S. Hanen
                                                            United States District Judge