# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# –BROWNSVILLE DIVISION–

| | |
|---|---|
| ASARCO LLC, § | |
|    Plaintiff, § | |
| § | |
| VS. § | Civil Action No. B-07-18 |
| § | |
| AMERICAS MINING CORPORATION, § | |
|    Defendant. § | |

## ORDER

Counsel for Asarco, LLC, ("Plaintiff"), and Americas Mining Corporation, ("Defendant"), together, ("the Parties"), as well as counsel for other interested parties, appeared before this Court to address pending motions regarding intervention and discovery issues on June 6, 2007, at 10:00 a.m. This order is to memorialize the rulings made orally at that hearing.

Initially, Plaintiff filed Asarco's Emergency Motion to Compel Discovery Responses from Americas Mining Corporation [Doc. No. 64] ("Initial Motion to Compel") on May 1, 2007. In light of the Parties' agreements and the developments addressed herein, the "Initial Motion to Compel" is hereby **DENIED**. In response to the Court's Order [Doc. No. 68], the Parties then filed a Joint Request Regarding Discovery Disputes [Doc. No. 83], which resolved some discovery disputes and requested a hearing before this Court. After the June 6, 2007, hearing was set, the Plaintiff filed its Motion to Compel Discovery Responses [Doc. No. 88] ("Motion to Compel"), currently before the Court. In its Motion to Compel, Plaintiff disputed Defendant's privilege designation of some documents and requested additional documents which Defendant claimed were irrelevant.

**I. Privilege Dispute**

The Parties independently reached agreements as to the contentions of privilege raised in the Motion to Compel for of all except twenty documents [93, 94, 182, 183, 186, 197, 216, 253, 72, 220, 262, 478, 479, 480, 484, 485, 522, 525, 530, 532]. The Court ordered Defendant to submit these twenty documents to the Court, and in fact the Court has now received copies of the same. The Court will review these documents *in camera* and issue a decision in a separate order.

**II. Other Document Requests**

Plaintiff made arguments regarding two classes of document requests presented in its Motion to Compel. The Court ordered Defendant to produce requested insurance policies, from all applicable time periods through June 6, 2007, of all Asarco officers or directors. Second, with regard to the document request regarding the "Minerva Mexico Transaction," the Court ordered Defendant only to disclose documents or records of dividends and any other form of compensation related to or derived from the ownership of the Southern Peru Copper Corporation stock. The Court denied Plaintiff's motion to compel production of additional documents relating to this topic without prejudice should further discovery suggest the need for reconsideration.

**III. Motions to Intervene**

The Court also addressed three interested parties' motions to intervene. Pending before the Court is the Motion to Intervene Filed By the Official Committee of Unsecured Creditors for the Subsidiary Debtors and Future Claims Representative Robert C. Pate [Doc. No. 69] and the Motion of the Official Committee of Unsecured Creditors of Asarco LLC to Intervene on a Limited Basis Pursuant to Sections 1103(c) and 1109(b) of the Bankruptcy Code and Rules 24(a)(2) and (b)(2) of the Federal Rules of Civil Procedure [Doc. No. 71]. Plaintiff reached an "Agreement" with the three

parties wishing to intervene, the Official Committee of Unsecured Creditors of Asarco LLC, the Official Committee of Unsecured Creditors for the Subsidiary Debtors and Future Claims Representative Robert C. Pate, ("Intervenors"). Counsel for Plaintiff described such "Agreement" to the Court as follows:

1) Intervenors will receive copies or otherwise review all non-privileged documents exchanged between the parties and received from non-parties. Intervenors will not be given privileged documents unless both Plaintiff and Defendant consent.

2) Intervenors may appear and speak at all hearings before the Court after the parties present their arguments, and to the extent permitted by the Court. Counsel for Intervenors may attend all depositions, and raise in private with Plaintiffs any suggestions for additional questions. If Plaintiff fails to address those lines of questioning to their satisfaction, the Intervenors may show good cause for their line of questioning and petition the Court for permission to ask additional questions of deponents after hearing all parties' objections. Counsel for Plaintiff will advise counsel for Intervenors before passing a deponent or closing a deposition to permit them to suggest further questioning. Intervenors will voluntarily leave those portions of a deposition involving privileged material, upon the request of either Plaintiff or Defendant.

3) Intervenors may not participate as parties at trial, speak at trial, ask question at depositions, determine who the deponents are, participate in witness preparation or interviews or participate in settlement discussions without permission of the Court and a showing of good cause. They may not make claims against the Defendant, or any future defendants in this case, without permission of the Court and a showing of good cause. They will receive

periodic updates from Plaintiff on a reasonable basis. Plaintiff will consult with counsel for Intervenors, as appropriate, concerning possible settlement. When practical, Plaintiff will give counsel for Intervenors copies of pleadings they intend to file in advance.

Counsel for all three Intervenors indicated their acceptance of the terms of the "Agreement."

The Court hereby **GRANTS** the motions to intervene, under the limited terms of the "Agreement," as proposed by Plaintiff and Intervenors, and as outlined above, with the following amendment: all Parties and Intervenors have until September 4, 2007 (not September 28, 2007 as proposed) to show good cause why the Agreement should be amended or dissolved. Either the Parties or Intervenors may show why additional action is needed by the Court within that time. In granting this intervention in accordance with the terms agreed upon by Plaintiffs and Intervenors, the Court notes that the Defendant has timely objected to all three interventions, regardless of the "Agreement," and the Court hereby overrules those objections.

Signed this 8th day of June 2007.

                                                Andrew S. Hanen
                                                United States District Judge