# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILLIP NELSON BURNS, MIRJANA
PAVKOVICH, Administrator of the Estate of
Rade Pavkovich, Deceased, and WARREN
ELMER HALPAP,

        Plaintiffs,                   Case No. 1:07-CV-3496 (WHP)

-against-

GRUPO MEXICO, S.A. de C.V., a Mexican
Corporation,

        Defendant.

## DECLARATION OF JOHN M. BROADDUS

    1.      My name is John M. Broaddus. I am of sound mind, over the age of 18,

have never been convicted of a felony or a crime of moral turpitude, and am capable of making

this Declaration. I make this declaration based on personal knowledge.

    2.      I am an attorney employed by Weitz & Luxenberg, P.C. I have worked

for Weitz & Luxenberg since 2000. In 2005, Weitz & Luxenberg, P.C. represented the plaintiffs

in *Burns* et al. *v. Grupo Mexico S.A. de C.V.* et al., Index No. 0114728/2004 (N.Y. Sup. Ct.) (the

"Burns Case").

    3.      In 2005, Weitz & Luxenberg hired APS International, Ltd. to assist Weitz

& Luxenberg in perfecting service of process in Mexico on Grupo Mexico S.A. de C.V ("Grupo

Mexico") in the Burns Case. I provided APS International with true and accurate copies of

documents from the Burns Case to be served on Grupo Mexico. Those documents included the

following:

        a.   Verified Complaint

        b.   Summons

9

  c. First Amended Verified Complaint

  d. Supplemental Summons

  e. Second Amended Verified Complaint

  f. Supplemental Summons

  4. On June 15, 2005, I sent a letter to the Honorable Bernard J. Fried of the New York Supreme Court requesting that a July 6, 2005 conference be adjourned in order to provide APS International with additional time in which to effect service of process on Grupo Mexico in compliance with the Hague Convention on the Service Abroad of Judicial or Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Convention"). Exhibit 1 is a true and accurate copy of the letter and its attachments.

  5. I received a letter from APS International dated August 23, 2005, informing me that service of process had been effected on Grupo Mexico on July 1, 2005. Attached to that letter was the original entire service packet. Exhibit 2 is a true and accurate copy of the August 23, 2005 letter and the service packet that accompanied it.

  6. On September 14, 2005, I filed affidavits of service demonstrating service of process on Grupo Mexico and other defendants with the Office of the Clerk of the New York Supreme Court in New York County. Exhibit 3 is a true and accurate copy of the transmittal letter and the affidavits of service sent to the Clerk for filing.

  7. Exhibits 1–3 to this Affidavit are records of acts, events, conditions, or opinions made at or near the time by, or from information transmitted by, a person with knowledge of the act, event, condition, or opinion reported. These records are kept in the course of Weitz & Luxenberg's regularly conducted business activity, and it was the regular practice of that business activity to make these records.

8.    Pursuant to 28 U.S.C. § 1746, I, John M. Broaddus, declare under penalty

of perjury that the foregoing is true and correct.

Signed this __6__th day of July 2007.

_____

John M. Broaddus, Esq.

# EXHIBIT 1
# TO
# EXHIBIT 2



PERRY WEITZ
ARTHUR M. LUXENBERG
ROBERT J. GORDON ††

STANLEY H. ALPERT *
BRYAN BELASKY
RUSSELL BOGART §
EDWARD S. BOSEK
JOHN BROUDOUS ↝
DANIEL O. BURKE
PATTI BURSHTYN ††
LISA NATHANSON BUSCH
DAVID A. CHANDLER
EILEEN CLARKE
THOMAS COMERFORD ††
CHARLES M. FERGUSON
STUART R. FRIEDMAN

STEVEN J. GERMAN †§
LAWRENCE GOLDHIRSCH **
EDWARD J. HAHN*
CATHERINE HEACOX ††
RENEE L. HENDERSON ↝
MARIE I. IANNIELLO †
ERIK JACOBS
EVAN M. JANUSH ‡
GARY R. KLEIN ††
JERRY KRISTAL ↝‡
RORY I. LANCMAN
DEBBI LANDAU
ROBERTO LANACUENTE*

