119

[...] En el momento del perdón de la deuda, ASARCO o fue insolvente o vuelto [...] como el resultado de la redención de sus acciones y la cesión de sus activos [...] y/o el cumplimiento del plan integrado de liquidación.

[...] La cesión por un insolvente a un afiliado o entidad clave con acceso a [...] información que no es de conocimiento público en satisfacción de una deuda antecedente [...] buena fe y es implícitamente fraudulenta.

[...] Los demandantes tienen derecho a una sentencia a su favor contra [...] GRUPO MÉXICO y COMPAÑÍA MÉXICO DE COBRE declarando la cesión [...] acciones de SPCC a cambio de perdón de deuda ser fraudulenta en cuanto a las [...] debidas a los demandantes conforme a *N.Y. DEBT. & CRED. § 273*. Los [...] tienen derecho a remedios legales y equitativos en eso.

## OCTAVO DERECHO DE ACCIÓN DE LOS DEMANDANTES
*(Conversación y Negligencia Profesional: En Cuanto al Demandado Ernst & Young)*

[...] Los demandantes adoptan de nuevo y alegan de nuevo los alegatos contenidos en [...] párrafos 1-106 y para su Octavo Derecho de Acción declaran como sigue:

[107.] Los demandados ERNST & YOUNG LLP y ERNST & YOUNG [...] CORPORATE FINANCE LLC (colectivamente "Ernst & Young") se emplearon dar una [...] opinión en cuanto al valor de 43,348,949 acciones de Acciones Comunes, Clase A, de [...] Southern Peru Copper Company representando un 54.18% de las acciones con derecho de [...] voto de esa corporación con acciones cambiadas públicamente, mantenidas por SPHC, una [...] sociedad subsidiaria totalmente la propiedad de ASARCO ("interés de acciones").

[108.] Ernst & Young expresó una valuación profesional con pleno conocimiento de [...] una clase limitada de terceros confiaría en su opinión y Ernst & Young debió un deber de

25

120

[...] estos terceros, incluyendo al Departamento de Justicia de los Estados Unidos, los [Tribunales] Federales de los Estados Unidos y los demandantes.

109. La opinión de valuación de Ernst & Young dio la base principal al Tribunal [de] Distrito de los Estados Unidos para el Distrito de Arizona aprobar la venta del interés de [acciones] a Grupo y/o su sociedad subsidiaria que era totalmente su propiedad, AMC, al [perjuicio] de los demandantes.

110. Ernst & Young imprudentemente y a sabiendas y sin la competencia [profesional] requerida de una empresa de Contabilidad Pública Autorizada, vendió una carta [de opinión] que falsamente representó que el valor justo del interés controlador de [ASARCO en] SPCC valía menos del valor contable de la porción de activos fundamentales [de ASARCO] en la compañía.

111. Ernst & Young tenía un deber a los demandantes dar una opinión basándose [en conocimiento] imparcial e independiente de la industria de cobre. A pesar de saber que [el comprador] del interés de acciones era una persona o entidad clave con acceso a plena [información] que no es de conocimiento público respecto a la compañía, las perspectivas de [la compañía] y el mercado de cobre, Ernst & Young incumplió su deber a los demandantes [al subvalorar] el interés de acciones basándose en información proporcionada por el [comprador], Grupo y/o entidades controladas por Grupo.

112. Ernst & Young tenía un deber a los demandantes ser competente y dar una [opinión en] cuanto al valor de SPCC como empresa en marcha. Sin tomar en consideración [la expansión] en curso de las operaciones mineras de SPCC y el valor creciente de sus [reservas] de cobre en un mercado creciente de cobre, la valuación de Ernst & Young [negligentemente] refleja solamente información financiera pública e histórica.

26

121

113. Ernst & Young incumplía su deber a los demandantes por faltar usar cuidado debido y la competencia profesional requerida de una empresa de Contabilidad Pública Autorizada y por dar una opinión que sabía, o debiera haber sabido, minimizaba incorrectamente el valor del interés de acciones, de ese modo permitiendo el interés de acciones venderse a Grupo por menos de recompensa justa y adecuada, poniendo el activo de más valor de ASARCO fuera del alcance directo de los acreedores.

114. Los demandantes tienen derecho a una sentencia a su favor contra Ernst & Young por daños y perjuicios resultando de su tergiversación y negligencia profesional en tasar al valor del interés de acciones.

