SUMMARY OF THE DOCUMENT TO BE SERVED
*ELEMENTS ESSENTIELS DE L'ACTE*

134

Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.

*Convention relative à la signification et à la notification à l'étranger des actes judiciaires et extrajudiciares en matière civile ou commerciale, signée à La Haye, le 15 Novembre 1965.*

(article 5, fourth paragraph)
*(article 5, alinéa 4)*

Requesting authority: _____
_____ Diane K. Myers
APS INTERNATIONAL, LTD
APS International Plaza, 7800 Glenroy Road, Minneapolis, Minnesota 55439-3122, U.S.A.

Burns v. Grupo Mexico S.A. de C.V.

Order, Supplemental Summons and Second Amended Verified Complaint, Supplemental Summons and First Amended Verified Complaint, with Certification, Summary of the Document to be Served, Translation

**JUDICIAL DOCUMENT\*\***
*ACTE JUDICIAIRE*

of the document:
The purpose of this document is to inform  Grupo Mexico, S.A. de C.V. has been started against them and that they have been joined as a defendant.

proceedings and, where appropriate, the amount in dispute _le cas échéant, le montant du litige:_ Plaintiffs' claim against the defendant is for damages and other relief in an amount as a result of the defendant's constructive fraud, actual fraud, and fraudulent conveyance.

appearance\*\*:
Defendant is required to answer the complaint and serve a copy of the answer on plaintiffs' attorneys, DENBERG, P.C., 180 Maiden Lane, New York, NY 10038 USA / BARON & BUDD, The Centrum, Suite 1100, 3102 Dallas, Texas 75219 USA within 30 days after service of the attached documents.

ment\*\*:
decision:     N/A

_____ N/A

ment\*\*:
_figurant dans l'acte:_    Defendant has 30 days after service of the attached documents in which to answer the complaint answer upon plaintiffs' attorneys. may result in the plaintiff(s) taking a default judgment against the defendant for the relief demanded in the

**EXTRAJUDICIAL DOCUMENT\*\***
*ACTE EXTRAJUDICIAIRE*

of the document:
N/A

document\*\*:
_figurant dans l'acte_    N/A

address of the person interested in the transmission of the document.
_de la personne intéressée à la transmission de l'acte._

3



At an IAS Part 60 of the Supreme 135
Court of the State of New York,
County of New York, at the
Courthouse located at, 60 Centre
Street, New York, New York on the
16 day of December 2004.

PRESENT: B Fried
_____
                    Justice

PHILLIP NELSON BURNS, MIRJANA
PAVKOVICH, Administrator of the Estate of
Rude Pavkovich, Deceased, and WARREN
GILMER HALFPAP,

                Plaintiff(s),

                -against-

GRUPO MEXICO S. A. de C.V., a Mexican
Corporation, SOUTHERN PERU HOLDING
CORPORATION, a Delaware Corporation,
SOUTHERN PERU HOLDING CORPORATION
II, a Delaware Corporation, GRUPO MINERO
MEXICO INTERNACIONAL, S. A. DE C.V., a
Mexican Corporation, COMPANIA MEXICANA
de COBRE, a Mexican Corporation, JP
MORGAN CHASE & COMPANY f/k/a CHASE
MANHATTAN BANK & TRUST COMPANY,
a Delaware Corporation AMERICAS MINING
CORPORATION, a Delaware Corporation,
ERNST & YOUNG LLP, ERNST & YOUNG
CORPORATE FINANCE, LLC, GERMAN
LARREA MOTA-VAELASCO, Officer and
Director of ASARCO, Inc., OSCAR GONZALES
ROCHA Officer and Director of ASARCO, Inc.,
DANIEL TELLECHEA SALIDO Officer and
Director of ASARCO, Inc.

