not to the benefit of ASARCO or its creditors.

68.     ASARCO received less than fair consideration for the sale of certain of its business equipment at auction and the sale of its principal assets since the proceeds of these conveyances accrued to the benefit of third parties (GRUPO MEXICO, AMC, the former shareholders of ASARCO and Chase) and not to the benefit of ASARCO or its creditors.

69.     Plaintiffs are entitled to judgment against GRUPO MEXICO and AMC declaring the conveyance of ASARCO to GRUPO MEXICO and AMC, the encumbrance and sale of ASARCO's business equipment and principal assets and the redemption of its stock to be individually and collectively fraudulent as to the debts owed plaintiffs pursuant to N. Y. DEBT. & CRED. §273. Plaintiffs are entitled to appropriate equitable and legal relief thereto.

### PLAINTIFFS' SECOND CLAIM FOR RELIEF
*(Constructive Fraud- Conveyance Resulting in Insufficiency of Capital)*

Plaintiffs re-adopt and re-allege the allegations contained in paragraphs 1-69 and for their Second Claim for Relief state as follows:

70.     At the direction of GRUPO MEXICO and AMC, ASARCO redeemed its stock and conveyed away certain of its business equipment and its principal assets without fair consideration, when ASARCO was engaging or about to engage in a business or transaction for which the property remaining in ASARCO's hands after the conveyance represented unreasonably small capital.

71.     Plaintiffs are entitled to judgment against GRUPO MEXICO and AMC declaring the encumbrance and conveyance of ASARCO's business equipment and

16

226

principal assets and redemption of ASARCO's stock individually and collectively, fraudulent as to the Debts owed plaintiffs pursuant to N. Y. DEBT. & CRED. § 274. Plaintiffs are entitled to appropriate equitable and legal relief thereto.

### PLAINTIFFS' THIRD CLAIM FOR RELIEF
*(Actual Fraud: Conveyance in Anticipation of Debts)*

Plaintiffs re-adopt and re-allege the allegations contained in paragraphs 1-71 and for their Third Claim for Relief state as follows:

72.    In a series of transactions undertaken at the direction of GRUPO MEXICO and AMC, ASARCO was sold to GRUPO MEXICO and transferred to AMC, ASARCO's stock was redeemed and ASARCO's business equipment and principal assets were encumbered and/or sold for less than fair consideration, with the intent or belief that ASARCO would incur debts beyond its ability to pay as they mature.

73.    GRUPO MEXICO and AMC were aware of plaintiffs' (and other, environmental) claims against ASARCO prior to the conveyances referenced herein, and these defendants knew these claims would remain unsatisfied under the integrated plan of liquidation.

74.    Plaintiffs are entitled to judgment against GRUPO MEXICO and AMC declaring the sale of ASARCO to GRUPO MEXICO, the transfer of ASARCO to AMC, the redemption of ASARCO's stock and the encumbrance and conveyance of ASARCO's business equipment and/or principal assets to be fraudulent to the debts owed to plaintiffs pursuant to N.Y. DEBT. & CRED. § 275. Plaintiffs are entitled to appropriate equitable and legal relief thereto.

### PLAINTIFFS' FOURTH CLAIM FOR RELIEF
*(Actual Fraud: Conveyance with Intent to Frustrate Creditor Claims/Conspiracy)*

17

227

Plaintiffs re-adopt and re-allege the allegations contained in paragraphs 1-74 and for their Fourth Claim for Relief state as follows:

75.    The redemption of ASARCO's stock and the sale and liquidation of ASARCO through the LBO were undertaken through an integrated plan and design orchestrated by defendant GRUPO MEXICO and executed with the complicity of others, including AMC and Chase.

76.    The redemption of ASARCO' stock and liquidation of ASARCO's assets occurred when:

a.    ASARCO was insolvent and/or with the knowledge that the transfers, (individually and/or collectively) would result in ASARCO's insolvency;

b.    GRUPO MEXICO, AMC and Chase were aware of pending litigation against ASARCO for environmental claims and personal injury claims related to asbestos exposure which had rendered or would render the company insolvent;

c.    ASARCO lacked adequate financial means to meet its debts as they matured;

d.    The assets transferred were the principal assets of the corporation and made up the majority of the company's assets in value;

e.    The transfers were made for less than fair consideration;

f.    The transfer(s) benefitted insiders including ASARCO's Directors and other former shareholders, GRUPO MEXICO and AMC at the expense of unsecured creditors including plaintiffs.

77.    The redemption of stock and liquidation of ASARCO's assets was designed to strip the company of assets before unsecured creditor claims matured; the redemption of ASARCO' stock and the sale and liquidation of ASARCO's business equipment and principal assets was undertaken with the intent to hinder, delay or defraud creditors.

18

78.    Plaintiffs are entitled to judgment against GRUPO MEXICO, AMC and Chase declaring the sale of ASARCO to GRUPO MEXICO and AMC, the redemption of ASARCO's stock and the encumbrance and conveyance of ASARCO's business equipment and principal assets to be fraudulent pursuant to N.Y. DEBT. & CRED. § 276. Plaintiffs are entitled to appropriate equitable and legal relief thereto.

79.    Because these transfers were fraudulent conveyances, committed with the actual intent to defraud creditors, punitive damages should be recovered from the defendants, jointly and severally, in an amount not less than three-times actual damages.

### PLAINTIFFS' FIFTH CLAIM FOR RELIEF
*(Fraudulent Conveyance: Liability of Transferee Chase)*

Plaintiffs re-adopt and re-allege the allegations contained in ¶'s 1-79 and for their Fifth Claim for Relief state as follows:

80.    Defendant Chase is the transferee who provided the senior layer of debt necessary to carry out the LBO.

81.    Chase knew the LBO was to be a "bust up" acquisition with the assets of ASARCO to be conveyed away from ASARCO for less than fair consideration since the proceeds of these transfers would not benefit ASARCO or its creditors but would instead accrue to third parties, ASARCO's former shareholders, GRUPO MEXICO and AMC.

