**EXHIBIT 4**

**EXHIBIT 4**

**DECLARATION OF GARLAND MURPHY**

**FILED UNDER SEAL**

**EXHIBIT 1**

**TO**

**EXHIBIT 4**

**FILED UNDER SEAL**

# EXHIBIT 2
# TO
# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PHILLIP NELSON BURNS, MIRJANA
PAVKOVICH, Administrator of the Estate of
Rade Pavkovich, Deceased, and WARREN
ELMER HALPAP,

               Plaintiffs,

-against-

GRUPO MEXICO, S.A. de C.V., a Mexican
Corporation,

               Defendant.

Case No. 1:07-CV-3496 (WHP)

---

**ASARCO LLC'S FIRST REQUEST FOR ADMISSIONS TO**
**GRUPO MEXICO, S.A. DE C.V. RELATING TO**
**PERSONAL JURISDICTION AND SERVICE**

TO:    Grupo Mexico, S.A. de C.V., by and through its counsel of record, David R. Gelfand, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 and David S. Cohen, Milbank, Tweed, Hadley & McCloy LLP, 1850 K Street, NW, Suite 1100, Washington, D.C. 20006.

Pursuant to Federal Rules of Civil Procedure 26 and 36, made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7026 and 7036, and consistent with the parties' representations to the Court, ASARCO LLC ("ASARCO"), by and through its attorneys, demands that Grupo Mexico, S.A. de C.V. ("Grupo Mexico") respond in writing to these requests for admissions by June 29, 2007.

**I. INSTRUCTIONS**

A.    Each requested admission is to be read, construed, and responded to separately and independently without reference to or being limited by any other request.

B.    In the event that you file a proper and timely objection to any request, in whole or in part, including a claim of privilege, specify the exact basis for your claim with sufficient

1

specificity to permit the Court to determine the validity of your objection.  Proceed to answer all portions of the request that do not fall within your objection.

C.      If you claim an ambiguity in interpreting a request or any term, definition, or instruction, that claim shall not be used as a basis for refusing to respond, but the language deemed to be ambiguous and the interpretation chosen or used in responding to the request shall be set forth as part of the response.

D.      All uses of the conjunctive should be interpreted as including the disjunctive and vice versa.  Words in the singular should be interpreted as including the plural and vice versa. Words of one gender should be interpreted as including the other genders.

E.      Unless otherwise specified by the Request, the time period applicable to each Request is from October 15, 1997 to October 15, 2004.

## II. DEFINITIONS

As used in these Requests, the following terms shall have the meaning(s) set forth below, regardless of whether the defined term is capitalized:

1.      "Each," "any," and/or "all" mean "each, any, and all."

2.      "Financial institution" includes commercial banks, merchant banks, investment banks, investment or takeover advisors, savings and loans, credit unions, other types of depository institutions, brokers or dealers in securities, and any person or entity performing any of the following functions or services: loaning money, advancing credit, providing financial advice, money transmission or receipt by wire or otherwise, currency exchange, check cashing, check clearing, and issuing and selling money orders and traveler's checks.

3.      "Grupo Mexico," "you," or "your" means Grupo Mexico, S.A. de C.V. and any of its predecessors, successors, agents, representatives (including but not limited to a law firm

2

retained by or representing Grupo Mexico in whole or in part), officers, directors, managers, employees, or divisions.

4.    "SPCC" means Southern Peru Copper Corporation and includes any of its predecessors, successors, agents, officers, directors, managers, employees, subsidiaries, divisions, or affiliates.

5.    "ASARCO" means ASARCO LLC and includes any of its predecessors, successors, agents, officers, directors, managers, employees, subsidiaries, divisions, or affiliates.

6.    "United States Residents" means individuals or entities domiciled or residing in the United States, or otherwise present in the United States at the time of and in connection with the relevant subject matter of the Request.

### III. REQUESTS FOR ADMISSIONS

1. Admit that you were served with an English-language version of the Summons in *Burns et al. vs. Grupo Mexico S.A. de C.V.* et al., Index No. 0114728/2004 (N.Y. Sup. Ct.) on July 1, 2005.

