SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                        :
WESTDEUTSCHE LANDESBANK GIROZENTRALE,    :    Index No. 600673/02
                                                        :    Justice Gammerman
                            Plaintiff,                  :
                                                        :    IAS Part 24
            - against -                                 :
                                                        :
ASARCO INCORPORATED and                                 :    **REPLY AFFIDAVIT OF**
GRUPO MEXICO, S.A. DE C.V.,                              :    **DONALD E. ASADORIAN**
                                                        :
                            Defendants.                 :
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

STATE OF NEW YORK    )
                     : SS.:
COUNTY OF NEW YORK   )

            DONALD E. ASADORIAN, being duly sworn, says:

            1.      I am the Director and Head of the Americas – Forfaiting of plaintiff Westdeutsche

Landesbank Girozentrale ("WestLB"). I submit this reply affidavit in support of WestLB's

application for an order of attachment against the assets of defendant Grupo Mexico, S.A. de

C.V. ("Grupo Mexico"). I understand that Grupo Mexico opposes WestLB's attachment

application arguing that it is not subject to personal jurisdiction in New York. I understand that

Grupo Mexico argues specifically that it has no business activity within the state.

            2.      As stated in my moving affidavit, WestLB has a branch in New York, licensed

and regulated by the New York State Department of Banking. WestLB's New York branch

employs approximately 550 people.

3.    To the best of my knowledge and belief, Grupo Mexico has significant ongoing activities within this state. I am informed that Grupo Mexico and its subsidiaries, including defendant Asarco, are currently indebted in an amount not less than $450,000,000, owed to a group of banks, the lead lender of which is J.P. Morgan Chase here in New York (I understand that other involved banks include Deutsche Bank and Bank of America and 15 other banks). I understand that this $450,000,000 loan was part of a $1.26 billion loan package. See Exhibit I. I am further informed that Grupo Mexico has ongoing negotiations with these banks in New York in order to restructure this $450,000,000 indebtedness. I also understand that these negotiations have been ongoing at least since last fall and that at least twice in recent months, in December 2001 and in March of this year, Grupo Mexico, by its chief financial officer, Daniel Tellechea (whose affidavit Grupo Mexico submitted) traveled to New York to pursue these negotiations.

4.    A news release reflecting this effort is annexed as Exhibit J.

5.    Thus, it would appear, that Grupo Mexico has ongoing, significant relationships with a number of New York based lenders, including J.P. Morgan Chase, and has proceeded with ongoing restructuring negotiations in New York.

_____
DONALD E. ASADORIAN

Sworn to before me this
29th day of March, 2002

_____
Notary Public

MICHELE THOMPSON
Notary Public, State of New York
No. 30-4827374
Qualified in Nassau County
Commission Expires December 31, 20 02



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
WESTDEUTSCHE LANDESBANK GIROZENTRALE,  :
                                           :
                            Plaintiff,  :  Index # 600673/02
                                           :  (Gammerman, J.)
                                         :  IAS Part 27
        against                        :  Case No. 17586
                                         :
ASARCO INCORPORATED and                :
GRUPO MEXICO, S.A. DE C.V.,                :
                                          :
                            Defendants.  :
-------------------------------------------------------------------X

### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT

KENT, BEATTY & GORDON, LLP
Jack A. Gordon, Esq.
425 Park Avenue, 31st Floor
New York, New York 10022
(212) 421-4300

*Attorneys for defendants Asarco Incorporated and Grupo Mexico, S.A. de C.V.*

FILED
COUNTY CLERK'S OFFICE
NEW YORK
APR 2 6 2002



## Table of Contents

Table of Cases and Other Authority..................................................................ii

Preliminary Statement...................................................................................1

Facts............................................................................................................2

Argument......................................................................................................4

    I.     Summary Judgment is Inappropriate at this Time Because Material Issues
          of Fact Exist.................................................................................4

    II.    There is No Basis for the Assertion of Personal Jurisdiction
          Over Grupo Mexico........................................................................6

          A.     Under Settled First Department Law, There is no Personal
                  Jurisdiction Pursuant to CPLR § 302(a)(1).................................6

          B.     There is No Basis for Asserting Personal Jurisdiction Pursuant
                  to CPLR § 301.........................................................................12

Conclusion...................................................................................................13

## Table of Cases and Other Authority

**Cases**

*A.I. Trade Finance, Inc. v. Petra Bank*, 989 F.2d 76 (2d Cir. 1993)..............................................6,7,11

*Asahi Metal Industry Co. v. Superior Court of California, Solano County*, 480 U.S. 102 (1987)..........................................................................................10,11,12

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779 (2d Cir. 1999)....................8

*Bank of Tokyo-Mitsubishi, Ltd. v. Kvaerner*, 243 A.D.2d 1 (1st Dep't 1998)....................................6,7

*Burger King v. Rudzewicz*, 471 U.S. 462 (1985)...........................................................................9,10,11

*First National Bank and Trust Co. v. Wilson*, 171 A.D. 616 (1st Dep't 1991)....................................10

*In re Mahoney v. Lewis*, 199 A.D.2d 734 (3d Dep't 1993)...................................................................7

*Schwartz v. Zim Israel Navigation Company, Ltd.*, 15 Misc. 2d 576 (N.Y. Sup. Ct. 1958)..................2

*State Bank of India v. Taj Lanka Hotels*, 259 A.D.2d 291 (1st Dep't 1999)...........................................7

*State v. Collins*, 78 A.D.2d 295 (3d Dep't 1981)....................................................................................8

*Taller & Cooper v. Rand*, 286 A.D. 1096 (1st Dep't 1955)...................................................................8

*Tonns v. Speigel's*, 90 A.D.2d 548 (2d Dep't 1982)..............................................................................8

*United Rope Distributors, Inc. v. Kimberly Lines*, 785 F. Supp. 446 (S.D.N.Y. 1992)..................12,13

*Waldorf Associate v. Neville*, 141 Misc.2d 150, 153 (N.Y. Sup. Ct. 1988)........................................6,8

*Wegweiser v. Wegweiser*, 205 A.D.2d 616 (2d Dep't 1994)..................................................................4

*Weinstock v. Le Sport*, 195 A.D.2d 400 (1st Dep't 1993).....................................................................13

**Statutes and Other Authority**

CPLR § 301.........................................................................................................................................12
CPLR § 302(a)(1)...........................................................................................................................6,8,9
CPLR § 3213..........................................................................................................................................1
U.C.C. § 4-106......................................................................................................................................4

Banking Act, 1987, ch. 22, s. 74 (Eng.)...............................................................................................5

Vincent Whittaker, *Perspective: The Quick Buck, International Financing, and Forfaiting*, 23 T. Jefferson L. Rev. 249 (2001)....................................................................................................3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
WESTDEUTSCHE LANDESBANK GIROZENTRALE,      :
                                           :
                                Plaintiff, :   Index # 600673/02
                                           :   (Gammerman, J.)
                                           :   IAS Part 27
                    against                :   Case No. 17586
                                           :
ASARCO INCORPORATED and                    :
GRUPO MEXICO, S.A. DE C.V.,                :
                                           :
                              Defendants.  :
-------------------------------------------------------------------X

### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT

Defendants Asarco Incorporated ("Asarco") and Grupo Mexico S.A. de C.V. ("Grupo Mexico"), by their undersigned attorneys, respectfully submit the instant memorandum of law in opposition to the motion of plaintiff Westdeutsche Landesbank Girozentrale ("WestLB") for summary judgment in lieu of complaint, brought pursuant to CPLR § 3213.

### Preliminary Statement

This case involves an attempt by plaintiff to collect on a note that was signed by defendant Asarco in Arizona, and a guaranty of that debt by defendant Grupo Mexico signed in Mexico. As will be demonstrated herein, summary judgment should not be granted at this stage because there is a need for discovery to determine all material facts. Additionally, since there is no personal jurisdiction over Grupo Mexico, summary judgment should not be entered against that entity by this Court.

### Facts

According to its moving papers, plaintiff WestLB is an alien banking corporation organized pursuant to the laws of the Republic of Germany which operates in New York through a branch that is licensed by the New York State Department of Banking. (*See* Affidavit of Donald E. Asadorian in Support of Motion Summary Judgment in Lieu of Complaint, dated February 19, 2002 ("Asadorian Aff."), ¶ 3.)  The German State of North Rhine-Westphalia owns roughly 43% of WestLB. (*See* WestLB homepage (March 20, 2002) http://www.westlb.com.)

