have been wired into – and out immediately out of – these accounts. Generally, the balance remains the same, with money being transferred in and out of the account on the same day as needed.

7. Currently, Grupo Mexico is working closely with Asarco and its lenders in an effort to restructure not only its own, but also Asarco's, lines of credit and other working capital facilities.

8. I take exception to the statement in Michael Sullivan's affidavit that Grupo Mexico "may remove from or encumber assets currently in New York." (Affidavit of Emergency of Michael T. Sullivan, Esq., dated June 11, 2002). As previously noted, Grupo Mexico has virtually no assets in New York ($19,486.99 represents .0003% of Grupo Mexico's assets as of the end of 2001), and will do nothing to remove or encumber these limited assets.

9. An Order of Attachment against Grupo Mexico would complicate unnecessarily many of Grupo Mexico's obligations to lenders and financial institutions around the world. Since the requested order of attachment would pertain only to the assets of Grupo Mexico in New York, entry of such an order would not only largely be useless, but would constitute a draconian remedy with inherently unfair consequences to Grupo Mexico.

10. To avoid this unjust and unfair result, Grupo Mexico requests that it be permitted to deposit all of its New York-based assets with the Clerk of Court.

Further affiant sayeth naught.

_____
Daniel Tellechea, CFO Grupo Mexico

Dated: June 25, 2002
        Mexico City, Mexico

NOTARIA 151
COTEJADA

3



(Traducción)

TRIBUNAL SUPERIOR DEL ESTADO DE NUEVA YORK
CONDADO DE NUEVA YORK
-----------------------------------X
STANDARD BANK LONDON,                :

              Actora,        :

                      :   Juicio N° 602148/02
      -contra-            :   Ramos, J.
                      :   Parte 53 de IAS*
ASARCO INCORPORATED y              :
GRUPO MÉXICO, S.A. DE C.V.          :
                      :
            Demandadas   :
-----------------------------------X

MÉXICO, DISTRITO FEDERAL)
MÉXICO                  )

### DECLARACIÓN JURADA DE DANIEL TELLECHEA

      DANIEL TELLECHEA, habiendo hecho la debida protesta, declara y manifiesta lo siguiente:

      1.   Soy el Director de Finanzas de la demandada Grupo México, S.A. de C.V. ("Grupo México"), cargo que he ocupado en Grupo México y sus antecesoras desde 1993. No obstante que en la actualidad también ocupo los cargos de Vicepresidente Ejecutivo, Director de Finanzas y Consejero de la codemandada Asarco Incorporated ("Asarco"), una subsidiaria ciento por ciento propiedad de Grupo México, suscribo esta declaración en representación de Grupo México en oposición a la solicitud de la actora de que se dicte una orden de embargo [**Order of Attachment**] contra esa entidad.

---

* Se ignora el significado de estas siglas (T.).

GRUPO MÉXICO.  DECLARACIÓN JURADA DE DANIEL TELLECHEA/L/V



2

NOTARIA 151
COTEJADA

2.    Grupo México es una empresa internacional importante en el ramo de los recursos naturales y del transporte con sede en México, con domicilio en Baja California Nº 200, Piso 6, Colonia Roma Sur, 06760 México, D.F., México. Grupo México es la tercera productora de cobre más grande del mundo, así como la cuarta productora de plata más grande y la quinta productora de zinc más grande. Grupo México es la segunda empresa más importante a nivel mundial en términos de reservas conocidas de mineral de cobre. A finales de 2001, los activos de Grupo México ascendían a US$7,000 millones y su pasivo total ascendía a US$4,500 millones.

3.    Asarco es la obligada principal [**prime obligor**] conforme al título materia de este litigio. No obstante que Asarco tiene una presencia limitada en Nueva York, y está autorizada para desarrollar, y desarrolla, algunos negocios en Nueva York, Grupo México no tiene presencia en Nueva York y no desarrolla negocios en Nueva York.

4.    Grupo México no tiene oficinas en Nueva York, no tiene empleados en Nueva York y no se anuncia ahí. Yo firmé en México, por aval y en representación de Grupo México, el título materia de este litigio, y las páginas de firma se remitieron, por servicio de envío privado, a Asarco en Arizona para que lo firmara el señor Genaro Larrea, Vicepresidente de Grupo México. Desde Arizona, Asarco envió el título a Trafigura AG en Connecticut.

GRUPO MÉXICO.   DECLARACIÓN JURADA DE DANIEL TELLECHEA/L/V

3

Grupo México no tiene activos en el Estado de Nueva York, con excepción de dos cuentas bancarias, una con JP Morgan Chase con un saldo de US$19,486.99 y otra con Banco Nacional de México, S.A. con un saldo de US$0. Estas cuentas han estado inactivas desde que se recibió aviso de la Orden de Prohibición Temporal [**Temporary Restraining Order**] ("TRO") que este Tribunal dictó contra Grupo México. Para explicar, el H. Juez Charles Ramos emitió una TRO para prohibir a Grupo México "transferir, vender, ocultar, depositar o de otro modo enajenar o interferir con todos y cada uno de los dineros, bienes o demás activos de Grupo México en poder o bajo la custodia, a nombre o propiedad de Grupo México por hasta la cantidad de US$7,500,000". La TRO se trasmitió por telefax a las oficinas de Grupo México en México después de horas hábiles el 19 de junio de 2002. En mi calidad de Director de Finanzas, poco después me enteré de que se dictó esta TRO.

6. Con excepción de operaciones de "canalización" [**"channeling"**] ocasionales, las cuentas en Nueva York de Grupo México han estado virtualmente inactivas por espacio de varios meses. Por operaciones de "canalización" me refiero a que se han cablegrafiado fondos a estas cuentas e inmediatamente de ellas. En general, el saldo continúa igual, y el dinero se transfiere a y desde la cuenta [sic] el mismo día, según sea necesario.

7. En la actualidad, Grupo México trabaja estrechamente con Asarco y sus acreditantes no sólo para

GRUPO MÉXICO. DECLARACIÓN JURADA DE DANIEL TELLECHEA/L/V

4

reestructurar sus propias líneas de crédito y demás líneas de capital de trabajo sino también las de Asarco.

8.      Observo lo manifestado por Michael Sullivan en su declaración jurada en el sentido de que Grupo México "puede retirar de o gravar activos actualmente en Nueva York". (Declaración Jurada de Emergencia del licenciado Michael T. Sullivan de fecha 11 de junio de 2002).  Tal y como se observó con anterioridad, Grupo México virtualmente no tiene activos en Nueva York (US$19,486.99 representa el .0003% de los activos de Grupo México a finales de 2001), y no hará nada para retirar o gravar estos activos limitados.

        9.      Una   Orden   de   Embargo   contra   Grupo   México complicaría innecesariamente muchas de las obligaciones de Grupo México a favor de acreditantes e instituciones financieras en el mundo.  Puesto que la Orden de Embargo solicitada se referiría exclusivamente a los activos de Grupo México en Nueva York, dictarla no sólo resultaría inútil en gran medida sino que constituiría   una   reparación   draconiana   con   consecuencias inherentemente injustas para Grupo México.

        10.     Para evitar este resultado injusto e inmerecido, Grupo México solicita que se le permita depositar todos sus activos ubicados en Nueva York con el Secretario Judicial del Tribunal [Clerk of Court].

        Fue todo lo que el declarante tuvo que decir.

VICTOR HERMOSILLO
PERITO TRADUCTOR
AUTORIZADO POR EL H
TRIBUNAL SUPERIOR DE JUSTICIA
DEL DISTRITO FEDERAL

GRUPO MÉXICO.   DECLARACIÓN JURADA DE DANIEL TELLECHEA/L/V

5



(Firma ilegible)
Daniel Tellechea,
Director de Finanzas de
Grupo México

Fecha: 25 de junio de 2002.
México, D.F., México.

