# EXHIBIT 9
# TO
# EXHIBIT 4

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

PHILLIP NELSON BURNS, MIRJANA
PAVKOVICH, Administrator of the Estate of
Rade Pavkovich, Deceased, and WARREN
ELMER HALPAP,

        Plaintiffs,

-against-

GRUPO MEXICO, S.A. de C.V., a Mexican
Corporation,

        Defendant.

Case No. 1:07-CV-3496 (WHP)

### ASARCO LLC'S NOTICE OF DEPOSITION OF DEFENDANT
### GRUPO MEXICO, S.A. DE C.V. RELATING TO
### PERSONAL JURISDICTION AND SERVICE

TO:    Grupo Mexico, S.A.B. de C.V., by and through its counsel of record, David R. Gelfand,
Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New
York 10005 and David S. Cohen, Milbank, Tweed, Hadley & McCloy LLP, 1850 K
Street, NW, Suite 1100, Washington, D.C. 20006.

        PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of

Civil Procedure, real-party-in-interest ASARCO LLC ("ASARCO") will take the oral deposition

of Defendant Grupo Mexico, S.A. de C.V., now known as Grupo Mexico, S.A.B. de C.V.

("Grupo Mexico"), at the offices of Grupo Mexico's attorneys of record, Milbank, Tweed,

Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York. The examination will

begin at 9:00 a.m. on July 3, 2007 and will continue from day-to-day as needed, including July 4,

2007.

        The deposition will be taken before an officer authorized to administer oaths and

will be recorded stenographically. You are invited to attend and cross-examine.

1

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Grupo Mexico shall designate one or more officers, directors, or managing agents or other persons who consent to testify on Grupo Mexico's behalf with respect to each of the matters set forth in Schedule A attached hereto. Grupo Mexico is requested to provide ASARCO's counsel with written notice by electronic mail, on or before June 29, 2007, of the names(s) and positions(s) of the designee(s) who has (have) consented to testify on behalf of Grupo Mexico on the matters set forth in Schedule A and as to which matters the designee(s) will testify.

2

Dated:  June 25, 2007

**BAKER BOTTS L.L.P.**

*/s/ G. Irvin Terrell*
G. Irvin Terrell
Attorney-in-Charge
State Bar No. 19794500
Southern District of Texas Bar No. 10004
Samuel Cooper
State Bar No. 00792427
Southern District of Texas Bar No. 19954
Michael Massengale
State Bar No. 24003704
Southern District of Texas Bar No. 23746
Rebeca Huddle
State Bar No. 24012197
Southern District of Texas Bar No. 25827
910 Louisiana Street
One Shell Plaza
Houston, Texas  77002-4995
Telephone:  713.229.1231
Facsimile:  713.229.2831
Email:  *irv.terrell@bakerbotts.com*
         *samuel.cooper@bakerbotts.com*
         *michael.massengale@bakerbotts.com*
         *rebeca.huddle@bakerbotts.com*

and

**BAKER BOTTS L.L.P.**
Jack L. Kinzie
State Bar No. 11492130
Southern District of Texas Bar No. 14771
Fernando Rodriguez
State Bar No. 24005048
Southern District of Texas Bar No. 725760
Eric A. Söderlund
State Bar No. 24037525
Southern District of Texas Bar No. 577300
Thomas E. O'Brien
State Bar No. 24046543
Southern District of Texas Bar No. 725795
2001 Ross Avenue
Dallas, Texas 75201-2980
Telephone:  214.953.6500

Respectfully submitted,

Facsimile:    214.661.6503
Email: *jack.kinzie@bakerbotts.com*
        *fernando.rodriguez@bakerbotts.com*
        *eric.soderlund@bakerbotts.com*
        *tom.obrien@bakerbotts.com*

**JORDAN, HYDEN, WOMBLE
CULBRETH & HOLZER,  P.C.**

Shelby A. Jordan
State Bar No. 11016700
Suite 900, Bank of America
500 North Shoreline
Corpus Christi, Texas 78471
Telephone:  361.884.5678
Facsimile:  361.888.5555
Email: *sjordan@jhwclaw.com*

and

**JORDAN, HYDEN, WOMBLE
CULBRETH & HOLZER,  P.C.**

Michael J. Urbis
State Bar No. 20414130
1534 E. 6th Street, Suite 104
Brownsville, Texas 78520
Telephone:  956.542.1161
Facsimile:  956.542.0051
Email: *murbis@jhwclaw.com*

**COUNSEL TO ASARCO LLC**

3

## CERTIFICATE OF SERVICE

I certify that on June 25, 2007, the foregoing document was served via overnight delivery service and email on the following counsel:

BARON & BUDD
Alan B. Rich, Esq.
The Centrum, Suite 1100
3102 Oak Lawn Avenue
Dallas, Texas 75219
(214) 521-3605
(214) 520-1181 (facsimile)
*arich@baronbudd.com*

**ATTORNEYS FOR PLAINTIFFS**
**PHILLIP NELSON BURNS,**
**MIRJANA PAVKOVICH,**
**and WARREN ELMER HALPAP**

MILBANK, TWEED, HADLEY & McCLOY LLP
David R. Gelfand, Esq.
1 Chase Manhattan Plaza
New York, New York 10005
(212) 530-5000
(212) 530-5219 (facsimile)
*dgelfand@milbank.com*

MILBANK, TWEED, HADLEY & McCLOY LLP
David S. Cohen
1850 K Street, NW
Suite 1100
Washington, D.C. 20006
(202) 835-7500
(202) 835-7586 (facsimile)
*dcohen2@milbank.com*

**ATTORNEYS FOR DEFENDANT**
**GRUPO MEXICO, S.A.B. de C.V.**

*/s/ G. Irvin Terrell, Jr.*
G. Irvin Terrell, Jr. (GT-3459)

## Schedule A

As used in this Schedule, the following terms shall have the meaning(s) set forth below, regardless of whether the defined term is capitalized:

1. "Communication(s)" means any contact between two or more persons by which any information or knowledge is transmitted or conveyed between two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, emails or any other document, and any oral contact, such as face-to-face meetings or telephone conversations.

2. "Document(s)" has the broadest meaning ascribed to it under the Federal Rules of Civil Procedure and includes writings of every kind, source, and authorship, both originals and/or all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including, without limitation, any government agency, department, administrative entity, or personnel. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration, and not limitation, the term shall include: correspondence; transcripts of testimony; letters; notes; reports; papers; files; books; other communications sent or received; diaries; calendars; logs, notes, or memoranda of telephonic or face-to-face conversations; drafts; work papers; agendas; bulletins; notices; circulars; announcements; instructions; schedules; minutes, summaries, notes, and other records

and recordings of any conferences, meetings, visits, statements, interviews, or telephone conversations; bills, statements, and other records of obligations and expenditures; canceled checks, vouchers, receipts, and other records of payments; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; analyses; statements; interviews; affidavits; printed matter (including published books, articles, speeches, and newspaper clippings); press releases; charts; drawings; specifications; manuals; brochures; parts lists; memoranda of all kinds to and from any person, agency, or entity; evaluations, advice, recommendations, commentaries, conclusions, studies, tests, manuals, procedures, data, reports, and results; records of administrative, technical, and financial actions taken or recommended; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3.  "Each," "any," and/or "all" mean "each, any, and all."

