The Honorable Franklin D Burgess

FILED — LODGED
— RECEIVED

SEP 26 2002

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
                                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>v<br><br>ASARCO INCORPORATED and<br>SOUTHERN PERU HOLDINGS<br>CORPORATION,<br><br>            Defendants | Case No  C02-5401 FDB<br><br>**ANSWER** |

COME NOW Defendants ASARCO Incorporated ("Asarco") and SOUTHERN PERU HOLDINGS CORPORATION ("SPHC"), by their undersigned attorneys, for their answer to the complaint, alleging as follows

1      They admit that plaintiff purports to bring this action under the statutes cited and deny that plaintiff is entitled to any relief thereunder

2      They admit that this Court has jurisdiction over the subject matter of this action

3      They admit that this Court has personal jurisdiction over defendants

4      They deny that venue is proper in this District

5      They admit that an actual controversy exists and otherwise deny the averments of paragraph 5



CV 02-05401 #00000019

IAL

SIDLEY AUSTIN BROWN & WOOD LLP
787 SEVENTH AVENUE
NEW YORK, NEW YORK 10019
TELEPHONE  (212) 839-5300

19

6    They deny the averments of paragraph 6, except that they admit that Asarco's principal place of business is at 2575 Camelback Rd, Phoenix, Arizona, and they aver that Asarco is incorporated under the laws of the State of New Jersey

7    They admit the averments of paragraph 7

8    They admit the averments of paragraph 8

9    They admit the averments of paragraph 9

10    They admit that Asarco was purchased by Grupo Mexico in November 1999 and otherwise deny the averment of paragraph 10

11    They admit the averments of paragraph 11

12    They admit the averments of paragraph 12

13    They admit that two non-copper mining assets were sold and otherwise deny the averments of paragraph 13

14    They deny the averments of paragraph 14 and refer to Asarco's financial statements for the status of its debt

15    They admit the averments of paragraph 15

16    They admit the averments of paragraph 16

17    They admit the averments of paragraph 17

18    They deny the averments of paragraph 18 and aver that the indebtedness referred to is a downpayment and part of the consideration for the Transfer

19    They admit the averments of paragraph 19 and aver that they are under no legal obligation to market their interest in SPCC to unrelated outside parties

20    They deny the averments of paragraph 20, except they admit that Asarco is not paying all of its debts as they come due

21 In response to paragraph 21 they refer to the documents referred to therein for their contents

22 In response to paragraph 22 they refer to the documents referred to therein for their contents

23 In response to paragraph 23 they refer to the documents referred to therein for their contents

24 They admit the averments of paragraph 24

25 They admit the averments of paragraph 25

26 They deny the averments of paragraph 26

27 They deny the averments of paragraph 27, except that they admit that they have informed the United States that Asarco will have difficulty meeting some of its obligations

28 They deny the averments of paragraph 28, except that they admit that they have informed the United States that Asarco will have difficulty meeting some of its obligations

29 They deny the averments of paragraph 29, except that they admit that Asarco is selling some of its real estate assets

30 They deny the averments of paragraph 30

31 They deny the averments of paragraph 31

32 They deny the averments of paragraph 32

33 They deny the averments of paragraph 33

34 They deny the averments of paragraph 34

35 They deny the averments of paragraph 35

36 They deny the averments of paragraph 36

37   In response to paragraph 37, they reaver and incorporate by reference their responses to paragraphs 1 through 36

38   Paragraph 38 is a conclusion of law to which no response is required

39   Paragraph 39 is a conclusion of law to which no response is required

40   Paragraph 40 is a conclusion of law to which no response is required

41   They deny the averments of paragraph 41

42   They deny the averments of paragraph 42

43   They deny the averments of paragraph 43

44   They deny the averments of paragraph 44

45   They deny the averments of paragraph 45

46   They deny the averments of paragraph 46

47   They deny the averments of paragraph 47

48   In response to paragraph 48, they reaver and incorporate by reference their responses to paragraphs 1 through 46

49   They deny the averments of paragraph 49

50   They deny the averments of paragraph 50

51   In response to paragraph 51, they reaver and incorporate by reference their responses to paragraphs 1 through 50

52   Paragraph 52 is a conclusion of law to which no response is required

53   They deny the averments of paragraph 53

54   They deny the averments of paragraph 54

55   They deny the averments of paragraph 55

56   They deny the averments of paragraph 56

57     In response to paragraph 57, they reaver and incorporate by reference their responses to paragraphs 1 through 56

58     Paragraph 58 is a conclusion of law to which no response is required

59     They deny the averments of paragraph 59

60     They deny the averments of paragraph 60

61     They deny the averments of paragraph 61

62     In response to paragraph 62, they reaver and incorporate by reference their responses to paragraphs 1 through 61

63     They deny the averments of paragraph 63

64     They deny the averments of paragraph 64

## FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted

## SECOND DEFENSE

For the convenience of parties and witnesses and in the interests of justice, this action should be transferred to the United States District Court for the District of Arizona

WHEREFORE, defendants demand judgment dismissing the complaint and granting them costs and such other and further relief as the Court deems just and proper

Respectfully submitted,

_____
James J Sabella
SIDLEY AUSTIN BROWN & WOOD LLP
787 Seventh Avenue
New York, New York 10019

DEFENDANTS' ANSWER            5            SIDLEY AUSTIN BROWN & WOOD LLP
                                           787 SEVENTH AVENUE
                                           NEW YORK, NEW YORK 10019
                                           TELEPHONE (212) 839-5300

Michael Thorp, WSBA #5923
HELLER EHRMAN WHITE & MCAULIFFE LLP
701 Fifth Avenue
Seattle, Washington 98104

Angus Macbeth
SIDLEY AUSTIN BROWN & WOOD LLP
150 K Street, N W
Washington, D C 20005

## Certificate Of Service

James J Sabella certifies and declares under penalty of perjury as follows

That he is employed with the law firm of SIDLEY AUSTIN BROWN & WOOD LLP, that on September 24, 2002, he served by the method set forth below upon counsel of record at the addresses and in the manner described below, the following document

Defendants' answer to the complaint

### Service List

**Attorneys for Plaintiff**

David L Dain
Steven A Keller
Kim Sabo
U S Department of Justice
Environmental Enforcement Section
P O Box 7611
Washington, D C 20044

[ ] Mail
[ ] Hand Delivery via messenger service
[ ] FAX
[X] Federal Express

Brian C Kipnis
Assistant United States Attorney
Chief, Civil Division
Office of the United States Attorney
Western District of Washington
5100 Two Union Square
Seattle, WA 98104

[X] Mail
[ ] Hand Delivery via messenger service
[ ] FAX
[ ] Federal Express

Dated this 24th day of September, 2002

_____
James J Sabella

DEFENDANTS' ANSWER  7  SIDLEY AUSTIN BROWN & WOOD LLP
787 SEVENTH AVENUE
NEW YORK, NEW YORK 10019
TELEPHONE (212) 839-5300

NY1 5258259v1