ORIGINAL

FILED ___ LODGED
___ RECEIVED
AUG 09 2002
CLERK U S DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY ___ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,            )     C02-5401 FDB
                                      )
        Plaintiff,                    )     Civil Action No. _____
                                      )
    v.                                )     C O M P L A I N T
                                      )
ASARCO, INC. and SOUTHERN             )
PERU HOLDINGS CORPORATION,            )
                                      )
        Defendants.                   )
_____)

The United States of America, by the authority of the Attorney General of the United States and through the undersigned attorneys, files this complaint and alleges as follows

### NATURE OF THE ACTION

1     This is a civil action for declaratory judgment brought by the United States pursuant to 28 U S C § 2201 seeking a declaration regarding the rights and obligations of the parties under Section 3304 of the Federal Debt Collection Procedures Act of 1990 ("FDCPA"), 28 U S C § 3304, and the Federal Priorities Statute ("FPS"), 31 U S C § 3713, and seeking appropriate injunctive relief

COMPLAINT
Page 1

CV 02 05401 /00000001

U S DEPARTMENT OF JUSTICE
Environmental Enforcement Sec
P O Box 7611
Washington, D C 20044-7611
(202) 514-3644

(1)

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1345, 2201, 3004, and 3306

3. This Court has personal jurisdiction over the Defendants pursuant to 28 U.S.C. § 3004(b)

4. Venue is proper in the Western District of Washington pursuant to 28 U.S.C. §§ 1391(b) and 3004(b)

5. An actual controversy exists between the parties with regard to the respective rights and obligations of Plaintiff United States of America ("United States") and Defendants ASARCO, Inc ("ASARCO") and Southern Peru Holdings Corporation ("SPHC") under the FDCPA and the FPS in connection with the imminent sale by ASARCO and SPHC of their most valuable asset, their ownership interest in the Southern Peru Copper Corp ("SPCC")

## DEFENDANTS

6. ASARCO is incorporated in the State of Delaware and maintains its principal place of business at 2575 E Camelback Rd, Phoenix, Arizona

7. SPHC is incorporated in the State of Delaware and maintains its principal place of business at 2575 E Camelback Rd, Phoenix, Arizona SPHC is a holding company and is a wholly owned subsidiary of ASARCO

8. ASARCO is a wholly owned subsidiary of Americas Mining Corporation ("AMC"), which is incorporated in the State of Delaware AMC is a wholly owned subsidiary of Grupo Mexico S A de C V ("Grupo Mexico"), a Mexican corporation

## GENERAL ALLEGATIONS

9. Prior to 1999, ASARCO owned approximately 54% of the outstanding common stock of SPCC, a publicly traded company ("the Stock")

COMPLAINT
Page 2

U S DEPARTMENT OF JUSTICE
Environmental Enforcement Sec
P O Box 7611
Washington, D C 20044-7611
(202) 514-3644

10. In November of 1999, ASARCO was purchased by Grupo Mexico in a highly leveraged buy-out ("the LBO") Since the LBO, substantial operational, organizational and financial changes have occurred within ASARCO

11 In November of 1999, SPHC was created as a wholly owned subsidiary of ASARCO, capitalized by the Stock held by ASARCO

12 The LBO was financed in part by a $817 million term loan to ASARCO, which was guaranteed by Grupo Mexico, and in part by cash Grupo Mexico also assumed $1 2 billion in ASARCO debt at the time of the acquisition

13 To retire some of the LBO debt, two of ASARCO's most significant non-copper mining assets were sold ASARCO's specialty chemical and aggregate divisions

14 ASARCO still carries significant debt A substantial portion of this debt consists of $450 million owed to a group of financial lending institutions ("the Banks") under a revolving line of credit, which debt is secured by the Stock and is guaranteed by Grupo Mexico

15 Some time following the LBO, Grupo Mexico created AMC and transferred into AMC Grupo Mexico's stock holding interest in ASARCO and Grupo Mexico's stock holding interest in another subsidiary Grupo Minera Mexico S A de C V ("GMM") GMM is a company incorporated under the laws of Mexico and is the owner of the mining interests of Grupo Mexico within Mexico

16 ASARCO has informed the United States that the Defendants intend to enter into a transaction wherein the Stock is to be transferred to AMC in the immediate future (the "Transfer")

17 ASARCO has presented to the United States the terms of the Transfer and has described the consideration to be received for the Transfer ("the Consideration")

18 As part of the Consideration, AMC intends to arrange for the forgiveness of an indebtedness owed by ASARCO to Compañía Mexicana de Cobre, S A ("Mexicana de Cobre

