Consent Decree Appendix D

## GUARANTY

In order to induce Payee to accept the Note attached hereto as Exhibit A (the "Note"; terms defined therein and not otherwise defined herein being used herein as therein defined) as part of the consideration to be paid by Maker to Payee under the Stock Purchase Agreement, the undersigned ("Guarantor") hereby irrevocably and unconditionally guaranties, as primary obligor and not merely as surety, the due and punctual payment in full of all principal, interest and other amounts from time to time owing to Payee by Maker under the Note (the "Obligations") when the same shall become due, whether at stated maturity, by acceleration or otherwise (including amounts that would become due but for the operation of the automatic stay under Section 362(a) of the Bankruptcy Code, 11 U.S.C. § 362(a)). This Guaranty is a guaranty of payment when due and not of collectibility.

The obligations of Guarantor hereunder are absolute and unconditional, irrespective of the value, genuineness, validity, regularity or enforceability of the obligations of Maker under the Note, or any substitution, release or exchange of any other guarantee of or security for any of the Obligations, and, to the fullest extent permitted by applicable law, irrespective of any other circumstance whatsoever that might otherwise constitute a legal or equitable discharge or defense of a surety or guarantor, it being the intent of this Guaranty that the obligations of Guarantor hereunder shall be absolute and unconditional under any and all circumstances. Without limiting the generality of the foregoing, it is agreed that the occurrence of any one or more of the following shall not alter or impair the liability of Guarantor hereunder, which shall remain absolute and unconditional as described above: (a) at any time or from time to time, without notice to Guarantor, the time for any performance of or compliance with any of the Obligations shall be extended, or such performance or compliance shall be waived; or (b) the maturity of any of the Obligations shall be accelerated, or any of the Obligations shall be modified, supplemented or amended in any respect, or any right under this Guaranty or any other agreement or instrument referred to herein shall be waived or any other guarantee of any of the Obligations or any security therefor shall be released or exchanged in whole or in part or otherwise dealt with.

Guarantor hereby expressly waives diligence, presentment, demand of payment, protest and all notices whatsoever, and any requirement that Payee exhaust any right, power or remedy or proceed against Maker under this Guaranty, or against any other Person under any other guarantee of, or security for, any of the Obligations.

Guarantor hereby agrees that, until the payment and satisfaction in full of all Obligations, it shall not exercise any right or remedy arising by reason of any performance by it of its guaranty hereunder, whether by subrogation or otherwise, against Maker or any other guarantor of any of the Obligations or any security for any of the Obligations.

Any indebtedness of Maker now or hereafter held by Guarantor is hereby subordinated in right of payment to the Obligations, and any such indebtedness of Maker to Guarantor collected or received by Guarantor after an Event of Default has occurred and is

CONFIDENTIAL                                                                 GM_BURNS_010202

continuing shall be held in trust for Payee and shall forthwith be paid over to Payee to be credited and applied against the Obligations.

Guarantor agrees to pay, or cause to be paid, on demand, and to save Payee harmless against liability for, any and all costs and expenses (including reasonable fees and disbursements of counsel) incurred or expended by Payee in connection with the enforcement of or preservation of any rights under this Guaranty.

The rights, powers and remedies given to Payee by this Guaranty are cumulative and shall be in addition to and independent of all rights, powers and remedies given to Payee by virtue of any statute or rule of law or in the Note or any agreement between Guarantor and Payee or between Maker and Payee. Any forbearance or failure to exercise, and any delay by Payee in exercising, any right, power or remedy hereunder shall not impair any such right, power or remedy or be construed to be a waiver thereof, nor shall it preclude the further exercise of any such right, power or remedy.

Guarantor acknowledges and agrees that any interest on any portion of the Obligations which accrues after the commencement of any proceeding, voluntary or involuntary, involving the bankruptcy, insolvency, receivership, reorganization, liquidation or arrangement of Maker (or, if interest on any portion of the Obligations ceases to accrue by operation of law by reason of the commencement of said proceeding, such interest as would have accrued on such portion of the Obligations if said proceeding had not been commenced) shall be included in the Obligations because it is the intention of Guarantor and Payee that the Obligations which are guarantied by Guarantor pursuant to this Guaranty should be determined without regard to any rule of law or order which may relieve Maker of any portion of such Obligations.

In the event that all or any portion of the Obligations are paid by Maker, the obligations of Guarantor hereunder shall continue and remain in full force and effect or be reinstated, as the case may be, in the event that all or any part of such payment(s) are rescinded or recovered directly or indirectly from Payee as a preference, fraudulent transfer or otherwise, and any such payments which are so rescinded or recovered shall constitute Obligations for all purposes under this Guaranty.

