UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PHILLIP NELSON BURNS, MIRJANA PAVKOVICH, Administrator of the Estate of Rade Pavkovich, Deceased, and Warren Elmer Halpap,

        Plaintiffs,

-against-

GRUPO MÉXICO, S.A. de C.V., a Mexican Corporation,

        Defendant.

Case No. 1:07-CV-3496(WHP)

**DECLARATION OF GERARDO MANUEL RAMÍREZ ORNELAS IN SUPPORT OF GRUPO MÉXICO, S.A. de C.V.'S MOTION TO REMAND OR, IN THE ALTERNATIVE, TO DISMISS THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

---

I, Gerardo Manuel Ramírez Ornelas, declare as follows:

1. I have been practicing law in Mexico for 26 years. I am a Mexican attorney and have expertise concerning Mexico's adoption of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 1969 WL 97765 (1969)(the "Hague Convention") and Mexico's exceptions and reservations thereto.

2. I have reviewed the papers submitted by Grupo México S.A. B. de C.V. ("Grupo México") in Support of its Motion to Dismiss or, In the Alternative, to Remand ("Motion to Dismiss") and I have also reviewed ASARCO LLC's and Southern Peru Holdings' Response in Opposition to Grupo México's Motion to Remand or Dismiss. My understanding is that these papers have been submitted in connection with the above-captioned action *Burns v. Grupo México S.A. de C.V.*, Index No.:04114728, originally filed in the Supreme Court of the State of New York, County of New York and now pending in the Southern District of New York (the "Action").

3. Mexico became a signatory to the Hague Convention in 1999.

4. Although the Hague Convention allows for service through a third party in certain limited circumstances, each participating nation has the option to object to effective service by a third party, requiring instead that service be effected through court officers. Mexico did object to such third party service and requires a specific court order allowing for proper service on a Mexican corporation by a third party, otherwise rendering third party service ineffective.

5. Article 10 of the Hague Convention states that:

> Provided the State of destination does not object, the present Convention shall not interfere with –
>
> (a) the freedom to send judicial documents, by postal channels, directly to persons abroad,
>
> (b) the freedom of judicial officers, officials, or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,
>
> (c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

Hague Convention, 20 U.S.T. 361, 1969 WL 97765 (1969), Article 10.

6. Pursuant to Article 31 of the Netherland's Ministry of Foreign Affairs, Mexico opposed certain aspects of Article 10 of the Hague Convention. Specifically, Mexico stated that,

> In relation to Article 10, the ***United Mexican States are opposed to the direct service of documents through diplomatic or consular agents to persons in Mexican territory according to the procedures described in [Article 10] subparagraphs a), b) and c), unless the Judicial Authority exceptionally grants the***

> *simplification different from the national regulations and provided that such a procedure does not contravene public law or violate individual guarantees*. The request must contain the description of formalities whose application is required to effect service of the document. (emphasis added).

7.  Mexico's opposition to Article 10 of the Hague Convention requires that any service of process upon a Mexican person or entity in Mexico pursuant to the Hague Convention shall be requested by an authority or competent judicial officer. Exceptionally, an interested person "unaffiliated", can request the service of process, but in order to be legal, the Mexican courts shall grant such simplification issuing an award.

8.  The plaintiffs in the above-referenced action did not obtain a formal and required order from the Mexican courts for a simplified service of process on Grupo México, but instead the request was filed from a third party process server, unaffiliated with the Mexican Judicial Authority. *See* Affidavit of Jeff Karsten Regarding Service of Process in Mexico in accordance with the Hague Service Convention, dated July 5, 2007 and attached hereto as Exhibit A. Because the plaintiffs in this litigation did not obtain a simplified order from the Mexican courts to effect service of process on Grupo México, such service of process at the direction of third party Civil Action Group/APS International, Ltd. was not effective.

9.  In addition, Article 5(a) of the Hague Convention requires that the documents served on Grupo Mexico be translated by an authorized translator under the Mexican federal courts. Because the summons and complaint served on Grupo México was not translated by an authorized translator under the Mexican federal courts, service of the documents does not meet the requirements of Article 5(a) of the Hague Convention and article 553 of Civil Procedure Federal Code and service on Grupo México is thus not effective.

-4-

The foregoing is affirmed under penalty of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746.

_____/s/_____
Gerardo Manuel Ramírez Ornelas, Esq.

Dated: July 16, 2007