**BAKER BOTTS** LLP

ONE SHELL PLAZA
910 LOUISIANA
HOUSTON, TEXAS
77002-4995

TEL +1 713.229.1234
FAX +1 713.229.1522
www.bakerbotts.com

AUSTIN
BEIJING
DALLAS
DUBAI
HONG KONG
**HOUSTON**
LONDON
MOSCOW
NEW YORK
RIYADH
WASHINGTON

October 16, 2007

BY HAND DELIVERY

G. Irvin Terrell
TEL +1 713.229.1231
FAX +1 713.229.2831
irv.terrell@bakerbotts.com

The Honorable William H. Pauley
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
Room 2210
New York, New York 10007

Re: *Phillip Nelson Burns et al. v. Grupo Mexico S.A. de C.V.*, Case No. 1:07-CV-3496 (WHP)

Dear Judge Pauley:

On June 20, 2007, ASARCO LLC, a Chapter 11 debtor whose bankruptcy case is pending in the Southern District of Texas, filed an amended notice of removal with this Court removing certain causes of action in the above-titled "*Burns*" case. ASARCO then moved for substitution of parties and for transfer to the United States District Court for the Southern District of Texas, where Judge Hanen has been presiding for more than seven months over an adversary proceeding initiated by ASARCO against its parent Americas Mining Corporation ("AMC") on the same transaction that is the subject of the *Burns* case. Grupo Mexico, S.A.B. de C.V. ("Grupo Mexico") sought remand, filed oppositions to substitution and transfer, and moved to dismiss the *Burns* case based on deficiency in service and lack of personal jurisdiction. On July 24, 2007, the Court heard oral argument on these issues.

Earlier in July, Judge Hanen heard oral argument on a motion to dismiss filed by AMC. On Friday, October 12, 2007, Judge Hanen issued his order denying AMC's motion to dismiss. (Order Denying Mot. to Dismiss, Case No. 07-00018, Docket # 156).

Some of the legal issues argued in the AMC motion to dismiss overlap with issues argued by the parties in the *Burns* case. For example, Judge Hanen ruled that he had "jurisdiction of the adversary proceeding arising out of ASARCO's bankruptcy filing pursuant to 28 U.S.C. § 1334(b), not by virtue of diversity of citizenship of the parties under 28 U.S.C. § 1332." (Order Denying Mot. to Dismiss at 8). This ruling supports ASARCO's argument that removal was proper and that this Court enjoys subject matter jurisdiction to substitute parties and transfer the *Burns* case.

In addition, Judge Hanen's opinion supports ASARCO's argument that it has standing to remove the *Burns* case and be substituted as the real party in interest under a reverse veil-piercing theory. Grupo Mexico and AMC both argued that ASARCO does not have standing to assert the fraudulent transfer claims in the cases against them because ASARCO's wholly owned subsidiary, Southern Peru Holdings, LLC ("SPH"), actually owned the

**BAKER BOTTS** LLP

                                - 2 -                              October 16, 2007

fraudulently transferred asset. Judge Hanen rejected this argument. He ruled that, as a matter of law, ASARCO may assert "a veil-piercing argument to enlarge the potential estate of the corporation whose veil is being pierced." (*Id.* at 20). Judge Hanen also ruled that ASARCO's "factual allegations sufficiently state a claim for equitable relief by describing the creation of the subsidiary, SPH, as a sham that acted as a single-business enterprise with ASARCO, as part of an orchestrated plan to distance ASARCO creditors from ASARCO's main assets, the SPCC shares." (*Id.* at 21-22). In denying AMC's motion to dismiss, Judge Hanen noted that "the facts, if proven, would support a claim that the equitable remedy of piercing the corporate veil is necessary to avoid injustice to ASARCO's creditors." (*Id.* at 19).

       As these excerpts demonstrate, Judge Hanen's opinion supports ASARCO's removal and its motions for substitution and transfer. A copy of the full opinion is enclosed with this letter.

                                                    Respectfully submitted,

                                                    G. Irvin Terrell

cc:    Alan B. Rich, Esq.
        David Cohen, Esq.
        Luc Despins, Esq.