**BAKER BOTTS** L.L.P.

ONE SHELL PLAZA
910 LOUISIANA
HOUSTON, TEXAS
77002-4995

TEL +1 713.229.1234
FAX +1 713.229.1522
www.bakerbotts.com

AUSTIN
BEIJING
DALLAS
DUBAI
HONG KONG
**HOUSTON**
LONDON
MOSCOW
NEW YORK
RIYADH
WASHINGTON

November 2, 2007

BY HAND DELIVERY

G. Irvin Terrell
TEL +1 713.229.1231
FAX +1 713.229.2831
irv.terrell@bakerbotts.com

The Honorable William H. Pauley
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
Room 2210
New York, New York 10007

Re: *Phillip Nelson Burns et al. v. Grupo Mexico S.A. de C.V.*, Case No. 1:07-CV-3496 (WHP) (the "*Burns*" case)

Dear Judge Pauley:

I write in response to the letter dated October 31, 2007 sent to you by counsel for Grupo México, S.A de C.V. ("Grupo") in the above-referenced matter.

In that letter, Grupo argues that transfer should be denied because the fraudulent-transfer suit against Grupo's subsidiary, AMC, pending in the Southern District of Texas, is governed by Delaware fraudulent-transfer law, while the original allegations against Grupo in the *Burns* case cited New York law. This is a red herring.

As explained in our briefing, ASARCO's standing as real party in interest in the *Burns* case derives from section 544(b) of the United States Bankruptcy Code, which provides a federal-law basis for pursuing fraudulent-transfer causes of action under state law. 11 U.S.C. § 544(b). Once the discrete fraudulent-transfer claims are removed, ASARCO is substituted as real party in interest, and the case is transferred to Texas, ASARCO can seek leave to amend the complaint in the *Burns* case to plead Delaware law. *See* FED. R. CIV. P. 15(a) ("[L]eave shall be freely given when justice so requires."); *United States ex. rel Adrian v. Regents of Univ. of California*, 363 F.3d 398, 403 (5th Cir. 2004) ("[O]utright refusal to grant leave to amend without a justification such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. is considered an abuse of discretion." (quotations omitted)). The Bankruptcy Code authorizes ASARCO to pursue the fraudulent-transfer claims against Grupo, and ASARCO is not bound by the choice-of-law of the original *Burns* plaintiffs.[1] Accordingly, at this stage in the proceedings, whether New York law or Delaware law applies to the claims against Grupo is irrelevant to the questions before this Court.

---

[1] Grupo argues without supporting authority that ASARCO's reservation of rights to proceed under the laws of a state different from the original Burns complaint is improper. Grupo cites no case law, and we have found none, to support their argument.

**BAKER BOTTS** LLP

- 2 -												November 2, 2007

      Ignoring Judge Hanen's recent ruling on the matter, Grupo reiterates its argument that the *Burns* claims belong to Southern Peru Holdings and not to ASARCO. As noted in my letter dated October 16, 2007, Judge Hanen's opinion supports ASARCO's argument that it has standing to remove the *Burns* case and be substituted as the real party in interest under a reverse veil-piercing theory. *See* Opinion at 19-22.

Respectfully submitted,

G. Irvin Terrell

cc:    Alan B. Rich, Esq.
         David Cohen, Esq.
         Luc Despins, Esq.