DANIELLE VERRIER †
JAMES C. LONG, JR. *↝
VICTORIA MANISTE †‡
RICHARD S. McGOWAN * ‡‡ ‡
C. SANDERS McNEW *↝
RICHARD MEADOW ↝
WILLIAM J. NUGENT
MICHAEL B. PEDERSON
PAUL J. PENNOCK ‡
STUART S. PERRY*
G. RUSSELL RAGLAND **
ELLEN RELKIN*
STEPHEN J. RIEGEL

MICHAEL P. ROBERTS
CHRIS ROMANELLI ††
DAVID ROSENBRAND
SHELDON SILVER*
SANFORD SMOKLER §
FRANKLIN P. SOLOMON †↝
BONNIE M. STEINWOLF
JAMES S. THOMPSON †
DOUGLAS D. von OISTE ‡
NICHOLAS WISE
LAUREN WOLPIN ↝
ALLAN ZELIKOVIC
GLENN ZUCKERMAN

* Of Counsel
‡ Also admitted in CT
↝ Also admitted in FL
‡‡ Also admitted in MA
†† Also admitted in NJ
§ Also admitted in DC
‡ Also admitted in NJ and CT
↝ Also admitted in NJ and PA
★ Also admitted in NJ and DC
¶ Admitted only in NJ and PA
† Also admitted in VA and NJ
** Also admitted in DC and TX
↝↝ Also admitted in DC, MD, PA and VA
♦ Also admitted in DC and VA
§ Admitted only in CO

June 15, 2005

The Honorable Bernard J. Fried
New York Supreme Court
New York County
111 Centre Street
Room 457
New York, New York 10013

     Re:  Philip Nelson Burns, et al. v. Grupo Mexico S.A. de C.V., et al.
         Index No. 04/114728

Dear Justice Fried:

       We represent the plaintiffs in the above-referenced matter.  The plaintiffs and the defendants served have conferred and hereby request that the conference presently scheduled for Wednesday, July 6, 2005 at 9:30 a.m. be adjourned to a date in October, 2005 or to a date convenient for the Court.  The basis for this request is that the international process server, APS International, has advised that service of process on the Mexican defendants pursuant to the Hague Convention cannot be completed within the time frame provided in the Court's Order of February 16.  That Order granted plaintiffs' motion for an extension of time to complete service upon the Mexican defendants and provided an additional 120 days which would expire June 16, 2005.

       In correspondence date June 7, 2005, APS states that it will take four to six months, or longer, from the date the Mexican authorities receive all the necessary materials to complete service and to return the proof of service.  All the translated materials, including the First and Second Amended Complaints filed in February, the Hague Convention forms, and all other necessary

CONFIDENTIAL

GM_BURNS_002801

The Honorable Bernard J. Fried
June 15, 2005
Page 2

materials, were sent by APS to the Mexican Central Authority (Ministry of
Foreign Relations) on May 17 and received by them on May 20.

Contemporaneous with the filing of this letter, the plaintiffs are filing
their Ex Parte Application for Additional Extension of Time for Service of
Process on Unauthorized Foreign Corporations Pursuant to the Hague
Convention. The U.S. defendants who have been served have stated they do not
object to additional time being permitted for service on the Mexican defendants.
In addition, the U.S defendants served to date have stipulated with plaintiffs that
they will not be required to answer or otherwise move until the service in
Mexico under the Hague Convention is completed. A copy of APS's June 7
correspondence is attached as Exhibit B to the Affirmation which accompanies
the motion.

Thank you for your consideration of this request.

Very truly yours,

WEITZ & LUXENBERG, P.C.