**NOVENO DERECHO DE ACCIÓN DE LOS DEMANDANTES**
*(Incumplimiento del Deber Fiduciario: Oficiales y Directores de ASARCO)*

Los demandantes adoptan de nuevo y alegan de nuevo los alegatos contenidos en los párrafos 1-114 y para su Noveno Derecho de Acción declaran como sigue:

115. Los demandados GERMAN LARREA MOTA-VAELASCO, OSCAR GONZALES ROCHA y DANIEL TELLCHA-SALIDO eran Oficiales y Directores de ASARCO (colectivamente "Demandados Directores") cuando se estaban liquidando los activos principales de ASARCO.

116. La venta de los activos principales de ASARCO por menos de recompensa justa y adecuada y la apropiación indebida de los beneficios de la venta para el beneficio de los Demandados y al perjuicio de los acreedores de ASARCO se emprendieron en un momento cuando ASARCO no pudo pagar sus deudas al vencerse y fue insolvente o se volvería insolvente como el resultado directo de las transferencias. Por tanto, los demandados directores y oficiales individuales debieron un deber fiduciario a los

27

122

acreedores de ASARCO, y un deber que incumplieron por seguir adelante con la transacción SPCC.

117. La insolvencia de ASARCO fue el resultado directo de la liquidación de los activos principales de ASARCO a la iniciación, aprobación e indicación de los Demandados Directores.

118. Los Directores de una corporación insolventa, tal como ASARCO, tienen un deber fiduciario actuar por el beneficio de los acreedores de la compañía.

119. Los Demandados Directores incumplieron su deber fiduciario a los acreedores de ASARCO, incluyendo a los demandantes, por liquidar activos por menos de compensa total y adecuada y sin obediencia total a los procedimientos estatutarios diseñados proteger los derechos de acreedores.

120. Conforme a *N.Y. Bus. Corp. Law § 720 (McKinney 2004)*, los Demandados Directores tienen que justificar y responder en daños por la cantidad por la cual menos del valor total se realizó por ASARCO al liquidar sus activos principales.

121. Los demandantes tienen derecho a una sentencia a su favor contra los Demandados Directores por las pérdidas sufridas por los acreedores mediante la desvalorización de los activos principales de ASARCO.

**DEMANDA POR REMEDIO**

POR LO CUAL, los demandantes respetuosamente solicitan a este Tribunal:

(1) Adjudique daños y perjuicios monetarios efectivos, honorarios de abogado y costas contra los demandados.

28

123

Adjudique daños punitivos contra estos demandados quienes han participado en fraude real en cuanto a las Deudas debidas a los demandantes en una cantidad no menos de tres veces los daños y perjuicios efectivos.

Revoque o anule las cesiones descritas aquí en esto como fraudulentas en la medida necesaria satisface los reclamos de los demandantes, autorice embargo ejecutivo o gravamen de la propiedad ilegalmente cedida, coloque los activos ilegalmente cedidos de ASARCO en fideicomiso y/o designar un administrador judicial mantener y administrar esos activos de ASARCO para el pago de reclamos de acreedores.

Y/o haga cualquier orden requerida por las circunstancias del caso.

Respetuosamente presentado,

**WEITZ & LUXENBERG, P.C.**
*Una Corporación Profesional de Nueva York*
180 Maiden Lane
Nueva York, NY 10038
(212) 558-5500
Telefacsímil (212) 344-5461

Por: *[Firma ilegible]*
    Arthur Luxenberg

**BARON & BUDD**
**UNA CORPORACIÓN PROFESIONAL**
The Centrum, Suite 1100
3102 Oak Lawn Avenue
Dallas, Tejas 75219
(214) 521-3605
Telefacsímil: (214) 520-1181

Por:

   Alan B. Rich
   Colegio Estatal de Abogados de Tejas
   No. 16852350

29

124

No. 179355
ESTADO DE NUEVA YORK,
CONDADO DE NUEVA YORK, SS:
YO, NORMAN GOODMAN,
SECRETARIO DEL CONDADO Y
SECRETARIO DEL TRIBUNAL SUPREMO,
CONDADO DE NUEVA YORK,
CON LA PRESENTE CERTIFICO EL
18 OCTUBRE 2004
QUE HE COMPARADO ESTA
COPIA CON EL ORIGINAL
ARCHIVADO EN MI OFICINA EL
15/OCT/04
Y QUE LA MISMA ES UNA
TRANSCRIPCIÓN CORRECTA
DE ESO Y DE LA
TOTALIDAD DE TAL ORIGINAL.
EN TESTIMONIO DE LO CUAL;
A LA PRESENTE HE PUESTO
MI FIRMA Y SELLO OFICIAL.
*Norman Goodman*
SECRETARIO DEL CONDADO Y SECRETARIO DEL
TRIBUNAL SUPREMO, CONDADO DE NUEVA YORK
FIRMA FACSIMILAR EMPLEADA
CONFORME A LA SECCIÓN 903,
LEY DEL CONDADO.