                Defendant(s)

Index No.: 114728/04

**PROPOSED ORDER**

FILED

DEC 20 2004

NEW YORK
COUNTY CLERKS OFFICE

Upon reading the Notice of Motion dated November 30, 2004, the affirmation of

Gary Klein, Esq., affirmed the 1st day of December, 2004 in support of said motion, and — 136

there being no opposition thereto it is hereby

ORDERED, that Plaintiffs Motion to Appoint Special Process Server to Effect

Service of Process on an Unauthorized Foreign Corporation Pursuant to the Hague

Convention is GRANTED; and it is further

ORDERED, that APS International, Ltd. is authorized to effect service of

process on the defendants, Grupo Mexico S. A. de C.V., Grupo Minero Mexico

Internacional, Compania Mexicana de Cobre, German Larrea Mota-Vaelasco, Oscar

Gonzales Rocha and Daniel Tellechea Salido in Mexico in accordance with the Hague

Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or

Commercial Matters, TIAS #10072 (U.S. Treaties & Other International Acts) and 20

UST 361 (U.S. Treaties & Other International agreements) and International Law.

ENTER

_____
J.S.C.

BERNARD J. FRIED
J.S.C.

FILED
DEC 2 0 2004
NEW YORK
COUNTY CLERKS OFFICE

2



COURT OF THE STATE OF NEW YORK
OF NEW YORK

NELON BURNS, MIRJANA PAVKOVICH,
Executor of the Estate of Rade Pavkovich, Deceased,
WARREN ELMER HALFPAP,

                    Plaintiffs,

        -against-

MEXICO S. A. de C.V., A Mexican Corporation, et al.

                    Defendants.

            PROPOSED    ORDER

              WEITZ & LUXENBERG, P.C.

*Attorneys for*

                  180 Maiden Lane
                  New York, NY 10038
                  (212) 558-5500

*NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York that, upon information and belief and reasonable inquiry, the contentions contained in the document are not frivolous.*

                    Signature ........................

                    Print Signer's Name...........

                                        *is hereby admitted.*

*copy of the within*

                    *Attorney(s) for* ........

TAKE NOTICE

*that the within is a (certified) true copy of a*
*entered in the office of the clerk of the within named Court on*                                20

*that an Order of which the within is a true copy will be presented for settlement to the*
*Hon.*                                    *one of the judges of the within named Court,*

            20          , at            M.

                              WEITZ & LUXENBERG, P.C.

              *Attorneys for*

                              180 Maiden Lane
                              New York, NY 10038

*Attorney(s) for*

138

COURT OF THE STATE OF NEW YORK
OF NEW YORK

NELSON BURNS, MIRJANA
Administrator of the Estate of
Deceased, and WARREN
HALFPAP,

      Plaintiff(s),

    -against-

MEXICO S. A. de C.V., a Mexican
SOUTHERN PERU HOLDING
ON, a Delaware Corporation,
PERU HOLDING CORPORATION
Corporation, GRUPO MINERO
INTERNACIONAL, S. A. DE C.V., a
Corporation, COMPANIA MEXICANA
a Mexican Corporation, JP
CHASE & COMPANY f/k/a CHASE
BANK & TRUST COMPANY,
Corporation AMERICAS MINING
TION, a Delaware Corporation,
YOUNG LLP, ERNST & YOUNG
FINANCE, LLC, GERMAN
MOTA-VAELASCO, Officer and
of ASARCO, Inc., OSCAR GONZALES
Officer and Director of ASARCO, Inc.,
TELLECHEA SALIDO Officer and
ASARCO, Inc., CREDIT SUISSE
BOSTON, INC., CREDIT SUISSE FIRST
ON, LLC, and CREDIT SUISSE FIRST
ON (USA), INC.

      Defendant(s)

Index No.: 04/114728

**SUPPLEMENTAL SUMMONS**

FILED

FEB 17 2005

NEW YORK
COUNTY CLERK'S OFFICE

above named Defendants

You are hereby summoned to answer the Complaint in this action and to serve a copy of

answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance,

139

...tiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day

...within 30 days after the service is complete if this summons is not personally delivered

...the State of New York); and in case of your failure to appear or answer, judgment will

...against you by default for the relief demanded in the Complaint.

**WEITZ & LUXENBERG, P.C.**
*A New York Professional Corporation*
180 Maiden Lane
New York, NY 10038
(212)558-5500
FAX (212)344-5461

By: _____
Gary Klein, Esq.