82.    Chase knew ASARCO was insolvent just prior to the LBO or would be rendered insolvent as a result of the conveyances attendant to the LBO and/or the debt service Chase imposed for the acquisition and operating loans to ASARCO.

83.    Chase knew ASARCO was to be liquidated and would be left with unreasonably small capital resources to continue its traditional business operations.

19

220

84.    Chase knew ASARCO was to be liquidated at a time when ASARCO, GRUPO MEXICO and AMC believed ASARCO would incur debts beyond its ability to pay as they matured.

85.    Chase knew the plan of liquidation was undertaken with the intent to hinder, delay and/or defraud creditors.

86.    The encumbrance of ASARCO's principal assets in favor of Chase is a "conveyance" of ASARCO's (the debtor's) property within the meaning of the Act. N. Y. DEBT. & CRED. § 270.

87.    Loan payments relating to the LBO received by Chase and participating banks under priority liens, including but not limited to proceeds from the sale of ASARCO's principal assets and other loan payments made by ASARCO or by GRUPO MEXICO (or its affiliates) on behalf of ASARCO (collectively "loan payments") are "conveyances" of ASARCO's (the debtor's) property within the meaning of the Act. N. Y. DEBT. & CRED. § 270.

88.    The loan payments received by Chase are not protected from recapture under N. Y. DEBT & CRED. 272(b) because Chase did not act in good faith herein and/or the property received by ASARCO from Chase was disproportionately small as compared with the value of the obligation to Chase.

89.    In derogation of creditor's rights, including plaintiffs, Chase failed to conduct an adequate financial investigation of ASARCO's solvency before loaning and/or making more than one billion (1,000,000,000) dollars to ASARCO and accepting mortgages encumbering ASARCO's principal assets.

90.    Chase knew or should have known that as a result of the planned

liquidation of ASARCO's principal assets:

    a.    The fair salable value of ASARCO's remaining assets would be less than ASARCO's liabilities;

    b.    These transfers would leave ASARCO with an unreasonably small amount of capital for the business in which it was engaged or proposed to engage in the future;

    c.    ASARCO could not reasonably be expected to meet its obligations as the matured.

91.    Chase knew or should have known that the debtor was insolvent or would be rendered insolvent by the transfers or would be rendered insolvent as a result of the integrated plan of liquidation, that the debt service imposed by Chase would further diminish ASARCO's ability to pay creditors and ASARCO has no reasonable prospects for survival.

92.    Chase transferred funds to ASARCO in exchange for a lien against ASARCO's principal assets and accepted loan payments for less than fair consideration with actual or constructive knowledge that the transaction would increase or lead to ASARCO's insolvency and fraud on ASARCO's creditors including plaintiffs.

93.    Plaintiffs are entitled to judgment against defendant Chase for the value of the property conveyed and/or judgment declaring the loan payments attendant to the LBO made by or on behalf of ASARCO to Chase to be fraudulent as to the Debts owed plaintiffs pursuant to DEBT. & CRED. §§ 273, 274, 275 & 276.  Plaintiffs are entitled to appropriate equitable and legal relief thereto.

### PLAINTIFFS' SIXTH CLAIM FOR RELIEF
*(Fraudulent Conveyance: Insurance Proceeds)*

Plaintiffs re-adopt and re-allege the allegations contained in ¶'s 1-93 and for their

231

Sixth Claim for Relief state as follows:

94.    Plaintiffs all have "claims" against ASARCO and are therefore "creditors" of ASARCO under the Act. N. Y. DEBT. & CRED. § 270 ASARCO is liable to plaintiffs and therefore is a "debtor" pursuant to the Act. N. Y. DEBT. & CRED. § 270.

95.    The heavy discounting of future insurance proceeds and the transfer of said insurance proceeds at the direction of GRUPO MEXICO or its affiliates to ASARCO's general operating fund and the subsequent disbursement of those monies are "conveyances" of ASARCO's (the debtor's) property pursuant to the Act.

96.    At the time the insurance proceeds were conveyed, ASARCO was insolvent or would be rendered insolvent as a result of the transfer and/or the integrated plan of liquidation.

97.    As a result of the conveyance of the insurance proceeds and/or the integrated plan of liquidation, ASARCO lacked sufficient capital to continue its traditional business operations.

98.    The transfer of the insurance proceeds occurred at a time when ASARCO, GRUPO MEXICO and GRUPO MEXICO's affiliates knew or believed ASARCO would incur debts which it would be unable to pay as they matured.

99.    The transfer of the insurance proceeds was undertaken with the intent to hinder, delay or defraud ASARCO's creditors.

100.    Plaintiffs are entitled to judgment against ASARCO, GRUPO MEXICO and its affiliates declaring the conveyance of the insurance proceeds to be fraudulent as to the Debts owed plaintiffs pursuant to N. Y. DEBT. & CRED. §§ 273, 274, 275 & 276. Plaintiffs are entitled to equitable and legal relief thereto.

22

232

### PLAINTIFFS' SEVENTH CLAIM FOR RELIEF
*(Fraudulent Conveyance: Transfer to Insiders)*

Plaintiffs re-adopt and re-allege the allegations contained in ¶'s 1-100 and for their Seventh Claim for Relief state as follows:

101.    GRUPO MEXICO, AMC, GMM, Compania Mexico de Cobra and ASARCO are all interrelated companies, affiliates and "insiders" owned or controlled by GRUPO MEXICO.

102.    As part of the alleged consideration for the transfer of ASARCO's interest in SPCC to GRUPO MEXICO and its affiliates, ASARCO allegedly received debt forgiveness of an antecedent inter-company debt from Compania Mexico de Cobra, an affiliate of GRUPO MEXICO.

103.    The forgiveness of inter-company debt is a "conveyance" within the meaning of the Act. N. Y. Debt. & Cred. §270.

104.    At the time of the debt forgiveness, ASARCO was either insolvent or rendered insolvent as a result of redemption of its stock and the conveyance of its principal assets and/or the execution of the integrated plan of liquidation.