2. Admit that you were served with a Spanish-language version of the Summons in *Burns* et al. *vs. Grupo Mexico S.A. de C.V.* et al., Index No. 0114728/2004 (N.Y. Sup. Ct.) on July 1, 2005.

3. Admit that you were served with an English-language version of the Verified Complaint in *Burns* et al. *vs. Grupo Mexico S.A. de C.V.* et al., Index No. 0114728/2004 (N.Y. Sup. Ct.) on July 1, 2005.

4. Admit that you were served with a Spanish-language version of the Verified Complaint in *Burns* et al. *vs. Grupo Mexico S.A. de C.V.* et al., Index No. 0114728/2004 (N.Y. Sup. Ct.) on July 1, 2005.

3

5. Admit that you were served with an English-language version of the Supplemental Summons in *Burns* et al. *vs. Grupo Mexico S.A. de C.V.* et al., Index No. 0114728/2004 (N.Y. Sup. Ct.) on July 1, 2005.

6. Admit that you were served with a Spanish-language version of the Supplemental Summons in *Burns* et al. *vs. Grupo Mexico S.A. de C.V.* et al., Index No. 0114728/2004 (N.Y. Sup. Ct.) on July 1, 2005.

7. Admit that you were served with an English-language version of the First Amended Verified Complaint in *Burns* et al. *vs. Grupo Mexico S.A. de C.V.* et al., Index No. 0114728/2004 (N.Y. Sup. Ct.) on July 1, 2005.

8. Admit that you were served with a Spanish-language version of the First Amended Verified Complaint in *Burns* et al. *vs. Grupo Mexico S.A. de C.V.* et al., Index No. 0114728/2004 (N.Y. Sup. Ct.) on July 1, 2005.

9. Admit that you were served with an English-language version of the Second Amended Verified Complaint in *Burns* et al. *vs. Grupo Mexico S.A. de C.V.* et al., Index No. 0114728/2004 (N.Y. Sup. Ct.) on July 1, 2005.

10. Admit that you were served with a Spanish-language version of the Second Amended Verified Complaint in *Burns* et al. *vs. Grupo Mexico S.A. de C.V.* et al., Index No. 0114728/2004 (N.Y. Sup. Ct.) on July 1, 2005.

11. Admit that you received the documents described in Requests 1-10 in July 2005.

12. Admit that the service on you of process in *Burns* et al. *vs. Grupo Mexico S.A. de C.V.* et al., Index No. 0114728/2004 (N.Y. Sup. Ct.), complied with the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.

13. Admit that Daniel Estrada Martens Estrada was your employee on July 1, 2005.

4

14. Admit that you maintained an office at Avenida Baja California, Number 200, Colonia Roma Sur, 06760, Mexico City, Mexico on July 1, 2005.

15. Admit that you conducted business in the United States.

16. Admit that you conducted business with United States Residents.

17. Admit that you engaged in commercial transactions in the United States.

18. Admit that you engaged in commercial transactions with United States Residents.

19. Admit that you sold goods in the United States.

20. Admit that you sold goods to United States Residents.

21. Admit that you sold services in the United States.

22. Admit that you sold services to United States Residents.

23. Admit that you purchased goods in the United States.

24. Admit that you purchased goods from United States Residents.

25. Admit that you purchased services in the United States.

26. Admit that you purchased services from United States Residents.

27. Admit that you solicited business in the United States.

28. Admit that you solicited business from United States Residents.

29. Admit that you executed or signed contracts or agreements in the United States.

30. Admit that you negotiated contracts or agreements, in whole or in part, in the United States.

31. Admit that you entered into contracts or agreements that call for performance in the United States.

32. Admit that you entered into contracts or agreements with United States Residents.

33. Admit that you conducted financial transactions with United States financial institutions.

5

34. Admit that you were licensed to do business in the United States.

35. Admit that you were licensed to do business in a state or any other political subdivision within the United States.

36. Admit that you held board meetings in the United States.

37. Admit that you held shareholder meetings in the United States.

38. Admit that you attended meetings in the United States.

39. Admit that you held or attended meetings with United States financial institutions.

40. Admit that you made presentations in the United States.

41. Admit that you received presentations in the United States.

42. Admit that your directors, officers, or employees traveled to the United States for the purpose of conducting Grupo Mexico's business.