Grupo Mexico is an alien corporation organized and existing under the laws of the Republic of Mexico. Grupo Mexico is an international natural resources and transportation company with its principal place of business in Mexico City, Mexico. (*See* Affidavit of Daniel Tellechea, dated March 14, 2002 ("Tellechea Aff."), ¶ 2.) As of the end of 2001, Grupo Mexico had $7 billion in assets and $4.5 billion in liabilities. (*Id.*)  Grupo Mexico does not maintain an office or otherwise have a presence in New York. (*Id.*, ¶ 3.) However, it does have two bank accounts with a total of roughly $25,000 in New York. These funds represent less than .0004% of Grupo Mexico's assets as of the end of 2001. (*Id.*, ¶ 8.)

Asarco is a corporation organized under the laws of the State of New Jersey with its principal place of business in Arizona.  Asarco is a wholly owned subsidiary of Grupo Mexico. (*See* Tellechea Aff., ¶ 1.) Asarco, although subject to this Court's *in personam* jurisdiction, is a foreign corporation.[1]

---

[1]    Despite WestLB's repeated insistence that Asarco is a New York domiciliary or resident (*see, e.g.,* Reply Memorandum in Further Support of Plaintiff WestLB's Motion for a Prejudgment Order of Attachment, dated March 29, 2002 ("Reply Brief"), p. 12), it is neither. Asarco is a New Jersey corporation with its principal place of business in Arizona. (*See* Tellechea Aff., ¶ 1.) New York courts construe the residence of a foreign corporation under the Business Corporation Law to be its place of incorporation. *See, e.g., Schwartz v. Zim Israel Navigation Company, Ltd.*, 15 Misc. 2d 576 (N.Y. Sup. Ct. 1958).

On August 7, 2001, Asarco entered into an agreement with Trafigura A.G. ("Trafigura"), a Swiss company with offices in Stamford, Connecticut, for the purchase and shipment of roughly 7.3 million pounds of copper products to Amarillo, Texas, for $5,000,000. (Trafigura is not a party to this action.) The financing for this transaction was accomplished through a forfait agreement. That agreement called for Asarco to execute a note to Trafigura, and defendant Grupo Mexico to sign a form of guaranty, referred to in such transactions as a "per aval." *See generally* Vincent Whittaker, *Perspective: The Quick Buck, International Financing, and Forfaiting*, 23 T. Jefferson L. Rev. 249 (2001). The note was payable at Chase Manhattan Bank (now JP Morgan Chase) at One Chase Plaza in Manhattan on or after November 1, 2001. (Asadorian Aff., Exh. A.)

In or around August of 2001, Trafigura endorsed the note over to "Westdeutsche Landesbank Girozentrale London Branch." (*See id.*) The majority of the correspondence concerning the note took place between WestLB London Branch and Grupo Mexico. In fact, just prior to filing this action, on January 18, 2002, WestLB London Branch sent a letter to defendants requesting that each corporation sign a separate confession of judgment with the proposed named plaintiff being "WestLB, 25 Basinghall Street, London, EC2V 5HA."[2] (*See* Affidavit of Jack A. Gordon, Esq., dated April 12, 2002 ("Gordon Aff."), Exh. A.)

The note was presented for payment by WestLB London Branch at a Chase branch office located at 4 Chase Metro Tech Center, 8th Floor, Brooklyn, New York, but payment was declined on November 20, 2001. (*See* Asadorian Aff., Exh. C.) However, the note was payable at Chase

---

[2]     It is unclear which entity was referenced in that caption as there are several WestLB-related entities operating out of that location. (*See* Gordon Aff., Exh. B.)

3

Manhattan Bank, 1 Chase Manhattan Plaza, 270 Park Avenue, New York, New York.[3] Notice of the declination was sent from JP Morgan Chase in Tampa, Florida to WestLB London Branch in England. (*See Id.*)

This action was brought by Order to Show Cause ("OSC") and Motion for Summary Judgment in Lieu of Complaint, dated February 19, 2002, signed by Justice Herman Cahn. The OSC, originally returnable February 26, 2002, sought an order of attachment against Grupo Mexico. On April 1, 2002 the Court directed plaintiff to settle an Order of Attachment, over Grupo Mexico's objection, that, as of this writing, has not yet been entered. The motion for summary judgment was made returnable on April 22, 2002, but on April 1, 2002, this Court adjourned the return date to April 23, 2002.

**Argument**

**I.**

**Summary Judgment is Inappropriate at this Time Because Material Issues of Fact Exist**

In order for WestLB to prevail on its motion for summary judgment, it must demonstrate its right to judgment as a matter of law, *i.e.,* that there are no disputed material facts. *See, e.g., Wegweiser v. Wegweiser,* 205 A.D.2d 616 (2d Dep't 1994). As demonstrated below, WestLB has not established that there are no disputed issues of material fact. In fact, there is a question as to whether the proper plaintiff is even bringing the instant suit.

WestLB is an extraordinarily large and organizationally complex international bank. It had over 200 affiliated companies as of the end of 2000. (*See* Gordon Aff., Exh. B.) Unfortunately, its organizational structure, coupled with the fact that it operates in many different countries, creates

---

[3]     As bank branches are separate entities for purposes of payment on instruments, such dishonor has to be expected. *See, e.g.,* U.C.C. § 4-106.

4

difficulty in determining which WestLB entity is the true party in interest. The note at issue was negotiated from Trafigura in Switzerland over to "Westdeutsche Landesbank Girozentrale London Branch." (*See* Asadorian Aff., Exh. A.)  WestLB London, along with two other subsidiaries (WestLB Panmure Ltd. and WestLB Asset Management (UK) Ltd.), has a branch office located at 25 Basinghall Street. (*See* Gordon Aff., Exh. B.)  Additionally, WestLB International Trade and Commodity Finance[4] corresponded with Trafigura regarding the purchase of the note. (*See* Asadorian Aff., Exh. B.)("We acknowledge receipt of your letter dated 14[th] instant with which you enclosed documents in connection with our purchase of the above referenced transaction.") Unfortunately, entities such as Westdeutsche Landesbank Girozentrale London Branch and WestLB International Trade and Commodity Finance are unknown quantities, and nothing within plaintiff's papers reveals what type of entity each might be.[5]  Without a clearer picture of the manner in which the note was negotiated, and to what party, summary judgment is inappropriate.

Since questions exist as to the proper party in interest, it would be improvident, it is respectfully submitted, to grant plaintiff's motion for summary judgment at this stage of the proceedings.

---

[4]     This entity apparently is located at 33/36 Gracechurch Street, London EC3V OAX. (*See* Asadorian Aff., Exh. B.)

[5]     Although in the United States the law is fairly clear that, as a general matter, branches of a bank are not separate legal entities for purposes of standing to bring suit, under English law, what Americans would call "branches" of foreign banks are referred to as "representative offices." *See* Banking Act, 1987, ch. 22, s. 74 (Eng.).  As such, the English entities may exist under wholly different sets of rules.  Furthermore, there is a question whether the negotiation of the note governed by English or Swiss law.  Such questions need to be addressed by the Court, as they bear on the propriety of summary judgment and potential defenses to the action which may or may not be available.

## II.

### There is No Basis for the Assertion of Personal Jurisdiction Over Grupo Mexico

**A. Under Settled First Department Law, There is no Personal Jurisdiction Pursuant to CPLR § 302(a)(1)**

As an alien corporation with no substantial contacts with New York, Grupo Mexico's act of

uarantying the debt of a foreign corporation payable within New York cannot be deemed sufficient

o confer personal jurisdiction over it. *See Waldorf Associate v. Neville*, 141 Misc.2d 150, 153 (N.Y.

Sup. Ct. 1988). WestLB contends that jurisdiction over Grupo Mexico is proper under the "contracts

anywhere" language of CPLR § 302(a)(1). The burden of establishing personal jurisdiction is on

WestLB, and, it is respectfully submitted, it has not carried that burden.[6]

Plaintiff relies on the case of *A.I. Trade Finance, Inc. v. Petra Bank*, 989 F.2d 76 (2d Cir.

1993), for the proposition that personal jurisdiction exists over Grupo Mexico. While that case, like

this one, involves a forfait transaction, it is entirely contrary to settled law in the First Department

that the mere guaranty of a payment in New York alone simply does not suffice to establish personal

jurisdiction pursuant to CPLR § 302(a)(1). *See, e.g., Bank of Tokyo-Mitsubishi, Ltd. v. Kvaerner*,

243 A.D.2d 1 (1st Dep't 1998)(New York may not exert long-arm jurisdiction over non-domiciliary

who was never physically present in New York, and who never agreed to provide any goods or

services here); *Waldorf Associates*, 141 Misc. 2d at 153 (since a guaranty represents payment, it is

neither a good nor a service for purposes of CPLR § 302(a)(1)).