El suscrito, VÍCTOR HERMOSILLO, autorizado por el H. Tribunal Superior de Justicia del Distrito Federal para ejercer como Perito Traductor Inglés-Español, C E R T I F I C A que el texto que antecede es una traducción fidedigna y completa del documento original redactado en inglés, del cual tuvo a la vista una copia fotostática.

México, D.F., a 27 de junio de 2002.

VÍCTOR HERMOSILLO
AUTORIZADO POR EL H.
TRIBUNAL SUPERIOR DE JUSTICIA
DEL DISTRITO FEDERAL

**NOTARIA 151 COTEJADA**

GRUPO MÉXICO.   DECLARACIÓN JURADA DE DANIEL TELLECHEA/L/V

- - - EL SUSCRITO LICENCIADO CECILIO GONZALEZ MARQUEZ, TITULAR DE LA NOTARIA PUBLICA NUMERO CIENTO CINCUENTA Y UNO DEL DISTRITO FEDERAL, C E R T I F I C O: - - - - - - - - - Que hoy cotejé esta copia fotostática con su original que tuve a la vista, el cual consta de tres fojas escritas por un solo lado, llevando como anexo, una traducción elaborada por el señor VICTOR HERMOSILLO, autorizado por el Honorable Tribunal Superior de Justicia del Distrito Federal, con fecha veintisiete de junio del dos mil dos y que se encuentra escrita en cinco fojas por un solo lado, - - - - - - - - - - - y hago constar que la presente copia fotostática que certifico, concuerda íntegramente en todo con su citado original con el que la hallé de entera conformidad. - Dicha copia se relaciona con el registro de cotejos número veinte mil cuatrocientos doce de fecha dos de julio del dos mil dos, asentado en el libro de registro de cotejos número catorce. - - - - - - - - - - - - - - - Y EN FE DE VERDAD, EXPIDO LA PRESENTE CERTIFICACION PROTEGIDA CON KINEGRAMA, EN MEXICO, DISTRITO FEDERAL, A DOS DE JULIO DEL DOS MIL DOS, AUTORIZANDOLA CON MI FIRMA Y SELLO OFICIALES.- DOY FE.

EL TITULAR DE LA NOTARIA PUBLI-
CA No. 151 DEL DISTRITO FEDERAL

LIC. CECILIO GONZALEZ MARQUEZ.

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Affidavit of Daniel Tellechea, dated June 25, 2002, and Affirmation of David J. Goodearl, Esq. in Opposition to Plaintiff's Motion for Prejudgment Attachment, were served by first class mail, on July 9, 2002, on Sullivan & Worcester, LLP, 565 Fifth Avenue, New York, NY 10017.

Dated: July 9, 2002
      New York, New York

David J. Goodearl

Sworn to me this 9th
day of July, 2002

Notary Public

CHRISTINE CHIFFRILLER
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01CH6033498
QUALIFIED IN BRONX COUNTY
COMMISSION EXPIRES NOVEMBER 22, 2005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:COMMERCIAL DIVISION
------------------------------------------X
STANDARD BANK LONDON,

                    Plaintiff,

            -against-                              Index No. 602148/02

ASARCO INCORPORATED and
GRUPO MEXICO, S.A. de C.V.                         FILED

                    Defendants.                    OCT 1 7 2002
------------------------------------------X
                                                   COUNTY CLERK'S OFFICE
Charles Edward Ramos, J.S.C.:                      NEW YORK

      Sequence Nos. 001 and 002 are combined for disposition.  In

sequence no. 001, plaintiff Standard Bank London (Standard Bank)

moves, pursuant to CPLR 6201(a)(1), for a prejudgment order of

attachment against the New York assets of defendant Grupo Mexico,

S.A. de CV (Grupo Mexico).  There is a temporary restraining order

presently in effect pending determination of this motion.

      In motion sequence no. 002, Standard Bank moves, pursuant to

CPLR 3213, for summary judgment in lieu of complaint.

      Standard Bank seeks to recover $7,500,000 based upon a

dishonored promissory note made to defendant Asarco Incorporated

(Asarco) and guaranteed by Asarco's parent, defendant Grupo Mexico,

S.A. de C.V.(Grupo Mexico].

      Standard Bank is a banking corporation organized under the

laws of the United Kingdom.  Defendant Grupo Mexico is a

corporation organized under the laws of the Republic of Mexico.

Asarco is a New Jersey corporation.

      On or about October 23, 2001, Asarco, a wholly owned

subsidiary of Grupo Mexico, entered into a forfait[1] financing agreement with Standard Bank's customer, non-party Trafigura A.G. (Trafigura), in connection with Asarco's purchase of copper from Trafigura. Pursuant to the agreement, Asarco executed a $7,500,000 note (the Note), payable to Trafigura. Grupo Mexico guaranteed the forfait "per aval."[2]

As explained by the parties, a forfait is a form of trade finance usually involving the cross-border sales of goods. The payment of the obligation is often contemplated in a promissory note issued by the purchaser to the seller's order. Following the shipment of the goods to the purchaser, the note is sold to a bank or trade finance specialist, and the purchaser of the note then collects the proceeds at maturity.

Pursuant to its terms, the Note matured and was payable on February 1, 2002, at Chase Manhattan Bank[3] (Chase), in New York City, New York. On or about November 1, 2001, Trafigura indorsed and transferred the Note to Standard Bank.

On or after February 1, 2002, Standard Bank demanded payment at Chase. It is undisputed that, despite the demand, neither Grupo Mexico nor Asarco have made payment, and that both are in default on the Note and Guaranty.

Grupo Mexico argues that this court does not have personal or

---

[1] A forfait is similar to a letter of credit or promissory note.

[2] A "per aval" is a form of guaranty affixed to a note in a forfait transaction.

[3] Now JP Morgan Chase Bank.

2

quasi in rem jurisdiction o⬚ it, and that even assuming jurisdiction, an order of attachment would be oppressive, and would not provide any real security to Standard. It appears that Grupo Mexico maintains two bank accounts in New York, with one account having a balance of approximately $19,000, and the other account having a zero balance.

Specifically, Grupo Mexico argues, among other things, that its mere furnishing of a guarantee of a note, to be paid in New York on behalf of a foreign corporation, does not suffice to establish personal jurisdiction over it, pursuant to CPLR 302(a)(1). It is further argued, that there is no basis for this court asserting quasi in rem jurisdiction since Grupo Mexico's property in New York bears no relationship to the underlying cause of action.

Finally, Grupo Mexico maintains that the "minimal assets" it retains in New York would not provide additional security to Standard, and that there is no reason to believe that Grupo Mexico would conceal or dissipate its assets to warrant an attachment.

Standard Bank argues that Grupo Mexico's jurisdictional arguments are barred by collateral estoppel, based upon Justice Ira Gammerman's decision and order in <u>Westdeuche Landesbanke Girozentrale v Asarco, Incorporation and Grupo Mexico, S.A. d C.V.</u>, NY Sup Ct, Index No. 600673/02 (April 26, 2002) (the WestLB Case). Standard Bank further argues that, even if collateral estoppel is inapplicable, there is ample basis for this court's finding that Grupo Mexico is subject to this court's jurisdiction.

3

In the WestLB Case, Grupo Mexico guaranteed a promissory note identical (except for the amount) to the subject Note in the instant action.[4]    Grupo Mexico made the identical argument that it makes in this action, i.e., that its mere act of "guaranteeing the payment of a note in New York is insufficient to subject it to the jurisdiction of the New York court. Justice Gammerman found personam jurisdiction, and directed judgment in plaintiff's favor. Grupo Mexico thereafter paid the resulting judgment, without taking any appeal of Justice Gammerman's decision and order.