4.  "Financial institution" includes commercial banks, merchant banks, investment banks, investment or takeover advisors, savings and loans, credit unions, other types of depository institutions, brokers or dealers in securities, and any person or entity performing any of the following functions or services: loaning money, advancing credit, providing financial advice, money transmission or receipt by wire or otherwise, currency exchange, check cashing, check clearing, and issuing and selling money orders and traveler's checks.

5.  "Grupo Mexico," "you," or "your" means Grupo Mexico, S.A. de C.V., now known as Grupo Mexico, S.A.B. de C.V., and any of its predecessors, successors, agents, representatives (including but not limited to any law firm retained by or representing Grupo Mexico in whole or in part), officers, directors, managers, employees, or divisions.

6.  "Relate or refer," "relating or referring," "reflect," "reflecting," "concern," "concerning," "involve," and "involving" mean in any way to comprise, constitute, describe, discuss, evidence, identify, memorialize, reflect, support, refute, make a statement about, deal with, consist of, refer to, relate to, pertain to, or being in any way logically or factually connected with, in whole or in part, the subject matter of the discovery request.

7.  "SPCC" means Southern Peru Copper Corporation and includes any predecessors, successors, agents, officers, directors, managers, employees, subsidiaries, divisions, or affiliates.

8.  "SPCC Transaction" means the transfer of ASARCO's 54.2% ownership in SPCC to Americas Mining Corporation that occurred on or about March 31, 2003.

9.  "United States" refers to the United States of America, including states, territories, and other political subdivisions within the United States.

Unless otherwise specified, the time period applicable to the matters on which the Grupo Mexico representative will testify is from October 15, 1997 to present. Such matters will include the following:

1.  Service of process on Grupo Mexico in the case *Burns et al. vs. Grupo Mexico S.A. de C.V. et al.*, Index No. 0114728/2004 (N.Y. Sup. Ct.) (the "Burns Case"), when and how Grupo Mexico became aware of the same, and when and how Grupo Mexico received a copy of the First Amended Complaint in the Burns Case, and the identity and position of Daniel Estrada Martens Estrada on July 1, 2005 and today.

2.  Grupo Mexico's contacts with the United States.

3.  Offices, facilities, equipment, products, inventory, mailing addresses, and telephone numbers maintained by Grupo Mexico in the United States, including but not limited to the office maintained by Grupo Mexico at 156 W. 56th Street, New York, New York 10019.

- 3 -

4.  Agents, employees, directors, officers, and representatives of Grupo Mexico in the United States.

5.  Agents designated by Grupo Mexico for service of process in the United States.

6.  Business, transactions, negotiations, or other activities conducted by, on behalf of, under the guidance, direction, or control of, or with the authority of Grupo Mexico in the United States.

7.  Sales made by, on behalf of, under the guidance, direction, or control of, or with the authority of Grupo Mexico in the United States or to United States residents (including corporations headquartered here) or other United States entities.

8.  Purchases made by, on behalf of, under the guidance, direction, or control of, or with the authority of Grupo Mexico in the United States or from United States residents (including corporations headquartered here) or other United States entities.

9.  Business solicited by or on behalf of Grupo Mexico in the United States or from United States residents (including corporations headquartered here) or other United States entities.

10. Contracts and agreements to which Grupo Mexico is a party or successor-in-interest that were executed or signed in the United States, negotiated in whole or in part in the United States, or that call for partial or complete performance in the United States.

11. Contracts and agreements entered into, on behalf of, or with the authority of Grupo Mexico and that were executed or signed in the United States, negotiated in whole or in part in the United States, or that call for partial or complete performance in the United States.

12. Contracts and agreements to which Grupo Mexico is a party or successor-in-interest that involve in whole or in part United States residents (including corporations headquartered here) or other United States entities.

- 4 -

13. Contracts and agreements entered into, on behalf of, or with the authority of Grupo Mexico and that involve in whole or in part United States residents (including corporations headquartered here) or other United States entities.

14. Financial transactions conducted in whole or in part by Grupo Mexico in the United States.

15. Accounts held by Grupo Mexico with United States financial institutions.

16. Lawsuits filed in the United States in which Grupo Mexico is or has been a defendant or a plaintiff.

17. Lawsuits in which a United States court has found Grupo Mexico subject to personal jurisdiction in the United States or in which Grupo Mexico consented to personal jurisdiction.

18. Grupo Mexico's engagement or payment of United States law firms, accounting firms, consulting firms, or other professional firms.

19. Agreements in which Grupo Mexico consented to jurisdiction and/or venue in the United States for disputes arising from those agreements or consented to have the laws of one of the states in the United States or United States federal law govern those agreements.

20. Real or personal property in the United States owned or leased by Grupo Mexico or its directors, officers, or managing agents.

21. Insurance policies owned by Grupo Mexico or under which Grupo Mexico is a beneficiary or has a beneficial interest issued by a United States insurance company or an affiliate of a United States insurance company or covering property within the United States, including any potential coverage of Grupo Mexico or a related person or entity in the Burns Case.

22. United States tax returns, either state or federal, filed by, on behalf of, or with the authority of Grupo Mexico.

23. Tax and regulatory assessments, judgments, taxes, fees, or penalties against Grupo Mexico by federal, state, county, municipal, or other governmental units in the United States.

24. Documents filed by, on behalf of, or with the authority of Grupo Mexico with the United States Securities and Exchange Commission.

25. Licenses owned by Grupo Mexico in the United States, including but not limited to licenses permitting Grupo Mexico to conduct business in the United States or in one of the states within the United States.

26. Efforts by Grupo Mexico to obtain visas or other documentation from the United States Immigration and Naturalization Services for a Grupo Mexico employee or officer to perform work for Grupo Mexico in the United States.

27. United States patents, trademarks, and copyrights owned, in whole or in part, by Grupo Mexico and Grupo Mexico's efforts to apply for United States patents, trademarks, and copyrights.

28. Media releases, in whole or in part, provided by, on behalf of, under the guidance, direction, or control of, or with the authority of Grupo Mexico to United States media outlets.

29. Grupo Mexico's efforts, or efforts made on its behalf, to market, and sales of, its own debto or equity securities or the debt or equity securities of any of its subsidiaries in the United States.