COMPLAINT
Page 3

U S DEPARTMENT OF JUSTICE
Environmental Enforcement Sec
P O Box 7611
Washington, D C 20044-7611
(202) 514-3644

Forgiveness"), although ASARCO has characterized this indebtedness as a downpayment for the Transfer Compañía Mexicana de Cobre is a wholly owned subsidiary of GMM

19  The Defendants have made no effort to market their interest in SPCC to any unrelated outside party.

20  ASARCO is unable to pay, and is generally not paying, its debts as they come due, and its liabilities exceed the value of its assets

21  ASARCO has extensive environmental liabilities to the United States These include, but are not limited to, environmental clean-up and/or payment obligations under the following civil judgments *United States v ASARCO* (W D Wash ), Civil Action No C91-5528 B, *United States and State of Idaho v ASARCO, et al* (D Idaho), Civil Action No 94-206-N-EJL, *United States and State of Texas v Encycle/Texas and ASARCO* (S D Texas), Civil Action H-99-1136, *United States v ASARCO* (D Mont ), CV 98-3-H-CCL, *United States v ASARCO* (D Mont ), CV-90-46-H-CCL, *United States v ASARCO* (D Colo ), Civil Action Nos CV-83-C-2388 and 86-C-1675, *United States v ASARCO* (D Utah), Civil Action No 2 98CV-0415B, and *United States v ASARCO, et al* (D Kansas), Civil Action No 99-1399

22  ASARCO also has environmental liabilities to the United States under EPA administrative orders on consent, including but not limited to the following *In the Matter of Circle Smelting, Beckemeyer, IL*, EPA Docket No V-W-97-C-419, *E Helena Lead Education and Abatement Program*, EPA Docket No CERCLA-VIII-91-17, June 20, 1996, *In the Matter of RI/FS, Vasquez Blvd /Interstate 70 (Denver, CO)*, CERCLA-08-2001-13, September 25, 2001, *In the Matter of Jasper County/Tri-State Mining Area Site*, 91-F-0020, August 2, 1991, *In the Matter of Newton County Mine Tailings Site*, VII-96-F-0022, June 17, 1997, *In the Matter of Federal Mine Tailings Site*, VII-97-F-0009, September 30, 1997, and *In the Matter of Big River/St Francois County Mining Area Site*, VII-97-F-0002, January 29, 1997

23  ASARCO also has environmental liabilities under EPA unilateral administrative orders, including but not limited to the following *ASARCO Sediments/Groundwater Operable*

COMPLAINT
Page 4

*Unit UAO, Tacoma/Commencement Bay Site, WA*, CERCLA-VIII-96-19, *OU1 Order, E Helena Site, MT*, CERCLA VIII-89-20, *Site Investigation Order, E Helena Site, MT*, CERCLA VIII-91-19; *In the Matter of Newton County Mine Tailings Site*, 07-2002-0114, April 15, 2002, *In the Matter of Omaha Lead Site*, CERCLA-7-99-F-0029, August 24, 1999

24. ASARCO is a defendant in an ongoing civil action *United States v ASARCO, et al* (D Idaho), Civil Action Nos 96-0122-N-EJL/91-0342-N-EJL (Consolidated Cases), concerning its liability at the Bunker Hill facility in the Coeur d'Alene River Basin in Idaho

25. ASARCO is a defendant in another recently filed environmental enforcement action, *United States v ARCO, et al* (D Montana), Civil Action No 02-35-Bu-RFC, concerning its liability at the Butte Mine/Silver Bow Creek site, in which a consent decree has been lodged but not yet entered

26. Although not yet subject to formal proceedings, ASARCO is liable under Section 106 and/or 107 of CERCLA, 42 U S C §§ 9606, 9607, for response actions and repayment of response costs incurred or to be incurred at a number of additional sites, including but not limited to the Richardson Flat site, Park City, UT, the El Paso Smelter site, El Paso, TX, and the Omaha Smelter site, Omaha, NE

27. ASARCO has informed the United States that it is unable to meet its environmental responsibilities and reimbursement obligations established under the existing civil judgments to which it is a party-defendant, including but not limited to those described in Paragraph 21 of this Complaint and is presently in violation of some of those judgments

28. In addition to its post-judgment liabilities, ASARCO has informed the United States that it is unable to meet its environmental responsibilities and reimbursement obligations established under the schedules of existing administrative orders on consent and unilateral administrative orders in which it is a named respondent, including but not limited to those described in Paragraphs 22 and 23 of this Complaint

COMPLAINT
Page 5

U S DEPARTMENT OF JUSTICE
Environmental Enforcement Sec
P O Box 7611
Washington, D C 20044-7611
(202) 514-3644