Guarantor hereby represents and warrants to Payee that: (a) Guarantor is duly organized, validly existing and in good standing under the laws of the jurisdiction of its incorporation; (b) Guarantor has the corporate power, authority and legal right to execute, deliver and perform this Guaranty and has taken all necessary corporate action to authorize its execution, delivery and performance of this Guaranty; (c) this Guaranty has been duly executed and delivered by a duly authorized officer of Guarantor, and this Guaranty constitutes the legally valid and binding obligation of Guarantor, enforceable against Guarantor in accordance with its terms, except as enforcement may be limited by applicable bankruptcy, insolvency, reorganization, moratorium or other similar laws or equitable principles relating to or limiting creditors' rights generally; and (d) the execution, delivery and performance of this Guaranty will not violate any provision of any existing law or regulation binding on Guarantor, or any order, judgment, award or decree of any court, arbitrator or governmental authority binding on Guarantor, or the certificate of incorporation or bylaws (or comparable organizational

CONFIDENTIAL                                                                                             GM_BURNS_010203

documents) of Guarantor or any agreement to which Guarantor is a party or by which Guarantor or any of its assets may be bound.

In case any provision in or obligation under this Guaranty shall be invalid, illegal or unenforceable in any jurisdiction, the validity, legality and enforceability of the remaining provisions or obligations, or of such provision or obligation in any other jurisdiction, shall not in any way be affected or impaired thereby.

THIS GUARANTY AND THE RIGHTS AND OBLIGATIONS OF GUARANTOR AND PAYEE HEREUNDER SHALL BE GOVERNED BY, AND SHALL BE CONSTRUED AND ENFORCED IN ACCORDANCE WITH, THE INTERNAL LAWS OF THE STATE OF NEW YORK (INCLUDING WITHOUT LIMITATION SECTION 5-1401 OF THE GENERAL OBLIGATIONS LAW OF THE STATE OF NEW YORK), WITHOUT REGARD TO CONFLICTS OF LAWS PRINCIPLES.

This Guaranty is a continuing guaranty and shall be binding upon Guarantor and its successors and assigns. This Guaranty shall inure to the benefit of Payee and its permitted successors and assigns pursuant to Section 8(i) of the Note, including without limitation (x) ASARCO, (y) the United States, to the extent necessary in connection with the creation, perfection and enforcement of the security interest granted to it as contemplated by said Section 8(i), and (z) the trustee of the ASARCO Trust, in each case as contemplated by the terms of the Stock Purchase Agreement.

ALL JUDICIAL PROCEEDINGS BROUGHT AGAINST GUARANTOR ARISING OUT OF OR RELATING TO THIS GUARANTY MAY BE BROUGHT (I) IN THE ACTION STYLED <u>UNITED STATES V. ASARCO, INC. AND SOUTHERN PERU HOLDINGS CORPORATION</u>, NO. CIV-02-2079-PHX-RCB IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF ARIZONA OR (II) IN ANY STATE OR FEDERAL COURT OF COMPETENT JURISDICTION IN THE STATE OF NEW YORK, AND BY EXECUTION AND DELIVERY OF THIS GUARANTY GUARANTOR ACCEPTS FOR ITSELF AND IN CONNECTION WITH ITS PROPERTIES, GENERALLY AND UNCONDITIONALLY, THE NONEXCLUSIVE JURISDICTION OF THE AFORESAID COURTS AND WAIVES ANY DEFENSE OF FORUM NON CONVENIENS OR LACK OF PERSONAL JURISDICTION AND IRREVOCABLY AGREES TO BE BOUND BY ANY JUDGMENT RENDERED THEREBY IN CONNECTION WITH THIS GUARANTY. Guarantor hereby agrees that service of all process in any such proceeding in any such court may be made by registered or certified mail, return receipt requested, to Guarantor at its address set forth below its signature hereto, such service being hereby acknowledged by Guarantor to be sufficient for personal jurisdiction in any action against Guarantor in any such court and to be otherwise effective and binding service in every respect. Nothing herein shall affect the right to serve process in any other manner permitted by law or shall limit the right of Payee to bring proceedings against Guarantor in the courts of any other jurisdiction.

GUARANTOR AND, BY THEIR ACCEPTANCE OF THE BENEFITS OF THIS GUARANTY, PAYEE AND ANY SUBSEQUENT HOLDER OF THE NOTE, HEREBY IRREVOCABLY AGREE TO WAIVE THEIR RESPECTIVE RIGHTS TO A JURY TRIAL OF ANY CLAIM OR CAUSE OF ACTION BASED UPON OR ARISING OUT OF THIS

5310476v10

CONFIDENTIAL                                                                                                                        GM_BURNS_010204

GUARANTY OR ANY DEALINGS BETWEEN THEM RELATING TO THE SUBJECT MATTER OF THIS GUARANTY AND THE GUARANTOR/BENEFICIARY RELATIONSHIP THAT IS BEING ESTABLISHED.

**IN WITNESS WHEREOF**, Guarantor has caused this Guaranty to be executed by its duly authorized officer as of the date set forth below.

**GRUPO MÉXICO, S.A. DE C.V.**

By: _____
Title: _____
Date: _____

Address:  Baja California 200
Colonia Roma Sur
06760 Mexico City, Mexico
Attention: Chief Legal Officer

5310476v10

CONFIDENTIAL                                                                                    GM_BURNS_010205