John M. Broaddus, Esq.

cc:  David R. Lurie, Esq. (counsel for Ernst & Young)
     James Beha, Esq. (counsel for JP Morgan Chase Bank)
     Roger Hawke, Esq. (counsel for Americas Mining Corporation)
     Leo Gagion, Esq. (counsel for Credit Suisse First Boston)
     Alan Rich, Esq. (counsel for plaintiffs)

CONFIDENTIAL

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

PHILLIP NELSON BURNS, MIRJANA
PAVKOVICH, Administrator of the Estate of
Rade Pavkovich, Deceased, and WARREN
ELMER HALFPAP,

          Plaintiff(s),

    -against-                   Index No.: 114728/04

GRUPO MEXICO S. A. de C.V., a Mexican
Corporation, SOUTHERN PERU HOLDINGS
CORPORATION, a Delaware Corporation, SPHC
II, Incorporated, a Delaware Corporation, GRUPO
MINERO MEXICO INTERNACIONAL, S. A.
de C.V., a Mexican Corporation, MEXICANA
de COBRE, S.A. de C.V. a Mexican Corporation,
CONTROLADORA MINERA MEXICO, S.A. de
C.V., a Mexican Corporation, JP MORGAN
CHASE & COMPANY f/k/a CHASE
MANHATTAN BANK & TRUST COMPANY,
a Delaware Corporation, AMERICAS MINING
CORPORATION, a Delaware Corporation,
ERNST & YOUNG LLP, ERNST & YOUNG
CORPORATE FINANCE, LLC, GERMAN
LARREA MOTA-VELASCO, Officer and
Director of ASARCO, Inc., OSCAR GONZALEZ
ROCHA Officer and Director of ASARCO, Inc.,
CREDIT SUISSE FIRST BOSTON, INC.,
CREDIT SUISSE FIRST BOSTON, LLC and
CREDIT SUISSE FIRST BOSTON (USA),
INC.

          Defendant(s)

---

## EX PARTE APPLICATION FOR ADDITIONAL EXTENSION OF TIME FOR SERVICE OF PROCESS ON UNAUTHORIZED FOREIGN CORPORATIONS PURSUANT TO THE HAGUE CONVENTION

Plaintiffs, pursuant to CPLR § 311(b), and with the consent of counsel for defendants served

with process in the United States, hereby apply *ex parte* for an extension of time of an additional 120

CONFIDENTIAL                    

days from the date of the Order herein, without prejudice to seeking further extension should service

be impracticable, or to whichever date the Court may direct, to effect service pursuant to the Hague

Convention on certain unauthorized foreign defendants, and certain of their officers and directors,

located in Mexico.[1]

## BACKGROUND

1.     This action was commenced by filing a Verified Complaint and Summons in this

Court on October 15, 2004.

2.     Service of process has been effected on defendants whose principal places of

business are in the United States.[2]

3.     On December 20, 2004, this Court granted Plaintiffs' Unopposed Motion To

Appoint Special Process Server to Effect Service of Process on an Unauthorized Foreign

Corporation Pursuant to the Hague Convention.  Plaintiffs thereafter retained an international

process server, APS International, to effect service of process pursuant to the Hague Convention

---

[1] Consent was obtained from: 1) David Lurie, Esq., Vinson & Elkins, counsel for Ernst & Young LLP and Ernst & Young Corporate Finance, LLC, 2) James Beha, Esq., Winston & Strawn, counsel for JP Morgan Chase & Company, f/k/a Chase Manhattan Bank & Trust Company, 3) Roger Hawke, Esq., Sidley Austin Brown & Wood, counsel for Americas Mining Corporation, and 4) Leo Gagion, Esq., Dewey Ballantine, counsel for Credit Suisse First Boston, Inc., Credit Suisse First Boston, LLC, Credit Suisse First Boston (USA).