HONORARIO PAGADO

PRESENTADO
15 / OCT / 04
SECRETARIO DEL CONDADO
CONDADO DE NUEVA YORK

30

**ANEXO**

[Direccio]nes de los Demandados:

[G]RUPO MEXICO S.A. de C.V.
[Aveni]da Baja California 200
[Col]onia Roma Sur
[Ciu]dad de México, México 06760

[S]OUTHERN PERU HOLDING CORPORATION
[257]5 East Camelback Road
[Ph]oenix, Arizona

[S]OUTHERN PERU HOLDING CORPORATION II
[257]5 East Camelback Road
[Ph]oenix, Arizona

[G]RUPO MEXICO MINERO
[M]EXICO INTERNACIONAL, S.A. de C.V.
[Aveni]da Baja California 200
[Col]onia Roma Sur
[Ciu]dad de México, México 06760

[C]OMPAÑIA MEXICANA de COBRE
[Aveni]da Baja California 200
[Col]onia Roma Sur
[Ciu]dad de México, México 06760

[A]MERICAS MINING CORPORATION
[257]5 East Camelback Road
[Ph]oenix, Arizona

[J]P MORGAN CHASE antes conocido como
[C]HASE MANHATTAN BANK
[A la a]tención de CT Corporation System
[11]1 Eighth Avenue
[Nue]va York, Nueva York 10011

[E]RNST & YOUNG, LLP
[78]7 Seventh Avenue
[Nue]va York, NY 10019

[E]RNST & YOUNG CORPORATE
[FI]NANCE, LLC
[78]7 Seventh Avenue
[Nue]va York, Nueva York 10019

31

126

GERMAN LARREA MOTA-VAELASCO
Avenida Baja California 200
Colonia Roma Sur
Ciudad de México, México 06760

OSCAR GONZÁLES ROCHA
2575 East Camelback Road
Phoenix, Arizona

DANIEL TELLECHEA SALIDO
2575 East Camelback Road
Phoenix, Arizona

32

127

## VERIFICACIÓN

El infrascrito, un abogado autorizado a ejercer en los Tribunales del Estado de Nueva York, es el abogado que representa formalmente a Phillip Nelson Burns, Mirjana Pavkovich, la Administradora del Caudal Hereditario de Rade Pavkovich, Difunto, y Elmer Halfpap, en la acción judicial adjunta; el declarante ha leído la Demanda precedente y conoce el contenido de esa [demanda]; la misma es la verdad según el actual saber del declarante, menos los asuntos en esa [demanda] declarados ser basados en información y entendimiento, y en cuanto a esos asuntos, el declarante los cree ser la verdad. Esta verificación se hace por el declarante y no por el demandante porque los demandantes viven fuera del Condado donde el abogado mantiene su oficina para el ejercicio de la abogacía.

_[Firma ilegible]_
Arthur Luxenberg

128

TRIBUNAL SUPREMO DEL ESTADO DE NUEVA YORK
CONDADO DE NUEVA YORK

JOSEPH NELSON BURNS, MIRJANA
PAVKOVICH, Administradora del Caudal
Hereditario de Rade Pavkovich, Difunto, y
WARREN ELMER HALFPAP,

    Demandante(s),

  -contra-

GRUPO MÉXICO S. A. de C.V., una corporación mexicana, SOUTHERN PERU HOLDING CORPORATION, una corporación de, SOUTHERN PERU HOLDING CORPORATION II, una corporación de, GRUPO MINERO MÉXICO INTERNACIONAL, S. A. DE C.V., una corporación mexicana, COMPAÑÍA MEXICANA de COBRE, una corporación mexicana, JP MORGAN CHASE & COMPANY antes conocido como CASE MANHATTAN BANK & TRUST COMPANY, corporación de Delaware, AMERICAS MINING CORPORATION, una corporación de Delaware, ERNST & YOUNG LLP, ERNST & YOUNG CORPORATE FINANCE, LLC, GERMAN LARREA MOTA-VAELASCO, Oficial y Director de ASARCO, Inc., OSCAR GONZALES ROCHA Oficial y Director de ASARCO, Inc., DANIEL TELLECHEA SALIDO Oficial y Director de ASARCO, Inc.