**BARON & BUDD**
**A PROFESSIONAL CORPORATION**
Alan B. Rich, Esq.
The Centrum, Suite 1100
3102 Oak Lawn Avenue
Dallas, Texas 75219
(214) 521-3605
FAX: (214) 520-1181

Nº 193016

STATE OF NEW YORK,
COUNTY OF NEW YORK, ss:
I, NORMAN GOODMAN,
COUNTY CLERK AND CLERK
OF THE SUPREME COURT,
NEW YORK COUNTY,
DO HEREBY CERTIFY CN

MAR 28 2005

THAT I HAVE COMPARED THIS
COPY WITH THE ORIGINAL
FILED IN MY OFFICE ON
2/17/05
AND THAT THE SAME IS A
CORRECT TRANSCRIPT
THEREFROM AND OF THE
WHOLE OF SUCH ORIGINAL
IN WITNESS WHEREOF,
I HAVE HEREUNTO SET MY
HAND AND AFFIXED MY
OFFICIAL SEAL.
_____
COUNTY CLERK AND CLERK OF THE
SUPREME COURT, N.Y. (N.Y.) COUNTY.
FACSIMILE SIGNATURE USED
PURSUANT TO SEC. 503.
COUNTY LAW.

FEE PAID

FILED
2/17/05
COUNTY CLERK
NEW YORK COUNTY

—8· · · ·— **140**

...COURT OF THE STATE OF NEW YORK
...OF NEW YORK

...NELSON BURNS, MIRJANA
...VICH Administrator of the Estate of
...ovich, Deceased, and WARREN
...HALFPAP,

        Plaintiff(s),

...-against-

...MEXICO S. A. de C.V., a Mexican
...SOUTHERN PERU HOLDINGS
...ON, a Delaware Corporation, SPHC
...a Delaware Corporation, GRUPO
...MEXICO INTERNACIONAL, S. A.
...Mexican Corporation, MEXICANA
...SA de C.V. a Mexican Corporation,
...DORA MINERA MEXICO, S.A. de
...Mexican Corporation, JP MORGAN
...COMPANY f/k/a CHASE
...AN BANK & TRUST COMPANY,
...corporation, AMERICAS MINING
...ON, a Delaware Corporation,
...YOUNG LLP, ERNST & YOUNG
...RATE FINANCE, LLC, GERMAN
...A MOTA-VELASCO, Officer and
...of ASARCO, Inc., OSCAR GONZALEZ
...Officer and Director of ASARCO, Inc.,
...SUISSE FIRST BOSTON, INC.,
...SUISSE FIRST BOSTON, LLC and
...SUISSE FIRST BOSTON (USA), INC.

        Defendant(s)

Index No.: 04114728

**SECOND AMENDED
VERIFIED COMPLAINT**

...by their attorneys, WEITZ & LUXENBERG, P.C. and BARON & BUDD, P.C. for

...against Defendants respectfully allege as follows:

## PRELIMINARY STATEMENT

1.   This case concerns the acquisition and systematic liquidation of a multi-billion

1

...hundred year old, U.S. Corporation for the benefit of foreign investors and to the

...resident creditors. The companies and assets which made up Asarco Incorporated **141**

...were raided, sold for profit and transferred beyond the direct reach of individuals

...injured and owes compensation.

...This action arises under the New York Fraudulent Conveyance Act, DEBT. &

...§ 270 et seq. and the common law of New York concerning fraud. Plaintiffs all have

...against ASARCO for personal injuries related to asbestos exposure, and are all creditors

...Plaintiffs bring this action on behalf of themselves and as a plaintiff class, as

...(referred to hereinafter as the "Plaintiff Class").

## JURISDICTION, VENUE & CHOICE OF LAW

...Jurisdiction and venue are proper in the State of New York and New York County

...N.Y. C.P.L.R. art. 5 § 503. New York State Law governs plaintiffs' claims for

...

...The parties and the principal transfers complained of herein all have a significant

...with this jurisdiction. At the time of the Leveraged Buyout ("LBO"), ASARCO's

...headquarters was located in New York City. The corporate headquarters of defendant

...Chase & Company f/k/a Chase Manhattan Bank & Trust Co. ("Chase") is located in

...City.

...All defendants are authorized to transact business in the state and/or have

...to supply goods and services within the state. All defendant corporations and business

...committed tortious acts within the state of New York.