105.    The conveyance by an insolvent to an affiliate or insider in satisfaction of an antecedent debt lacks good faith and is constructively fraudulent.

106.    Plaintiffs are entitled to judgment against ASARCO, GRUPO MEXICO and COMPANIA MEXICO DE COBRA declaring the conveyance of the SPCC stock in exchange for debt forgiveness to be fraudulent as to debts owed plaintiffs pursuant to N. Y. DEBT & CRED. § 273. Plaintiffs are entitled to legal and equitable relief thereto.

23

233

## PLAINTIFFS' EIGHTH CLAIM FOR RELIEF
*(Professional Negligence and Misrepresentation: As to Defendant Ernst & Young)*

Plaintiffs re-adopt and re-allege the allegations contained in ¶'s 1-106 and for their Eighth Claim for Relief state as follows:

107.    Defendants ERNST & YOUNG LLP and ERNST & YOUNG CORPORATE FINANCE LLC (collectively "Ernst & Young") were engaged to provide an opinion as to the value of 43,348,949 shares of Class A Common Stock of Southern Peru Copper Company representing 54.18% of the voting shares of that publically traded corporation which were held by SPHC, a wholly owned subsidiary of ASARCO, ("stock interest").

108.    Ernst & Young expressed a professional valuation with full knowledge that its opinion would be relied upon by a limited class of third parties to which Ernst & Young owed a duty of care, including the United States Justice Department, The Federal Courts of the United States and plaintiffs.

109.    The valuation opinion of Ernst & Young provided the principal basis for the United States District Court for the District of Arizona to approve the sale of the stock interest to Grupo and/or its wholly owned subsidiary AMC to the detriment of plaintiffs.

110.    Ernest & Young recklessly and knowingly and without the professional competence required of a Certified Public Accounting firm sold an opinion letter, which falsely represented that the fair value of ASARCO's controlling interest in SPCC was worth less than the book value of ASARCO's share of the underlying assets of the company.

24

234

111.  Ernst & Young had a duty to plaintiffs to issue an opinion based on impartial and independent knowledge of the copper industry.  Despite knowing that the purchaser of the stock interest was an insider with full information regarding the company, the company's prospects and the copper market,  Ernst & Young breached its duty to plaintiffs by undervaluing the stock interest based on information provided by the purchaser, Grupo and/or entities controlled by Grupo.

112.  Ernst & Young had a duty to plaintiffs to be competent to issue an opinion as to the value of SPCC as a going concern. Without taking into consideration SPCC's on-going expansion of its mining operations and the increasing value of its copper reserves in a rising copper market, Ernst & Young's valuation negligently only reflects historic and public financial information.

113.  Ernst and Young breached its duty to plaintiffs by failing to exercise due care and the professional competence required of a Certified Public Accounting firm and by issuing an opinion which it knew or should have known grossly understated the value of the stock interest, thereby allowing the stock interest to be sold to Grupo for less than fair and adequate consideration, placing ASARCO's most valuable asset outside the direct reach of creditors.

114.  Plaintiffs are entitled to judgment against Ernst & Young for damages resulting from its professional negligence and misrepresentation as to the value of the stock interest.

**PLAINTIFFS' NINTH CLAIM FOR RELIEF**
*(Breach of Fiduciary Duty:  ASARCO's Officer's & Directors)*

Plaintiffs re-adopt and re-allege the allegations contained in paragraphs 1 -114 and

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
MAIDEN LANE
YORK, N.Y. 10038

25

for their Ninth Claim for Relief state as follows:                                235

115.    Defendants GERMAN LARREA MOTA-VAELASCO, OSCAR GONZALES ROCHA and DANIEL TELLCHA-SALIDO were all Officers and Directors of ASARCO (collectively "Director Defendants") when the principal assets of ASARCO were being liquidated.

116.    The sale of ASARCO's principal assets for less than fair and adequate consideration and the misappropriation of the proceeds of the sale for the benefit of Defendants and to the detriment of ASARCO's creditors was undertaken at a time when ASARCO was unable to pay its debts as they became due and was insolvent or would become insolvent as a direct result of the transfers. Therefore, the individual director and officer defendants owed a fiduciary duty to the creditors of ASARCO, and duty which they breached by going forward with the SPCC transaction.

117.    ASARCO's insolvency was a direct result of the liquidation of ASARCO's principal assets at the institution, approval and direction of the Defendant Directors.

118.    Directors of an insolvent corporation, such as ASARCO, have a fiduciary duty to act for the benefit of creditors of the company.

119.    Director Defendants breached their fiduciary duty to ASARCO's creditors, including plaintiffs, by liquidating assets for less than full and adequate consideration and without full compliance with statutory procedures designed to protect the rights of creditors.

120.    Pursuant to N. Y. Bus. Corp. Law § 720 (McKinney 2004), Defendant Directors must account and respond in damages for the amount by which less than full value was realized by ASARCO upon the liquidation of its principal assets.

26

121.   Plaintiffs are entitled to judgment against Defendant Directors for the     236

losses sustained by creditors through the depletion of ASARCO's principal assets.

## CLAIM FOR RELIEF

**WHEREFORE**, plaintiffs respectfully request this Court:

(1)    Award actual monetary damages, attorney's fees and costs against

defendants.

(2)    Award punitive damages against these defendants who have engaged in

actual fraud as to the Debts owed plaintiffs in an amount not less than three

times actual damages.

(3)    Set aside or annul the conveyances described herein as fraudulent to the

extent necessary to satisfy plaintiffs' claims, authorize attachment or levy of

execution upon the property wrongfully conveyed, place ASARCO's

wrongly conveyed assets in trust and/or appoint a receiver to hold and

manage those assets of ASARCO for payment of creditor claims.

(4)    And/or make any order which the circumstances of the case may require.