43.   Admit that Daniel Tellechea Salido attended a meeting on behalf of Grupo Mexico and related to Grupo Mexico business in New York on March 6, 2002.

44.   Admit that employees, officers, or representatives of Grupo Mexico attended a meeting related to Grupo Mexico business in New York in May 2002.

45.   Admit that employees, officers, or representatives of Grupo Mexico attended a meeting related to Grupo Mexico business in New York on October 1, 2002.

46.   Admit that employees, officers, or representatives of Grupo Mexico attended a meeting related to Grupo Mexico business in New York on December 18, 2002.

47.   Admit that employees, officers, or representatives of Grupo Mexico attended a meeting related to Grupo Mexico business in Nebraska in June 2000.

48.   Admit that you sold copper rod in Nebraska in 2000.

49. Admit that you made guarantees on behalf of your United States subsidiaries or affiliates.

6

50. Admit that you maintained an office at 156 W. 56th Street, New York, New York 10019.

51. Admit that you maintained an office in New York.

52. Admit that you maintained an office in Arizona.

53. Admit that you maintained an office in the United States.

54. Admit that you had a telephone number in the United States.

55. Admit that you had a mailing address in the United States.

56. Admit that you owned, leased, maintained, or used equipment located in the United States.

57. Admit that you had inventory located in the United States.

58. Admit that you had officers who lived at times in the United States while serving as officers of Grupo Mexico.

59. Admit that you had directors who lived at times in the United States while serving as directors of Grupo Mexico.

60. Admit that you had employees who lived at times in the United States while employed by Grupo Mexico.

61. Admit that you recruited United States Residents for hire either directly or through an intermediary.

62. Admit that you owned real property located in the United States.

63. Admit that you leased real property located in the United States.

64. Admit that you owned personal property located in the United States.

65. Admit that you leased personal property located in the United States.

66. Admit that you paid taxes in the United States.

7

67. Admit that you filed documents with the United States Securities and Exchange Commission.

68. Admit that you had bank accounts in the United States.

69. Admit that you engaged attorneys in the United States for purposes other than to represent you in lawsuits filed in the United States.

70. Admit that you engaged accountants or auditors in the United States.

71. Admit that you engaged consultants in the United States.

72. Admit that you engaged financial advisors in the United States.

73. Admit that you designated an agent for service of process in the United States.

74. Admit that you designated in contracts or agreements an agent for service of documents in the United States.

75. Admit that you advertised in media that reaches into the United States.

76. Admit that you advertised in the United States.

77. Admit that you issued press releases in the United States.

78. Admit that you provided press releases to United States media outlets.

79. Admit that you marketed your securities in the United States.

80. Admit that you marketed the securities of your subsidiaries in the United States.

81. Admit that you represented yourself as a United States company.

82. Admit that you represented yourself as a North American company.

83. Admit that you consented in contracts and agreements to be subject to the jurisdiction of courts in the United States for disputes arising from those contracts and agreements.

84. Admit that you consented in contracts and agreements to have the laws of states within the United States or United States Federal law govern those contracts or agreements.

8

85. Admit that you were a party to a lawsuit filed in a court in the United States.

86. Admit that you had claims made against you by United States Residents.

87. Admit that you agreed that the United States District Court for the District of Arizona may exercise personal jurisdiction over you in *Seaboard Surety Company v. Grupo Mexico, S.A. de C.V.*, 2:06-cv-00134-SMM (D. Ariz).

88. Admit that you had shareholders who resided in the United States at the time they were shareholders of Grupo Mexico.

89. Admit that you had subsidiaries that were incorporated or organized in the United States.

90. Admit that you had subsidiaries that operate in the United States.

91. Admit that you had affiliates that are incorporated or organized in the United States.

92. Admit that Plaintiffs' causes of action in this lawsuit arose out of your contacts with the United States.

93. Admit that Plaintiffs' causes of action in this lawsuit are connected to your contacts with the United States.

94. Admit that you were involved in the transfer of SPCC stock to Americas Mining Corporation on or about March 31, 2003.