---

[6]    At a hearing on the motion for an order of attachment held on April 1, 2002, this Court stated that it had jurisdiction over Grupo Mexico sufficient to issue an attachment order, but did not articulate the basis therefor in its ruling from the bench. (*See* Grupo Mexico's Proposed Counter-Order, dated April 5, 2002.) Grupo Mexico respectfully asserts that the Court's conclusion – even in the limited context of attachment -- was erroneous.

In *Bank of Tokyo-Mitsubishi*, the First Department stated: "[T]he rule established in this Department is that the mere furnishing of a guaranty by a nondomiciliary on behalf of a foreign corporation does not serve to confer in personam jurisdiction upon our courts." *Bank of Tokyo-Mitsubishi, Ltd.*, 243 A.D.2d at 8. Put another way, *Petra Bank* is not binding on this or any other New York State court because it is a federal court decision that "predicted" how the New York State Court of Appeals would rule on the matter. *See Petra Bank*, 989 F.2d at 81 ("We predict that the New York Court of Appeals would construe a financial guaranty payable in New York as a contract to perform services within the meaning of CPLR § 302(a)(1).")[7]

Further, the *Petra Bank* case is distinguishable because the plaintiff in that action was a New York resident. *See A.I. Trade Finance*, 989 F.2d at 82 ("Since the record indicates that A.I. Trade, a New York-based firm, was involved in the transaction at an early date and may be regarded as the recipient of the guaranty, we need not consider Petra Bank's claim that 'contracts anywhere' jurisdiction is only available to New York residents.") Although WestLB has a branch in New York licensed by the Department of Banking, it is a German corporation with its principal worldwide place of business in Germany. (*See* Asadorian Aff., ¶ 3.) A foreign corporation does not become a New York resident merely by being authorized to do business within the state and having an office within the State. *See In re Mahoney v. Lewis*, 199 A.D.2d 734 (3d Dep't 1993)(corporate residence

---

[7]    The *Petra Bank* court (as well as the plaintiff in the instant action) relied on a line of cases developed in the Third Department for the proposition that a foreign corporation's guaranty of another foreign corporation's debt is sufficient to confer jurisdiction. However, those cases are unavailing because we are in the First Department. The only First Department case relied on by WestLB is *State Bank of India v. Taj Lanka Hotels*, 259 A.D.2d 291 (1st Dep't 1999), which is inapposite because it involved a forum selection clause designating New York as the exclusive jurisdiction for any action on the note. The Court of Appeals has yet to resolve this split between Departments, and, until it does, this Court is bound to follow the law of the First Department.

means its domicile); *State v. Collins*, 78 A.D.2d 295 (3d Dep't 1981)(term legal residence means

domicile for purposes of statutory construction); *Taller & Cooper v. Rand*, 286 A.D. 1096 (1st Dep't

1955)(New Jersey corporation authorized to do business in New York with only office in New York

deemed to be resident of New Jersey). As such, WestLB is not a resident of New York because its

domicile is Germany.

   In any event, the forfait was not originally payable to plaintiff – it was payable to another

non-resident – a Swiss corporation with its United States offices in Connecticut. The New York

courts recognize that the "contracts anywhere" language in CPLR § 302(a)(1) was created "so that

a convenient forum will be available for New York residents." *Tonns v. Speigel's*, 90 A.D.2d 548

(2d Dep't 1982); *Waldorf Associates*, 141 Misc.2d at 153; *see also Bank Brussels Lambert v. Fiddler

Gonzalez & Rodriguez*, 171 F.3d 779, 789 (2d Cir. 1999). Since neither plaintiff here, nor the

original obligee, is a New York resident, CPLR § 302(a)(1) is inapplicable.

   To explain, here, a Mexican corporation guaranteed payment on behalf of a New Jersey

corporation of a debt due a Swiss corporation. The note evidencing the debt was executed in Mexico

(Grupo Mexico) and Arizona (Asarco), and then sent to Connecticut to the offices of the Swiss

company (Trafigura). (*See* Tellechea Aff., ¶ 4.) Eventually, a German company (WestLB)

purchased the note from the Swiss company (Trafigura) – but that transaction occurred in England.

(*See* Asadorian Aff., Exh. B.) Additionally, correspondence between WestLB London and Grupo

Mexico occurred between WestLB London's forfait department and Grupo Mexico in

8

Mexico. In fact, advice that the note was dishonored was sent from JP Morgan Chase in Florida to WestLB London.[8] In light of all of these facts, the exercise of jurisdiction over Grupo Mexico in New York would be unreasonable.

Even should the Court find that the guaranty is a contract to provide goods or services in New York, and further find that Grupo Mexico had the requisite minimum contacts with this forum, WestLB must demonstrate that Grupo Mexico purposely availed itself of the privilege of doing business in New York, and if there is purposeful availment, the Court must examine five factors to determine whether the exercise of jurisdiction constitutionally would be reasonable. *See Burger King v. Rudzewicz*, 471 U.S. 462 (1985).[9]

As noted, Grupo Mexico did not purposefully avail itself of the privilege of doing business in New York. Its only contact with New York, in relation to the underlying transaction, was the specification of a New York bank for payment from a non-party bank to a non-party under its guaranty of payment. That guaranty was executed in Mexico. (*See* Tellechea Aff., ¶ 4.) Since the First Department makes clear that a foreign corporation's guaranty of a note payable in New York does not establish that the guarantor "voluntarily elected to invoke the benefits and protections of

---

[8]  Seemingly, the forfaiter in this case, who, according to plaintiff's papers, relies on the place of payment, ignored the place of payment all along. Why did New York not even come into play until suit was filed, or, for that matter, why is there no forum selection clause in the forfait designating New York as the proper forum for any litigation?

[9]  WestLB argued in its Reply Brief in connection with its attachment motion that since CPLR § 302(a)(1) does not extend to the limits of due process, the *Burger King* analysis need only be perfunctorily performed. (Reply Brief, p. 10.) However, as will be demonstrated, the First Department rule on the nature of guarantying payment in New York leads to the conclusion that there has been no purposeful availment. To the extent that CPLR § 302(a)(1) may be deemed to contemplate jurisdiction in a situation where the First Department already has found there to be no purposeful availment, the routine assumption that a finding of jurisdiction pursuant to that statute does not extend to the limits of due process is inapplicable, and the full *Burger King* analysis should be undertaken by the Court.

9

the laws of New York," *First National Bank and Trust Co. v. Wilson*, 171 A.D. 616 (1st Dep't 1991), Grupo Mexico has not purposefully availed itself of the privileges and laws of the State of New York.

In *Burger King*, the Supreme Court noted that "a State generally has a 'manifest interest' in providing its residents with a convenient forum ... ." *Burger King*, 471 U.S. at 473. Additionally, that Court noted that "where the defendant 'deliberately' has engaged in significant activities within a State, *Keeton v. Hustler Magazine, Inc.*, supra at 781, or has created 'continuing obligations' between himself and residents of the forum ... he manifestly has availed himself of the privilege of conducting business there ... ." *Id.* at 476. While plaintiff would attempt to play down the importance of the due process clause, a transaction involving a German bank, a Mexican corporation and a Swiss corporation, none of which are New York residents, appears to be a case where the due process analysis should be made in earnest rather than in passing.

Even if this Court finds that Grupo Mexico purposefully availed itself of this jurisdiction, it must then look to the five factor test articulated in *Burger King* to determine whether jurisdiction might reasonably be exercised. Those five factors are: 1) the burden on the defendant of litigating away from home; 2) the interest of the forum state; 3) the plaintiff's interest in obtaining relief; 4) the interest of the interstate judicial system in efficient dispute resolution; and 5) the shared interest of the several states in furthering fundamental social policies. *See Burger King*, 471 U.S. at 476-78. Examining these factors leads to the conclusion that it would be unconstitutional to exercise personal jurisdiction over Grupo Mexico in this case.

Before doing so, it is important to note that the Supreme Court has held that when the defendant is an alien corporation, the exercise of jurisdiction under the *Burger King* analysis is dubious. *See Asahi Metal Industry Co. v. Superior Court of California, Solano County*, 480 U.S.