The equitable doctrine of equitable estoppel is " ... based upon the general notion that it is not fair to permit a party to relitigate an issue that has already been decided against it." (Kaufman v Lilly and Co., 65 NY2d 449, 455 [1985]).  Its basic elements are: "[f]irst, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination" (Kaufman v Lilly and Co., supra at 455 [citing Gilberg v Barbieri, 53 NY2d 285, 291 [ ]; see also, Matter of Juan c. v Cotrines, 89 NY2d 659, 667 [1997]..

Asarco, which is a direct, wholly-owned subsidiary of Grupo Mexico, is a New York resident. Asarco is the party for whom the benefit of the guarantee was made. The Note was made payable to the defendants' New York bank.   This court finds the exercise of

_____

[4]The WESTLB Case also had the identical obligee, Trafigura, as the obligee in the instant action.

4

jurisdiction over Grupo to be appropriate.

This court has considered Grupo Mexico's remaining arguments and found them to be without merit.

Dated: October 10, 2002

_____

J.S.C.

FILED

OCT 1 7 2002

COUNTY CLERK'S OFFICE
NEW YORK

5

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: _____Ramos_____

_Justice_

PART _53m_

_Standard Bank London_

INDEX NO. _602148/02_

MOTION DATE _____

- v -

MOTION SEQ. NO. _001_

_Asarco Inc_

MOTION CAL. NO. _____

The following papers, numbered 1 to _____ were read on this motion to/for _____

|  | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | _____ |
| Answering Affidavits — Exhibits _____ | _____ |
| Replying Affidavits _____ | _____ |

## Cross-Motion: ☐ Yes ☐ No

Upon the foregoing papers, it is ordered that this motion

**IS DISPOSED OF**

**IN ACCORDANCE WITH THE ACCOMPANYING MEMORANDUM DECISION.**

FILED

OCT 1 7 2002

COUNTY CLERK'S OFFICE
NEW YORK

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE

Dated: _____11/18/02_____

_____ J.S.C.

**Check one:** ☑ **FINAL DISPOSITION** ☐ **NON-FINAL DISPOSITION**

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT:  _____**Charles Edward Ramos**_____  PART __53__

*Justice*

_Standard Bk. London_

- v -

_asarco Inc etc_

INDEX NO. __C 602148-02__

MOTION DATE _____

MOTION SEQ. NO. _____ __02__

MOTION CAL. NO. _____

The following papers, numbered 1 to _____ were read on this motion to/for _____

|                                                                 | PAPERS NUMBERED |
|-----------------------------------------------------------------|-----------------|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | _____ |
| Answering Affidavits — Exhibits _____          | _____ |
| Replying Affidavits _____         | _____ |

**Cross-Motion:**   ☐ **Yes**   ☐ **No**

Upon the foregoing papers, it is ordered that this motion

IS DISPOSED OF IN ACCORDANCE WITH THE ACCOMPANYING MEMORANDUM DECISION.

FILED

OCT 1 7 2002

COUNTY CLERK'S OFFICE
NEW YORK

**⌐OTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE** _____

Dated: _____ *11/16/02*

_____ *J.S.C.*

**Check one:**   ☑ **FINAL DISPOSITION**   ☐ **NON-FINAL DISPOSITION**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------x

STANDARD BANK LONDON,                          :        Index No. 602148/02
                                               :        Justice Ramos
                    Plaintiff,                 :
                                               :        IAS Part 53
         - against -                           :        **NOTICE OF ENTRY**
                                               :
ASARCO INCORPORATED and                        :
GRUPO MEXICO, S.A. DE C.V.,                     :
                                               :
                    Defendants.                :
                                               :
------------------------------------------x

PLEASE TAKE NOTICE that the within is a true copy of the Order and

Memorandum Decision dated October 10, 2002 and duly entered by the above-named

court in the office of the Clerk on October 10, 2002.

Dated: New York, New York
       October 18, 2002

**FILED**

OCT 2 3 2002

COUNTY CLERK'S OFFICE
NEW YORK

SULLIVAN & WORCESTER

By: _____
       Michael T. Sullivan
       565 Fifth Avenue
       New York, New York 10017
       (212) 486-8200
       *Attorneys for Plaintiff*

To:    Kent Beatty & Gordon, LLP
       425 Park Avenue
       New York, New York 10022
       *Attorneys for Defendants*

{N0005711; 1}

## SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: _____Ramos_____                          PART _53m_

*Justice*

Standard Bank London          INDEX NO. _602448/02_

                              MOTION DATE _____

- v -                         MOTION SEQ. NO. _001_

Asarco Inc                    MOTION CAL. NO. _____

The following papers, numbered 1 to _____ were read on this motion to/for _____

|                                                                        | PAPERS NUMBERED |
|------------------------------------------------------------------------|-----------------|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ...       |                 |
| Answering Affidavits — Exhibits _____       |                 |
| Replying Affidavits _____     |                 |

**Cross-Motion:**  ☐ Yes   ☐ No

Upon the foregoing papers, it is ordered that this motion

IS DISPOSED OF IN ACCORDANCE WITH THE ACCOMPANYING MEMORANDUM DECISION.

FILED
OCT 1 7 2002
COUNTY CLERK'S OFFICE
NEW YORK

MOTION/CASE IS RESPECTFULLY REFERRED TO ___ JUSTICE

Dated: _10/10/02_                    _____
                                                          J.S.C.

Check one: ☑ FINAL DISPOSITION   ☐ NON-FINAL DISPOSITION



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:COMMERCIAL DIVISION
------------------------------------------X
STANDARD BANK LONDON,

                          Plaintiff,

         -against-

ASARCO INCORPORATED and
GRUPO MEXICO, S.A. de C.V.

                  Defendants.
------------------------------------------X

Index No. 602148/02

**FILED**

OCT 1 7 2002

COUNTY CLERK'S OFFICE
NEW YORK

**Charles Edward Ramos, J.S.C.:**

    Sequence Nos. 001 and 002 are combined for disposition. In sequence no. 001, plaintiff Standard Bank London (Standard Bank) moves, pursuant to CPLR 6201(a)(1), for a prejudgment order of attachment against the New York assets of defendant Grupo Mexico, S.A. de CV (Grupo Mexico). There is a temporary restraining order presently in effect pending determination of this motion.

    In motion sequence no. 002, Standard Bank moves, pursuant to CPLR 3213, for summary judgment in lieu of complaint.

    Standard Bank seeks to recover $7,500,000 based upon a dishonored promissory note made to defendant Asarco Incorporated (Asarco) and guaranteed by Asarco's parent, defendant Grupo Mexico, S.A. de C.V.(Grupo Mexico].

    Standard Bank is a banking corporation organized under the laws of the United Kingdom. Defendant Grupo Mexico is a corporation organized under the laws of the Republic of Mexico. Asarco is a New Jersey corporation.

    On or about October 23, 2001, Asarco, a wholly owned

subsidiary of Grupo Mexico, entered into a forfait[1] financing agreement with Standard Bank's customer, non-party Trafigura A.G. (Trafigura), in connection with Asarco's purchase of copper from Trafigura. Pursuant to the agreement, Asarco executed a $7,500,000 note (the Note), payable to Trafigura. Grupo Mexico guaranteed the forfait "per aval."[2]

As explained by the parties, a forfait is a form of trade finance usually involving the cross-border sales of goods. The payment of the obligation is often contemplated in a promissory note issued by the purchaser to the seller's order. Following the shipment of the goods to the purchaser, the note is sold to a bank or trade finance specialist, and the purchaser of the note then collects the proceeds at maturity.