30. Meetings held by or attended by Grupo Mexico in the United States from 1997 to the present, including but not limited to all shareholder or board of directors meetings and all meetings relating to Grupo Mexico's acquisition of ASARCO or the business of ASARCO.

31. Meetings held by or attended by Grupo Mexico with United States financial institutions from 1997 to the present, whether the meetings took place within or outside of the United States.

32. Business trips made by Grupo Mexico's directors, officers, or employees to the United States since 1997, including but not limited to trips relating to management reviews of United States subsidiaries or affiliates and meetings concerning Grupo Mexico debt or equity securities, ASARCO, Americas Mining Corporation, or Southern Peru Copper Corporation.

33. The relationship from 1999 to the present between Grupo Mexico and its United States subsidiaries, including but not limited to the Grupo Mexico's involvement in (a) the appointment or removal of officers and directors of its subsidiaries; (b) the approval of bonuses for officers and directors of its subsidiaries; and (c) the approval of capital expenditures made by its subsidiaries.

34. Inter-company debits and credits between Grupo Mexico and its United States subsidiaries from 1999 to the present.

35. Guarantees, sureties, and indemnities made by Grupo Mexico on behalf of its United States subsidiaries from 1999 to the present.

36. Statements or representations made by, on behalf of, under the guidance, direction or control of, or with the authority of Grupo Mexico relating to Grupo Mexico's status as a North American company or its presence in the United States.

37. Grupo Mexico's advertisement or marketing of its products or services in the United States.

38. Grupo Mexico's involvement with the SPCC Transaction, including the determination of the terms and timing of that transaction, the due diligence conducted by Grupo Mexico, and how Grupo Mexico benefited from the SPCC Transaction.

39. Trips made by Grupo Mexico's directors, officers, or employees and meetings held by or attended by Grupo Mexico or any of its directors, officers, employees, agents, or representatives in the United States relating to the SPCC Transaction.

40. Communications between Grupo Mexico and Inbursa relating to the SPCC Transaction.

41. Grupo Mexico's involvement in the settlement of the lawsuit brought by the United States Department of Justice to enjoin the SPCC Transaction.

42. Grupo Mexico's involvement in the decision for ASARCO to delay in filing for bankruptcy and the decision for ASARCO to file for bankruptcy in the United States.

43. The Requests for Production of Documents, Requests for Admission (including documents referenced and attached as exhibits), and Interrogatories served by ASARCO on Grupo Mexico in the above-captioned case on June 21 and 22, 2007 (collectively, "ASARCO's Requests for Production"), and Grupo Mexico's responses to the same.

44. All document retention policies maintained by Grupo Mexico, from 1999 to present, applicable to the categories of documents responsive to ASARCO's Requests for Production.

45. All electronic data retention policies maintained by Grupo Mexico, from 1999 to present, applicable to the categories of documents responsive to ASARCO's Requests for Production.

46. The collection and disposition of any documents by Grupo Mexico or its attorneys or other agents from the files of Grupo Mexico, from 1999 to present, relating to any potential fraudulent transfer claim arising from the SPCC Transaction, including but not limited to the identification of any such documents.

47. The disposal, destruction, or other loss of any documents, from 1999 to present, responsive to ASARCO's Requests for Production.

- 8 -

48. Grupo Mexico's collection, review, and production of documents responsive to ASARCO's Requests for Production, including but not limited to:

    a. the identities of individuals involved in collecting documents responsive to ASARCO's Requests for Production, including who made the search and from whose files documents were requested or collected;

    b. the identities of geographical and physical file locations searched in the course of collecting documents responsive to ASARCO's Requests for Production;

    c. actions taken by Grupo Mexico to collect, review, and produce documents responsive to ASARCO's Requests for Production in the possession of Grupo Mexico or third parties.

49. Steps taken by Grupo Mexico to educate the 30(b)(6) witness to testify concerning the matters referenced in this Schedule, including the steps taken by Grupo Mexico and the designee(s) to gather information sufficient to testify knowledgably about the matters referenced in this Schedule.

50. Steps taken by Grupo Mexico to respond to this 30(b)(6) notice of deposition, including instructions and procedures to preserve documents relating to the Burns Case and the matters referenced in this Schedule.

# EXHIBIT 10
# TO
# EXHIBIT 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PHILLIP NELSON BURNS, MIRJANA
PAVKOVICH, Administrator of the Estate of
Rade Pavkovich, Deceased, and Warren
Elmer Halpap,

                  Plaintiffs,

          -against-

GRUPO MÉXICO, S.A. de C.V., a Mexican
Corporation,

                Defendant.

---

Case No. 1:07-CV-3496(WHP)

## RESPONSES AND OBJECTIONS TO ASARCO LLC'S NOTICE OF DEPOSITION OF DEFENDANT GRUPO MÉXICO, S.A. DE C.V. RELATING TO PERSONAL JURISDICTION AND SERVICE

Pursuant to Federal Rules of Civil Procedure 26 and 30, defendant Grupo México, S.A.B. de C.V. ("Grupo México"), by its undersigned attorneys, hereby responds and objects (the "Responses and Objections") to non-party ASARCO LLC's ("ASARCO") Notice of Deposition of Defendant Grupo México, S.A. de C.V. Relating to Personal Jurisdiction and Service, dated June 25, 2007 (the "Notice").

### GENERAL RESPONSES AND OBJECTIONS

1.      By submitting these Objections, Grupo México does not waive, and specifically reserves, its objection and challenge to this Court's exercise of jurisdiction over Grupo México.

2.      Grupo México objects to ASARCO seeking discovery in an action to which it is not and never has been a party. Despite ASARCO's claim to be the real-party-in-interest in this case, it has not been substituted as a plaintiff. Rule 30 of the Federal Rules of Civil Procedure only authorizes parties to take depositions. *See* FED. R. CIV. P. 30(a)(1) ("[a] **party** may take the

- 1 -

testimony of any person, including a party, by deposition upon oral examination without leave of court...") (emphasis added). Because ASARCO is not a party to this action, it cannot notice a deposition pursuant to the Federal Rules.

3.      Grupo México objects to the Notice, including any definition or instruction therein, to the extent it seeks to impose obligations on Grupo México beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York, or any other applicable rule or law.

4.      Grupo México objects to the Notice to the extent it is overly broad, unduly burdensome, vague and ambiguous, or duplicative, would require Grupo México to speculate as to the nature and/or scope of the deposition testimony sought thereby, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

5.      Grupo México objects to the Notice to the extent it seeks deposition testimony on matters unrelated to service of process and personal jurisdiction in New York and Texas.

6.      Grupo México objects to the Notice to the extent it seeks information dating back to October 15, 1997.

7.      Grupo México objects to the Notice to the extent it purports to require Grupo México to provide deposition testimony, and seeks information in the custody, possession, or control of persons or entities other than Grupo México.