29   ASARCO is actively engaged in the process of liquidating its saleable, non-core assets

30   SPHC was created by ASARCO at the time of the LBO for the purpose of defrauding the unsecured creditors of ASARCO, including the United States, by attempting to insulate the Stock from the claims of such creditors

31   ASARCO dominates and controls SPHC though its ownership of all of SPHC's stock and the identity or overlap of ASARCO's and SPHC's officers and directors

32   Upon information and belief, SPHC conducts no other business than that of owning the Stock, has no employees, has no creditors, and has no assets other than the Stock

33   As a result of the Banks' secured lien encumbering the Stock, SPHC is grossly undercapitalized

34   SPHC has failed to respect corporate formalities, including but not limited to the filing of annual reports, the holding of annual meetings and the taking of minutes, and the appointment of corporate officers

35   The Transfer will benefit Grupo Mexico, AMC, and other persons known or unknown, to the detriment of ASARCO's unsecured creditors, including the United States

36   SPHC is a mere instrumentality and alter ego of ASARCO and its corporate identity must be disregarded to prevent fraud or injustice to the United States and the other creditors of ASARCO

**FIRST CLAIM FOR RELIEF**
**(Section 3304(a)(1) of the FDCPA)**

37   Paragraphs 1 through 36 are realleged and incorporated by reference

38   ASARCO is a "debtor" to the United States within the meaning of Section 3002(4) of the FDCPA, 28 U S C § 3002(4)

COMPLAINT
Page 6

U S DEPARTMENT OF JUSTICE
Environmental Enforcement Sec
P O Box 7611
Washington, D C 20044-7611
(202) 514-3644

39   The Transfer is a "transfer" within the meaning of Section 3301(6) of the FDCPA, 28 U S C § 3301(6)

40   The liabilities of ASARCO described in Paragraphs 21 through 26 of this Complaint are "debts" to the United States ("the Debts"), within the meaning of Section 3002(3)(B) of the FDCPA, 28 U S C § 3002(3)(B), which arose before the Transfer was made

41   The sum of ASARCO's debts is presently greater than all of its assets at a fair valuation, or will become greater than all of its assets at a fair valuation as a result of the Transfer

42   ASARCO is generally not paying its debts as they become due

43   ASARCO is either presently insolvent or will be rendered insolvent as a result of the Transfer, within the meaning of "insolvency" as defined in Section 3302 of the FDCPA, 28 U S C § 3302

44   The sum of the Defendants' collective debts is presently greater than all of their collective assets at a fair valuation, or will become greater than all of their collective assets at a fair valuation as a result of the Transfer

45   The Defendants are collectively either presently insolvent or will be rendered insolvent as a result of the Transfer, within the meaning of "insolvency" as defined in Section 3302 of the FDCPA, 28 U S C § 3302

46   The Defendants will not receive a reasonably equivalent value in exchange for the Transfer

47   The United States is entitled to a judgment declaring that the Transfer is fraudulent as to the Debts, pursuant to Section 3304(a)(1) of the FDCPA, 28 U S C § 3304(a)(1), and to appropriate equitable and legal relief related thereto

U S DEPARTMENT OF JUSTICE
Environmental Enforcement Sec
P O Box 7611
Washington, D C 20044-7611
(202) 514-3644

## SECOND CLAIM FOR RELIEF
### (Section 3304(b)(1)(B)(ii) of the FDCPA)

48  Paragraphs 1 through 46 are realleged and incorporated by reference

49  ASARCO intends to incur, or believes or reasonably should believe that it will incur, debts beyond its ability to pay as they become due, as a result of the Transfer

50  The United States is entitled to a judgment declaring that the Transfer is fraudulent as to the Debts, pursuant to Section 3304(b)(1)(B)(ii) of the FDCPA, 28 U.S.C § 3304(b)(1)(B)(ii), and to appropriate equitable and legal relief related thereto

## THIRD CLAIM FOR RELIEF
### (FPS - Fraudulent Conveyance)

51  Paragraphs 1 through 50 are realleged and incorporated by reference

52  The Debts are claims of the United States within the meaning of the FPS, as defined in 31 U S C § 3701(b)

53  ASARCO is insolvent within the meaning of the FPS in that its total liabilities exceed its total assets and it is generally unable to pay its debts as they come due

54  The Defendants are collectively insolvent within the meaning of the FPS in that their total collective liabilities exceed their total collective assets

55  The Transfer is an "act of bankruptcy" within the meaning of 31 U S C § 3713(a)(1)(iii), in that it is a fraudulent conveyance