[2] Service of process has been effected upon the following defendants in the United States: JP Morgan Chase & Company f/k/a Chase Manhattan Bank & Trust Company, Americas Mining Corporation, Ernst & Young LLP, and Ernst & Young Corporate Finance, LLC, Credit Suisse First Boston, Inc., Credit Suisse First Boston, LLC, and Credit Suisse First Boston (USA), Inc.  Southern Peru Holdings Corporation and SPHC II have been served but there is no record of counsel entering an appearance as of yet.  A "Stipulation of Discontinuance Regarding Daniel Tellechia Salido Only" was filed on December 14, 2004.  By Stipulation, the plaintiffs have agreed with the defendants who have been served that they shall not be required to answer the complaint or otherwise plead until service upon the defendants located in Mexico has been effected pursuant to the Hague Convention.

2

CONFIDENTIAL                                               GM_BURNS_002804

on the unauthorized, foreign defendants located in Mexico.[3]

4.    On February 5, 2005, plaintiffs filed their Ex Parte Application for Extension of Time to Effect Service on An Unauthorized Foreign Corporation pursuant to CPLR § 311(b). At that time, plaintiffs requested an additional 180 days to complete the service in Mexico.

5.    On February 7, 2005 plaintiffs filed a First Amended Complaint adding three new defendants -- Credit Suisse First Boston, Inc., Credit Suisse First Boston, LLC, and Credit Suisse First Boston (USA), Inc. Service on these defendants was effected on February 10, 2005.

6.    On February 14, 2005, plaintiffs provided APS International with 15 copies of the certified Original and First Amended complaint and summonses for service upon the defendants. Plaintiffs also provided APS with a certified copy of the Order appointing APS as the international process server.

7.    On February 16, 2005 the Court signed its Order (see Affirmation, Exhibit A, submitted herewith) granting plaintiff an additional 120 days from the date of the entry of the Order to effect service of process on the defendants located in Mexico. The Order was filed in the Clerk's office on February 22, 2005. Service of process on the Mexican defendants is therefore presently required to be completed by June 16, 2005.

8.    On February 17, 2005, the plaintiffs filed their Second Amended Complaint correcting a number of the corporate names of the Mexican defendants and amending the complaint to assert a class action.

---

[3] The unauthorized foreign corporations and corporate officials being served in Mexico pursuant to the Hague Convention are: Grupo Mexico S. A. de C.V., Grupo Minero Mexico Internacional, S.A. de C.V., Mexicana de Cobre, S.A. de C.V., Controladora Minera Mexico, S.A. de C.V. , German Larrea Mota-Velasco, and Oscar Gonzalez Rocha.

3

9.      Thereafter, based on discussions with APS International, further research was required to confirm the correct spellings of the names of the corporate entities as well as of the individual corporate officers of the Mexican defendants. Review of the U.S. Securities and Exchange Commission (SEC) filings by the companies who are related to, or subsidiaries of, the Mexican companies, which refer to the Mexican entities and corporate officers in their filings, indicated that the translations from Spanish into English for purpose of the SEC filings and English language web sites resulted in minor but significant variations in spellings. Comparison of the spellings on the web sites of the Mexican corporate entities with the spellings in the SEC filings also revealed similar variations.

10.     On March 31, plaintiffs overnighted to APS a letter with corrected spellings along with certified copies of the First Amended Complaint and the Second Amended Complaint.

11.     On April 1, plaintiffs forwarded, at APS's request, an additional court certified copy of the order appointing APS as special process server.

12.     On May 17, APS finished the translation of the original, First Amended, and Second Amended Complaints, as well as the appropriate forms for service of process under the Hague Convention in Mexico, and overnighted the appropriate documentation to the Central Authority in Mexico City, Mexico.

13.     In correspondence dated June 7, 2005 (see Affirmation, Exhibit B, submitted herewith), APS advises that additional time is required to complete service in Mexico under the Hague Convention. APS states:

> For the country of Mexico, service and return of proof of service in accordance with the Hague Convention generally takes *4-6 months or longer* from the time the request for service is submitted to the Mexican Central Authority (Ministry of Foreign Relations).

4

CONFIDENTIAL

GM_BURNS_002806

Service is entirely in the hands of the Mexican government, Mexican courts and their officials. It is not possible for us to 'speed up' the process.