    Demandado(s)

Índice #:

Hon.

**CERTIFICACIÓN**

Conforme a *NYCRR*
  Sección 130-1.1a(b)

129

[...] presente certifico conforme a 22 *NYCRR* Sec. 130-1.1a(b) que, según mi leal [...] información, formado después de investigación razonable dadas las [...] presentación de los documentos enumerados abajo o las contenciones en eso no [...] según se define en a 22 *NYCRR* Sec. 130-1.1(c).

Nueva York, Nueva York
15 de octubre de 2004

**WEITZ & LUXENBERG, P.C.**
*Una Corporación Profesional de Nueva York*
180 Maiden Lane
Nueva York, NY 10038
(212)558-5500
Telefacsímil (212)344-5461

Por: *[Firma ilegible]*
        Arthur Luxenberg

────130

[Índice:] 04114728

[TRIBUN]AL SUPREMO DEL ESTADO DE NUEVA YORK
[CONDA]DO DE NUEVA YORK

[JOHN] NELSON BURNS, MIRJANA PAVKOVICH,
[Administra]dora del Caudal Hereditario de Rade Pavkovich, Difunto,
[y WARR]EN ELMER HALFPAP,

           Demandante(s),

    -contra-

[...] MEXICO S.A. de C.V., una corporación mexicana, y otros,

           Demandados.

CITACIÓN Y DEMANDA

WEITZ & LUXENBERG, P.C.
Abogados de DEMANDANTES
180 Maiden Lane
Nueva York, NY 10038
(212) 558-5500

BARON & BUDD
Una Corporación Profesional
The Centrum, Suite 1100
3102 Oak Lawn Avenue
Dallas, Tejas 75219
(214) 521-3605

[Aboga]do(s) de

[Notifi]cación de una copia de lo adjunto
[...] se admite con la presente.
[Fe]cha 15 de octubre de 2004

131

# APS International, Ltd.

## CERTIFICATE OF TRANSLATION-AFFIDAVIT OF ACCURACY

State of Minnesota )
                   ) s.s.
County of Hennepin)

I, the undersigned, being duly sworn, depose and state:

I am qualified to translate from the __English__ language into __Spanish__ language by virtue of being thoroughly conversant and schooled in these languages.

I have carefully made the translation appearing on the attached page(s) and have read it after it was completed; and the said translation is accurate, true and complete rendition into the __Spanish__ language from its original __English__ text, and nothing has been added thereto or omitted therefrom, to the best of my knowledge and belief.

_Diane Myers_
Translator

Subscribed and sworn before me this ___ day of __May__ 20__05__.

Case Caption: __Burns__
                    vs.
              __Grupo Mexico__

GREGORY K. JOHNSON
NOTARY PUBLIC- MINNESOTA
MY COMMISSION EXPIRES 1-31-20__

132

# APS International, Ltd.

CERTIFICADO DE TRADUCCION-DECLARACION JURADA DE EXACTITUD

Estado de Minnesota  )
                     ) s.s.
Condado de Hennepin  )

Yo, el(la) abajo firmante, siendo debidamente jurado(a), depongo y declaro:

Soy capacitado(a) para traducir del idioma inglés al idioma español en virtud de ser completamente versado(a) y cursado(a) en estos idiomas.

Yo he hecho una traducción cuidadosamente de la(s) hoja(s) anexa(s) y la he leido despues de que fue terminada; y dicha traducción es interpretación exacta, verdadera y completa al español de su texto original del idioma inglés, y no ha sido añadido ni omitido nada, según mi saber y entender.

_____
Traductor(a)  *Diane Myers*

Firmado y jurado ante mí este _12_ día
de _May_ 20_05_.

Título de la Acción: _Burns_
                 vs.
                 _Grupo Mexico_

GREGORY K. JOHNSON
NOTARY PUBLIC- MINNESOTA
COMMISSION EXPIRES 1-31-2010

...IZED TO SERVE JUDICIAL PROCESS UNDER THE UNITED STATES FEDERAL RULES OF CIVIL PROCEDURE AND
...ES OF CIVIL PROCEDURE OF THE STATE OF: New York

# REQUEST                                                                 133

## FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

### DEMANDE
### AUX FINS DE SIGNIFICATION OU DE NOTIFICATION A L'ÉTRANGER
### D'UN ACTE JUDICIAIRE OU EXTRAJUDICIAIRE

Convention on the Service abroad of judicial and extrajudicial documents in civil or
commercial matters, signed at The Hague, November 15, 1965.