...ASARCO, defendant Grupo Mexico S.A. de C.V. ("GRUPO MEXICO"),

2

... Americas Mining Corporation ("AMC") and defendant CHASE have all contractually ... they might have had to contest the jurisdiction of this Court relating to the **142** ... contested herein. Further, these defendants have designated within those same ... that New York State Law governs principal transactions involved in the LBO.

... Defendant Ernst & Young, LLP and Ernst & Young Corporate Finance LLC ... conduct business in this state and county.

... Defendants Credit Suisse First Boston, Inc., Credit Suisse First Boston, LLC and ... Suisse First Boston (USA) Inc.'s (collectively "CSFB") principal offices are located in ... City, New York.

... The State of New York has the most significant interest in the outcome of this ...

### Plaintiffs

... Plaintiffs are present unsecured creditors of ASARCO whose claims have not ... satisfied. Plaintiffs are persons who were injured by ASARCO and whose tort claims were ... filed and unfiled against ASARCO at the time of the fraudulent conveyance(s) at issue. ... have "claims" against ASARCO and are therefore "creditors" as that term is defined ... the New York Fraudulent Conveyance Act ("the Act"), N.Y. DEBT & CRED. § 270.

... 11. The Plaintiffs are by name and citizenship: PHILLIP NELSON BURNS, a citizen ... State of Arizona; MIRJANA PAVKOVICH, Administrator of the Estate of Rade ... vich, Deceased, a citizen of the State of Arizona; and WARREN ELMER HALFPAP, a ... of the State of New York.

### Defendants

... 12. Defendant GRUPO MEXICO S. A. de C.V. ("GRUPO MEXICO") is a Mexican

3

143

GRUPO MEXICO may be served with process pursuant to the Convention on the [...] of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the [...] Convention) by providing the Summons and Complaint in proper form to the Mexican [...] Authority, which will provide formal service upon GRUPO MEXICO S.A. DE C.V., at [...] at Avenue Baja California 200, Colonia Roma Sur, 06760, Mexico City, Mexico. [...] herein to "GRUPO MEXICO" include GRUPO MEXICO S.A. de C.V. and its [...] and affiliates, defendants Americas Mining Corporation ("AMC"), Controladora [...] Mexico, S.A. de C.V. ("CMM"), Grupo Mexico Minera Mexico Internacional, S.A. de [...] and Mexicana de Cobre S.A. de C.V.

[...] Defendants SOUTHERN PERU HOLDINGS CORPORATION ("SPHC") and [...] are incorporated in the State of Delaware and maintain their corporate [...] 2575 East Camelback Road, Phoenix Arizona, 85016. The registered service [...] both SPHC and SPHC II is the Corporation Trust Center, 1209 Orange Street, [...] Delaware, 19801. SPHC is a holding company and was formed as a wholly owned [...] of ASARCO to facilitate the transfer of ASARCO's interest in Southern Peru Copper [...] ("SPCC") to defendant GRUPO MEXICO and/or its affiliates.

[...] Defendant GRUPO MEXICO MINERO MEXICO INTERNACIONAL, S.A. DE [...] ("GMMI") is a Mexican corporation. GMMI may be served with process pursuant to the [...] the Service Abroad of Judicial and Extrajudicial Documents in Civil or [...] Matters (the Hague Convention) by providing the Summons and Complaint in [...] to the Mexican Central Authority, which will provide formal service upon GRUPO [...] MINERO MEXICO INTERNACIONAL, S.A. DE C.V., at its headquarters at Avenue [...] California 200, Colonia Roma Sur 06760 Mexico City, Mexico. "

4

Defendant MEXICANA de COBRE S.A. de C.V. is a Mexican corporation. 144

COBRE S.A. de C.V. may be served with process pursuant to the Convention

Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters

Convention) by providing the Summons and Complaint in proper form to the

Central Authority, which will provide formal service upon MEXICANA de COBRE

C.V. at Kilometro 21 Carretera Nacozari Agua Prieta, 84346, Nacozari de Garcia,

Mexico.