Respectfully submitted,

**WEITZ & LUXENBERG, P.C.**
*A New York Professional Corporation*
180 Maiden Lane
New York, NY 10038
(212)558-5500
FAX (212)344-5461

By
Arthur Luxenberg

27

237

BARON & BUDD
A PROFESSIONAL CORPORATION
The Centrum, Suite 1100
3102 Oak Lawn Avenue
Dallas, Texas 75219
(214) 521-3605
FAX: (214) 520-1181

By:

Alan B. Rich
Texas State Bar No. 16852350

№ 179355

STATE OF NEW YORK,
COUNTY OF NEW YORK, SS:
I, NORMAN GOODMAN,
COUNTY CLERK AND CLERK
OF THE SUPREME COURT,
NEW YORK COUNTY,
DO HEREBY CERTIFY ON

OCT 18 2004

THAT I HAVE COMPARED THIS
COPY WITH THE ORIGINAL
FILED IN MY OFFICE ON

10 15 04

AND THAT THE SAME IS A
CORRECT TRANSCRIPT
THEREFROM AND OF THE
WHOLE OF SUCH ORIGINAL.
IN WITNESS WHEREOF, I
HAVE HEREUNTO SET MY
HAND AND AFFIXED MY
OFFICIAL SEAL.

COUNTY CLERK AND CLERK OF THE
SUPREME COURT, NEW YORK COUNTY

FACSIMILE SIGNATURE USED
PURSUANT TO SEC. 803,
COUNTY LAW.

FEE PAID

FILED
10 15 04
COUNTY CLERK
NEW YORK COUNTY

28

# RIDER

**Defendants' Addresses:**

GRUPO MEXICO S.A. de C.V.
Avenue Baja California 200
Colonia Roma Sur
Mexico City, Mexico 06760

SOUTHERN PERU HOLDING CORPORATION
2575 East Camelback Road
Phoenix, Arizona

SOUTHERN PERU HOLDING CORPORATION II
2575 East Camelback Road
Phoenix, Arizona

GRUPO MEXICO MINERO
MEXICO INTERNACIONAL, S.A. de C.V
Avenue Baja California 200
Colonia Roma Sur
Mexico City, Mexico 06760

COMPANIA MEXICANA de COBRE
Avenue Baja California 200
Colonia Roma Sur
Mexico City, Mexico 06760

AMERICAS MINING CORPORATION
2575 East Camelback Road
Phoenix, Arizona

JP MORGAN CHASE f/k/a CHASE
MANHATTAN BANK
c/o CT Corporation System
111 Eighth Avenue
New York, New York 10011

ERNST & YOUNG, LLP
787 Seventh Avenue
New York, NY 10019

ERNST & YOUNG CORPORATE
FINANCE, LLC

29



239

787 Seventh Avenue
New York, New York 10019

GERMAN LARREA MOTA-VAELASCO
Avenue Baja California 200
Colonia Roma Sur
Mexico City, Mexico 06760
OSCAR GONZALES ROCHA
2575 East Camelback Road
Phoenix, Arizona

DANIEL TELLECHEA SALIDO
2575 East Camelback Road
Phoenix, Arizona

30

240.

## VERIFICATION

The undersigned, an attorney admitted to practice in the Courts of the State of New York, is the attorney of record for Phillip Nelson Burns, Mirjana Pavkovich, Administrator of the Estate of Rade Pavkovich, Deceased and Warren Elmer Halfpap, in the within action; deponent has read the foregoing Complaint and knows the contents thereof; the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief and that as to those matters deponent believes them to be true. This verification is made by deponent and not by plaintiff because plaintiffs reside outside the County wherein attorney maintains his office for the practice of law.

_____
Arthur Luxenberg

24

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

PHILLIP NELSON BURNS, MIRJANA
PAVKOVICH, Administrator of the Estate of
Rade Pavkovich, Deceased, and WARREN
ELMER HALFPAP,

Plaintiff(s),

-against-

GRUPO MEXICO S.A. de C.V., a Mexican
Corporation, SOUTHERN PERU HOLDING
CORPORATION, a Delaware Corporation,
1.1a(b)
SOUTHERN PERU HOLDING CORPORATION
II, a Delaware Corporation, GRUPO MINERO
MEXICO INTERNACIONAL, S.A. DE C.V., a
Mexican Corporation, COMPANIA MEXICANA
De COBRE, a Mexican Corporation, JP MORGAN
CHASE & COMPANY f/k/a CASE MANHATTAN
BANK & TRUST COMPANY, a Delaware
Corporation AMERICAS MINING CORPORATION,
a Delaware Corporation, ERNST & YOUNG, LLP,
ERNEST & YOUNG CORPORATE FINANCE, LLC,
GERMAN LARREA MOTO-VAELASCO, Officer
And Director of ASARCO, Inc., OSCAR GONZALES
ROCHA Officer and Director of ASARCO, INC.,
DANIEL TELLECHEA SALIDO, Officer and Director
of ASARCO, INC.

Defendants.

Index #:

Hon.

CERTIFICATION

Pursuant to NYCRR
Section 130-

   I hereby certify pursuant to 22 NYCRR Sec. 130-1.1a(b) that, to the best of my

knowledge, information and belief, formed after an inquiry reasonable under the

circumstances, the presentation of the papers listed below or the contentions therein

are

not frivolous as defined in 22 NYCRR Sec. 130-1.1(c):

Dated:  New York, New York
        October 15, 2004

WEITZ & LUXENBERG, P.C.
*A New York Professional Corporation*
180 Maiden Lane
New York, NY 10038
(212)558-5500
FAX (212)344-5461

By: _____
        Arthur Luxenberg





SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.

PHILLIP NELSON BURNS, MIRJANA PAVKOVICH,
Administrator of the Estate of Rade Pavkovich, Deceased,
and WARREN ELMER HALFPAP,

Plaintiff(s),

-against-

GROUP MEXICO S.A. de C.V., a Mexican Corporation, et. al.,

Defendants.