95. Admit that you were a signatory to the Consent Decree in *United States of America v. ASARCO, Inc. and Southern Peru Holdings Corporation*, No. CV 02-2079-PHX-RCB (D. Ariz.).

96. Admit that you consented to the jurisdiction of the United States District Court for the District of Arizona to enforce Note A, Note B, and the Guaranty, as defined in the Consent Decree in *United States of America v. ASARCO, Inc. and Southern Peru Holdings Corporation*,

No. CV 02-2079-PHX-RCB (D. Ariz.), and to enter any appropriate relief otherwise available under applicable law in the event of nonperformance or default.

97.    Admit that the document attached hereto as Exhibit 1 and bates labeled ASA00013051 – ASA00013137 is a true and correct copy of an agreement to which you are or were a party.

98.    Admit that, by executing the document attached hereto as Exhibit 1 and bates labeled ASA00013051 – ASA00013137, you consented to be subject to the jurisdiction of courts within the United States.

99.    Admit that the document attached hereto as Exhibit 2 and bates labeled ASA00013597 – ASA00013728 is a true and correct copy of an agreement to which you are or were a party.

100.  Admit that, by executing the document attached hereto as Exhibit 2 and bates labeled ASA00013597 – ASA00013728, you consented to be subject to the jurisdiction of courts within the United States.

101.  Admit that the document attached hereto as Exhibit 3 and bates labeled ASA00013421 – ASA00013511 is a true and correct copy of an agreement to which you are or were a party.

102.  Admit that, by executing the document attached hereto as Exhibit 3 and bates labeled ASA00013421 – ASA00013511, you consented to be subject to the jurisdiction of courts within the United States.

103.  Admit that the document attached hereto as Exhibit 4 and bates labeled ASA00012624 – ASA00012691 is a true and correct copy of an agreement to which you are or were a party.

104.  Admit that, by executing the document attached hereto as Exhibit 4 and bates labeled ASA00012624 – ASA00012691, you agreed that Exhibit 4 would be governed in accordance with the laws of the State of Delaware.

10

105. Admit that the document attached hereto as <u>Exhibit 5</u> and bates labeled ASA00002832 – ASA00002835 is a true and correct copy of a guaranty made or given by you.

106. Admit that, by executing the document attached hereto as <u>Exhibit 5</u> and bates labeled ASA00002832 – ASA00002835, you agreed that the guaranty would be governed by and construed in accordance with the laws of Massachusetts.

107. Admit that the document attached hereto as <u>Exhibit 6</u> and bates labeled ASA01726116 ASA01726130 is a true and correct copy of an agreement to which you are or were a party.

108. Admit that, by executing the document attached hereto as <u>Exhibit 6</u> and bates labeled ASA01726116 – ASA01726130, you consented to be subject to the jurisdiction of courts within the United States.

109. Admit that the document attached hereto as <u>Exhibit 7</u> and bates labeled ASA00005233 – ASA00005270 is a true and correct copy of a Consent Decree to which you are a party.

110. Admit that, by executing the document attached hereto as <u>Exhibit 7</u> and bates labeled ASA00005233 – ASA00005270, you consented to be subject to the jurisdiction of a court within the United States.

111. Admit that the document attached hereto as <u>Exhibit 8</u> and bates labeled ASA00012423 – ASA00012426 is a true and correct copy of a guaranty made or given by you.

112. Admit that, by executing the document attached hereto as <u>Exhibit 8</u> and bates labeled ASA00012423 – ASA00012426, you consented to be subject to the jurisdiction of courts within the United States.

113. Admit that the document attached hereto as <u>Exhibit 9</u> and bates labeled ASA00012440 – ASA00012443 is a true and correct copy of an irrevocable assignment and acknowledgment of assignment to which you agreed.

11

114. Admit that, by executing the document attached hereto as <u>Exhibit 9</u> and bates labeled ASA00012440 – ASA00012443, you agreed that the irrevocable assignment and acknowledgment of assignment would be governed by and construed and enforced in accordance with the laws of New York.