10

102 (1987). The mere fact that the defendant is an alien corporation militates heavily against the exercise of jurisdiction. The *Asahi* Court stated: "The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders" *Id.* at 114. In the *Asahi* case, as here, the defendant was an alien corporation. Additionally, as here, that defendant was transacting business with another alien corporation. Since, in terms of the relevant issue of the citizenship of the corporations, this case bears a close resemblance to *Asahi*, a similar result should obtain.

Even applying the *Burger King* analysis, jurisdiction should not be found. New York's interest in this matter is *de minimis*. As the *Asahi* Court noted: "Because the plaintiff is not a California resident, California's legitimate interests have considerably diminished." *Id.* In the instant case, not one of the parties is a New York resident, and the note was not made in New York. While it is true that New York does have a generic interest in international finance, its interest in adjudicating this particular dispute between two alien corporations and a foreign corporation, arising from a per aval executed in Mexico, delivered to Arizona, forwarded to Connecticut and then negotiated to WestLB in London is limited at best.[10]

Plaintiff's interest in obtaining relief in a New York court is also not that great. WestLB is a German corporation with offices throughout the world. In fact, WestLB has a branch operating in Mexico City (*see* WestLB homepage (April 12, 2002) http://www.westlb.com.), which also happens to be the principal place of business of Grupo Mexico. (*See* Tellechea Aff., ¶ 2.) Thus,

---

[10]    It is worth noting that the forfait transactions are far more common in Europe than in the U.S. In fact, the only reported litigations involving such financings in the U.S. involve the notes at issue in the *Petra Bank* case.

11

WestLB can bring its claim against Grupo Mexico in a jurisdiction where both WestLB and Grupo Mexico have offices (Mexico City), which makes more sense because a New York court can provide virtually no relief as to Grupo Mexico in any event, since Grupo Mexico maintains hardly any assets here.

The fourth and fifth factors may be conflated due to the fact that both WestLB and Grupo Mexico are alien corporations. The *Asahi* Court noted:

> The procedural and substantive interests of other nations in a state court's assertion of jurisdiction over an alien defendant will differ from case to case. In every case, however, those interests, as well as the Federal Government's interest in its foreign relations policies, will be best served by a careful inquiry into the reasonableness of the assertion of jurisdiction in the particular case, and an unwillingness to find the serious burdens on an alien defendant outweighed by minimal interests on the part of the plaintiff or the forum state.

*Asahi*, 480 U.S. at 115. In the instant case, the heavy burden of litigating in a foreign jurisdiction is present, and New York's interest in adjudicating this conflict between alien corporations is minimal. Therefore, the Court should find that it would be unreasonable to exercise jurisdiction over Grupo Mexico.

**B. There is No Basis for Asserting Personal Jurisdiction Pursuant to CPLR § 301**

WestLB has also hinted that jurisdiction pursuant to CPLR § 301 may be proper over defendant Grupo Mexico because it has banking relations in New York. (*See* Reply Brief, p. 12.) WestLB relies on *United Rope Distributors, Inc. v. Kimberly Lines*, 785 F. Supp. 446 (S.D.N.Y. 1992), for the unremarkable proposition that having a bank account or banking relationships in New York is an indicia of doing business. (*Id.*) WestLB then extrapolates that Grupo Mexico's maintenance of two bank accounts in New York means that it is doing business here. (*Id.*) This argument deserves short shrift. The *United Rope Distributors* case stands for the proposition that an unauthorized foreign corporation may be doing business within New York if it transacts virtually

12

all of its business through its New York account. *See United Rope Distributors*, 785 F.Supp. at 450.

However, Grupo Mexico conducts virtually no business through its New York accounts. (*See* Tellechea Aff., ¶ 6.)

While maintenance of bank accounts within the jurisdiction is a traditional indicia of "doing business" within a jurisdiction, the company must actually *be doing business* as well. Grupo Mexico does not sell anything in New York, nor does it solicit business in New York, nor does it maintain an office in New York, nor does it carry on any business in New York. (*See* Tellechea Aff., ¶ 4.) Maintenance of banking relations within New York when unrelated to the actual business of the corporation is simply insufficient to confer jurisdiction pursuant to CPLR § 301. *See Weinstock v. Le Sport*, 195 A.D.2d 400 (1st Dep't 1993).

### Conclusion

As there are disputed issues of material fact regarding the proper party in interest, as well as a lack of personal jurisdiction over defendant Grupo Mexico, it is respectfully submitted that plaintiff WestLB's motion for summary judgment in lieu of complaint be denied.

Dated: New York, New York
     April 12, 2002

KENT, BEATTY & GORDON, LLP

By: *[signature]*

Jack A. Gordon, Esq.
425 Park Avenue
New York, New York 10022
(212) 421-4300
*Attorneys for Defendants Asarco Incorporated
and Grupo Mexico, S.A. de C.V.*

13

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Memorandum of Law in Opposition to

Plaintiff's Motion for Summary Judgment in Lieu of Complaint, dated April 12, 2002, and

accompanying Affidavit of Jack A. Gordon, Esq., dated April 12, 2002 were served via first class

mail, on April 12, 2002, on Sullivan & Worcester, LLP, 565 Fifth Avenue, New York, NY 10017.

Dated: April 12, 2002

David J. Goodearl

Sworn to me this _12th_
day of April, 2002

Notary Public

CHRISTINE CHIFFRILLER
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01CH6033498
QUALIFIED IN BRONX COUNTY
COMMISSION EXPIRES NOVEMBER 22, 2005

**TAB 18**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------------X
WESTDEUTSCHE LANDESBANK GIROZENTRALE, :
                                                                          :
                                               Plaintiff,    :    Index # 600673/02
                                                                          :    (Gammerman, J.)
                                                                          :    IAS Part 27
               against                                            :    Case No. 17586
                                                                          :
ASARCO INCORPORATED and                        :
GRUPO MEXICO, S.A. DE C.V.,                        :
                                                                          :
                                               Defendants.   :
---------------------------------------------------------------------X

**AFFIDAVIT OF JACK A. GORDON IN OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT**

STATE OF NEW YORK          )
                                                    ss.:
COUNTY OF NEW YORK   )

        JACK A. GORDON, ESQ., being duly sworn, deposes and says:

        1. I am a member, *inter alia*, of the bar of this Court and of the law firm Kent, Beatty &

Gordon, LLP, counsel to Defendants Asarco Incorporated ("Asarco") and Grupo Mexico, S.A. de

C.V. ("Grupo Mexico")(collectively "Defendants"), in the above-referenced action. As such, I am

familiar with the facts and circumstances of this action. I make this affidavit in opposition to the

Motion of Plaintiff Westdeutsche Landesbank Girozentrale for Summary Judgment in Lieu of

Complaint.

        2. Annexed hereto as Exhibit A is a true and correct copy of a letter from Geoff Sharp to

Daniel Tellechea and Genaro Guerrero, with enclosures, dated January 18, 2002.

3. Annexed hereto as Exhibit B are true and correct copies of pages obtained from Westdeutsche Landesbank Girozentrale's website (www.westlb.com), visited on April 12, 2002.

_Jack A. Gordon_
Jack A. Gordon

Sworn to before me on this 12th
day of April, 2002.

_Christine Chiffriller_
Notary Public

CHRISTINE CHIFFRILLER
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01CH6033498
QUALIFIED IN BRONX COUNTY
COMMISSION EXPIRES NOVEMBER 22, 2005

2



London Branch

18th January 2002

Mr Daniel Tellechea
Grupo Mexico, SA de CV
Av. Baja California No. 200,
Piso 4, Col. Roma Sur
CP 06760, Mexico, D.F.
Fax: 52-55 5574 8400

Messrs  Daniel Tellechea, Genaro Guerrero
Asarco Incorporated,
1150 North 7th. Avenue
Tucson, Arizona 85705
USA
Fax: 52-0 798 7783

Direct Tel:    +44 20 7020 7132
Direct Fax:    +44 20 7020 7150
geoff_sharp@westlb.co.uk

Dear Sir(s),

**ASARCO INC. PROMISSORY NOTE dd. 7 AUGUST 2001 for USD5,000,000.00
GUARANTEED 'PER AVAL' BY GRUPO MEXICO, SA DE C.V. favour TRAFIGURA AG
due 1 NOVEMBER 2001.**

We refer to the above Promissory Note issued by yourselves and guaranteed per aval by
Grupo Mexico SA de C.V. which you will be aware was endorsed in favour of
Westdeutsche Landesbank Girozentrale, London branch by the exporter (Trafigura AG).