Pursuant to its terms, the Note matured and was payable on February 1, 2002, at Chase Manhattan Bank[3] (Chase), in New York City, New York. On or about November 1, 2001, Trafigura indorsed and transferred the Note to Standard Bank.

On or after February 1, 2002, Standard Bank demanded payment at Chase. It is undisputed that, despite the demand, neither Grupo Mexico nor Asarco have made payment, and that both are in default on the Note and Guaranty.

Grupo Mexico argues that this court does not have personal or

_____

[1] A forfait is similar to a letter of credit or promissory note.

[2] A "per aval" is a form of guaranty affixed to a note in a forfait transaction.

[3] Now JP Morgan Chase Bank.

quasi in rem jurisdiction over it, and that even assuming jurisdiction, an order of attachment would be oppressive, and would not provide any real security to Standard. It appears that Grupo Mexico maintains two bank accounts in New York, with one account having a balance of approximately $19,000, and the other account having a zero balance.

Specifically, Grupo Mexico argues, among other things, that its mere furnishing of a guarantee of a note, to be paid in New York on behalf of a foreign corporation, does not suffice to establish personal jurisdiction over it, pursuant to CPLR 302(a)(1). It is further argued, that there is no basis for this court asserting quasi in rem jurisdiction since Grupo Mexico's property in New York bears no relationship to the underlying cause of action.

Finally, Grupo Mexico maintains that the "minimal assets" it retains in New York would not provide additional security to Standard, and that there is no reason to believe that Grupo Mexico would conceal or dissipate its assets to warrant an attachment.

Standard Bank argues that Grupo Mexico's jurisdictional arguments are barred by collateral estoppel, based upon Justice Ira Gammerman's decision and order in <u>Westdeuche Landesbanke Girozentrale v Asarco, Incorporation and Grupo Mexico, S.A. d C.V.</u>, NY Sup Ct, Index No. 600673/02 (April 26, 2002) (the WestLB Case). Standard Bank further argues that, even if collateral estoppel is inapplicable, there is ample basis for this court's finding that Grupo Mexico is subject to this court's jurisdiction.

3

In the WestLB Case, Grupo Mexico guaranteed a promissory note identical (except for the amount) to the subject Note in the instant action.[4]    Grupo Mexico made the identical argument that it makes in this action, i.e., that its mere act of guaranteeing the payment of a note in New York is insufficient to subject it to the jurisdiction of the New York court. Justice Gammerman found personam jurisdiction, and directed judgment in plaintiff's favor. Grupo Mexico thereafter paid the resulting judgment, without taking any appeal of Justice Gammerman's decision and order.

The equitable doctrine of equitable estoppel is " ... based upon the general notion that it is not fair to permit a party to relitigate an issue that has already been decided against it." (Kaufman v Lilly and Co., 65 NY2d 449, 455 [1985]). Its basic elements are: "[f]irst, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination" (Kaufman v Lilly and Co., supra at 455 [citing Gilberg v Barbieri, 53 NY2d 285, 291 [ ]; see also, Matter of Juan c. v Cotrines, 89 NY2d 659, 667 [1997]..

Asarco, which is a direct, wholly-owned subsidiary of Grupo Mexico, is a New York resident. Asarco is the party for whom the benefit of the guarantee was made. The Note was made payable to the defendants' New York bank.    This court finds the exercise of

---

[4]The WESTLB Case also had the identical obligee, Trafigura, as the obligee in the instant action.

4



jurisdiction over Grupo to be appropriate.

    This court has considered Grupo Mexico's remaining arguments and found them to be without merit.

Dated: October 10, 2002

_____
J.S.C.

FILED

OCT 1 7 2002

COUNTY CLERK'S OFFICE
NEW YORK

5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STANDARD BANK LONDON,

        Plaintiff,

    - against -

ASARCO INCORPORATED and
GRUPO MEXICO, S.A. DE C.V.,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Index No. 602148/02
Justice Ramos

IAS Part 53

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK    )
            ) ss.
COUNTY OF NEW YORK   )

     RICHARD J. LOMBARDO, being duly sworn, says:  that I am over the age of eighteen years and am not a party herein, that I reside in Kings County, and that on the 21st day of October 2002, I served a true copy of the within NOTICE OF ENTRY to the attorneys hereinafter named by enclosing it in a properly addressed, postpaid envelope, and depositing said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

NAME

Jack A. Gordon, Esq.
Kent, Beatty & Gordon, LLP

Address

425 Park Avenue
New York, New York  10022-3598

                RICHARD J. LOMBARDO

Sworn to before me this
21st day of October 2002

_Michele Thompson_
Notary Public

MICHELE THOMPSON
Notary Public, State of New York
No. 30-4827374
Qualified in Nassau County
Commission Expires December 31, 20_02_

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------x

STANDARD BANK LONDON,                          :        Index No. 602148/02
                                               :        Justice Ramos
                          Plaintiff,           :
                                               :        IAS Part 53
              - against -                      :
                                               :        **NOTICE OF**
ASARCO INCORPORATED and                        :        **SETTLEMENT OF**
GRUPO MEXICO, S.A. DE C.V.,                    :        **ORDER**
                                               :
                          Defendants.          :
                                               :
------------------------------------------x

PLEASE TAKE NOTICE, that the annexed proposed order will be

presented to the Honorable Charles E. Ramos, at a Civil Term of this Court, held at the

courthouse thereof, located at 60 Centre Street New York, New York, IAS Part 53 on the

28th day of October, 2002 at 9:30 a.m. or as soon thereafter as counsel can be heard, for

settlement and signature.


Dated:  New York, New York
         October 18, 2002

                              SULLIVAN & WORCESTER LLP

                              By: _____
                                  Michael T. Sullivan
                                  565 Fifth Avenue
                                  New York, New York  10017
                                  (212) 486-8200
                                  *Attorneys for Plaintiff*

                                                    **FILED**

                                                    NOV 1 2 2002

To:     Kent Beatty & Gordon, LLP
        425 Park Avenue                    COUNTY CLERK'S OFFICE
        New York, New York  10022                 NEW YORK
        *Attorneys for Defendants*



At a Term, Part 53, of the
Supreme Court of the State of
New York, held in and for
the County of New York at
60 Centre Street, New York,
New York on the ~~8th~~ day of
~~October~~, 2002.
*November*

P R E S E N T :

      HONORABLE CHARLES E. RAMOS,
           Justice

------------------------------------------- x

STANDARD BANK LONDON,            :     Index No. 602148/02

          Plaintiff,         :

       - against -         :     IAS Part 53

ASARCO INCORPORATED and      :
GRUPO MEXICO, S.A. DE C.V.,     :   **ORDER**

           Defendants.     :

------------------------------------------- x

**FILED**
**NOV 1 2 2002**
*COUNTY CLERK'S OFFICE*
*NEW YORK*

     Plaintiff Standard Bank London, having made a motion pursuant to CPLR 3213

for summary judgment in favor of Standard Bank London and against defendants Asarco

Incorporated and Grupo Mexico, S.A. de C.V., and the motion having come on to be heard on

July 31, 2002, and due deliberation having been had thereon,

     NOW upon the reading of the Affidavit of Michael Mullen, sworn to on June 6,

2002, the exhibits thereto, the Attorney's Statement of Michael T. Sullivan, dated June 11, 2002,

the exhibits thereto, the Affidavit of Emergency of Michael T. Sullivan, dated June 11, 2002, the

exhibits thereto, the opposition affirmation of David J. Goodearl dated June 27, 2002, the

exhibits thereto, the opposition Affidavit of Daniel Tellechea, sworn to on June 25, 2002, the

exhibits thereto, the Reply Attorney's Statement of Mariano Schwed, dated July 3 2002, the

exhibits thereto, the Summons and Notice of Motion for Summary Judgment in Lieu of