8.      Grupo México objects to the Notice to the extent that it seeks deposition testimony subject to any privilege or protection, including the attorney-client privilege, the attorney work product doctrine, and the Mexican Professional Secrets Doctrine.

9.      Grupo México objects to the Notice to the extent that it seeks confidential or proprietary information.

- 2 -

10.    Grupo México objects to the definition of "communication" to the extent that it is broader than the definition incorporated by the Local Rules.

11.    Grupo México objects to the definition of "document" to the extent that it is broader than the definition incorporated by the Local Rules.

12.    Grupo México objects to the definition of "Grupo México", "you" and "your" to the extent that it includes Grupo México's representatives (including law firms).

13.    Grupo México objects to the definition of "SPCC" to the extent that it includes Southern Peru Copper Corporation's subsidiaries and affiliates, and/or agents, officers, managers and employees that were outside Southern Peru Copper Corporation's control or may have been acting on behalf of entities other than Southern Peru Copper Corporation.  Subject to the General Responses and Objections and the Specific Responses and Objections contained herein, Grupo México defines "Southern Peru Copper Corporation" as Southern Peru Copper Corporation, its predecessors and successors, and any agents, officers, managers and employees acting on its behalf at its direction.

14.    These Responses and Objections are based on the best information currently available to Grupo México. Grupo México expressly reserves the right to amend, supplement, or correct its responses, if and when it has or discovers other or additional information.

15.    Grupo México reserves all objections, in this or any other proceeding, with respect to the relevance, materiality, and/or admissibility of all deposition testimony provided pursuant to the Notice. These General Responses and Objections are made without waiver of, or prejudice to, any objection or right.  To the extent Grupo México provides deposition testimony regarding a matter to which an objection has been made, such response is without waiver of the

- 3 -

objection. The foregoing General Responses and Objections shall be and are incorporated into

each of the Specific Responses and Objections set forth below.

16.    Grupo México reserves the right to object at the deposition without limitation.

## SPECIFIC RESPONSES AND OBJECTIONS

### MATTER NUMBER 1

Service of process on Grupo México in the case *Burns et al. vs. Grupo México S.A. de C. V. et al*, Index No. 0114728/2004 (N.Y. Sup. Ct.) (the "Burns Case"), when and how Grupo México became aware of the same, and when and how Grupo México received a copy of the First Amended Complaint in the Burns Case, and the identity and position of Daniel Estrada Martens Estrada on July 1, 2005 and today.

### RESPONSE

Grupo México objects to Matter Number 1 as vague and ambiguous. Further,

Grupo México objects to Matter Number 1 as overbroad and unduly burdensome. To the extent

such information exists and subject to the foregoing General Responses and Objections, Grupo

México will provide a witness to testify with respect to Matter Number 1.

### MATTER NUMBER 2

Grupo México's contacts with the United States.

### RESPONSE

Grupo México objects to Matter Number 2 as vague and ambiguous. Further,

Grupo México objects to Matter Number 2 as overbroad and unduly burdensome. To the extent

such information exists and subject to the foregoing General Responses and Objections, Grupo

México will provide a witness to testify with respect to Grupo México's contacts with New York

and Texas.

### MATTER NUMBER 3

Offices, facilities, equipment, products, inventory, mailing addresses, and telephone numbers maintained by Grupo México in the United States, including but not limited to the office maintained by Grupo México at 156 W. 56th Street, New York, New York 10019.

- 4 -

**RESPONSE**

Grupo México objects to Matter Number 3 as vague and ambiguous. Further, Grupo México objects to Matter Number 3 as overbroad and unduly burdensome. To the extent such information exists and subject to the foregoing General Responses and Objections, Grupo México will provide a witness to testify with respect to offices, facilities, equipment, products, inventory, mailing addresses, and telephone numbers maintained by Grupo México in New York and Texas.

**MATTER NUMBER 4**

Agents, employees, directors, officers, and representatives of Grupo México in the United States.

**RESPONSE**

Grupo México objects to Matter Number 4 as overbroad and unduly burdensome. Further, Grupo México objects to Matter Number 4 to the extent it calls for a legal conclusion. To the extent such information exists and subject to the foregoing General Responses and Objections, Grupo México will provide a witness to testify with respect to agents, employees, directors, officers, and representatives of Grupo México in New York and Texas.

**MATTER NUMBER 5**

Agents designated by Grupo México for service of process in the United States.

**RESPONSE**

Grupo México objects to Matter Number 5 as overbroad and unduly burdensome. Further, Grupo México objects to Matter Number 5 to the extent it calls for a legal conclusion. To the extent such information exists and subject to the foregoing General Responses and Objections, Grupo México will provide a witness to testify with respect to agents designated by Grupo México for service of process in New York and Texas.

**MATTER NUMBER 6**

Business, transactions, negotiations, or other activities conducted by, on behalf of, under the guidance, direction, or control of, or with the authority of Grupo México in the United States.

**RESPONSE**

Grupo México objects to Matter Number 6 to the extent it calls for a legal

conclusion. Further, Grupo México objects to Matter Number 6 as overbroad and unduly

burdensome. Additionally, Grupo México objects to the use of the terms "on behalf of, under

the guidance, direction, or control of, or with the authority of" as vague and ambiguous. To the

extent such information exists and subject to the foregoing General Responses and Objections,

Grupo México will provide a witness to testify with respect to business, transactions,

negotiations, or other activities conducted by Grupo México in New York and Texas.

**MATTER NUMBER 7**

Sales made by, on behalf of, under the guidance, direction, or control of, or with the authority of Grupo México in the United States or to United States residents (including corporations headquartered here) or other United States entities.

**RESPONSE**

Grupo México objects to Matter Number 7 to the extent it calls for a legal

conclusion. Grupo México further objects to Matter Number 7 as overbroad and unduly

burdensome. Additionally, Grupo México objects to the use of the terms "on behalf of, under

the guidance, direction, or control of, or with the authority of" and "other United States entities"

as vague and ambiguous. To the extent such information exists and subject to the foregoing

General Responses and Objections, Grupo México will provide a witness to testify with respect

to sales made by Grupo México in New York and Texas to New York and Texas residents

(including corporations headquartered there).

**MATTER NUMBER 8**

Purchases made by, on behalf of, under the guidance, direction, or control of, or with the authority of Grupo México in the United States or from United States residents (including corporations headquartered here) or other United States entities.

**RESPONSE**

Grupo México objects to Matter Number 8 to the extent it calls for a legal conclusion. Further, Grupo México objects to Matter Number 8 as overbroad and unduly burdensome. Additionally, Grupo México objects to the use of the terms "on behalf of, under the guidance, direction, or control of, or with the authority of" and "other United States entities" as vague and ambiguous. To the extent such information exists and subject to the foregoing General Responses and Objections, Grupo México will provide a witness to testify with respect to purchases made by Grupo México in New York and Texas or from New York and Texas residents.