56  The United States is entitled to a judgment declaring that, pursuant to the FPS, 31 U S C § 3713, the Defendants are prohibited from executing the Transfer without first satisfying the Debts

## FOURTH CLAIM FOR RELIEF
### (Section 3304(a)(2) of the FDCPA - Insider Transfer)

57  Paragraphs 1 through 56 are realleged and incorporated by reference

COMPLAINT
Page 8

U S DEPARTMENT OF JUSTICE
Environmental Enforcement Sec
P O Box 7611
Washington, D C 20044-7611
(202) 514-3644

58  AMC and Compañía Mexicana de Cobre are insiders within the meaning of the FDCPA, 28 U.S.C. § 3301(5)(D)

59  The Mexicana de Cobre Forgiveness is being made by ASARCO to AMC, in part, for an antecedent debt owed by ASARCO to Compañía Mexicana de Cobre

60  The Mexicana de Cobre Forgiveness is being made at a time when ASARCO is insolvent, and AMC and Compañía Mexicana de Cobre have reasonable cause to believe that ASARCO is insolvent

61  The United States is entitled to a judgment declaring that the Mexicana de Cobre Forgiveness is fraudulent pursuant to Section 3304(a)(2) of the FDCPA, 28 U.S.C. § 3304(a)(2), and to appropriate equitable and legal relief related thereto

### FIFTH CLAIM FOR RELIEF
### (FPS - Insider Transfer)

62  Paragraphs 1 through 61 are realleged and incorporated by reference

63  The Mexicana de Cobre Forgiveness is an "act of bankruptcy" within the meaning of 31 U.S.C. § 3713(a)(1)(iii)

64  The United States is entitled to a judgment declaring that the Mexicana de Cobre Forgiveness is prohibited by the FPS, 31 U.S.C. § 3713, and to appropriate equitable relief related thereto

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, United States of America, respectfully requests from this Court the following relief

a  A judgment declaring that the Transfer is fraudulent as to the Debts pursuant to Sections 3304(a)(1) and/or 3304(b)(1)(B)(ii) of the FDCPA, 28 U.S.C. §§ 3304(a)(1) and/or 3304(b)(1)(B)(ii),

COMPLAINT
Page 9

U.S. DEPARTMENT OF JUSTICE
Environmental Enforcement Sec
P O Box 7611
Washington, D C 20044-7611
(202) 514-3644

  b. A judgment declaring that the Mexicana de Cobre Forgiveness is fraudulent as to the Debts pursuant to Section 3304(a)(2) of the FDCPA, 28 U.S.C. § 3304(a)(2),

  c. A judgment declaring that the Transfer and the Mexicana de Cobre Forgiveness are prohibited by the FPS, 31 U.S.C. § 3713,

  d. Preliminary and permanent injunctive relief enjoining the Transfer and/or the Mexicana de Cobre Forgiveness in the event that they have not occurred prior to the time of entry of judgment, to the extent necessary to satisfy the Debts, and

  e. Such other relief as the Court deems appropriate

Respectfully submitted,

U.S. Department of Justice
Environment and Natural Resources Division

*/s/ Kelly A. Johnson*
KELLY A. JOHNSON
Principal Deputy Assistant Attorney General

*/s/ David L. Dain*
DAVID L. DAIN
STEVEN A. KELLER
KIM SABO
Trial Attorneys
Environmental Enforcement Section
P.O. Box 7611
Washington, D.C. 20044
(202) 514-3644

COMPLAINT
Page 10

|    |                                                                                                                                                                                                                                                                  |
|----|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 1  | JOHN McKAY                                                                                                                                                                                                                                                       |
| 2  | United States Attorney                                                                                                                                                                                                                                           |
|    | Western District of Washington                                                                                                                                                                                                                                   |
| 3  |                                                                                                                                                                                                                                                                  |
| 4  | *[signature]* 8/8/02                                                                                                                                                                                                                                             |
| 5  | BRIAN C. KIPNIS                                                                                                                                                                                                                                                  |
|    | Assistant United States Attorney                                                                                                                                                                                                                                 |
| 6  | Chief, Civil Division                                                                                                                                                                                                                                            |
|    | Office of the United States Attorney                                                                                                                                                                                                                             |
| 7  | Western District of Washington                                                                                                                                                                                                                                   |
|    | 5100 Two Union Square                                                                                                                                                                                                                                            |
|    | Seattle, Washington                                                                                                                                                                                                                                              |

COMPLAINT
Page 11

U.S. DEPARTMENT OF JUSTICE
Environmental Enforcement Sec
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 514-3644