Your documents were submitted to the Mexican Central authority on May 17, 2005 and delivered to the Mexican Central authority on May 20, 2005, as confirmed by FedEx. *You will require an extension of service.* (emphasis added)

(See Affirmation, Exhibit B, submitted herewith.)

## ARGUMENT

14.    CPLR § 311(b) provides:

"... [i]f service upon ... a foreign corporation within the one hundred twenty days allowed by section three hundred six-b of this article is *impracticable* under paragraph one of subdivision (a) of this section or any other law, service upon the corporation may be made in such manner, and proof of service may take such form, as the court, *upon motion without notice,* directs."[4] (emphasis added)

15.    As stated, APS now advises that additional time for service is needed because it will take 4 to 6 months or longer from May 20, 2005 to complete service of process on the Mexican corporations and corporate officers under the Hague Convention. APS further indicates that once delivery of the required documents to the Mexican Central Authority was effected on May 20, 2005, it is not possible for APS to "'speed up'" the process" because "service is entirely in the hands of the Mexican government, Mexican courts, and their officials." Therefore, service on these unauthorized foreign corporations located in Mexico by this Court's initial extension of time to June 16, 2005 is impracticable.

16.    Plaintiffs submit they have exercised all due diligence in preparing all required documentation for APS, in the filing of necessary First and Second Amended Complaints, in serving the defendants located in the United States, and in conducting the additional research

---

[4] In accordance with CPLR § 306-b, service of process "shall be made within one hundred twenty days after the filing of the summons and complaint . . ."

5

GM_BURNS_002807

necessary to confirm the correct spellings of the Mexican defendants. Plaintiffs have also shown

due diligence in forwarding the certified copies of the First Amended and Second Amended

Complaints to APS for translation into Spanish and for service on the Mexican defendants in

order to avoid further delay. Such delay would have been occasioned by awaiting completion of

service of the original complaint prior to instituting service of the First Amended and Second

Amended Complaints.

17.    Plaintiffs submit that due to the exigencies of service in Mexico on unauthorized

foreign corporations, as confirmed by the APS correspondence, that good cause is shown and the

interests of justice would be served to permit an extension of time of an additional 120 days to

serve the defendants located in Mexico.

18.    Attached hereto is plaintiffs' Affirmation in support of this application with

attached Order of this Court of February 16, 2005 (Exhibit A) and correspondence dated June 7,

2005, from APS International (Exhibit B).

WHEREFORE, plaintiffs herein respectfully request an extension of time of an

additional 120 days from the date of the Order herein, without prejudice to seeking further

extensions should service be impracticable, or to whichever date the Court may direct, to effect

service pursuant to the Hague Convention on the unauthorized foreign defendants listed herein.


Dated: New York, New York
    June 14, 2005


6

CONFIDENTIAL                                                      GM_BURNS_002808

Respectfully submitted,

**WEITZ & LUXENBERG, P.C.**
*A New York Professional Corporation*
120 Wall Street-15th Floor
New York, NY 10038
(212) 558-5900
FAX (212) 363-6848

By: _____
Gary Klein, Esq.
John M. Broaddus, Esq.

**BARON & BUDD**
**A PROFESSIONAL CORPORATION**
Alan B. Rich, Esq.
The Centrum, Suite 1100
3102 Oak Lawn Avenue
Dallas, Texas 75219
(214) 521-3605
FAX: (214) 520-1181

7

CONFIDENTIAL

GM_BURNS_002809

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

PHILLIP NELSON BURNS, MIRJANA
PAVKOVICH, Administrator of the Estate of
Rade Pavkovich, Deceased, and WARREN
ELMER HALFPAP,