*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile
ou commerciale, signée à La Haye le 15 Novembre 1965.*

| Identity and address of the applicant / *Identité et adresse du requérant* | Address of receiving authority / *Adresse de l'autorité destinataire* |
|---|---|
| ...NATIONAL, LTD<br>... Plaza<br>... Road<br>... Minnesota 55439-3122<br><br>Fax: 952.831.8150<br>...@CivilActionGroup.com | Ministry of Foreign Relations<br>Office of the General Directorate of Legal Matters<br>Litigations Department Division of Rogatories<br>and Embassy Relations<br>Flores Magon No. 1, Col. Tlatelolco<br>Mexico D.F.<br>06995<br>Mexico |

The applicant has the honour to transmit – in duplicate – the documents listed below and, in conformity with article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e.,

*Le requérant soussigné a l'honneur de faire parvenir – en double exemplaire – à l'autorité destinataire les documents ci-dessous énumérés, en la priant conformément à l'article 5 de la Convention précitée, d'en faire remettre sans retard un exemplaire au destinataire, savoir:*

(identity and address) Grupo Mexico, S.A. de C.V.
Baja California 200, Colonia Roma Sur, 06760 Mexico City, Mexico

(a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention.*
*selon les formes légales (article 5, alinéa premier, lettre a).*

(b) in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5)*:
*selon la forme particulière suivante (article 5, alinéa premier, lettre b):*_____

(c) by delivery to the addressee, if he accepts it voluntarily (second paragraph of article 5)*.
*le cas échéant, par remise simple (article 5, alinéa 2).*

The authority is requested to return or to have returned to the applicant a copy of the documents – and of the annexes* – with a certificate as provided on the reverse side.
*Cette autorité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte – et de ses annexes – avec l'attestation figurant au verso.*

List of documents:
Summons and Second Amended...
Summons and First Amended Verified...
Verified Complaint with Certification
Document to be Served

Done at / *Fait à* Minneapolis, Minnesota, U.S.A.    , the / *le* 5-17-05

Signature and/or stamp.
*Signature et/ou cachet.*

Diane K Myers

(Formerly OBD-116 which was formerly LAA-116,        USM-94
both of which may still be used)                    (Est. 11/22/77)

Case Name: Burns v. Grupo Mexico S.A. de C.V.
Defendant: Grupo Mexico, S.A. de C.V.
Court Case No.: 04/114728

# CERTIFICATE
*ATTESTATION*

The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,
*L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,*

1) that the document has been served*
1. *que la demande a été exécutée*
   - the (date)
   - *le (date)* _____
   - at (place, street, number)
   - *à (localité, rue, numéro)* _____

   - in one of the following methods authorised by article 5-
   - *dans une des formes suivantes prévues à l'article 5:*
     [ ] (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention
           a) *selon les formes légales (article 5, alinéa premier, lettre a).*
     [ ] (b) in accordance with the following particular method*:
           b) *selon la forme particulière suivante:* _____
     [ ] (c) by delivery to the addressee, who accepted it voluntarily.*
           c) *par remise simple*

The documents referred to in the request have been delivered to:
*Les documents mentionnés dans la demande ont été remis à:*
   - (identity and description of person)
   - *(identité et qualité de la personne)* _____

   - relationship to the addressee (family, business or other):
   - *liens de parenté, de subordination o autres, avec le destinataire de l'acte:* _____

2) that the document has not been served, by reason of the following facts*:
2. *que la demande n'a pas été exécutée, en raison des faits suivants:*
_____
_____

In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement*.

*Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint.*

LIST OF DOCUMENTS: Proposed Order, Supplemental Summons and Second Amended Verified Complaint, Supplemental Summons and First Amended Summons and Verified Complaint with Certification, Summary of the Document to be Served, Translation

Annexes
*Annexes*
Documents returned:
*Pièces renvoyées:*
_____
_____

In appropriate cases, documents establishing the service:
*Le cas échéant, les documents justificatifs de l'exécution:*
_____
_____

Done at
*Fait à* _____

Signature and/or stamp.
*Signature et/ou cachet.*

2

* Delete if inappropriate.
  *Rayer les mentions inutiles.*