Defendant CONTROLADORA MINERA MEXICO, S.A. de C.V.

a Mexican Corporation may be served with process pursuant to the Convention on

Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the

Convention) by providing the Summons and Complaint in proper form to the Mexican

Authority, which will provide formal service upon CONTROLADORA MINERA

CO S.A. de C.V., at its headquarters at Avenue Baja California 200, Colonia Roma

760 Mexico City, Mexico.

17.    Defendant AMERICAS MINING CORPORATION ("AMC") is incorporated in

of Delaware and maintains its principal place of business at 2575 East Camelback

Phoenix, Arizona, 85016.   AMC is a wholly owned subsidiary of defendant GRUPO

CO.

18.    Defendant JP MORGAN CHASE & COMPANY f/k/a CHASE MANHATTAN

("Chase") is a Delaware Corporations whose corporate headquarters are located in New

ity, New York.  Chase Manhattan Bank is a "legacy" company of JP Morgan Chase & Co.

19.    Defendant ERNST & YOUNG, LLP and Defendant ERNST & YOUNG

5

FINANCE, LLC (collectively "Ernst & Young") are limited liability companies - -  **145**
firms with worldwide offices including offices in New York City, New York.

Defendants CREDIT SUISSE FIRST BOSTON, INC., a Delaware Corporation,
SUISSE FIRST BOSTON, LLC a Delaware Limited Liability Company and CREDIT
FIRST BOSTON (USA), INC. a Delaware Corporation (collectively "CSFB") served as
advisor to ASARCO's Board of Directors at the time of the LBO and a commercial
financially backed the LBO and profited from the transaction. CSFB does business
but regularly conducts business in New York City and the State of New York. The ·
office of each CSFB entity is Eleven Madison Avenue, New York N.Y.

Defendant GERMAN LARREA MOTA-VELASCO was the Chairman and Chief .
Officer of ASARCO from November 1999 and at the date of the transfer of SPCC to
also Chairman of the Board of SPCC and Chief Executive Officer and Chairman
Board of GRUPO MEXICO, and he owes a fiduciary duty to ASARCO's creditors,
plaintiffs. Mr. Mota-Velasco may be served with process pursuant to the Convention
Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters·
Convention) by providing the Summons and Complaint in proper form to the
Central Authority, which will provide formal service upon Mr. Mota-Velasco at his
business at Avenue Baja California 200, Colonia Roma Sur 06760 Mexico City,

Defendant OSCAR GONZALEZ ROCHA was a Director of ASARCO at the
transfer of SPCC to AMC. At that time he was also President, General Director and
Operating Officer of SPCC, and he owes a fiduciary duty to ASARCO's creditors,

6

Plaintiffs. Mr. Rocha may be served with process at his place of business at its

place of business at 2575 East Camelback Road, Phoenix, Arizona.

## PLAINTIFF CLASS

23. The Plaintiff Class is defined as: All persons who were exposed to, inhaled,

or otherwise absorbed asbestos or asbestos containing products in the course of their

during non-occupational work projects (including but not limited to, home and

repairs, maintenance and remodeling) and/or in other ways, which were

sold, distributed or installed directly or indirectly by ASARCO, Inc. and have or

asbestos related diseases. All members of the Plaintiff Class are unsecured

of ASARCO, entitled to judgment against the Defendants and Defendant Class who

negligent and intentional acts, fraudulently conveyed and/or facilitated the conveyance of

principal assets which should rightfully be available to compensate the Plaintiff

injuries arising from ASARCO's tortious conduct.

## DEFENDANT CLASS

24. The Defendant Class is defined as all named defendants who participated in and

from the liquidation of ASARCO's principal assets.

## BACKGROUND ALLEGATIONS

### ASARCO BEFORE THE LEVERAGED BUYOUT

25. Prior to the leveraged buyout of ASARCO by GRUPO MEXICO, ASARCO's

filed financial statements portrayed ASARCO as a solvent, international, publicly

corporation, listed on the New York Stock Exchange with more than four billion dollars in

and a low debt to asset ratio.

26. However, the Defendants, including the Officers and Directors of ASARCO, were

...ple claims against the company for environmental cleanup relating to ASARCO's

...smelting operations in the United States and thousands of asbestos related personal    : **147**

...stemming from the operation of ASARCO's own facilities and those of two of

...subsidiaries Capco Pipe Company (asbestos product manufacturer and distributor)

...Amiante du Quebec (LAQ) (asbestos mining operation).