SUMMONS and COMPLAINT

WEITZ & LUXENBERG, P.C.
Attorneys for PLAINTIFFS
180 Maiden Lane
New York, NY 10038
212-558-5500

BARON & BUDD
A Professional Corporation
The Centrum, Suite 1100
3102 Oak Lawn Avenue
Dallas, TX 75219
(214) 521-3605

To
Attorney(s) for

Service of a copy of the within
is hereby admitted.
Dated, October 15, 2004

MEXICO, D
DOS MIL C

Tribunal, se
Tribunal Su
York, E.U
Exteriores,
Gobierno l
solicita la
emplazami
se contien
S.A. DE
Secretario
fracción V
de Justicia
Secretaría
devuelta a
Notifíquese
Civil en el
autoriza y

244

MEXICO, DISTRITO FEDERAL A VEINTIUNO DE JUNIO DEL
DOS MIL CINCO.

Con el oficio que envía la Presidencia de este H.
Tribunal, se tienen por recibida la carta rogatoria librada por el
Tribunal Supremo del Estado de Nueva York, Condado de Nueva
York, E.U.A. por conducto de la Secretaría de Relaciones
Exteriores, fórmese expediente y regístrese en el Libro de
Gobierno bajo el número 502/2005 y en consecuencia, como lo
solicita la Autoridad Remitente, procédase a realizar el
emplazamiento en la forma y términos indicados en la apostilla que
que contiene, a la Persona Moral denominada GRUPO MEXICO,
S.A. DE C.V., en el domicilio indicado, por conducto del C.
Secretario Conciliador adscrito a este Juzgado, en términos de la
fracción V del artículo 60 de la Ley Orgánica del Tribunal Superior
de Justicia del Distrito Federal, y hecho que sea, devuélvase a la
Secretaría de Relaciones Exteriores para que por su conducto sea
devuelta a su lugar de origen por los conductos legales debidos.-
Notifíquese, lo proveyó y firma la C. Juez Trigésimo Quinto de lo
Civil en el Distrito Federal, ante su C. Secretario de acuerdos, que
autoriza y da fe. -

EN EL "BOLETIN JUDICIAL" No. 119    CORRESPONDIENTE AL
DIA 23 DE JULIO    DE 20 05
SE HIZO LA PUBLICACION DE LEY Y ESTE
EN 23 DE JULIO    DEL 05 A LAS DOCE DEL DIA
SURTIO SUS EFECTOS LA NOTIFICACION DEL DIA HABIL SIGUIENTE, CONSTE





245

"130 años impartiendo justicia."

JUZGADO 35° CIVIL
Secretaria "B"
Exp. 502/2005

...MICILIO: AVENIDA BAJA CALIFORNIA NÚMERO 200, COLONIA ROMA SUR,
...0, MÉXICO DISTRITO FEDERAL.

C E D U L A   D E   N O T I F I C A C I O N.

...OR: PERSONA MORAL DENOMINADA GRUPO MÉXICO S.A. DE C.V.

...LOS AUTOS RELATIVOS A LA CARTA ROGATORIA NÚMERO 04/114728,
...ovida por NELSON BURNS PHILLIP Y OTROS., en contra de GRUPO MÉXICO,
...A DE C.V. Y OTRO. LA C. JUEZ TRIGÉSIMO QUINTO DE LO CIVIL DICTO UN
...O QUE A LA LETRA DICE:
...XICO, DISTRITO FEDERAL, A VEINTIUNO DE JUNIO DEL DOS MIL CINCO.
...al efecto que envía la Presidencia de este H. Tribunal, se tienen por recibida la carta
...ria librada por el Tribunal Supremo del Estado de Nueva York, Condado de Nueva
...E.U.A. por conducto de la Secretaria de Relaciones Exteriores, fórmese expediente y
...rese en el Libro de Gobierno bajo el número 502/2005, y en consecuencia, como lo
...ta la Autoridad Remitente, procédase a realizar el emplazamiento en la forma y
...inos indicados en la apostilla que se contiene a la Persona Moral denominada GRUPO
...XICO, S.A. DE C. V., en el domicilio indicado por conducto del C. Secretario
...iliador adscrito a este Juzgado, en términos de la fracción V del artículo 60 de la Ley
...ica del Tribunal Superior de Justicia del Distrito Federal, y hecho que sea, devuélvase
...Secretaria de Relaciones Exteriores para que por su conducto sea devuelta a su lugar de
...en por lo conductos legales debidas.-Notifíquese. Lo proveyó y firma la C. Juez
...ésimo Quinto de lo Civil en el Distrito Federal, ante su C. Secretaria de acuerdos por
...sterio de Ley, que autoriza y da fe.
...S FIRMAS ILEGIBLES, SELLO Y RUBRICAS.
...OMPAÑANDO AL EFECTO LOS DOCUMENTOS A NOTIFICAR.

...que notifico a Usted por medio del presente instructivo, en virtud de no haber esperado
...escrito: instructivo que dejo a ...

México, D. F., a ... de ... de 2005.
El Secretario Actuario

Burns contra Grupo México S.A. de C.V.
o México, S.A. de C.V.
e del Tribunal: 04/114728

## CERTIFICACIÓN

246

nfrascrita tiene el honor de certificar, conforme al artículo 6 de dicho Convenio,

tición ha sido ejecutada*

echa) Primero de Julio del dos mil cinco

ocalidad, calle, número) Avenida Baja California número 200, Colonia Roma Sur,
06760, en México Distrito Federal

ua de las formas siguientes previstas en el artículo quinto:

(a) Según las formas legales (artículo 5, párrafo primero, letra a)*.

(b) Según la forma particular siguiente*: _____

_____

(c) Por simple entrega al destinatario que lo aceptó voluntariamente*.

s mencionados en la petición han sido entregados a:

dentidad y calidad de la persona) Daniel Estrada Martens Estrada. Credencial del
uto Federal Electoral número 0000009045001.

iculos de parentesco, subordinación y otros, con el destinatario del documento:
ijo ser Empleado de la sociedad buscada.

ción no ha sido ejecutada en razón a los hechos siguientes*:

_____

rtículo 12, párrafo segundo, de dicho Convenio se ruega al requirente el pago o reembolso de los gastos cuyo
n la declaración adjunta*.