115. Admit that the document attached hereto as <u>Exhibit 10</u> and bates labeled ASA00012447 – ASA00012450 is a true and correct copy of an irrevocable assignment and acknowledgment of assignment to which you agreed.

116. Admit that, by executing the document attached hereto as <u>Exhibit 10</u> and bates labeled ASA00012447 – ASA00012450, you agreed that the irrevocable assignment and acknowledgment of assignment would be governed by and construed and enforced in accordance with the laws of New York.

117. Admit that the document attached hereto as <u>Exhibit 11</u> and bates labeled ASA01869307 – ASA01869311 is a true and correct copy of a guaranty made or given by you.

118. Admit that, by executing the document attached hereto as <u>Exhibit 11</u> and bates labeled ASA01869307 – ASA01869311, you agreed that Phoenix, Arizona was the exclusive venue for bringing any action under the document attached hereto as <u>Exhibit 11</u>.

119. Admit that the document attached hereto as <u>Exhibit 12</u> and bates labeled ASA00954413 – ASA00954416 is a true and correct copy of a draft guaranty agreement, the final version of which was executed by you.

120. Admit that the document attached hereto as <u>Exhibit 13</u> and bates labeled ASA01962784 – ASA01962790 is a true and correct copy of a document filed with the United States Securities and Exchange Commission by you.

12

121. Admit that the document attached hereto as Exhibit 14 and bates labeled ASA01724470 – ASA01724471 is a true and correct copy of a letter from German Larrea, your Chairman and CEO, and addressed to Francis McAllister, the Chairman and CEO of ASARCO Incorporated, in New York.

122. Admit that the document attached hereto as Exhibit 14 and bates labeled ASA01724470 – ASA01724471 is a true and correct copy of a document kept by you in the course of a regularly conducted business activity, that it was the regular practice of that business activity for an employee or representative of the business with knowledge of the act, event, condition, opinion, or diagnosis recorded to make the record or to transmit information thereof to be included in such record, and that the record was made at or near the time of the act, event, condition, opinion or diagnosis recorded.

123. Admit that the document attached hereto as Exhibit 15 and bates labeled ASA01736821 is a true and correct copy of email communications dated July 1997 involving Gary Miller.

124. Admit that Gary Miller was an employee or representative of Grupo Mexico.

125. Admit that Gary Miller conducted business on behalf of Grupo Mexico in New York.

126. Admit that the document attached hereto as Exhibit 16 and bates labeled ASA01736904 is a true and correct copy of a letter dated June 8, 2000 addressed to Gary Miller, General Manager of Grupo Mexico in New York.

127. Admit that the document attached hereto as Exhibit 16 and bates labeled ASA01736904 is a true and correct copy of a document kept by you in the course of a regularly conducted business activity, that it was the regular practice of that business activity for an employee or representative of the business with knowledge of the act, event, condition, opinion, or diagnosis recorded to make the record or to transmit information thereof to be included in such record, and

13

that the record was made at or near the time of the act, event, condition, opinion or diagnosis recorded.

128. Admit that the document attached hereto as <u>Exhibit 17</u> and bates labeled ASA00190639 – ASA00190640 is a true and correct copy of a letter to shareholders of ASARCO written on behalf of Grupo Mexico.

129. Admit that Grupo Mexico caused copies of <u>Exhibit 17</u> to be delivered to the shareholders of ASARCO within the United States.

130. Admit that the document attached hereto as <u>Exhibit 18</u> and bates labeled ASA01958380 is a true and correct copy of a press release that you approved prior to its being issued.

131. Admit that the document attached hereto as <u>Exhibit 19</u> and bates labeled ASA00356474 – ASA00356515 is a true and correct copy of a presentation made by you in New York in June 2003.

132. Admit that the document attached hereto as <u>Exhibit 20</u> and bates labeled ASA01042063 – ASA01042066 is a true and correct copy of email communications to and from Manuel Ramos.

133. Admit that Manuel Ramos was authorized by you to hold himself out as a representative of Grupo Mexico in the United States.