In this regard, we confirm receipt of partial repayment of USD1,000,000.00 from
yourselves value 16th January 2002 and confirm our verbal agreement per your discussions
with Mr. Raul Tostado, WestLB Mexico office for the balance of this transaction to be
settled via further repayments to Westdeutsche Landesbank Girozentrale, London branch
Account No. 001-1-352267 with Chase Manhattan Bank, New York quoting SWIFT ref:
WELAGB2L under direct advice to ourselves as follows :-

USD 2,000,000.00 due 15th February 2002
USD 2,000,000.00 due 15th March 2002

Please note that the above repayment programme has been agreed 'without prejudice' to
our existing rights under the headed Promissory Note, including re-instatement of legal
action against yourselves to recover such funds (plus legal costs) in the event that
payment(s) have not been made in strict accordance with the above extended maturity
date(s).  Relative delayed payment interest @ 3.25%pa (LIBOR plus 1.50%pa) should also
be met by yourselves upon final settlement date (viz. 15th March 2002).

---

Westdeutsche Landesbank
Girozentrale
London Branch
Woolgate Exchange
25 Basinghall Street
London EC2V 5HA

Tel: +44 (0)20 7020 2000
Fax:+44 (0)20 7020 2002
Telex: 884689
SWIFT:WELAGB2L
www.westlb.com

Branch registered in England
No. BR001699
Regulated by SFA for
the conduct of investment
business in the UK

Incorporated in the
Federal Republic of Germany
Reg. Amtsgerichte
Düsseldorf, HRA 14000
Münster, HRA 5000

G:\SHARPG\WORD\MEXICO\Asarco17Jan02.doc



Would you please immediately arrange to return a signed copy of this letter to evidence the above extended repayment arrangements between ourselves. Additionally, we would be grateful for your signing and returning attached affidavits ('confession of judgement') in the name(s) of Asarco Corporation and Grupo Mexico SA de CV for the balance of the repayment (USD 4,000,000) which have been prepared by our legal representatives

Kindly sign, where indicated below, and return a copy of this letter thereby confirming your agreement to the terms and conditions above. We also look forward to receiving copies of duly signed and notarised 'confession of judgement' documents in due course.

Yours sincerely,

Geoff Sharp
Executive Director


cc Mr M Sullivan, Attorney at Law,
Sullivan & Worcester LLP,
565 5th Avenue,
New York, NY 10017
Fax no 001 212 646 8651494


We confirm our agreement to the above terms and conditions
For and on behalf of Asarco Incorporated

_____



We confirm our agreement to the above terms and conditions
For and on behalf of Grupo Mexico SA de CV

Asarco17Jan02

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK .

- - - - - - - - - - - - - - - - - - - X
                                       :
WestLB, 25 Basinghall Street,
London EC2V 5HA                                    Index No.
                                       :
                    Plaintiff,         :    IAS Part ___
                                       :
         - against -                        **AFFIDAVIT OF**
                                       :    **CONFESSION OF**
GRUPO MEXICO, SA DE C.V.,
AV. Baja California No 200
Piso 4. Col. Roma Sur
CP 06760, Mexico, D.F.                      __JUDGMENT_____.
                                       :
                    Defendant.
                                       : .
- - - - - - - - - - - - - - - - - - - X


STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )


        Genaro Larrea, [Title] of Grupo Mexico SA DE C.V.

("Grupo Mexico"), defendant in the above-captioned action,

having been duly sworn, deposes and says:


I am the [Title] of Grupo Mexico, a _____ Corporation, duly
authorized to do business in New York, with a principal place of
business AV. Baja California No 200,Piso 4. Col. Roma Sur CP
06760, Mexico, D.F.

        1.      I am duly authorized to make this affidavit on

behalf of Grupo Mexico.


        2.      This Affidavit is executed pursuant to Section

3218, New York Civil Practice Law and Rules, for the purpose of

confessing judgment on behalf of Grupo Mexico and in favor of WestLB in the total amount of US$4,000,000.00, and interest accruing at the annual rate of ____ percent from _____ (collectively, the "Judgment Amount.")

3.    I hereby authorize WestLB, without prior notice to me, to seek entry of a Judgment by Confession against me pursuant to Section 3218 of the New York Civil Practice Law and Rules if WestLB is not paid the entire sum of US$4,000,000, plus interest thereon from [maturity date] to date of payment calculated at the annual rate of ___ percent, on or before 15th March 2002.

4.    I hereby specifically acknowledge that the amount of the Judgment shall be US$_____ (representing the principal amount of $4,000,000.00, plus interest thereon calculated at the rate of ___ percent per annum from November 1, 2001 through 15th March 2002.

5.    The sum for which Judgment may be entered pursuant to this Affidavit is for the purpose of securing WestLB against a debt and liability of Grupo Mexico, which debt is justly due to WestLB, arising out of Grupo Mexixo failure to honor its guaranty per aval of a promissory note executed on August 7, 2001 and which was due and payable on November 1, 2001, but for which only partial payment of USD 1,000,000.00 has been made.

6.    I hereby specifically authorize and consent to the entry of the Judgment contemplated by this Affidavit by the Clerk of the Supreme Court, New York County, for the amount of US$_____.

7.    I hereby specifically acknowledge and agree that this Affidavit satisfies all the applicable requirements of Section 3218 of the New York Civil Practice Law and Rules, and represent and confirm that I have executed this Affidavit after having an opportunity to seek and receive legal advice from competent and independent legal counsel.

_____
Genaro Larrea, [Title]
Grupo Mexico SA DE C.V.

Sworn to before me this
_____ day of January 2002


_____
Notary Public


21008v1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - X
                                           :
WestLB, 25 Basinghall Street,
London, EC2V 5 HA                                   Index No.
                                           :
                            Plaintiff,              IAS Part ____
                                           :
         - against -                                **AFFIDAVIT OF**
                                           :        **CONFESSION OF**
ASARCO INCORPORATED,
1150 North 7th Avenue
Tuscon, Arizona 85705                               **JUDGMENT** ____
                                           :
                            Defendant.
                                           :
- - - - - - - - - - - - - - - - - - - - - X


STATE OF NEW YORK   )
                    )  ss.:
COUNTY OF NEW YORK  )


        Daniel Tellechea, **[Title]** of Asarco Incorporated
("Asarco"), defendant in the above-captioned action, having been
duly sworn, deposes and says:


        1.    I am the **[Title]** of Asarco, a _____
Corporation, duly authorized to do business in New York, with a
principal place of business at 712 Fifth Avenue, New York, New
York 10019.  I am duly authorized to make this affidavit on
behalf of Asarco.


        2.    This Affidavit is executed pursuant to Section
3218, New York Civil Practice Law and Rules, for the purpose of

confessing judgment on behalf of Asarco and in favor of WestLB
in the total amount of US$4,000,000.00 and interest accruing at
the annual rate of ____ percent from _____ (collectively,
the "Judgment Amount.")

3.    I hereby authorize WestLB, without prior notice
to me, to seek entry of a Judgment by Confession against me for
the Judgment Amount pursuant to Section 3218 of the New York
Civil Practice Law and Rules if WestLB is not paid the sum of
US$4,000,000.00, plus interest thereon from [maturity date] to
date of payment calculated at the annual rate of ____ percent, on
or before 15th March 2002.

4.    I hereby specifically acknowledge that the amount
of the Judgment shall be US$_____ (representing the
principal amount of $4,000,000.00, plus interest thereon
calculated at the rate of ____ percent per annum from November 1,
2001 through 15th March 2002.

5.    The sum for which Judgment may be entered pursuant
to this Affidavit is for the purpose of securing WestLB against
a debt and liability of Asarco's, which debt is justly due to
WestLB, arising out of Asarco's default on a promissory note
executed on August 7, 2001, which was due and payable on
November 1, 2001, but for which only  payment of USD 1,000,000.00
has  been made.

6.    I hereby specifically authorize and consent to the
entry of the Judgment contemplated by this Affidavit by the Clerk

of the Supreme Court, New York County, for the amount of
US$_____.

        7.    I hereby specifically acknowledge and agree that
this Affidavit satisfies all the applicable requirements of
Section 3218 of the New York Civil Practice Law and Rules, and
represent and confirm that I have executed this Affidavit after
having an opportunity to seek and receive legal advice from
competent and independent legal counsel.