Complaint (and supporting papers), and upon all the pleadings and prior proceedings in this

action, upon, and the decision of the Court as contained in the Order and Memorandum Decision

dated October 10, 2002;

NOW, therefore, on motion of Sullivan & Worcester, LLP, attorneys for Standard

Bank London, it is therefore,

ORDERED that the motion by plaintiff Standard Bank London for summary

judgment against Mexicana de Cobre S.A. de C.V. and Grupo Minero Mexico, S.A. de C.V is

granted; and it is further

ORDERED that plaintiff Standard Bank London have judgment against

defendants Asarco Incorporated and Grupo Mexico, S.A. de C.V. , jointly and severally, in the

principal amount of $7,500,000.00 together with interest thereon at the statutory rate, from

February 1, 2002, the date of maturity of the Note at issue, as computed by the Clerk, plus

interest thereon at the statutory rate thereafter, and the costs and disbursements of this action; and

it is further

ORDERED that the Clerk is directed to enter judgments accordingly against

defendants Asarco Incorporated and Grupo Mexico, S.A. de C.V., and it is further

ORDERED that clerk is directed to enter judgment accordingly.

ENTER:

_____
J.S.C.
HON. CHARLES E. RAMOS

**FILED**

NOV 1 2 2002

COUNTY CLERK'S OFFICE
NEW YORK

2

Obtained by Court Alert     www.CourtAlert.com

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT:    _Ramos_                                    PART _33m_
                        _Justice_

_Standard Bank London_          INDEX NO. _602168/02_

                                MOTION DATE _____

                - v -           MOTION SEQ. NO. _001_

_Franco Iao_                    MOTION CAL. NO. _____

The following papers, numbered 1 to _____ were read on this motion to/for _____

|                                                           | PAPERS NUMBERED |
|-----------------------------------------------------------|-----------------|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... |          |
| Answering Affidavits — Exhibits                            |                 |
| Replying Affidavits                                        |                 |

Cross-Motion:   ☐ Yes   ☐ No

Upon the foregoing papers, it is ordered that this motion

IS DISPOSED OF IN ACCORDANCE WITH THE ACCOMPANYING MEMORANDUM DECISION.

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE _____

Dated: _11/18/02_                              _____
                                                    J.S.C.

Check one:   ☑ FINAL DISPOSITION   ☐ NON-FINAL DISPOSITION



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:COMMERCIAL DIVISION
------------------------------------------X
STANDARD BANK LONDON,

                    Plaintiff,

          -against-                          Index No. 602148/02

ASARCO INCORPORATED and
GRUPO MEXICO, S.A. de C.V.

                    Defendants.
------------------------------------------X

Charles Edward Ramos, J.S.C.:

     Sequence Nos. 001 and 002 are combined for disposition.  In
sequence no. 001, plaintiff Standard Bank London (Standard Bank)
moves, pursuant to CPLR 6201(a)(1), for a prejudgment order of
attachment against the New York assets of defendant Grupo Mexico,
S.A. de CV (Grupo Mexico).  There is a temporary restraining order
presently in effect pending determination of this motion.

     In motion sequence no. 002, Standard Bank moves, pursuant to
CPLR 3213, for summary judgment in lieu of complaint.

     Standard Bank seeks to recover $7,500,000 based upon a
dishonored promissory note made to defendant Asarco Incorporated
(Asarco) and guaranteed by Asarco's parent, defendant Grupo Mexico,
S.A. de C.V. (Grupo Mexico).

     Standard Bank is a banking corporation organized under the
laws of the United Kingdom.  Defendant Grupo Mexico is a
corporation organized under the laws of the Republic of Mexico.
Asarco is a New Jersey corporation.

     On or about October 23, 2001, Asarco, a wholly owned

subsidiary of Grupo Mexico, entered into a forfait[1] financing agreement with Standard Bank's customer, non-party Trafigura A.G. (Trafigura), in connection with Asarco's purchase of copper from Trafigura. Pursuant to the agreement, Asarco executed a $7,500,000 note (the Note), payable to Trafigura. Grupo Mexico guaranteed the forfait "per aval."[2]

As explained by the parties, a forfait is a form of trade finance usually involving the cross-border sales of goods. The payment of the obligation is often contemplated in a promissory note issued by the purchaser to the seller's order. Following the shipment of the goods to the purchaser, the note is sold to a bank or trade finance specialist, and the purchaser of the note then collects the proceeds at maturity.

Pursuant to its terms, the Note matured and was payable on February 1, 2002, at Chase Manhattan Bank[3] (Chase), in New York City, New York. On or about November 1, 2001, Trafigura indorsed and transferred the Note to Standard Bank.

On or after February 1, 2002, Standard Bank demanded payment at Chase. It is undisputed that, despite the demand, neither Grupo Mexico nor Asarco have made payment, and that both are in default on the Note and Guaranty.

Grupo Mexico argues that this court does not have personal or

---

[1] A forfait is similar to a letter of credit or promissory note.

[2] A "per aval" is a form of guaranty affixed to a note in a forfait transaction.

[3] Now JP Morgan Chase Bank.

2



quasi in rem jurisdiction over it, and that even assuming jurisdiction, an order of attachment would be oppressive, and would not provide any real security to Standard. It appears that Grupo Mexico maintains two bank accounts in New York, with one account having a balance of approximately $19,000, and the other account having a zero balance.

Specifically, Grupo Mexico argues, among other things, that its mere furnishing of a guarantee of a note, to be paid in New York on behalf of a foreign corporation, does not suffice to establish personal jurisdiction over it, pursuant to CPLR 302(a)(1). It is further argued, that there is no basis for this court asserting quasi in rem jurisdiction since Grupo Mexico's property in New York bears no relationship to the underlying cause of action.

Finally, Grupo Mexico maintains that the "minimal assets" it retains in New York would not provide additional security to Standard, and that there is no reason to believe that Grupo Mexico would conceal or dissipate its assets to warrant an attachment.

Standard Bank argues that Grupo Mexico's jurisdictional arguments are barred by collateral estoppel, based upon Justice Ira Gammerman's decision and order in Westdeuche Landesbanke Girozentrale v Asarco, Incorporation and Grupo Mexico, S.A. d C.V., NY Sup Ct, Index No. 600673/02 (April 26, 2002) (the WestLB Case). Standard Bank further argues that, even if collateral estoppel is inapplicable, there is ample basis for this court's finding that Grupo Mexico is subject to this court's jurisdiction.

3



In the WestLB Case, Grupo Mexico guaranteed a promissory note identical (except for the amount) to the subject Note in the instant action.[4]   Grupo Mexico made the identical argument that it makes in this action, i.e., that its mere act of guaranteeing the payment of a note in New York is insufficient to subject it to the jurisdiction of the New York court. Justice Gammerman found personam jurisdiction, and directed judgment in plaintiff's favor. Grupo Mexico thereafter paid the resulting judgment, without taking any appeal of Justice Gammerman's decision and order.

The equitable doctrine of equitable estoppel is " ... based upon the general notion that it is not fair to permit a party to relitigate an issue that has already been decided against it." (Kaufman v Lilly and Co., 65 NY2d 449, 455 [1985]).   Its basic elements are: "[f]irst, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination" (Kaufman v Lilly and Co., supra at 455 [citing Gilberg v Barbieri, 53 NY2d 285, 291 [ ]; see also, Matter of Juan c. v Cotrines, 89 NY2d 659, 667 [1997]..