**MATTER NUMBER 9**

Business solicited by or on behalf of Grupo México in the United States or from United States residents (including corporations headquartered here) or other United States entities.

**RESPONSE**

Grupo México objects to Matter Number 9 to the extent it calls for a legal conclusion. Further, Grupo México objects to Matter Number 9 as overbroad and unduly burdensome. Additionally, Grupo México objects to the use of the terms "solicited by," "on behalf of" and "other United States entities" as vague and ambiguous. To the extent such information exists and subject to the foregoing General Responses and Objections, Grupo México will provide a witness to testify with respect to business solicited by Grupo México in New York or Texas or from New York or Texas residents (including corporations headquartered there).

- 7 -

## MATTER NUMBER 10

Contracts and agreements to which Grupo México is a party or successor-in-interest that were executed or signed in the United States, negotiated in whole or in part in the United States, or that call for partial or complete performance in the United States.

### RESPONSE

Grupo México objects to Matter Number 10 to the extent it calls for a legal

conclusion. Further, Grupo México objects to Matter Number 10 as overbroad and unduly

burdensome. Additionally, Grupo México objects to Matter Number 10 as vague and

ambiguous. To the extent such information exists and subject to the foregoing General

Responses and Objections, Grupo México will provide a witness to testify with respect to

contracts and agreements to which Grupo México executed or signed in New York or Texas,

negotiated in whole or in part in New York or Texas, or that call for partial or complete

performance in New York or Texas.

## MATTER NUMBER 11

Contracts and agreements entered into, on behalf of, or with the authority of Grupo México and that were executed or signed in the United States, negotiated in whole or in part in the United States, or that call for partial or complete performance in the United States.

### RESPONSE

Grupo México objects to Matter Number 11 to the extent it calls for a legal

conclusion. Further, Grupo México objects to Matter Number 11 as overbroad and unduly

burdensome. Additionally, Grupo México objects to the use of the terms "entered into," "on

behalf of" and "with the authority of" as vague and ambiguous. To the extent such information

exists and subject to the foregoing General Responses and Objections, Grupo México will

provide a witness to testify with respect to contracts and agreements entered into by Grupo

México and that were executed or signed in New York and Texas, negotiated in whole or in part

in New York and Texas, or that call for partial or complete performance in New York and Texas.

**MATTER NUMBER 12**

Contracts and agreements to which Grupo México is a party or successor-in-interest that involve in whole or in part United States residents (including corporations headquartered here) or other United States entities.

**RESPONSE**

Grupo México objects to Matter Number 12 to the extent it calls for a legal conclusion.  Further, Grupo México objects to Matter Number 12 as overbroad and unduly burdensome.  Additionally, Grupo México objects to Matter Number 12 as vague and ambiguous.  Grupo México objects to Matter Number 12 as it is not relevant to the claim or defense of any party as required by Fed. R. Civ. P. 26(b)(1).

**MATTER NUMBER 13**

Contracts and agreements entered into, on behalf of, or with the authority of Grupo México and that involve in whole or in part United States residents (including corporations headquartered here) or other United States entities.

**RESPONSE**

Grupo México objects to Matter Number 13 as overbroad and unduly burdensome.  Further, Grupo México objects to the use of the terms "on behalf of" and "with the authority of" as vague and ambiguous.  Additionally, Grupo México objects to Matter Number 13 as it is not relevant to the claim or defense of any party as required by Fed. R. Civ. P. 26(b)(1).

**MATTER NUMBER 14**

Financial transactions conducted in whole or in part by Grupo México in the United States.

**RESPONSE**

Grupo México objects to Matter Number 14 as overbroad and unduly burdensome.  Further, Grupo México objects to Matter Number 14 as vague and ambiguous.

Grupo México further objects to Matter Number 14 as it is not relevant to the claim or defense of any party as required by Fed. R. Civ. P. 26(b)(1).

**MATTER NUMBER 15**

Accounts held by Grupo México with United States financial institutions.

**RESPONSE**

Grupo México objects to Matter Number 15 as overbroad and unduly burdensome. Further, Grupo México objects to Matter Number 15 as vague and ambiguous. To the extent such information exists and subject to the foregoing General Responses and Objections, Grupo México will provide a witness to testify with respect to accounts held by Grupo México with New York and Texas financial institutions.

**MATTER NUMBER 16**

Lawsuits filed in the United States in which Grupo México is or has been a defendant or a plaintiff.

**RESPONSE**

Grupo México objects to Matter Number 16 as overbroad and unduly burdensome. Further, Grupo México objects to Matter Number 16 to the extent that it calls for publicly available information that is readily accessible to ASARCO. Moreover, Grupo México objects to Matter Number 16 as it is not likely to lead to discoverable evidence. To the extent such information exists and subject to the foregoing General Responses and Objections, Grupo México will provide a witness to testify with respect to lawsuits filed in New York and Texas in which Grupo México is or has been a defendant or a plaintiff.

**.MATTER NUMBER 17**

Lawsuits in which a United States court has found Grupo México subject to personal jurisdiction in the United States or in which Grupo México consented to personal jurisdiction.

- 10 -

**RESPONSE**

Grupo México objects to Matter Number 17 to the extent it calls for a legal

conclusion. Grupo México objects to Matter Number 17 as overbroad and unduly burdensome.

Further, Grupo México objects to Matter Number 17 to the extent that it calls for publicly

available information that is readily accessible to ASARCO. To the extent such information

exists and subject to the foregoing General Responses and Objections, Grupo México will

provide a witness to testify with respect to lawsuits in which a New York or Texas court has

found Grupo México subject to personal jurisdiction in New York or Texas or in which Grupo

México consented to personal jurisdiction.

**MATTER NUMBER 18**

Grupo México's engagement or payment of United States law firms, accounting
firms, consulting firms, or other professional firms.

**RESPONSE**

Grupo México objects to Matter Number 18 as overbroad and unduly

burdensome. To the extent such information exists and subject to the foregoing General

Responses and Objections, Grupo México will provide a witness to testify with respect to Grupo

México's engagement or payment of New York and Texas law firms, accounting firms,

consulting firms, or other professional firms.

**MATTER NUMBER 19**

Agreements in which Grupo México consented to jurisdiction and/or venue in the
United States for disputes arising from those agreements or consented to have the laws of one of
the states in the United States or United States federal law govern those agreements.

**RESPONSE**

Grupo México objects to Matter Number 19 to the extent it calls for a legal

conclusion. Further, Grupo México objects to Matter Number 19 as overbroad and unduly

burdensome. To the extent such information exists and subject to the foregoing General

Responses and Objections, Grupo México will provide a witness to testify with respect to

agreements in which Grupo México consented to jurisdiction and/or venue in New York or

Texas for disputes arising from those agreements or consented to have the laws of New York,

Texas, or United States federal law govern those agreements.