Plaintiff(s),

-against-

Index No.: 114728/04

GRUPO MEXICO S. A. de C.V., a Mexican
Corporation, SOUTHERN PERU HOLDING
CORPORATION, a Delaware Corporation,
SOUTHERN PERU HOLDING CORPORATION
II, a Delaware Corporation, GRUPO MINERO
MEXICO INTERNACIONAL, S. A. DE C.V., a
Mexican Corporation, COMPANIA MEXICANA
de COBRE, a Mexican Corporation, JP
MORGAN CHASE & COMPANY f/k/a CHASE
MANHATTAN BANK & TRUST COMPANY,
a Delaware Corporation AMERICAS MINING
CORPORATION, a Delaware Corporation,
ERNST & YOUNG LLP, ERNST & YOUNG
CORPORATE FINANCE, LLC, GERMAN
LARREA MOTA-VAELASCO, Officer and
Director of ASARCO, Inc., OSCAR GONZALES
ROCHA Officer and Director of ASARCO, Inc.,
DANIEL TELLECHEA SALIDO Officer and
Director of ASARCO, Inc., CREDIT SUISSE
FIRST BOSTON, INC., CREDIT SUISSE FIRST
BOSTON, LLC and CREDIT SUISSE FIRST
BOSTON (USA), INC.

Defendant(s)

AFFIRMATION IN SUPPORT OF EX PARTE APPLICATION FOR ADDITIONAL
EXTENSION OF TIME FOR SERVICE OF PROCESS ON UNAUTHORIZED
FOREIGN CORPORATIONS PURSUANT TO THE HAGUE CONVENTION

CONFIDENTIAL

GM_BURNS_002810

JOHN M. BROADDUS, an attorney duly admitted *pro hac vice* to practice law in the instant matter before the Courts of the State of New York, affirms the following to be true under penalty of perjury:

1.    I am an attorney with the firm of WEITZ & LUXENBERG, P.C. attorneys for the plaintiffs Phillip Nelson Burns, Mirjana Pavkovich, and Warren Elmer Halfpap, in this action. I submit this affirmation in support of Plaintiffs' Ex Parte Application for Additional Extension of Time for Service of Process on Unauthorized Foreign Corporations Pursuant to the Hague Convention.

2.    On February 5, 2005, plaintiffs filed an Ex Parte Application for Extension of Time to Effect Service on An Unauthorized Foreign Corporation pursuant to CPLR § 311(b). At that time, plaintiffs requested an additional 180 days to complete the service in Mexico.

3.    Attached hereto as Exhibit A is a true and correct copy of this Court's Order dated and signed February 16, 2005 in which this Court granted plaintiffs an additional 120 days from the date of the entry of the Order to effect service of process on the defendants located in Mexico. The Order was filed in the Clerk's office on February 22, 2005.

4.    Attached hereto as Exhibit B is a true and correct copy of correspondence dated June 7, 2005 from APS International stating that service of process upon a corporation located in Mexico pursuant to the Hague Convention "generally takes 4-6 months or longer from the time the request for service is submitted to the Mexican Central Authority (Ministry of Foreign Relations)," that the request for service was received by the Mexican Central Authority from APS on May 20, 2005, and that additional time is needed to effect service of process in Mexico.

5.    Based on the information provided by APS International, Plaintiffs respectfully

2

GM_BURNS_002811

request that the Court extend the time to effect service and file proof thereof for a period of 120

days from the date of the Order herein, without prejudice to plaintiffs seeking further extensions

should service of process be impracticable within the time limit set forth.

Dated: New York, New York
       June 15, 2005

                                    Respectfully submitted,

                                    WEITZ & LUXENBERG, P.C.