...Taking these present and anticipated creditor claims into account, ASARCO was

...facing insolvency prior to the LBO.

...ASARCO's Directors decided to sell the company. The Directors, all insiders and

...of ASARCO, entertained and accepted tender offers from Phelps Dodge

...and defendant GRUPO MEXICO.

...The sale of ASARCO and the liquidation of the company's principal assets prior

...of its environmental claims, including asbestos claims, and its other anticipated

...creditor claims, unlawfully favored shareholders at the expense of creditors including

## OVERVIEW OF GRUPO MEXICO'S TENDER OFFER AND INTEGRATED PLAN OF LIQUIDATION

...GRUPO MEXICO offered to purchase ASARCO's stock for cash through a

...buyout. GRUPO MEXICO's tender offer consisted of $29.75 per share, a guarantee of

...from Chase and other lenders including CSFB to ASARCO to repurchase its own stock

...ption of $1.2 billion dollars in "pre-existing corporate debt." GRUPO MEXICO's

...did not, however, involve actually paying-off all of ASARCO's "pre-existing corporate

...GRUPO MEXICO would then force ASARCO to become responsible for the loan

8

lenders, requiring ASARCO (rather than GRUPO MEXICO) to pay for its

GRUPO MEXICO. ASARCO was thus forced to repay the loans made to

MEXICO by cannibalizing itself through the sale of its own assets.

As for the "pre-existing corporate debt" most of the debt was not owed or

ASARCO. This debt was SPCC's, and it arose out of an expansion project of

copper mining operations. Nevertheless, upon information and belief, GRUPO

also required that assets of ASARCO be liquidated to pay down SPCC's debt.

having used its own assets to pay down SPCC's debt, ASARCO transferred its SPCC

GRUPO MEXICO for unreasonably small consideration.

## GRUPO MEXICO's PURCHASE AND PRIVATIZATION OF ASARCO

In November 1999, GRUPO MEXICO purchased ASARCO in a "bust up"

wherein the non-mining assets of ASARCO were sold to finance the purchase.

The acquisition of ASARCO by GRUPO MEXICO was accomplished through the

repurchase of ASARCO's stock. Prior to its tender offer, GRUPO MEXICO,

subsidiary, acquired slightly more than 9% of the outstanding ASARCO common

and was the company's largest, single shareholder. As ASARCO repurchased its own

GRUPO MEXICO's ownership interest in ASARCO increased.

In connection with the acquisition, GRUPO MEXICO caused ASARCO to merge

GRUPO MEXICO merger subsidiary with "ASARCO" being the survivor. GRUPO

ASARCO stock was then transferred to another holding company, defendant

Mining Corporation (AMC).

After redemption/share repurchase of the other ASARCO shareholders, GRUPO

privatized ASARCO in anticipation of liquidating its non-mining assets. ASARCO

the New York Stock Exchange, and ASARCO was no longer required to 149

financial reports.

In a series of related, integrated and designed transactions, GRUPO MEXICO

ASARCO by means of a leveraged buyout for less than fair consideration, without good

derogation of creditors' rights, including plaintiffs'.

GRUPO MEXICO's acquisition costs for the purchase of ASARCO were paid

borrowed by ASARCO. In November 1999, GRUPO MEXICO negotiated with

financing to redeem ASARCO's stock.

To pay initial acquisition costs, GRUPO MEXICO caused ASARCO (through the

MEXICO merger subsidiary) to borrow eight hundred seventeen million dollars

000 ("acquisition loan") from defendant Chase.

Chase also set up and syndicated a four hundred fifty million dollar

000 revolving line of credit for ASARCO which added to the company's debt load

service.

As collateral, ASARCO pledged its ownership interest in SPCC, Enthone-OMI,

related companies (collectively "Enthone") and American Limestone Company and

companies (collectively "American Limestone"). (SPCC, Enthone and American

are collectively referred to herein as "ASARCO's principal assets"). As a part of

MEXICO's acquisition and in anticipation of transfer to GRUPO MEXICO, ASARCO

SPCC stock in a wholly owned subsidiary and holding company, Southern Peru

Corporation ("SPHC"). At the time of acquisition, ASARCO owned approximately

the voting stock of SPCC.

Chase and the other participating banks expected to be paid, and were paid, as

10