N DE LOS DOCUMENTOS: Orden Propuesta, Citación Suplementaria y Segunda Demanda Modificada Verificada, Citación
Primera Demanda Modificada Verificada, Citación y Demanda Verificada con Certificación, Elementos Esenciales del
ucción

enviados: _____

Hecho en México, Distrito Federal el primero
de Julio del dos mil cinco

documentos justificativos de la ejecución: _____

Firma y sello:

Lic. Noftali Segoria Zárate

2

ciones inútiles.

n la Ciudad

el día PRIM

egovia Zárat

ta entidad, y

ribunal, me

UMERO DO

ISTRITO FE

quina con ca

is, puertas en

el lado derech

endiéndome

e aproximada

go llamarse

mo tal con

ro, cero, cero

r el Institu

gésimo Qui

ENOMINAD

ectivamente

OTIFICACIÓ

C.V. Y QU

sideración I

tificarle el au

juzgado en

CIBIDA EN

TADO DE

E DEBERÁ

CONTRA

OCUMENTO

MÚLTIPL

CIBIDO L

NVENIENT

a la Ciudad de México, Distrito Federal siendo las trece horas con quince minutos **247**

el día PRIMERO DE JULIO    del dos mil cinco, el suscrito licenciado Neftalí

egovia Zárate, Secretario Conciliador del Juzgado Trigésimo Quinto de lo Civil de

la entidad, y en uso de las facultades que me confiere la Ley Orgánica de este

ribunal, me constituí legalmente en la calle de AVENIDA BAJA CALIFORNIA

UMERO DOSCIENTOS, COLONIA ROMA SUR, C.P. 06760, EN MEXICO

ISTRITO FEDERAL, el cual tiene las siguientes características: Inmueble ubicado

quina con calle Tlacotalpan, en múltiples pisos, aluminio color oro, con mármol

s, puertas en vidrios de espejo, estructura en aluminio, con una especie de estatua

l lado derecho en la calle,  procediendo a tocar la puerta de entrada en el inmueble

endiéndome una persona del sexo masculino, de tez blanca, complexión delgada,

aproximadamente un metro ochenta centímetros de altura, usaba anteojos, la cual

o llamarse DANIEL ESTRADA MARTENS ESTRADA, quien se identificó

mo tal con credencial para votar con fotografía con número de folio cero, cero,

o, cero, cero, cero, nueve, cero, cuatro, cinco, uno, cero, cero, expedida a su favor

el Instituto Federal Electoral, persona que le comunique acudía del juzgado

gésimo Quinto de lo Civil de esta ciudad en busca de PERSONA MORAL

NOMINADA GRUPO MÉXICO S.A. DE C.V., contestándome que

ctivamente ES EL DOMICILIO MARCADO POR LA CÉDULA DE

TIFICACIÓN, QUE SON LAS INSTALACIONES DE GRUPO MÉXICO S.A.

C.V. Y QUE EL ES EMPLEADO DE LA SOCIEDAD, por lo que tomando en

sideración lo anterior y previa identificación oficial del suscrito, procedí a

ificarle el auto de fecha veintiuno de junio del año en curso, dictado por la titular

juzgado en que se actúa comunicándole sobre LA CARTA ROGATORIA

CIBIDA EN EL JUZGADO LIBRADA POR EL TRIBUNAL SUPREMO DEL

TADO DE NUEVA YORK , CONDADO DE NUEVA YORK, E.U.A. POR LO

E DEBERÁ DAR CONTESTACIÓN A LA DEMANDA INSTAURADA EN

CONTRA EN LOS TÉRMINOS A QUE HACE REFERENCIA DICHO

CUMENTO OFICIAL, para ello se le entregaron las COPIAS RESPECTIVAS

MÚLTIPLES FOJAS. Con lo que concluyó la presente FIRMANDO DE

CIBIDO LA PERSONA QUE ME ATIENDE POR ASÍ ESTIMARLO

NVENIENTE,  dando cuenta a la C. Juez, para los efectos legales a que haya

. Doy fe.-

. NEFTALI SEGOVIA ZÁRATE

RETARIO CONCILIADOR DEL

GADO TRIGÉSIMO QUINTO CIVIL



16

México, Distrito Federal a cinco de julio de dos mil cinco.

Agréguese a sus autos la cédula de notificación y se tiene por practicada la misma, para los efectos legales conducentes. Notifíquese. Lo proveyó y firma la C. Juez Trigésimo Quinto de lo Civil ante su Secretario (a) de Acuerdos que autoriza y da fe.

JZGADO

EN EL "BOLETÍN JUDICIAL" No.                  CORRESPONDIENTE AL
DIA  6  DE  JULITO                                DE 20 05
SE HIZO LA PUBLICACIÓN DE LEY. CONSTE.
EN  7  DE  JULITO          DEL 20 05 A LAS DOCE DEL DÍA
SURTIÓ SUS EFECTOS LA NOTIFICACIÓN DEL AUTO ANTERIOR. CONSTE

EN EL "BOLETÍN JUDICIAL" No.  5         CORRESPONDIENTE AL
DIA  7  DE  JUNIO                              DE 20 05
SE HIZO LA PUBLICACIÓN DE LEY. CONSTE.
EN  8  DE  JUNIO          DEL 20 05 A LAS DOCE DEL DÍA
SURTIÓ SUS EFECTOS LA NOTIFICACIÓN DEL AUTO ANTERIOR. CONSTE.