134. Admit that the document attached hereto as <u>Exhibit 21</u> and bates labeled ASA01411726 – ASA01411729 is a true and correct copy of a document reflecting the substance of a presentation made to Governor Jane Hull in December 2001.

135. Admit that the presentation reflected in <u>Exhibit 21</u> was made by Genaro Larrea.

136. Admit that Genaro Larrea was authorized by Grupo Mexico to make the statements reflected in <u>Exhibit 21</u>.

14

137. Admit that the document attached hereto as <u>Exhibit 22</u> and bates labeled ASA00922991 – ASA00923000 is a true and correct copy of correspondence from the United States Environmental Protection Agency addressed to you at an address in New York.

138. Admit that you maintained or represented that you maintained an office at 156 W. 56th Street in New York.

139. Admit that you maintained or represented that you maintained a mailing address at 156 W. 56th Street in New York.

140. Admit that the document attached hereto as <u>Exhibit 23</u> and bates labeled ASA01744347 – ASA01744389 is a true and correct copy of an insurance policy purchased by you.

141. Admit that the document attached hereto as <u>Exhibit 23</u> provides coverage for claims made in the United States.

142. Admit that the document attached hereto as <u>Exhibit 24</u> and bates labeled ASA00011731 is a true and correct copy of a letter dated May 26, 2000 from you and ASARCO to the Lenders party to ASARCO/Grupo Mexico Amended and Restated Credit Agreement and Amended and Restated Revolving Credit Agreement.

143. Admit that the document attached hereto as <u>Exhibit 24</u> and bates labeled ASA00011731 is a true and correct copy of a document kept by you in the course of a regularly conducted business activity, that it was the regular practice of that business activity for an employee or representative of the business with knowledge of the act, event, condition, opinion, or diagnosis recorded to make the record or to transmit information thereof to be included in such record, and that the record was made at or near the time of the act, event, condition, opinion or diagnosis recorded.

144. Admit that the document attached hereto as <u>Exhibit 25</u> and bates labeled ASA00011553 – ASA00011554 is a true and correct copy of a letter dated June 28, 2000 from you and ASARCO to the Lenders party to ASARCO/Grupo Mexico Amended and Restated Credit Agreement and Amended and Restated Revolving Credit Agreement with a consent dated June 28, 2000.

145. Admit that the document attached hereto as <u>Exhibit 25</u> and bates labeled ASA00011553 – ASA00011554 is a true and correct copy of a document kept by you in the course of a regularly conducted business activity, that it was the regular practice of that business activity for an employee or representative of the business with knowledge of the act, event, condition, opinion, or diagnosis recorded to make the record or to transmit information thereof to be included in such record, and that the record was made at or near the time of the act, event, condition, opinion or diagnosis recorded.

146. Admit that the document attached hereto as <u>Exhibit 26</u> and bates labeled ASA01877782 is a true and correct copy of a letter dated November 8, 2002 from Kevin McCaffrey to Lawrence Simkins.

147. Admit that the document attached hereto as <u>Exhibit 27</u> and bates labeled ASA01725273 - ASA01725275 is a true and correct copy of a fax cover sheet and letter signed by Daniel Tellechea in his capacity as an officer of Grupo Mexico.

148. Admit that the document attached hereto as <u>Exhibit 27</u> and bates labeled ASA01725273 - ASA01725275 is a true and correct copy of a document kept by you in the course of a regularly conducted business activity, that it was the regular practice of that business activity for an employee or representative of the business with knowledge of the act, event, condition, opinion, or diagnosis recorded to make the record or to transmit information thereof to be included in

16

such record, and that the record was made at or near the time of the act, event, condition, opinion or diagnosis recorded.

149. Admit that the document attached hereto as <u>Exhibit 28</u> is a true and correct copy of a page on your website as of September 30, 2004.

150. Admit that the document attached hereto as <u>Exhibit 29</u> is a true and correct copy of a page on your website as of September 30, 2004.

151. Admit that the document attached hereto as <u>Exhibit 30</u> is a true and correct copy of a page on your website as of October 13, 1999.

152. Admit that the document attached hereto as <u>Exhibit 31</u> is a true and correct copy of a fax cover sheet used in connection with the business of ASARCO or Grupo Mexico.