_____
Daniel Tellechea, [Title]
Asarco Incorporated

Sworn to before me this
_____ day of December 2001


_____
    Notary Public


2J007v1

1 of 2

 

**Offices Locations**

**London**

**Branch**
Westdeutsche Landesbank Girozentrale
Woolgate Exchange
25 Basinghall Street
London EC2V 5HA
Großbritannien
Tel.: (44-20) 7020 2000
Fax: (44-20) 7020 2002

**Subsidiaries**
Westdeutsche ImmobilienBank
Branch
42, Moorgate, Habib House
London EC 2R 6EL
United Kingdom
Tel.: (44-20) 7 970 33 00
Fax: (44-20) 7 970 33 11
e-mail: london@immobilienbank.de

WestLB Panmure Ltd.
Woolgate Exchange
25 Basinghall Street
London EC2V 5HA
United Kingdom
Tel.: (44-20) 20 7020 2000
Fax: (44-20) 20 7020 2002

WestLB Asset Management (UK) Ltd.
Woolgate Exchange
25 Basinghall Street
London EC2V 5HA
United Kingdom
Tel.: (44-20) 20 7020 2000
Fax: (44-20) 20 7020 2002



**WestLB Group**

**Organisational Structure – Companies Included in the Group Annual Accounts**



| Banking Group Subsidiaries | |
|---|---|
| | |
| Banque d'Orsay S.A., Paris (100%) | (LC) |
| Criterion Investment Management LLC, Houston (100%) | (LC) |
| SAO Westdeutsche Landesbank Vostok, Moskau (100%) | (LC) |
| Westdeutsche Landesbank (France) S.A., Paris (100%) | (LC) |
| Westdeutsche Landesbank (Hungaria) Rt., Budapest (99,99%) | (LC) |
| Westdeutsche Landesbank (Ireland) plc., Dublin (100%) | (LC) |
| Westdeutsche Landesbank (Italia) S.p.A., Mailand (100%) | (LC) |
| Westdeutsche Landesbank Polska S.A., Warschau (100%) | (LC) |
| WestLB Asset Management Kapitalanlagegesellschaft mbH, Düsseldorf (90%) | (LC) |
| WestLB Asia Pacific Ltd., Singapur (100%) | (LC) |
| WestLB Asset Management (Japan) Co. Ltd., Tokio (100%) | (LC) |
| WestLB Europa Holding AG, Düsseldorf (100%) | (LC) |
| Banque Européenne pour l´Amérique Latine (BEAL) S.A., Brüssel (100%) | (LC) |
| WestLB Europe (UK) Holdings Ltd., London (100%) | (LC) |
| WestLB Asset Management (UK) Ltd., London (100%) | (LC) |
| WestLB UK Ltd., London (100%) | (LC) |
| WestLB Panmure Ltd., London (100%) | (LC) |
| WestLB International S.A., Luxemburg (75%) | (LC) |
| WestLB Panmure Securities Inc., Dover (100%) | (LC) |
| WestLB Securities Pacific Ltd., Hongkong (100%) | (LC) |
| Dussepsilon Beteiligungsgesellschaft mbH, Düsseldorf (100%) | |
| WPS WertpapierService Bank AG, Frankfurt (99,97%) | |
| GEV Gesellschaft für Energie- und Versorgungswerte mbH, Dortmund (100%) | |
| WestLB Panmure (Hungaria) Consulting Rt., Budapest (100%) | |
| WestLB New York Capital Investment Ltd., Jersey (100%) | |
| WestLB Research GmbH, Düsseldorf (100%) | |
| WestLB Systems GmbH, Düsseldorf (100%) | |
| Landesbank Rheinland-Pfalz – Konzern –, Mainz (37,5%)* | |
| Landesbank Schleswig-Holstein – Konzern –, Kiel (39,9%)* | |
| Westdeutsche ImmobilienBank – Konzern –, Mainz (50%)* | |
| | |
| | |
| **Other Group Subsidiaries** | |
| | |
| West Merchant Bank Ltd., London (100%) | (LC) |
| Westdeutsche Spielbanken GmbH & Co. KG, Münster (100%) | |
| WestLB Asset Management (USA) LLC, Chicago (100%) | (LC) |
| WestLB Europe (UK) Fund Ltd., London (100%) | (LC) |
| WestLB Finance (Credits) Ltd., London (100%) | (LC) |
| WestLB Finance Curaçao N.V., Curaçao (100%) | (LC) |

At the end of 2000, WestL of 204 affiliated companie 73 are included in the Gro accounts.

2 of 2

| | |
|---|---|
| WestLB Finance Netherlands B.V., Den Bosch (100%) | (LC) |
| WestLB Finance UK Plc., London (100%) | (LC) |
| WestLB Fund Investments Ltd., London (100%) | (LC) |
| WestLeasing Westdeutsche Leasing Holding GmbH, Düsseldorf (100%) | |
| WestKB Westdeutsche Kapitalbeteiligungsgesellschaft mbH, Düsseldorf (100%) | |
| | |
| 35 additional affiliated companies included in the consolidated accounts | |
| | |
| WestLB ASIAC Bank Ltd., Port Vanuatu (100%) | (LC) |
| WestLB Asset Management (Australia) Pty. Ltd., Sydney (51%) | (LC) |
| WestRM – West Risk Markets AG, Zug (100%) | (LC) |
| | |
| 128 additional affiliated companies not included in the consolidated accounts | |
| | |
| 20 assoziierte companies | |
| | |
| For information: | |
| CWB Capital Partners Ltd., London (49,9%) | (LC) |

\* = pro rata consolidated
(LC) = covered by WestLB's Letters of Comfort for Group subsidiaries

Status: 31.12.2000

1

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY: CIVIL TERM:   PART 27
----------------------------------------X
WESTDEUTSCHE LANDESBANK GIROZENTRALE,

                        Plaintiff,

         - against -        Index No.
                            600673/02

ASARCO INCORPORATED and
GRUPO MEXICO. S.A. DE C.V.,

                    Defendants.
----------------------------------------X
       60 Centre Street
       New York, New York   10007
       April 1, 2002

B E F O R E :

         HONORABLE IRA GAMMERMAN,
               Justice

A P P E A R A N C E S :

   SULLIVAN & WORCESTER, LLP
   Attorneys for Plaintiff
   565 Fifth Avenue
   New York, New York
   BY:  MICHAEL T. SULLIVAN, ESQ.
       MARIANO SCHWED, ESQ.

   KENT BEATTY & GORDON, LLP
   Attorneys for Defendants
   425 Park Avenue
   New York, New York
   BY:  JACK A. GORDON, ESQ.
       DAVID J. GOODEARL, ESQ.

            RICHARD S. FEIS
          Senior Court Reporter

2

THE COURT:  This case is number 17586.

This is a motion for an attachment.

The attachment is-- is there any assets of
ASARCO in New York?

MR. GORDON: There are, your Honor--

THE COURT:  You are not opposing that?

MR. GORDON: No motion with respect to--

THE COURT:  Your motion is only with respect
to Grupo?

MR. SULLIVAN: Yes, your Honor.

THE COURT:  In any event--

MR. SULLIVAN: I think, your Honor, we have a
different index number.

THE COURT:  No, that's not the index number.
That's a number that helps me find cases in my computer
and if you put that number on any letters you write or
any papers you submit, it's very easy for me to locate
the file.

MR. SULLIVAN: Thank you, your Honor.

THE COURT:  The index 600683/02.

This is a case in which there is a note of $4
million  executed by the first named defendant,
guaranteed by the second named defendant which is due
and has not been paid.  The plaintiff has found at least

3

Proceedings

1
2  a small bank account of the defendant in the state.  It
3  seems to me, under those circumstances they are entitled
4  to the attachment.

5       The opposition is that the imposition of the
6  attachment will impose dire consequences on the second
7  named defendant, a company that apparently has very
8  substantial assets outside of the State of New York.

9       I've indicated to counsel that the matter
10  perhaps can be resolved by the posting of bonds, one or
11  more bonds, to cover the debt.  If you post a bond for
12  the four million dollars, counselor, they won't seek
13  attachment, I take it; am I correctly saying that?