Asarco, which is a direct, wholly-owned subsidiary of Grupo Mexico, is a New York resident. Asarco is the party for whom the benefit of the guarantee was made. The Note was made payable to the defendants' New York bank.   This court finds the exercise of

---

[4]The WESTLB Case also had the identical obligee, Trafigura, as the obligee in the instant action.

4



jurisdiction over Grupo to be appropriate.

This court has considered Grupo Mexico's remaining arguments and found them to be without merit.

Dated: October 10, 2002



J.S.C.

5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STANDARD BANK LONDON,                          :        Index No. 602148/02
                                               :        Justice Ramos
                       Plaintiff,              :
                                               :        IAS Part 53
         - against -                           :
                                               :
ASARCO INCORPORATED and                        :
GRUPO MEXICO, S.A. DE C.V.,                     :        **JUDGMENT**
                                               :
                       Defendants.             :
                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff Standard Bank London, with its principal place of business at Cannon

Bridge House, 25 Dowgate Hill, London, EC4R 2SB, having commenced an action pursuant to

CPLR 3213 by serving a summons and motion for summary judgment in lieu of complaint

against defendant Asarco, Incorporated and defendant Grupo Mexico, S.A. de C.V. and that

motion having come to be heard on July 31, 2002 and due deliberation having been had thereon,

and the Court having rendered its decision in the Order and Memorandum Decision dated

October 10, 2002 and in the Order dated November 8, 2002, which directed, inter alia, that

plaintiff Standard Bank London have judgment against defendant Asarco, Incorporated and

defendant Grupo Mexico, S.A. de C.V. as demanded in the motion.

NOW, upon motion of Sullivan & Worcester, LLP, attorneys for plaintiff

Standard Bank London , it is hereby

ADJUDGED, that plaintiff Standard Bank London, Cannon Bridge House, 25

Dowgate Hill, London, EC4R 2SB, have judgment against defendant Asarco, Incorporated, 2575

Camelback, Phoenix, Arizona, 85016, and defendant Grupo Mexico, S.A. de C.V., Avenida Baja

California 200, Colonia Roma Sur, Piso 4, CP 06760 Mexico, D.F., Mexico, jointly and

severally, in the principal amount of Seven Million Five Hundred Thousand Dollars

($7,500,000), together with prejudgment interest calculated at the statutory rate of nine percent

(9.00%) from February 1, 2002 ~~through November 11, 2002~~ in the sum of ~~Three Hundred~~

**$525,205.48**

~~Thirty-Nine Thousand Three Hundred Seventy-Five Dollars ($339,375.00)~~ plus costs and

**$445.00**

disbursements of ~~Four Hundred and Ninety-Five Dollars ($495.00),~~ for a total sum of ~~Seven~~

**$ 81,025,650.48**

~~Million Eight Hundred Thirty-Nine Thousand Eight Hundred Seventy Dollars ($7,839,870.00),~~

and the plaintiff Standard Bank London shall have execution therefor.

Judgment signed this 15th day of November, 2002.

_Norman Goodman_
_____
Clerk

**FILED**

NOV 1 2 2002

COUNTY CLERK'S OFFICE
NEW YORK

156 -Bill of Costs (with CPLR sections) Blank Court: 1-95

Blumberg's Law Product, Established 1887

Blumberg Excelsior, Publisher, NYC 10013
www.blumber

**SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK**

Index No. 602148/02

STANDARD BANK LONDON

*Plaintiff(s)*

ASARCO, INCORPORATED and GRUPO MEXICO, S.A. de C.V. *Defendant(s)*

**Costs of**

| COSTS | $ | | DISBURSEMENTS | |
|---|---|---|---|---|
| | | | | 170.00 |
| Costs before note of issue | 200.00 | | Fee for index number CPLR §8018(a) _____ | 185.00 |
| CPLR §8201 subd. 1 _____ | | | Referee's fees CPLR §8301(a)(1), 8003(a) _____ | |
| Costs after note of issue | | | Commissioner's compensation CPLR §8301(a) (2) _____ | |
| CPLR §8201 subd. 2 _____ | | | Clerk's fee, filing notice of pend. or attch. CPLR §8021(a)(10) _____ | |
| Trial of issue | | | Entering and docketing judgment CPLR §8301(a)(7), 8016(a)(2) _____ | |
| CPLR §8201 subd. 3 _____ | | | Paid for searches CPLR §8301(a)(10) _____ | |
| Allowance by statute | | | Affidavits & acknowledgments CPLR §8009 _____ | |
| CPLR §8302(a),(b) _____ | | | Serving copy summons & complaint CPLR §8011(h)(1), 8301(d) _____ | |
| Additional allowance | | | Request for judicial intervention _____ | 75.00 |
| CPLR §8302(d) _____ | | | Note of issue CPLR §8020(a) _____ | |
| Motion costs | | | Paid referee's report CPLR §8301(a)(12) _____ | |
| CPLR §8202 _____ | | | Transcripts and filing CPLR §8021 _____ | |
| Appeal to Appellate Term | | | Certified copies of papers CPLR §8301(a)(4) _____ | |
| CPLR §8203(b) _____ | | | Satisfaction piece CPLR §5020(a), 8021 _____ | |
| Appeal to Appellate Division | | | Certified copy of judgment CPLR §8021 _____ | |
| CPLR §8203(a) _____ | | | Postage CPLR §8301(a)(12) _____ | |
| Appeal to Court of Appeals | | | Jury fee CPLR §8020(c) _____ | |
| CPLR §8204 _____ | | | Stenographers' fees CPLR §8002, 8301 _____ | |
| Costs upon frivolous claims | | | Sheriff's fees on execution CPLR §8011, 8012 _____ | |
| and counterclaims _____ | | | Sheriff's fees, attachment, arrest, etc. CPLR §8011 _____ | |
| CPLR §8303-a | | | Paid printing cases CPLR §8301(a)(6) _____ | |
| | | | Clerk's fees Court of Appeals CPLR §8301(a)(12) _____ | |
| | | | Paid copies of papers CPLR §8016(a)(4) _____ | |
| | | | Motion expenses CPLR §8301(b) _____ | |
| | | | Fees for publication CPLR §8301(a)(3) _____ | |
| | | | Serving subpoena CPLR §8011(h), 8301(d) _____ | 35.00 |
| | | | Paid for search CPLR §8301(a)(10) _____ | |

I HEREBY CERTIFY THAT I HAVE
ADJUSTED THIS BILL OF COSTS AT
$  445.00

NOV 1 2 2002

_Norma Goodman_

**CLERK**

Referee's Report _____
Attendance of Witnesses CPLR §8001(a)(b)(c), 8301 (a)(1) _____

FILED
NOV 1 2 2002
COUNTY CLERK'S OFFICE
NEW YORK

| | | |
|---|---|---|
| COSTS ................... $ | 200.00 | |
| DISBURSEMENTS ......... | ~~295.00~~ | 245.00 |
| TOTAL ................... $ | ~~495.00~~ | 445.00 |

$ ~~295.00~~
245.00

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STANDARD BANK LONDON,                                   :        Index No. 602148/02
                                                        :        Justice Ramos
                        Plaintiff,                      :
                                                        :        IAS Part 53
        - against -                                     :
                                                        :        **ATTORNEY'S**
ASARCO INCORPORATED and                                 :        **AFFIRMATION FOR**
GRUPO MEXICO, S.A. DE C.V.,                              :        **BILL OF COSTS**
                                                        :
                        Defendants.                     :
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