**MATTER NUMBER 20**

Real or personal property in the United States owned or leased by Grupo México
or its directors, officers, or managing agents.

**RESPONSE**

Grupo México objects to Matter Number 20 as overbroad and unduly

burdensome. To the extent such information exists and subject to the foregoing General

Responses and Objections, Grupo México will provide a witness to testify with respect to real or

personal property in New York or Texas owned or leased by Grupo México or its directors,

officers, or managing agents. .

**MATTER NUMBER 21**

Insurance policies owned by Grupo México or under which Grupo México is a
beneficiary or has a beneficial interest issued by a United States insurance company or an
affiliate of a United States insurance company or covering property within the United States,
including any potential coverage of Grupo México or a related person or entity in the Burns
Case.

**RESPONSE**

Grupo México objects to Matter Number 21 as overbroad and unduly

burdensome. Grupo México further objects to Matter Number 21 as it is not relevant to the

claim or defense of any party as required by Fed. R. Civ. P. 26(b)(1)

**MATTER NUMBER 22**

United States tax returns, either state or federal, filed by, on behalf of, or with the
authority of Grupo México.

- 12 -

**RESPONSE**

Grupo México objects to Matter Number 22 as overbroad and unduly

burdensome. Further, Grupo México objects to the terms "on behalf of" and "with the authority

of" as vague and ambiguous. To the extent such information exists and subject to the foregoing

General Responses and Objections, Grupo México will provide a witness to testify with respect

to Matter Number 22.

**MATTER NUMBER 23**

Tax and regulatory assessments, judgments, taxes, fees, or penalties against
Grupo México by federal, state, county, municipal, or other governmental units in the United
States.

**RESPONSE**

Grupo México objects to Matter Number 23 as overbroad and unduly

burdensome. To the extent such information exists and subject to the foregoing General

Responses and Objections, Grupo México will provide a witness to testify with respect to Matter

Number 23.

**MATTER NUMBER 24**

Documents filed by, on behalf of, or with the authority of Grupo México with the
United States Securities and Exchange Commission.

**RESPONSE**

Grupo México objects to the terms "with the authority of" and "on behalf of" as

vague and ambiguous. Subject to the foregoing General Responses and Objections, Grupo

México will provide a witness to testify with respect to Matter Number 24.

**MATTER NUMBER 25**

Licenses owned by Grupo México in the United States, including but not limited
to licenses permitting Grupo México to conduct business in the United States or in one of the
states within the United States.

- 13 -

**RESPONSE**

Grupo México objects to Matter Number 25 to the extent that it calls for publicly available information that is readily accessible to ASARCO. To the extent such information exists and subject to the foregoing General Responses and Objections, Grupo México will provide a witness to testify with respect to licenses owned by Grupo México in New York or Texas, including but not limited to licenses permitting Grupo México to conduct business in New York or Texas.

**MATTER NUMBER 26**

Efforts by Grupo México to obtain visas or other documentation from the United States Immigration and Naturalization Services for a Grupo México employee or officer to perform work for Grupo México in the United States.

**RESPONSE**

Grupo México objects to Matter Number 26 as overbroad and unduly burdensome. To the extent such information exists and subject to the foregoing General Responses and Objections, Grupo México will provide a witness to testify with respect to Matter Number 26.

**MATTER NUMBER 27**

United States patents, trademarks, and copyrights owned, in whole or in part, by Grupo México and Grupo México's efforts to apply for United States patents, trademarks, and copyrights.

**RESPONSE**

Grupo México objects to Matter Number 27 as vague and ambiguous. Further, Grupo México objects to Matter Number 27 to the extent it calls for a legal conclusion and seeks confidential information. To the extent such information exists and subject to the foregoing General Responses and Objections, Grupo México will provide a witness to testify with respect to Matter Number 27.

- 14 -

## MATTER NUMBER 28

Media releases, in whole or in part, provided by, on behalf of, under the guidance, direction, or control of, or with the authority of Grupo México to United States media outlets.

### RESPONSE

Grupo México further objects to Matter Number 28 as overbroad and unduly

burdensome. Further, Grupo México objects to the use of the terms "on behalf of," "under the

guidance, direction, or control of, or with the authority of" as vague and ambiguous. To the

extent such information exists and subject to the foregoing General Responses and Objections,

Grupo México will provide a witness to testify with respect to media releases provided by Grupo

México to New York or Texas media outlets.

## MATTER NUMBER 29

Grupo México's efforts, or efforts made on its behalf, to market, and sales of, its own debto [sic] or equity securities or the debt or equity securities of any of its subsidiaries in the United States.

### RESPONSE

Grupo México objects to Matter Number 29 as overbroad and unduly

burdensome. Further, Grupo México objects to Matter Number 29 as vague and ambiguous. To

the extent such information exists and subject to the foregoing General Responses and

Objections, Grupo México will provide a witness to testify with respect to Grupo México's

efforts, or efforts made on its behalf, to market, and sales of, its own debt or equity securities or

the debt or equity securities of any of its subsidiaries in New York and Texas.

## MATTER NUMBER 30

Meetings held by or attended by Grupo México in the United States from 1997 to the present, including but not limited to all shareholder or board of directors meetings and all meetings relating to Grupo México's acquisition of ASARCO or the business of ASARCO.

**RESPONSE**

   Grupo México objects to Matter Number 30 as overbroad and unduly

burdensome.  Further, Grupo México objects to Matter Number 30 as it is not relevant to the

claim or defense of any party as required by Fed. R. Civ. P. 26(b)(1).

**MATTER NUMBER 31**

   Meetings held by or attended by Grupo México with United States financial
institutions from 1997 to the present, whether the meetings took place within or outside of the
United States.

**RESPONSE**

   Grupo México objects to Matter Number 31 as overbroad and unduly

burdensome.  Further, Grupo México objects to Matter Number 31 as it is not relevant to the

claim or defense of any party as required by Fed. R. Civ. P. 26(b)(1).

**MATTER NUMBER 32**

   Business trips made by Grupo México's directors, officers, or employees to the
United States since 1997, including but not limited to trips relating to management reviews of
United States subsidiaries or affiliates and meetings concerning Grupo México debt or equity
securities, ASARCO, Americas Mining Corporation, or Southern Peru Copper Corporation.

**RESPONSE**

   Grupo México objects to Matter Number 32 as overbroad and unduly

burdensome.  Further, Grupo México objects to the term "management reviews" as vague and

ambiguous. To the extent such information exists and subject to the foregoing General

Responses and Objections, Grupo México will provide a witness to testify with respect to

business trips made by Grupo México's directors, officers, or employees to New York and

Texas.