                                    By: _____
                                    John M. Broaddus, Esq.
                                    180 Maiden Lane, 17th Floor
                                    New York, New York, 10038
                                    Telephone: (212) 558-5500


                                    BARON & BUDD
                                    A PROFESSIONAL CORPORATION
                                    Alan B. Rich, Esq.
                                    The Centrum, Suite 1100
                                    3102 Oak Lawn Avenue
                                    Dallas, Texas 75219
                                    (214) 521-3605
                                    FAX: (214) 520-1181

                                    Attorneys for Plaintiffs

3

CONFIDENTIAL                                    GM_BURNS_002812

# EXHIBIT A

CONFIDENTIAL

GM_BURNS_002813

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: ~~Fred~~ HON. BERNARD J. FRIED                    PART 60m
                                    Justice

Phillip Nelson Burns

                                    INDEX NO. 114728/04

                                    MOTION DATE _____

          - v -                     MOTION SEQ. NO. 002

Grupo Mexicos A. Et al             MOTION CAL. NO. _____

The following papers, numbered 1 to _____ were read on this motion to/for _____

                                                    | PAPERS NUMBERED |

Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ...    _____

Answering Affidavits — Exhibits _____    _____

Replying Affidavits _____    _____

Cross-Motion:    ☐ Yes    ☐ No

Upon the foregoing papers, it is ordered that this motion

**MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE**

This motion is GRANTED as follows: time for the service of process is extended by 120 days from the date of the entry of this Order

SO ORDERED

FILED
FEB 22 2005
OFFICE

Dated: 2/16/05                    HON. BERNARD J. FRIED
                                                    J.S.C.

Check one:    ☐ FINAL DISPOSITION    ☒ NON-FINAL DISPOSITION

CONFIDENTIAL                    GM_BURNS_002814

# EXHIBIT B

CONFIDENTIAL

APS International Plaza ♦ 7800 Glenroy Road
Minneapolis, Minnesota 55439-3122
PHONE: (952) 831-7776
FAX: (952) 831-8150
TOLL FREE: (800) 328-7171

# APS International, Ltd.

June 7, 2005

Website: www.CivilActionGroup.com

Attn: Mr. John Broaddus
WEITZ & LUXENBERG
210 Lake Drive East, Ste. 101
Cherry Hill, NJ 08002

DMyers@CivilActionGroup.com

RE:    Burns v Grupo Mexico S.A. de C.V.
       Country: Mexico
       APS File #242766

       --Grupo Mexico, S.A. de C.V.; Mexico City, Mexico
       --Grupo Minero Mexico Internacional, S.A. de C.V.; Mexico City, Mexico
       --Mexicana de Cobre, S.A. de C.V.; Mexico City, Mexico
       --German Larrea Mota-Velasco; Mexico City, Mexico
       --Oscar Gonzalez Rocha; Mexico City, Mexico
       --Controladora Minera Mexico, S.A. de C.V.; Mexico City, Mexico

Dear Mr. Broaddus:

Service in accordance with international treaty (formal service) is the proper method of service for
the country of Mexico. The United States and Mexico are both party to the Hague Convention on
the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters, TIAS
#10072 (U.S. Treaties & other International Acts) and 20 UST 361 (U.S. Treaties & other
International Agreements). Informal methods of service are not allowed.

For the country of Mexico, service and return of proof of service in accordance with the Hague
Convention generally takes 4-6 months or longer from the time the request for service is submitted to
the Mexican Central Authority (Ministry of Foreign Relations). Service is entirely in the hands of
the Mexican government, Mexican courts and their officials. It is not possible for us to 'speed up'
the process.

Your documents were submitted to the Mexican Central Authority on May 17, 2005 and delivered to
the Mexican Central Authority on May 20, 2005, as confirmed by FedEx. You will require an
extension for service. In our experience, U.S. courts are generally very understanding in allowing
the necessary time to complete the complex and proper service as required by international treaty.

CONFIDENTIAL

GM_BURNS_002816

16

Page 2 of 2

Please feel free to contact me in the International Division with any additional questions.

Sincerely,

*Diane Myers*

Diane Myers
Direct Extension: 339
APS International, Ltd.
International Division

CONFIDENTIAL

GM_BURNS_002817

ALL-STATE LEGAL®
07 181-BF · 07182-BL · 07183-SY · 07184-WH
800.222.0510 www.aslegal.com

Index No. _____    Year 20___

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

PHILLIP NELSON BURNS, MIRJANA PAVKOVICH, Administrator
of the Estate of Rade Pavkovich, Deceased, and WARREN
ELMER HALFPAP,

                                        Plaintiffs,

      -against-

GRUPO MEXICO S. A. de C.V., a Mexican
Corporation, et al.