Also this is not Prohibited

**EXHIBIT 3**

**TO**

**EXHIBIT 2**

SEP. 14. 2005  4:29PM    WEITZ&LUXENBERG                    NO. 3745    P. 1/7

# W E I T Z
# &
# L U X E N B E R G

A PROFESSIONAL CORPORATION
• LAW OFFICES •

180 MAIDEN LANE • NEW YORK, N.Y. 10038-4925
TEL. 212-558-5500          FAX 212-344-5461

## FACSIMILE TRANSMITTAL

**DATE:**      September 13, 2005

**TO:**                    **FAX:**              **PHONE**

David R. Lurie            917.849.5364          212.237.0041
James Beha                212.294.4700          212.294.6842
Roger Hawke               212.839.5599          212.839.5300
Leo Gagion                212.259.6333          212.259.7385

**FROM:**

John M. Broaddus          856.755.1995          856.755.1115

**CC:**

Alan Rich                 214.520.1181          214.521.3605
Gary Klein                212.558.5788          212.558.5500

Re:   Burns et al. v. Grupo Mexico et al.
      No. 04/114728

**COMMENTS:**

Attached is copy of my Sept. 14, 2005 transmittal letter to the Clerk filing the documents showing service of process on the Mexican corporate defendants by the Mexican authorities pursuant to the Hague Convention.

**Number of Pages, including this Sheet:**

### CONFIDENTIALITY NOTICE

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this notice is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communications strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return these papers to us at the address shown above by first class mail.

Please call (212) 558-5521 if you do not receive all pages.

CONFIDENTIAL                                                GM_BURNS_002967

## WEITZ
## &
## LUXENBERG
A PROFESSIONAL CORPORATION
• LAW OFFICES •
180 MAIDEN LANE • NEW YORK, N.Y. 10038
TEL. 212-558-5500 FAX 212-344-5461

September 14, 2005

Office of the Clerk
New York Supreme Court
New York County
Law & Equity Department
60 Center Street
Room 141
New York, New York 10013

NEW YORK
COUNTY CLERK'S OFFICE

SEP. 14 2005

NOT COMPARED
WITH COPY FILED

Re:   Philip Nelson Burns, et al. v. Grupo Mexico S.A. de C.V., et al.
No. 04/114728

Dear Sirs:

We are counsel for the plaintiffs in the above-referenced matter. Enclosed for filing please find the original documentation, including affidavits of service, demonstrating service of process of 1) the summons and original, certified, Verified Complaint, 2) the supplemental summons and certified First Amended Complaint, and 3) the supplemental summons and certified Second Amended Complaint, upon the following defendants in Mexico by the Mexican judicial system pursuant to the Hague Convention:

GRUPO MEXICO S. A. de C.V.
GRUPO MEXICO MINERO MEXICO INTERNACIONAL, S.A. de C.V.
MEXICANA de COBRE S.A. de C.V.
CONTROLADORA MINERA MEXICO, S.A. de C.V.

Thank you.

Very truly yours,

WEITZ & LUXENBERG, P.C.

John M. Broaddus, Esq.

cc:   The Honorable Bernard J. Fried
      David R. Lurie, Esq. (counsel for Ernst & Young LLP)(via facsimile)
      James Beha, Esq. (counsel for JP Morgan Chase Bank, N.A.)(via facsimile)

CONFIDENTIAL

GM_BURNS_002968

Roger Hawke, Esq. (counsel for American Mining Corporation)(via facsimile)
Leo Gagion, Esq. (counsel for Credit Suisse First Boston)(via facsimile)
Alan Rich, Esq. (counsel for plaintiffs)(via facsimile)

NEW YORK
COUNTY CLERK'S OFFICE

NOT COMPARED
WITH COPY FILED

CONFIDENTIAL

GM_BURNS_002969

SEP. 14. 2005 4:29PM    WEITZ&LUXENBERG          NO. 3745   P. 4/7

Dependencia: Dirección General de Asuntos Jurídicos. Dirección de Asistencia Jurídica Internacional.

Número: ASJ – **31307**

Expediente: 541-1-1404/05

**RESERVADA**

Asunto: **SE REMITE CARTA ROGATORIA Y CONSTANCIAS DE LO ACTUADO.**

Tlatelolco, D.F., **19 AGO. 2005**

DIANE K. MYERS.
APS INTERNATIONAL, LTD.
7800 Glenroy Road, Minneapolis,
Minnesota 55439-3122, E.U.A.
P R E S E N T E.

Me refiero a la carta rogatoria librada por el Tribunal Supremo del Estado de Nueva York, Condado de Nueva York, E.U.A., deducida de la Causa No. 04/114728, promovida por PHILLIP NELSON BURNS Y OTROS, en contra de GRUPO MÉXICO, S.A. DE C.V. Y OTROS.

Sobre el particular, me permito comunicarle que el Juzgado Trigésimo Séptimo de lo Civil del Distrito Federal, remitió a esta Área Jurídica la rogatoria de mérito, junto con las constancias de lo actuado, de las que se desprende que se dio cumplimiento con el auxilio jurídico solicitado.

Lo anterior se comunica y remite a usted, para los efectos legales a que haya lugar, esperando con ello tener por atendida su petición. Se solicita enviar a esta Secretaría el acuse de recibo correspondiente.

A T E N T A M E N T E,
LA ENCARGADA DEL DEPARTAMENTO
DE EXHORTOS Y CARTAS ROGATORIAS.

LIC. ILLIANA OLIVARES QUIÑONES.

NEW YORK
COUNTY CLERK'S OFFICE

SEP 1.4 2005

NOT COMPARED
WITH COPY FILED

Anexo: Documentación señalada.

VgG
(DG13330)

CONFIDENTIAL

GM_BURNS_002970

SEP. 14. 2005 4:30PM     WEITZ&LUXENBERG         NO. 3745   P. 5/7



MEX-COPIA DE RELACIONES EXTERIORES

|  |  |
|---|---|
| **Dependencia:** | Dirección General de Asuntos Jurídicos. Dirección de Asistencia Jurídica Internacional. |
| **Número:** | ASJ – **31304** |
| **Expediente:** | 541-1-1404/05 |
| | **RESERVADA** |
| **Asunto:** | **SE REMITE CARTA ROGATORIA Y CONSTANCIAS DE LO ACTUADO.** |

Tlatelolco, D.F., **19 AGO. 2005**

DIANE K. MYERS,
APS INTERNATIONAL, LTD.
7800 Glenroy Road, Minneapolis,
Minnesota 55439-3122, E.U.A.
P R E S E N T E.