Dated:  June 21, 2007                    Respectfully submitted,

| | |
|---|---|
| **BAKER BOTTS L.L.P.** | **JORDAN, HYDEN, WOMBLE CULBRETH & HOLZER, P.C.** |
| */s/ G. Irvin Terrell, Jr.* | |
| G. Irvin Terrell, Jr. (GT-3459) | Shelby A. Jordan |
| Attorney-in-Charge | Texas State Bar No. 11016700 |
| Texas State Bar No. 19794500 | Suite 900, Bank of America |
| Samuel Cooper | 500 North Shoreline |
| Texas State Bar No. 00792427 | Corpus Christi, Texas 78471 |
| Michael Massengale | Telephone:  361.884.5678 |
| Texas State Bar No. 24003704 | Facsimile:   361.888.5555 |
| Rebeca Huddle | Email: *sjordan@jhwclaw.com* |
| Texas State Bar No. 24012197 | |
| 910 Louisiana Street | -and- |
| One Shell Plaza | |
| Houston, Texas  77002-4995 | **JORDAN, HYDEN, WOMBLE CULBRETH & HOLZER, P.C.** |
| Telephone:  713.229.1231 | |
| Facsimile:   713.229.2831 | Michael J. Urbis |
| Email:  *irv.terrell@bakerbotts.com* | Texas State Bar No. 20414130 |
| *samuel.cooper@bakerbotts.com* | 1534 E. 6th Street, Suite 104 |
| *michael.massengale@bakerbotts.com* | Brownsville, Texas 78520 |
| *rebeca.huddle@bakerbotts.com* | Telephone:  956.542.1161 |
| | Facsimile:   956.542.0051 |
| -and- | Email: *murbis@jhwclaw.com* |
| | |
| **BAKER BOTTS L.L.P.** | **COUNSEL TO ASARCO LLC** |
| Jack L. Kinzie | |
| Texas State Bar No. 11492130 | |
| Fernando Rodriguez | |
| Texas State Bar No. 24005048 | |
| Eric A. Söderlund | |
| Texas State Bar No. 24037525 | |
| Thomas E. O'Brien | |
| Texas State Bar No. 24046543 | |
| 2001 Ross Avenue | |
| Dallas, Texas 75201-2980 | |
| Telephone:  214.953.6500 | |
| Facsimile:     214.661.6503 | |
| Email: *jack.kinzie@bakerbotts.com* | |
| *fernando.rodriguez@bakerbotts.com* | |
| *eric.soderlund@bakerbotts.com* | |
| *tom.obrien@bakerbotts.com* | |

18

## CERTIFICATE OF SERVICE

I certify that on June 21, 2007, the foregoing document was served via overnight delivery

service and email on the following counsel:

BARON & BUDD
Alan B. Rich, Esq.
The Centrum, Suite 1100
3102 Oak Lawn Avenue
Dallas, Texas 75219
(214) 521-3605
(214) 520-1181 (facsimile)
*arich@baronbudd.com*

**ATTORNEYS FOR PLAINTIFFS**
**PHILLIP NELSON BURNS,**
**MIRJANA PAVKOVICH,**
**and WARREN ELMER HALPAP**

MILBANK, TWEED, HADLEY & McCLOY LLP
David R. Gelfand, Esq.
1 Chase Manhattan Plaza
New York, New York 10005
(212) 530-5000
(212) 530-5219 (facsimile)
*dgelfand@milbank.com*

MILBANK, TWEED, HADLEY & McCLOY LLP
David S. Cohen
1850 K Street, NW
Suite 1100
Washington, D.C. 20006
(202) 835-7500
(202) 835-7586 (facsimile)
*dcohen2@milbank.com*

**ATTORNEYS FOR DEFENDANT**
**GRUPO MEXICO, S.A. de C.V.**

*/s/ G. Irvin Terrell, Jr.*
G. Irvin Terrell, Jr. (GT-3459)

19

# EXHIBITS 1-6
# TO
# EXHIBIT 2
# TO
# EXHIBIT 4

## FILED UNDER SEAL