14       MR. SULLIVAN: I can't think of any reason not
15  to.

16       THE COURT:  If you do that, that solves the
17  case.  They make a motion for summary judgment, I
18  assume.

19       MR. SULLIVAN: Your Honor, we have a motion for
20  summary judgment pending.

21       THE COURT: Where is that?

22       MR. SULLIVAN: Before your Honor.

23       THE COURT:  This motion?

24       MR. SULLIVAN: Your Honor, we filed two motions
25  at the same time.

26       THE COURT:  I only have one motion, counselor.

4

|    | Proceedings |
|----|-------------|
| 1  | |
| 2  | MR. SULLIVAN: Motion for summary judgment in |
| 3  | lieu of commencing to-- |
| 4  | THE COURT:  That must be down stairs. It may |
| 5  | be, the return date hasn't been reached. |
| 6  | It hasn't come to me yet. |
| 7  | MR. GORDON: Only three weeks from now. |
| 8  | THE COURT:  In any event, the way that the |
| 9  | attorneys for the defendant's can avoid the dire |
| 10 | consequences of Grupo is to post a bond for the amount |
| 11 | that plaintiff seeks to recover on the other motion, but |
| 12 | absent that, I am going to grant the motion. |
| 13 | I am directing the attorney for the movant to |
| 14 | settle an order. |
| 15 | MR. SULLIVAN: Thank you, your Honor |
| 16 | |
| 17 | *  *  * |
| 18 | CERTIFIED TO BE A TRUE AND ACCURATE TRANSCRIPT |
| 19 | OF THE ORIGINAL STENOGRAPHIC MINUTES TAKEN OF THIS PROCEEDING. |
| 20 | Richard S. Feis |
| 21 | Senior Court Reporter |
| 22 | SO ORDERED |
| 23 | 4/3/02 |
| 24 | J.S.C. |
| 25 | IRA GAMMERMAN |
| 26 | APR 03 2002 |

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT:    *Gammerman*                          PART 27m
            _____
                              *Justice*
            IRA GAMMERMAN

West Deutsche Landes bank        INDEX NO.    600673/02

                                 MOTION DATE   4/1/02+

            - v -                MOTION SEQ. NO.  001

Asarco Inc et al                 MOTION CAL. NO. _____

The following papers, numbered 1 to _____ were read on this motion to/for _____

                                              | PAPERS NUMBERED
                                              |
Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ...  | _____
                                              |
Answering Affidavits — Exhibits _____ | _____
                                              |
Replying Affidavits _____ | _____

Cross-Motion:   ☐ Yes   ☐ No

Upon the foregoing papers, it is ordered that this motion *is granted. Lee record.*

                    *Settle order.*

                                        FILED
                                      APR 19 2002
                                   COUNTY CLERK'S OFFICE
                                       NEW YORK

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE

Dated: _____ APR 0 1 2002 @ 4/1/02

                                   IRA GAMMERMAN    J.S.C.
Check one:   ☐ FINAL DISPOSITION   ☑ NON-FINAL DISPOSITION

17586                      MDA 50

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                   :

WESTDEUTSCHE LANDESBANK GIROZENTRALE,   :     Index No. 600673/02
                                   :     Justice Gammerman
                 Plaintiff,             :     Case No 17586
                                     :     IAS Part 27
            - against -               :

ASARCO INCORPORATED and           :     **JUDGMENT**
GRUPO MEXICO, S.A. DE C.V.,          :

                 Defendants.        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FILED
APR 2 6 2002
COUNTY CLERK'S OFFICE
NEW YORK

          Plaintiff Westdeutsche Landesbank Girozentrale, with its place of business at

1211 Avenue of the Americas, New York, New York 10036, having commenced an action

pursuant to CPLR 3213 by serving a summons and motion for summary judgment in lieu of

complaint against defendant Asarco, Incorporated and defendant Grupo Mexico, S.A. de C.V.

and that motion having come on to be heard on April 23, 2002 and due deliberation having been

had thereon, and the Court having rendered its decision dictated into the record on April 23,

2002, which directed, <u>inter alia</u>, that plaintiff Westdeutsche Landesbank Girozentrale have

judgment against defendant Asarco, Incorporated and defendant Grupo Mexico, S.A. de C.V. as

demanded in the motion.

          NOW, upon motion of Sullivan & Worcester, LLP, attorneys for plaintiff

Westdeutsche Landesbank Girozentrale , it is hereby

          ADJUDGED, that plaintiff Westdeutsche Landesbank Girozentrale, 1211 Avenue

of the Americas, New York, New York 10036, have judgment against defendant Asarco,

Incorporated, 712 Fifth Avenue, New York, New York, 10019, and defendant Grupo Mexico,

S.A. de C.V., Avenida Baja California 200, Colonia Roma Sur, Piso 4, CP 06760 Mexico, D.F.,

Mexico, in the principal amount of Four Million Dollars ($4,000,000), together with

prejudgment interest calculated at the statutory rate of nine percent (9.00%) from November 1,

2001 through April 25, 2002 in the sum of One Hundred Seventy-Three Thousand Five Hundred

and Eighty-Nine Dollars and Four Cents ($173,589.04) plus costs and disbursements of Four

Hundred and Eighty Dollars ($480.00), for a total sum of Four Million One Hundred Seventy-

Four Thousand Sixty-Nine Dollars and Four Cents ($4,174,069.04), and the plaintiff

Westdeutsche Landesbank Girozentrale shall have execution therefor.

Judgment signed this 26th day of April, 2002.

_____
Clerk

FILED

APR 2 6 2002

COUNTY CLERK'S OFFICE
NEW YORK

1

```
 1
 2   SUPREME COURT OF THE STATE OF NEW YORK
     COUNTY OF NEW YORK:
 3   - - - - - - - - - - - - - - - -X
     WEST DEUTSCHE-LANDESBANK GIROZENTRALE,
 4
                         Plaintiff,
 5
             -against-
 6
     ASARCO, INC. and
 7   GRUPO MEXICO SA DE C-V,
 8                       Defendants,
     - - - - - - - - - - - - - - - -X
 9
                         60 Centre Street
10                       New York, New York 10007
                         April 23, 2002
11
12   BEFORE:  HONORABLE IRA GAMMERMAN, Justice
13
     Appearances:
14
         SULLIVAN & WORCESTER, LLP
15           Attorneys for Plaintiff
             565 Fifth Avenue
16           New York, New York  10017
         BY:  MICHAEL T. SULLIVAN, ESQ. and
17           MARIANO SCHWED, ESQ.
18       KENT, BEATTY & GORDON, LLP
             Attorneys for Defendants
19           425 Park Avenue
             New York, New York  10022
20       BY:  MICHAEL B. KENT, ESQ. and
             DAVID J. GOODEARL, ESQ.
21
22                       THEODORE CUSTER
23                       OFFICIAL COURT REPORTER
24
25
26
```

Index#
600673/02

2

Proceedings

1
2    THE COURT:  This case is 17586.  That number
3    should appear on all papers or communications.
4        This is a 3213 motion which I'm inclined to
5    grant. But I will give the attorney for the defendant an
6    opportunity to tell me why I shouldn't.
7        MR. KENT:  Michael Kent, your Honor, for Kent,
8    Beatty & Gordon.  We are the defendants.  Your Honor, I
9    would simply like to address the argument that Grupo
10   Mexico is not before this Court in another jurisdiction.
11       THE COURT:  It is to the extent that I have
12   attached $25,000.
13       MR. KENT:  To that limited extent.
14       THE COURT:  Yes, and counselor, and to the
15   extent that any additional funds of Grupo Mexico come --
16   your assets come within the jurisdiction, those will be
17   attached, I will have jurisdiction to the extent of those
18   additional funds or assets.
19       MR. KENT:  I understand that.
20       THE COURT:  So I don't see the problem.
21       MR. KENT:  Well, the plaintiff is seeking to
22   establish long arm jurisdiction based upon the fact that
23   --
24       THE COURT:  We are not dealing with that,
25   counselor.  My recollection is initially it was argued
26   that I shouldn't sign the attachment order because the

THEODORE CUSTER -  OFFICIAL COURT REPORTER

3

Proceedings

1

2    publicity that would attach would be damaging.

3        MR. KENT:  I think this is the case of Grupo

4    Mexico, I wasn't present at that argument.  It's

5    possible.

6        THE COURT:  Didn't somebody make that argument?

7        MR. SULLIVAN:  That was the argument we made.

8        THE COURT:  And the plaintiff is seeking at

9    this point a judgment, and the plaintiff I think is

10   reasonably confident that there will be enough assets of

11   Grupo Mexico coming within this jurisdiction to satisfy

12   this judgment at some point.

13       I take it that is your position.

14       MR. SULLIVAN:  Yes, your Honor.  Frankly, we

15   intend to take this judgment and domesticate it wherever

16   we can find it.

17       THE COURT:  They will find Grupo Mexico.

18       MR. KENT:  That, I believe, is my point, your

19   Honor, that the jurisdiction in this Court is limited to

20   the amount of the assets which are attached.

21       THE COURT:  I am not so sure that is true,

22   counsel.

23       MR. KENT:  Well, may I just complete this

24   sentence.  Thank you, your Honor.