The undersigned, an attorney admitted to practice in the courts of this state, affirms: that I am a member of Sullivan & Worcester LLP, the attorneys of record for the Plaintiff in the above entitled action; that the foregoing disbursements have been or will be necessarily be made or incurred in this action and are reasonable in amount and that each of the persons named as witnesses attended as such witness on the trial, hearing or examination before trial herein the number of days set opposite their names; that each of said persons resided the number of miles set opposite their names, from the place of said trial, hearing or examination; and each of said persons, as such witness as aforesaid, necessarily traveled the number of miles to set opposite their names in traveling to, and the same distance in returning from the same place of trial, hearing or examination; and that copies of documents or papers as charged herein were actually and necessarily obtained for use.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated:  New York, New York
        November 11, 2002

                                                _____
                                                Michael T. Sullivan

**FILED**

**NOV 1 2 2002**

**COUNTY CLERK'S OFFICE**
**NEW YORK**

At a Term, Part 53, of the
Supreme Court of the State of
New York, held in and for
the County of New York at
60 Centre Street, New York,
New York on the ~~8~~*th* day of
~~October~~, 2002.
*November*

PRESENT:

HONORABLE CHARLES E. RAMOS,
Justice

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STANDARD BANK LONDON,                    :       Index No. 602148/02

                     Plaintiff,    :

          - against -                   :       IAS Part 53

ASARCO INCORPORATED and                  :
GRUPO MEXICO, S.A. DE C.V.,               :       **ORDER**

              Defendants.      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FILED
NOV 12 2002
COUNTY CLERK'S OFFICE
NEW YORK

Plaintiff Standard Bank London, having made a motion pursuant to CPLR 3213

for summary judgment in favor of Standard Bank London and against defendants Asarco

Incorporated and Grupo Mexico, S.A. de C.V., and the motion having come on to be heard on

July 31, 2002, and due deliberation having been had thereon,

      NOW upon the reading of the Affidavit of Michael Mullen, sworn to on June 6,

2002, the exhibits thereto, the Attorney's Statement of Michael T. Sullivan, dated June 11, 2002,

the exhibits thereto, the Affidavit of Emergency of Michael T. Sullivan, dated June 11, 2002, the

exhibits thereto, the opposition affirmation of David J. Goodearl dated June 27, 2002, the

exhibits thereto, the opposition Affidavit of Daniel Tellechea, sworn to on June 25, 2002, the

exhibits thereto, the Reply Attorney's Statement of Mariano Schwed, dated July 3 2002, the

exhibits thereto, the Summons and Notice of Motion for Summary Judgment in Lieu of

Complaint (and supporting papers), and upon a.... the pleadings and prior proceedings in this action, upon, and the decision of the Court as contained in the Order and Memorandum Decision dated October 10, 2002;

NOW, therefore, on motion of Sullivan & Worcester, LLP, attorneys for Standard Bank London, it is therefore,

ORDERED that the motion by plaintiff Standard Bank London for summary judgment against Mexicana de Cobre S.A. de C.V. and Grupo Minero Mexico, S.A. de C.V is granted; and it is further

ORDERED that plaintiff Standard Bank London have judgment against defendants Asarco Incorporated and Grupo Mexico, S.A. de C.V., jointly and severally, in the principal amount of $7,500,000.00 together with interest thereon at the statutory rate, from February 1, 2002, the date of maturity of the Note at issue, as computed by the Clerk, plus interest thereon at the statutory rate thereafter, and the costs and disbursements of this action; and it is further

ORDERED that the Clerk is directed to enter judgments accordingly against defendants Asarco Incorporated and Grupo Mexico, S.A. de C.V., and it is further

ORDERED that clerk is directed to enter judgment accordingly.

ENTER

**FILED**

**NOV 12 2002**

COUNTY CLERK'S OFFICE
NEW YORK

J.S.C.

**HON. CHARLES E. RAMOS**

2

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: _____Ramos_____          PART __53m__
                    *Justice*

Standard Bank London          INDEX NO. __602148/02__

                              MOTION DATE _____

            - v -              MOTION SEQ. NO. __001__

Asarco Inc                     MOTION CAL. NO. _____

The following papers, numbered 1 to _____ were read on this motion to/for _____

|                                                                  | PAPERS NUMBERED |
|------------------------------------------------------------------|-----------------|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... |                 |
| Answering Affidavits — Exhibits                                   |                 |
| Replying Affidavits                                              |                 |

**Cross-Motion:**   ☐ Yes   ☐ No

Upon the foregoing papers, it is ordered that this motion

IS DISPOSED OF IN ACCORDANCE WITH THE ACCOMPANYING MEMORANDUM DECISION.

FILED

OCT 1 7 2002

COUNTY CLERK'S OFFICE
NEW YORK

MOTION/CASE IS RESPECTFULLY REFERRED TO
JUSTICE

Dated: __11/10/02__

Check one:   ☑ **FINAL DISPOSITION**   ☐ **NON-FINAL DISPOSITION**

                                                    *J.S.C.*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:COMMERCIAL DIVISION
------------------------------------------X
STANDARD BANK LONDON,

                        Plaintiff,

            -against-                          Index No. 602148/02

ASARCO INCORPORATED and
GRUPO MEXICO, S.A. de C.V.

                        Defendants.
------------------------------------------X

**FILED**

**OCT 1 7 2002**

COUNTY CLERK'S OFFICE
NEW YORK

Charles Edward Ramos, J.S.C.:

Sequence Nos. 001 and 002 are combined for disposition.  In sequence no. 001, plaintiff Standard Bank London (Standard Bank) moves, pursuant to CPLR 6201(a)(1), for a prejudgment order of attachment against the New York assets of defendant Grupo Mexico, S.A. de CV (Grupo Mexico).  There is a temporary restraining order presently in effect pending determination of this motion.

In motion sequence no. 002, Standard Bank moves, pursuant to CPLR 3213, for summary judgment in lieu of complaint.

Standard Bank seeks to recover $7,500,000 based upon a dishonored promissory note made to defendant Asarco Incorporated (Asarco) and guaranteed by Asarco's parent, defendant Grupo Mexico, S.A. de C.V.(Grupo Mexico].

Standard Bank is a banking corporation organized under the laws of the United Kingdom.  Defendant Grupo Mexico is a corporation organized under the laws of the Republic of Mexico. Asarco is a New Jersey corporation.

On or about October 23, 2001, Asarco, a wholly owned



subsidiary of Grupo Mexico, entered into a forfait[1] financing agreement with Standard Bank's customer, non-party Trafigura A.G. (Trafigura), in connection with Asarco's purchase of copper from Trafigura. Pursuant to the agreement, Asarco executed a $7,500,000 note (the Note), payable to Trafigura. Grupo Mexico guaranteed the forfait "per aval."[2]

As explained by the parties, a forfait is a form of trade finance usually involving the cross-border sales of goods. The payment of the obligation is often contemplated in a promissory note issued by the purchaser to the seller's order. Following the shipment of the goods to the purchaser, the note is sold to a bank or trade finance specialist, and the purchaser of the note then collects the proceeds at maturity.

Pursuant to its terms, the Note matured and was payable on February 1, 2002, at Chase Manhattan Bank[3] (Chase), in New York City, New York. On or about November 1, 2001, Trafigura indorsed and transferred the Note to Standard Bank.

On or after February 1, 2002, Standard Bank demanded payment at Chase. It is undisputed that, despite the demand, neither Grupo Mexico nor Asarco have made payment, and that both are in default on the Note and Guaranty.

Grupo Mexico argues that this court does not have personal or

_____

[1] A forfait is similar to a letter of credit or promissory note.

[2] A "per aval" is a form of guaranty affixed to a note in a forfait transaction.

[3] Now JP Morgan Chase Bank.