**MATTER NUMBER 33**

   The relationship from 1999 to the present between Grupo México and its United
States subsidiaries, including but not limited to the Grupo México's involvement in (a) the
appointment or removal of officers and directors of its subsidiaries; (b) the approval of bonuses

- 16 -

for officers and directors of its subsidiaries; and (c) the approval of capital expenditures made by its subsidiaries.

**RESPONSE**

Grupo México objects to Matter Number 33 as overbroad and unduly burdensome. Grupo México objects to Matter Number 33 to the extent it calls for a legal conclusion and seeks confidential information. To the extent such information exists and subject to the foregoing General Responses and Objections, Grupo México will provide a witness to testify with respect to the relationship from 1999 to the present between Grupo México and its United States subsidiaries.

**MATTER NUMBER 34**

Inter-company debits and credits between Grupo México and its United States subsidiaries from 1999 to the present.

**RESPONSE**

Grupo México objects to Matter Number 34 as overbroad and unduly burdensome. Further, Grupo México objects to Matter Number 34 as it is not relevant to the claim or defense of any party as required by Fed. R. Civ. P. 26(b)(1).

**MATTER NUMBER 35**

Guarantees, sureties, and indemnities made by Grupo México on behalf of its United States subsidiaries from 1999 to the present.

**RESPONSE**

Grupo México objects to Matter Number 35 as overbroad and unduly burdensome. Further, Grupo México objects to Matter Number 35 as it is not relevant to the claim or defense of any party as required by Fed. R. Civ. P. 26(b)(1).

**MATTER NUMBER 36**

Statements or representations made by, on behalf of, under the guidance, direction or control of, or with the authority of Grupo México relating to Grupo México's status as a North American company or its presence in the United States.

- 17 -

**RESPONSE**

Grupo México objects to Matter Number 36 to the extent it calls for a legal conclusion. Grupo México further objects to Matter Number 36 as overbroad and unduly burdensome. Additionally, Grupo México objects to the use of the terms "on behalf of," and "under the guidance, direction, or control of, or with the authority of" as vague and ambiguous. To the extent such information exists and subject to the foregoing General Responses and Objections, Grupo México will provide a witness to testify with respect to Matter Number 36.

**MATTER NUMBER 37**

Grupo México's advertisement or marketing of its products or services in the United States.

**RESPONSE**

Grupo México objects to Matter Number 37 as overbroad and unduly burdensome. To the extent such information exists and subject to the foregoing General Responses and Objections, Grupo México will provide a witness to testify with respect to Grupo México's advertisement or marketing of its products or services in the New York or Texas.

**MATTER NUMBER 38**

Grupo México's involvement with the SPCC Transaction, including the determination of the terms and timing of that transaction, the due diligence conducted by Grupo México, and how Grupo México benefited from the SPCC Transaction.

**RESPONSE**

Grupo México objects to Matter Number 38 as vague and ambiguous. Grupo México further objects to Matter Number 38 as it seeks deposition testimony that is protected by the attorney-client privilege. To the extent such information exists and subject to the foregoing General Responses and Objections, Grupo México will provide a witness to testify with respect to Matter Number 38.

- 18 -

**MATTER NUMBER 39**

Trips made by Grupo México's directors, officers, or employees and meetings held by or attended by Grupo México or any of its directors, officers, employees, agents, or representatives in the United States relating to the SPCC Transaction.

**RESPONSE**

Grupo México objects to Matter Number 39 as overbroad and unduly

burdensome. To the extent such information exists and subject to the foregoing General

Responses and Objections, Grupo México will provide a witness to testify with respect to Matter

Number 39.

**MATTER NUMBER 40**

Communications between Grupo México and Inbursa relating to the SPCC Transaction.

**RESPONSE**

Grupo México objects to Matter Number 40 as it is not relevant to the claim or

defense of any party as required by Fed. R. Civ. P. 26(b)(1).

**MATTER NUMBER 41**

Grupo México's involvement in the settlement of the lawsuit brought by the United States Department of Justice to enjoin the SPCC Transaction.

**RESPONSE**

Grupo México objects to Matter Number 41 as it seeks deposition testimony that

is protected by the attorney-client privilege. To the extent such information exists and subject to

the foregoing General Responses and Objections, Grupo México will provide a witness to testify

with respect to Grupo México's involvement in the settlement of the lawsuit brought by the

United States Department of Justice to enjoin the SPCC Transaction.

**MATTER NUMBER 42**

Grupo México's involvement in the decision for ASARCO to delay in filing for bankruptcy and the decision for ASARCO to file for bankruptcy in the United States.

**RESPONSE**

Grupo México objects to Matter Number 42 as it is not relevant to the claim or

defense of any party as required by Fed. R. Civ. P. 26(b)(1). Further, Grupo México objects to

the term "delay in filing for bankruptcy" as vague and ambiguous.

**MATTER NUMBER 43**

The Requests for Production of Documents, Requests for Admission (including
documents referenced and attached as exhibits), and Interrogatories served by ASARCO on
Grupo México in the above-captioned case on June 21 and 22, 2007 (collectively, "ASARCO's
Requests for Production"), and Grupo México's responses to the same.

**RESPONSE**

Grupo México objects to Matter Number 43 as overbroad and unduly

burdensome. To the extent such information exists and subject to the foregoing General

Responses and Objections, Grupo México will provide a witness to testify with respect to

ASARCO's Requests for Production and Grupo México's responses to the same.

**MATTER NUMBER 44**

All document retention policies maintained by Grupo México, from 1999 to
present, applicable to the categories of documents responsive to ASARCO's Requests for
Production.

**RESPONSE**

Grupo México objects to Matter Number 44 as it is not relevant to the claim or

defense of any party as required by Fed. R. Civ. P. 26(b)(1). To the extent such information

exists and subject to the foregoing General Responses and Objections, Grupo México will

provide a witness to testify with respect to all document retention policies maintained by Grupo

México applicable to the categories of documents responsive to ASARCO's Requests for

Production.

## MATTER NUMBER 45

All electronic data retention policies maintained by Grupo México, from 1999 to present, applicable to the categories of documents responsive to ASARCO's Requests for Production.

### RESPONSE

Grupo México objects to Matter Number 45 as it is not relevant to the claim or

defense of any party as required by Fed. R. Civ. P. 26(b)(1).

## MATTER NUMBER 46

The collection and disposition of any documents by Grupo México or its attorneys or other agents from the files of Grupo México, from 1999 to present, relating to any potential fraudulent transfer claim arising from the SPCC Transaction, including but not limited to the identification of any such documents.

### RESPONSE

Grupo México objects to Matter Number 46 as it is not relevant to the claim or

defense of any party as required by Fed. R. Civ. P. 26(b)(1).  Further, Grupo México objects to

Matter Number 46 as it seeks deposition testimony that is protected by the attorney-client

privilege.