                                        Defendants.

EX PARTE APPLICATION FOR ADDITIONAL EXTENSION OF TIME FOR SERVICE OF PROCESS
ON UNAUTHORIZED FOREIGN CORPORATIONS PURSUATN TO THE HAGUE CONVENTION

WEITZ & LUXENBERG, P.C.

*Attorneys for* Plaintiffs

180 Maiden Lane
New York, NY 10038
(212) 558-5500

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York
State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the
annexed document are not frivolous.*

Dated: ..................    Signature..................

                            Print Signer's Name..................

*Service of a copy of the within*                            *is hereby admitted.*

*Dated:*

                    *Attorney(s) for*

*PLEASE TAKE NOTICE*

☐ NOTICE OF ENTRY    *that the within is a (certified) true copy of a
entered in the office of the clerk of the within named Court on*                    20

☐ NOTICE OF SETTLEMENT    *that an Order of which the within is a true copy will be presented for settlement to the
Hon.                    one of the judges of the within named Court,
at
on                    20        , at                    M.*

*Dated:*

                                        WEITZ & LUXENBERG, P.C.

                    *Attorneys for*

                                        180 Maiden Lane
                                        New York, NY 10038

To:

CONFIDENTIAL                    GM_BURNS_002818

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

PHILLIP NELSON BURNS, MIRJANA
PAVKOVICH, Administrator of the Estate of
Rade Pavkovich, Deceased, and WARREN
ELMER HALFPAP,

Plaintiff(s),

-against-

Index No.: 114728/04

GRUPO MEXICO S. A. de C.V., a Mexican
Corporation, SOUTHERN PERU HOLDINGS
CORPORATION, a Delaware Corporation, SPHC
II, Incorporated, a Delaware Corporation, GRUPO
MINERO MEXICO INTERNACIONAL, S. A.
de C.V., a Mexican Corporation, MEXICANA
de COBRE, S.A. de C.V. a Mexican Corporation,
CONTROLADORA MINERA MEXICO, S.A. de
C.V., a Mexican Corporation, JP MORGAN
CHASE & COMPANY f/k/a CHASE
MANHATTAN BANK & TRUST COMPANY,
a Delaware Corporation, AMERICAS MINING
CORPORATION, a Delaware Corporation,
ERNST & YOUNG LLP, ERNST & YOUNG
CORPORATE FINANCE, LLC, GERMAN
LARREA MOTA-VELASCO, Officer and
Director of ASARCO, Inc., OSCAR GONZALEZ
ROCHA Officer and Director of ASARCO, Inc.,
CREDIT SUISSE FIRST BOSTON, INC.,
CREDIT SUISSE FIRST BOSTON, LLC and
CREDIT SUISSE FIRST BOSTON (USA),
INC.

**EX PARTE ORDER**

Defendant(s)

## ORDER

IT IS HEREBY ORDERED, that plaintiffs' *Ex Parte* Application, pursuant to CPLR §
311(b), for Additional Extension of Time for Service of Process on Unauthorized Foreign
Corporations Pursuant to the Hague Convention, is hereby GRANTED.

CONFIDENTIAL

IT IS FURTHER ORDERED that plaintiffs shall have for an extension of time of _____

days from the date of entry of this Order in order to effect service of process pursuant to the Hague

Convention on the following unauthorized foreign defendants:

> Grupo Mexico S. A. de C.V.,
> Grupo Minero Mexico Internacional, S.A. de C.V.,
> Mexicana de Cobre, S.A. de C.V.,
> Controladora Minera Mexico, S.A. de C.V.,
> German Larrea Mota-Velasco, and
> Oscar Gonzalez Rocha.

Dated:_____        _____
                                                      JUDGE

2

CONFIDENTIAL                                              GM_BURNS_002820