     Me refiero a la carta rogatoria librada por el Tribunal Supremo del Estado de Nueva York, Condado de Nueva York, E.U.A., deducida de la Causa No. 04/114728, promovida por PHILLIP NELSON BURNS Y OTROS, en contra de GRUPO MÉXICO, S.A. DE C.V. Y OTROS.

     Sobre el particular, me permito comunicarle que el Juzgado Trigésimo Octavo de lo Civil del Distrito Federal, remitió a esta Área Jurídica la rogatoria de mérito, junto con las constancias de lo actuado, de las que se desprende que se dio cumplimiento con el auxilio jurídico solicitado.

     Lo anterior se comunica y remite a usted, para los efectos legales a que haya lugar, esperando con ello tener por atendida su petición. Se solicita enviar a esta Secretaría el acuse de recibo correspondiente.

A T E N T A M E N T E,
LA ENCARGADA DEL DEPARTAMENTO
DE EXHORTOS Y CARTAS ROGATORIAS.

LIC. ILLIANA OLIVARES QUIÑONES.

NEW YORK
COUNTY CLERK'S OFFICE
SEP 1.4 2005
NOT COMPARED
WITH COPY FILED

Anexo: Documentación señalada.

VGG
(POS12700)

*Al contestar este oficio, citense los datos contenidos en el ángulo superior derecho.*

CONFIDENTIAL

SEP. 14. 2005 4:30PM  WEITZ&LUXENBERG    NO. 3745  P. 6/7

Dirección General de
Asuntos Jurídicos.

**Dependencia:** Dirección de Asistencia
Jurídica Internacional.

**Número:** ASJ –

**Expediente:** 541-1-1404/05 31306

**R E S E R V A D A**

**Asunto:** **SE REMITE CARTA**
**ROGATORIA Y**
**CONSTANCIAS DE LO**
**ACTUADO.**

Tlatelolco, D.F.,  1 0 AGO. 2005

DIANE K. MYERS,
APS INTERNATIONAL, LTD.
7800 Glenroy Road, Minneapolis,
Minnesota 55439-3122, E.U.A.
P R E S E N T E.

   Me refiero a la carta rogatoria librada por el Tribunal
Supremo del Estado de Nueva York, Condado de Nueva York, E.U.A., deducida
de la Causa No. 04/114728, promovida por **PHILLIP NELSON BURNS Y OTROS,**
en contra de **GRUPO MÉXICO, S.A. DE C.V. Y OTROS.**

   Sobre el particular, me permito comunicarle que el
Juzgado Trigésimo Sexto de lo Civil del Distrito Federal, remitió a esta Área
Jurídica la rogatoria de mérito, junto con las constancias de lo actuado, de las que
se desprende que se dio cumplimiento con el auxilio jurídico solicitado.

   Lo anterior se comunica y remite a usted, para los
efectos legales a que haya lugar, esperando con ello tener por atendida su
petición. Se solicita enviar a esta Secretaría el acuse de recibo correspondiente.

    A T E N T A M E N T E,
   LA ENCARGADA DEL DEPARTAMENTO
   DE EXHORTOS Y CARTAS ROGATORIAS.

   LIC. ILLIANA OLIVARES QUIÑONES.

NEW YORK
COUNTY CLERK'S OFFICE

SEP 1.4 2005

NOT COMPARED
WITH COPY FILED

Anexo: Documentación señalada.

VGG
~(DG 12394)

*Al contestar este oficio, cítense los datos contenidos en el ángulo superior derecho.*

CONFIDENTIAL

GM_BURNS_002972

SEP. 14. 2005 4:30PM    WEITZ&LUXENBERG

NO. 3745    P. 7/7



SECRETARÍA DE RELACIONES EXTERIORES

Dependencia:    Dirección General de
Asuntos Jurídicos.
Dirección de Asistencia
Jurídica Internacional.

Número:    ASJ— **31303**
Expediente:    541-1-1404/05

**R E S E R V A D A**

Asunto:    **SE REMITE CARTA
ROGATORIA Y
CONSTANCIAS DE LO
ACTUADO.**

Tlatelolco, D.F.,  **1 9 AGO. 2005**

DIANE K. MYERS.
APS INTERNATIONAL, LTD.
7800 Glenroy Road, Minneapolis,
Minnesota 55439-3122, E.U.A.
P R E S E N T E.

Me refiero a la carta rogatoria librada por el Tribunal
Supremo del Estado de Nueva York, Condado de Nueva York, E.U.A., deducida
de la Causa No. 04/114728, promovida por PHILLIP NELSON BURNS Y OTROS,
en contra de GRUPO MÉXICO, S.A. DE C.V. Y OTROS.

Sobre el particular, me permito comunicarle que el
Juzgado Trigésimo Quinto de lo Civil del Distrito Federal, remitió a esta Área
Jurídica la rogatoria de mérito, junto con las constancias de lo actuado, de las que
se desprende que se dio cumplimiento con el auxilio jurídico solicitado.

Lo anterior se comunica y remite a usted, para los
efectos legales a que haya lugar, esperando con ello tener por atendida su
petición. Se solicita enviar a esta Secretaría el acuse de recibo correspondiente.

A T E N T A M E N T E,
LA ENCARGADA DEL DEPARTAMENTO
DE EXHORTOS Y CARTAS ROGATORIAS.

LIC. ILIANA OLIVARES QUIÑONES.

Anexo: Documentación señalada.

VGG
(DG12751)

*Al contestar este oficio, cítense los datos contenidos en el ángulo superior derecho.*

NEW YORK
COUNTY CLERK'S OFFICE

SEP. 14 2005

NOT COMPARED
WITH COPY FILED

CONFIDENTIAL    GM_BURNS_002973