25       The law in the First Department, and we have

26   cited this throughout our papers including in the Bank of

THEODORE CUSTER - OFFICIAL COURT REPORTER

4

## Proceedings

Tokyo case, 243 App. Div. 1st, 1998, quite simply states,

"The rule established in this department is that the

mere furnishing of a guarantee by a non-domiciliary on

behalf of a foreign corporation does not serve to confer

in personam jurisdiction upon a court."

I want to make it clear it is limited to the

amount that's attached, so that the plaintiff doesn't

start around domesticating and attempting to enforce it

above the $25,000.

THE COURT:  That is something you can argue

~~with~~ in another court, counsel.

Anything you want to say?

MR. SULLIVAN:  In addition, one year after

that, cited by my colleague here, the court in the

Appellate Division First Department in State Bank of

India, 686 New York Supp. 2d 44 wrote, "The guarantee of

the payment obligation expressly to be performed in New

York was sufficient to confer personal jurisdiction upon

the appellant."

That case, Bank of India, tracks word for word

--

THE COURT:  This case.

MR. SULLIVAN:  This case.

THE COURT:  I think there is personam

jurisdiction.  In any event, the motion is granted and

THEODORE CUSTER -  OFFICIAL COURT REPORTER

5

Proceedings

1         the Clerk is directed to enter a judgment against

2

3         defendants jointly and severally. You have the amount

4         here, counselor?

5                 MR. SULLIVAN: Four million dollars in

6         principal, your Honor.

7                 THE COURT: Interest running from what date?

8                 MR. SULLIVAN: November 1, I believe. If your

9         Honor would give me one moment.

10               THE COURT: By all means.

11               MR. SULLIVAN: November 1, 2001, your Honor.

12               THE COURT: Costs and disbursements. Does the

13         note or the guarantee provide for attorneys fees?

14               MR. SULLIVAN: No, your Honor.

15               THE COURT: Okay. So you just get a copy of

16         this transcript, bring it in to me. I write so ordered

17         on it. Show it to the Clerk and the Clerk will enter

18         your judgment.

19               MR. SULLIVAN: Thank you, your Honor.

20                           4/25/02 So ordered

21

22            IRA GAMMERMAN         16

23            I hereby certify that this is a true and
accurate transcription of the original notes of the
stenographic proceedings.

24

25         THEODORE CUSTER
        Official Court Reporter

26

THEODORE CUSTER - OFFICIAL COURT REPORTER

JUDGE KOELTL

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

02 CV 1691

-----------------------------------------------------------

WESTDEUTSCHE LANDESBANK GIROZENTRALE,

Plaintiff,

against

ASARCO INCORPORATED and
GRUPO MEXICO, S.A. DE C.V.,

Defendants.

-----------------------------------------------------------X

NOTICE OF
REMOVAL

Index #_____

FILED
MAR - 5 2002
NEW YORK
COUNTY CLERK'S OFFICE

RECEIVED
MAR 0 5 2002
U.S.D.C. S.D.N.Y.
CASHIERS

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendants Asarco Incorporated ("Asarco") and Grupo

Mexico, S.A. de C.V. ("Grupo Mexico") (collectively "Defendants"), hereby remove to this Court

the state court action described below:

1.       On February 19, 2002, an action was filed in the New York Supreme Court for New

York County by Westdeutsche Landesbank Girozentrale ("WestLB") pursuant to N.Y.C.P.L.R. § 3213

(motion in lieu of complaint) entitled WESTDEUTSCHE LANDESBANK GIROZENTRALE v.

ASARCO INCORPORATED and GRUPO MEXICO, S.A. DE C.V., 02 Civ. 600673.  In addition

an Order to Show Cause, returnable on February 26, 2002 was issued seeking an attachment against

Grupo Mexico, pursuant to N.Y.C.P.L.R. 6201. A copy of the papers filed in such action will be filed

with this Court within 20 days after the filing of this Notice pursuant to Local Civil Rule 81.1(b).

2.       The first date upon which Defendant received a copy of the said motion and Order to

Show Cause was on February 19, 2002, when Grupo Mexico was faxed a copy of the said motion and

Order to Show Cause from the said state court by Plaintiff's counsel of record.

3.       This action is a civil action of which this Court has original jurisdiction under 28

U.S.C. § 1332, and is one which may be removed to this Court by Defendants pursuant to the

provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter allegedly in controversy exceeds the sum of $75,000, exclusive of interest and costs, because Plaintiff's motion demands judgment against Defendants in the sum of not less than $4,000,000.00, plus interest thereon.

4.    Defendants are informed and believe that Plaintiff WestLB was, and still is, a citizen of the Republic of Germany by reason of it being a corporation duly organized and existing under the laws of Germany with a branch in New York.

5.    Defendant Asarco was, at the time of the filing of this action, and still is, a corporation duly organized and existing under the laws of the State of New Jersey with its principal place of business located at 2575 E. Camelback Road, Suite 500 Phoenix, Arizona 85016-4240.

6.    Defendant Grupo Mexico was, at the time of filing of this action, and still is, a citizen of the sovereign nation of Mexico, by reason of its being a corporation duly organized under the laws of Mexico, with its principal place of business located at Av. Baja California No. 200 Colonia Roma Sur C.P. 06760 Mexico, D.F.

7.    The instant action is a contract dispute arising out of a forfaiting arrangement between Asarco, Grupo Mexico, WestLB, and Trafigura (not a party to this action). The underlying agreement between Asarco and Trafigura was for the sale of roughly 7.3 million pounds of copper wire rods to be delivered to Texas. Pursuant to the forfait agreement, a note was signed by Asarco and guaranteed by Grupo Mexico. WestLB allegedly purchased that note from Trafigura. Plaintiff is suing for $4,000,000 allegedly due and owing on the note.

8.    The temporary restraining order issued by the New York Supreme Court on February 19, 2002 will remain in effect pursuant to 28 U.S.C. § 1450.

9.    Defendants specifically reserve the right to contest personal jurisdiction in this forum.

2

10.     Unless otherwise ordered by this Court, within 20 days after the filing of this Notice Defendant will file with the clerk of this Court a copy of all records and proceedings in such state court action pursuant to Local Civil Rule 81.1(b).

Dated:  New York, New York
        March 5, 2002

                                Respectfully submitted,
                                KENT, BEATTY & GORDON, LLP

                                By: _Jack A. Gordon_
                                    Jack A. Gordon, Esq.
                                    425 Park Avenue
                                    New York, New York 10022
                                    (212) 421-4300

                                *Attorneys for Defendants*
                                *Grupo Mexico, S.A. de C.V. and Asarco*
                                *Incorporated*

3

*CASE*
*CLOSED*
*3/20/02*

Michael T. Sullivan, Esq. (MS-3158)
Sullivan & Worcester LLP
565 Fifth Avenue
New York, New York  10017
(212) 486-8200
Attorneys for Plaintiff

Jack A. Gordon, Esq. (JG-0536)
Kent, Beatty & Gordon, LLP
425 Park Avenue
New York, New York  10022
(212) 421-4300
Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
WESTDEUTSCHE LANDESBANK GIROZENTRALE,

                            Plaintiff,

                against                                                    02 Civ. 1691 (JGK)

ASARCO INCORPORATED and                                     Stipulation and Order
GRUPO MEXICO, S.A. DE C.V.,

                            Defendants.
-------------------------------------------------------------X

        IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned

attorneys, that the above-captioned action shall  be remanded to state court on consent without costs;

and

        IT IS FURTHER ORDERED that the temporary restraining order reflected in the

Order to Show Cause, dated February 19, 2002 of the New York State Supreme Court is to remain



in effect pending hearing and determination of plaintiff's application for a prejudgment order of

attachment.

Dated: March 12, 2002
     New York, New York

KENT, BEATTY & GORDON, LLP          SULLIVAN & WORCESTER, LLP

By: _Jack A. Gordon_                By: _Michael T. Sullivan_
     Jack A. Gordon, Esq.               Michael T. Sullivan, Esq. (MS 3158)
     425 Park Avenue                    565 Fifth Avenue
     New York, New York 10022           New York, New York 10017
     (212) 421-4300                     (212) 486-8200
     *Attorneys for Defendants*         *Attorneys for Plaintiff*
     *Grupo Mexico, S.A. de C.V. and*   *Westdeutsche Landesbank Girozentrale*
     *Asarco Incorporated*

                    SO ORDERED:

                    _G. Koeltl_
     3/14/02        The Honorable Judge John G. Koeltl

                    COPY
                    JAMES M. PARKISON, Clerk
                    By _____ Deputy Clerk