2



quasi in rem jurisdiction over it, and that even assuming
jurisdiction, an order of attachment would be oppressive, and would
not provide any real security to Standard. It appears that Grupo
Mexico maintains two bank accounts in New York, with one account
having a balance of approximately $19,000, and the other account
having a zero balance.

Specifically, Grupo Mexico argues, among other things, that
its mere furnishing of a guarantee of a note, to be paid in New
York on behalf of a foreign corporation, does not suffice to
establish personal jurisdiction over it, pursuant to CPLR
302(a)(1). It is further argued, that there is no basis for this
court asserting quasi in rem jurisdiction since Grupo Mexico's
property in New York bears no relationship to the underlying cause
of action.

Finally, Grupo Mexico maintains that the "minimal assets" it
retains in New York would not provide additional security to
Standard, and that there is no reason to believe that Grupo Mexico
would conceal or dissipate its assets to warrant an attachment.

Standard Bank argues that Grupo Mexico's jurisdictional
arguments are barred by collateral estoppel, based upon Justice Ira
Gammerman's decision and order in <u>Westdeuche Landesbanke
Girozentrale v Asarco, Incorporation and Grupo Mexico, S.A. d C.V.</u>,
NY Sup Ct, Index, No. 600673/02 (April 26, 2002) (the WestLB Case).
Standard Bank further argues that, even if collateral estoppel is
inapplicable, there is ample basis for this court's finding that
Grupo Mexico is subject to this court's jurisdiction.

3



In the WestLB Case, Grupo Mexico guaranteed a promissory note identical (except for the amount) to the subject Note in the instant action.[4]  Grupo Mexico made the identical argument that it makes in this action, i.e., that its mere act of guaranteeing the payment of a note in New York is insufficient to subject it to the jurisdiction of the New York court. Justice Gammerman found personam jurisdiction, and directed judgment in plaintiff's favor. Grupo Mexico thereafter paid the resulting judgment, without taking any appeal of Justice Gammerman's decision and order.

The equitable doctrine of equitable estoppel is " ... based upon the general notion that it is not fair to permit a party to relitigate an issue that has already been decided against it." (Kaufman v Lilly and Co., 65 NY2d 449, 455 [1985]).  Its basic elements are: "[f]irst, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination" (Kaufman v Lilly and Co., supra at 455 [citing Gilberg v Barbieri, 53 NY2d 285, 291 [ ]; see also, Matter of Juan c. v Cotrines, 89 NY2d 659, 667 [1997].

Asarco, which is a direct, wholly-owned subsidiary of Grupo Mexico, is a New York resident. Asarco is the party for whom the benefit of the guarantee was made. The Note was made payable to the defendants' New York bank.  This court finds the exercise of

---

[4]The WESTLB Case also had the identical obligee, Trafigura, as the obligee in the instant action.

4

jurisdiction over Grupo to be appropriate.

This court has considered Grupo Mexico's remaining arguments and found them to be without merit.

Dated: October 10, 2002

_____

J.S.C.

FILED

OCT 1 7 2002

COUNTY CLERK'S OFFICE
NEW YORK

5

1 - 2

**FILED AND DOCKETED**

NOV 1 2 2002
AT 3:30 ℙ M
N.Y., CO. CLK'S OFFICE

Index No.        602148        Year 20    02

SUPREME COURT: NEW YORK COUNTY

STANDARD BANK LONDON,

Plaintiff,

v.

ASARCO INCORPORATED and
GRUPO MEXICO, S.A. DE C.V.,

Defendants.

Order

SULLIVAN & WORCESTER LLP

Attorneys for

Standard Bank London

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 486-8200

NOV 13 2002



DOCKETED BY

SULLIVAN & WORCESTER LLP

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STANDARD BANK LONDON,                    :        Index No. 602148/02
                                         :
                        Plaintiff,       :        Justice Ramos
                                         :        IAS Part 53
        - against -                      :
                                         :
ASARCO INCORPORATED and                  :        **STIPULATION AND ORDER**
GRUPO MEXICO, S.A. DE C.V.,              :
                                         :
                        Defendants.      :
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, a judgment was entered in the above entitled action on November 12, 2002

in the Supreme Court of the State of New York, County of New York, in favor of plaintiff

Standard Bank of London and against defendants Asarco Incorporated and Grupo Mexico, S.A.

de C.V., jointly and severally, for the sum of $8,025,650.48, which judgment was docketed on

November 12, 2002 in the office of the Clerk of New York County; and

        WHEREAS, the defendants have satisfied the judgment in full;

        NOW THEREFORE, the Undertaking on Temporary Injunction, Bond No. CGB 8650-

242, *filed with the New York County Clerk on July 17, 2002* is cancelled and the surety company is hereby discharged from any and all liabilities.

Dated: New York, New York
        May 21, 2003

KENT, BEATTY & GORDON, LLP                SULLIVAN & WORCESTER LLP

By: _____              By: _____
    Jack A. Gordon, Esq.                      Michael T. Sullivan
    425 Park Avenue                           565 Fifth Avenue
    New York, NY  10022                       New York, New York  10017
    (212) 421-4300                            (212) 486-8200
    Attorneys for Defendants                  Attorneys for Plaintiff

So Ordered:

**FILED**
MAY 23 2003
NEW YORK
COUNTY CLERK'S OFFICE

SUPREME COURT: NEW YORK COUNTY

STANDARD BANK LONDON,

                    Plaintiff,

        v.

ASARCO INCORPORATED and
GRUPO MEXICO, S.A. DE C.V.,

                    Defendants.

STIPULATION AND ORDER

SULLIVAN  &  WORCESTER LLP

*Attorneys for*    Standard Bank London

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 486-8200

FILED

COUNTY CLERK'S OFFICE
NEW YORK
MAY 23 2003

Standard Bank London v. Asarco, Inc., et ano
Index No. 602148/02
Prejudgment Interest Calculation

| Interest Period | | Principle Balance | Statutory Interest Rate | Daily Interest | Number of Days | Total Interest for Period |
|---|---|---|---|---|---|---|
| 02/01/02 to 02/28/02 | | $ 7,500,000.00 | 9.00% | $ 1,875.00 | 28 | $ 52,500.00 |
| 03/01/02 to 03/31/02 | | $ 7,500,000.00 | 9.00% | $ 1,875.00 | 31 | $ 58,125.00 |
| 04/01/02 to 04/30/02 | | $ 7,500,000.00 | 9.00% | $ 1,875.00 | 30 | $ 56,250.00 |
| 05/01/02 to 05/31/02 | | $ 7,500,000.00 | 9.00% | $ 1,875.00 | 31 | $ 58,125.00 |
| 06/01/02 to 06/30/02 | | $ 7,500,000.00 | 9.00% | $ 1,875.00 | 30 | $ 56,250.00 |
| 07/01/02 to 07/31/02 | | $ 7,500,000.00 | 9.00% | $ 1,875.00 | 31 | $ 58,125.00 |
| 08/01/02 to 08/31/02 | | $ 7,500,000.00 | 9.00% | $ 1,875.00 | 31 | $ 58,125.00 |
| 09/01/02 to 09/30/02 | | $ 7,500,000.00 | 9.00% | $ 1,875.00 | 30 | $ 56,250.00 |
| 10/01/02 to 10/31/02 | | $ 7,500,000.00 | 9.00% | $ 1,875.00 | 31 | $ 58,125.00 |
| 11/01/02 to 11/11/02 | | $ 7,500,000.00 | 9.00% | $ 1,875.00 | 11 | $ 20,625.00 |

Total Prejudgment Interest          $ 339,375.00
Judgment Amount                     $ 7,500,000.00

Total Judgment Amount Plus Prejudgment Interest     $ 7,839,375.00