## MATTER NUMBER 47

The disposal, destruction, or other loss of any documents, from 1999 to present, responsive to ASARCO's Requests for Production.

### RESPONSE

Grupo México objects to Matter Number 47 as it is not relevant to the claim or

defense of any party as required by Fed. R. Civ. P. 26(b)(1).

## MATTER NUMBER 48

Grupo México's collection, review, and production of documents responsive to ASARCO's Requests for Production, including but not limited to: (a) the identities of individuals involved in collecting documents responsive to ASARCO's Requests for Production, including who made the search and from whose files documents were requested or collected; (b) the identities of geographical and physical file locations searched in the course of collecting documents responsive to ASARCO's Requests for Production; (c) actions taken by Grupo

México to collect, review, and produce documents responsive to ASARCO's Requests for Production in the possession of Grupo México or third parties.

**RESPONSE**

Grupo México objects to Matter Number 48 as it is not relevant to the claim or

defense of any party as required by Fed. R. Civ. P. 26(b)(1). Further, Grupo México objects to

Matter Number 48 to the extent it seeks privileged information. To the extent such information

exists and subject to the foregoing General Responses and Objections, Grupo México will

provide a witness to testify with respect to Grupo México's collection, review, and production of

documents responsive to ASARCO's Requests for Production.

**MATTER NUMBER 49**

Steps taken by Grupo México to educate the 30(b)(6) witness to testify concerning the matters referenced in this Schedule, including the steps taken by Grupo México and the designee(s) to gather information sufficient to testify knowledgably about the matters referenced in this Schedule.

**RESPONSE**

Grupo México objects to Matter Number 49 as it seeks deposition testimony that

is protected by the attorney-client privilege. To the extent such information exists and subject to

the foregoing General Responses and Objections, Grupo México will provide a witness to testify

with respect to steps taken by Grupo México to educate the 30(b)(6) witness to testify

concerning the matters referenced in the Notice.

**MATTER NUMBER 50**

Steps taken by Grupo México to respond to this 30(b)(6) notice of deposition, including instructions and procedures to preserve documents relating to the Burns Case and the matters referenced in this Schedule.

**RESPONSE**

Grupo México objects to Matter Number 50 as it seeks deposition testimony that

is protected by the attorney-client privilege. Further, Grupo México objects to Matter Number

- 22 -

50 as it is not relevant to the claim or defense of any party as required by Fed. R. Civ. P.

26(b)(1). To the extent such information exists and subject to the foregoing General Responses

and Objections, Grupo México will provide a witness to testify with respect to steps taken by

Grupo México to respond to ASARCO's 30(b)(6) notice of deposition.

Dated:  July 3, 2007

MILBANK, TWEED, HADLEY & MᶜCLOY LLP

By: _____

Luc A. Despins (LD 5143)
Stacey J. Rappaport (SR 9973)
Alan J. Stone (AS 2045)
J. Ryan Miller (JM 3370)
1 Chase Manhattan Plaza
New York, NY  10005-1413
(212) 530-5000
(212) 530 5219

David S. Cohen (DC 1268)
Donna F. Mulvihill (DM 6644)
International Square Building
1850 K Street, NW, Suite 1100
Washington D.C. 20006
(202) 835-7500
(202) 835-7586 (facsimile)

Attorneys for Defendant
GRUPO MÉXICO, S.A.B. de C.V., A MEXICAN
CORPORATION.

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2007, a copy of the Responses and Objections to ASARCO LLC's Notice of Deposition of Defendant Grupo México, S.A. De C.V. Relating to Personal Jurisdiction and Service was served on the below-listed individuals, by the following means:

Electronically by e-mail:

G. Irvin Terrell
Samuel W. Cooper
Rebeca Huddle
Baker Botts, LLC
910 Louisiana Street
Houston, Texas 77002
(713) 229-1234
irv.terrell@bakerbotts.com
samuel.cooper@bakerbotts.com
rebeca.huddle@bakerbotts.com

Jack Kinzie
Fernando Rodriguez
Eric Soderlund
Tom'Obrien
Baker Botts, LLC
2001 Ross Avenue
Dallas, Texas 75201
(214) 661-6500
jack.kinzie@bakerbotts.com
fernando.rodriguez@bakerbotts.com
eric.soderlund@bakerbotts.com
tom.obrien@bakerbotts.com

By hand delivery:

Michael Massengale
Baker Botts, LLC
910 Louisiana Street
Houston, Texas 77002
(713) 229-1234

Jed Schwartz, Esq.

- 24 -

# WESTMORELAND MINING LLC

P.O. Box 7137, 490 North 31st Street, Suite 308, Billings, Montana 59103
Phone: (406) 252-2277 • Fax: (406) 252-2090

December 3, 2001

**Via Federal Express**

Mr. Allan J. Harper
Director – Coal & Lignite Fuels
Reliant Energy
Fuel & Energy Management Wholesale Group
P O Box 1700
Houston  TX  77251-1700

Dear Allan:

I've finally gotten back into my office for a full day.  I rounded up the appropriate
information for the mine closure costs as attached.  NWR's approved bonding
level is the best independently reviewed estimate of current mine closure costs.
The then current value of NWR's approved bonding was used in the "New Price
Calculation" found in Exhibit B of the Settlement Agreement and Amendment of
Existing Contracts.

| Permit | Current Bond | Source Document |
|--------|--------------|-----------------|
| Permit 32 E | $52,269,324 | RCT Letter & Attachments - October 9, 2001 |
| Permit E/F Area | $ 6,948,995 | RCT Staff Technical Analysis – Addendum No. 1 – March 2, 2001 |
| | | |
| Total | $59,218,319 | |

The approved bond level for permit 32 E is for the year 2001.  NWR is currently
submitting the 2002 bond calculation for permit 32 E, these calculations for 2002
are approximately $3 million higher than our 2001 calculations.

Deferred Mine Closure Savings Calculation

| | |
|--|--|
| Final Reclamation | $59,218,319 |
| Pre-tax Cost of Debt | 7.59% |
| Deferred Mine Closure Savings | $ 4,494,670 |



Mr. Allan Harper
December 3, 2001
Page 2


Of course this value cannot be finalized until we know the approved bond level
for 2002 and REI's 2002 pre-tax cost of debt.

I have not been able to get dates defined for the next meeting, so Todd is going
to contact Janie directly to schedule a meeting. We are still trying to develop
appropriate estimates of the 2002 redetermined lignite price, but need the
additional information we have previously requested from you to continue our
work.

Sincerely,

Ray W. Sheldon, P.E.

lf
enc.
c:  Todd Myers w/enc
    Carroll Embry w/enc
    Tom Durham wo/enc

# EXHIBITS 11-14
# TO
# EXHIBIT 4

# FILED UNDER SEAL